**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-01096-WJM-CBS

POTTER VOICE TECHNOLOGIES LLC,

        Plaintiff,

v.

APPLE, INC.,
GOOGLE, INC.,
HTC CORPORATION,
HTC AMERICA, INC.,
SAMSUNG ELECTRONICS CO. LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
SONY CORPORATION,
SONY MOBILE COMMUNICATIONS AB,
SONY CORPORATION OF AMERICA,
LG ELECTRONICS, INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
ZTE CORPORATION,
ZTE (USA) INC.,
KYOCERA CORPORATION,
SHARP CORPORATION,
SHARP ELECTRONICS CORPORATION,
HUAWEI TECHNOLOGIES CO., LTD.,
HUAWEI AMERICA, INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION,
NOKIA CORPORATION, and
NOKIA INC.,

        Defendants.

_____

**DEFENDANT MICROSOFT CORPORATION'S MOTION TO DISMISS
MICROSOFT CORPORATION FOR IMPROPER JOINDER UNDER 35 U.S.C. 299**

_____

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................. 1

II.     CONGRESS HAS RESTRICTED JOINDER IN PATENT SUITS ........................ 1

III.    MICROSOFT'S ACCUSED SOFTWARE IS NOT THE SAME
        AS  EACH OTHER DEFENDANT'S ACCUSED PRODUCT OR METHOD ......... 4

IV.     MICROSOFT IS NOT ACCUSED AS TO THE SAME
        TRANSACTIONS AS EACH OTHER DEFENDANT ........................................... 5

V.      THE COMPLAINT DOES NOT ALLEGE THAT MICROSOFT AND
        EACH OTHER DEFENDANT SHARE LIABILITY FOR THE SAME WRONG...... 6

        A.      Shared Liability And Separate Liability Are Mutually Exclusive.................. 7

        B.      Section 299 Requires A Shared-Liability Theory Of Relief......................... 9

VI.     THE COMPLAINT DOES NOT SHOW THAT QUESTIONS OF
        FACT COMMON TO ALL DEFENDANTS WILL ARISE IN THE ACTION.......... 11

VII.    CONCLUSION.................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*,
   219 F.3d 519 (6th Cir. 2000) ...................................................................................... 7

*Arista Records LLC v. Does 1-4*,
   589 F. Supp. 2d 151 (D. Conn. 2008) ...................................................................... 10

*Genetic Tech. Ltd. v. Agilent Tech., Inc.*,
   No. 11–cv–01389, 2012 WL 1015355 (D. Colo. Mar. 23, 2012) ............................. 2, 3

*Golden Scorpio Corp. v. Steel Horse Bar & Grill*,
   596 F. Supp. 2d 1282 (D. Ariz. 2009) ........................................................................ 6

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*,
   No. 07-1487, MDL No. 05-1708, 2007 WL 2572048 (D. Minn. Aug 30, 2007) ........... 11

*In re M&M Business Mach.* Co.,
   132 B.R. 433 (Bankr. D. Colo. 1991) ........................................................................ 10

*Office Depot v. Cohen*,
   204 F.3d 1069 (11th Cir. 2000) .................................................................................. 9

*Optimum Power Solutions LLC v. Apple, Inc.*,
   No. C 11–1509, 2011 WL 4387905 (N.D. Cal. Sept. 20, 2011) ................................... 6

*Pergo, Inc. v. Alloc, Inc.*,
   262 F. Supp. 2d 122  (S.D.N.Y. 2003) ...................................................................... 10

*Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.*,
   453 F.2d 552 (2d Cir. 1972) ....................................................................................... 7

*Spread Spectrum Screening, LLC v. Eastman Kodak Co.*,
   No. 10 C 1101, 2010 WL 3516106 (N.D. Ill Sept. 1, 2010) ......................................... 6

*Summers v. Tice*,
   33 Cal. 2d 80, 199 P.2d 1 (Cal. 1948) ........................................................................ 8

*Tapscott v. MS Dealer Serv. Corp.*,
   77 F.3d 1353 (11th Cir. 1996) .............................................................................. 9, 10

*WiAV Networks, LLC v. 3Com Corp.*,
   No. C 10-03448, 2010 WL 3895047 (N.D. Cal. Oct. 1, 2010) ..................................... 5

*Wynn v. Nat'l Broad. Co., Inc.*,
  234 F. Supp. 2d 1067 (C.D. Cal. 2002) ...................................................................... 8


**Statutes**

35 U.S.C. § 299....................................................................................................passim

Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011)................ 1


**Rules**

Fed. R. Civ. P. 20 ................................................................................................passim


**Other Authorities**

1 J.D. Lee & Barry A. Lindahl, *Modern Tort Law* § 19.03 (Rev. ed. 1988)...................... 8

1 Stuart M Speiser, Charles F Krause & Alfred W Gans,
  *The American Law of Torts* § 3:7 (2003) .................................................................. 7

4 *Moore's Federal Practice*, § 20App.-2 (Matthew Bender 3d Ed.) ................................ 9

Advisory Committee Notes to 2007 Amendment to Fed. R. Civ. P. 20.......................... 9

H.R. Rep. No. 112-98 (2011) ...................................................................................... 3

*Restatement (Third) of the Law, Torts: Apportionment of Liability* § 11 (2000) .............. 7

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1A, the undersigned counsel certifies that counsel for Defendant Microsoft Corporation conferred by telephone with counsel for Plaintiff Potter Voice Technologies LLC concerning this motion on May 3, 2012.  Counsel for Plaintiff stated that Plaintiff opposes this motion.  No counsel has yet appeared for the remaining twenty-five defendants named in this action.

## I.      INTRODUCTION

To prevent suits like this one—asserting patent infringement against dozens of unrelated companies in the same action—Congress in September 2011 enacted legislation prohibiting joining in a single patent infringement action (or trial) any defendants not accused in relation to the same accused product or method.  35 U.S.C. § 299.  Congress further mandated that being accused of infringing the same patent is **not** an adequate basis for joining defendants in the same action.  *Id.*  In disregard of this new statute, Plaintiff Potter Voice Technologies LLC ("Potter") has misjoined Defendant Microsoft Corporation ("Microsoft") with twenty-five (25) unrelated defendants, including several Microsoft competitors.  For twenty-two of these unrelated co-defendants, the Complaint alleges no connection whatsoever with Microsoft.  Accordingly, Microsoft moves the Court to enforce this statutory mandate by dismissing Microsoft from this action.

## II.     CONGRESS HAS RESTRICTED JOINDER IN PATENT SUITS

On September 8, 2011, Congress passed the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) (the "AIA"), which made sweeping changes to

the U.S. Patent laws.  Among other provisions that became effective on September 16,

2011, the AIA added 35 U.S.C. § 299 – Joinder of Parties.  This section partially tracks

Fed. R. Civ. P. 20 but is more restrictive in at least the following respects (emphases

added):

- It removes any hint of discretion by dropping "Permissive" from the title of the

  provision "~~Permissive~~ Joinder of Parties" and stating that joinder is allowed

  "<u>only</u> if" (replacing Rule 20's "if") certain conditions are met.  AIA, 125 Stat. at

  322;

- It expressly prohibits joinder of accused infringers "based solely on

  allegations that they each have infringed the patent or patents in suit."  *Id.*,

  125 Stat. at 323;

- It prohibits joinder of accused infringers where their accused infringements do

  not relate to "the same accused product or process."  *Id.*; and

- It requires as a further condition for joinder of accused infringers, that

  "questions of <u>fact</u> common to all defendants . . . will arise in the action" (*id.*),

  replacing Rule 20's more liberal requirement of a question "of <u>law or fact</u>"

  common to all defendants.  Fed. R. Civ. P. 20.

Congress enacted these statutory hurdles to joinder in patent suits to "'address[]

problems occasioned by the joinder of defendants (sometimes numbering in the

dozens) who have tenuous connections to the underlying disputes in patent

infringement suits.'"  *Genetic Tech. Ltd. v. Agilent Tech., Inc.*, No. 11–cv–01389, 2012

WL 1015355, at *6 n.5 (D. Colo. Mar. 23, 2012), quoting H.R. Rep. No. 112-98, pt. 1, at

54-55 (2011).  Specifically, Congress expressly rejected a minority view of Rule 20 which had permitted joinder of defendants in a patent suit so long as they were sued on the same patents.  *See* H.R. Rep. No. 112-98, pt. 1, at 55 n.61; *accord Genetic Tech.*, 2012 WL 1015355, at *3 ("The majority view is reflected in the AIA, and the minority approach is enshrined in the 'logical relationship' test.").

Under Section 299, an accused infringer resisting joinder may be joined with another defendant in a single action (or trial) only if:  (1) they are accused as to the same accused product or process; (2) and the same series of transactions or occurrences; (3) and relief is asserted against them jointly, severally, or in the alternative, and (4) questions of fact common to all defendants will arise in the action. 35 U.S.C. § 299.[1]

These four statutory pre-conditions must be met for each and every co-defendant joined with the party seeking to be removed from the suit.  In other words, a plaintiff cannot justify mis-joining a party with one co-defendant by arguing that its joinder with a second co-defendant was proper.  This is clear from the plain language of the statute (emphases added):

35 U.S.C. 299. Joinder of parties.

(a) JOINDER OF ACCUSED INFRINGERS.--With respect to any civil action arising under any Act of Congress relating to patents, other than an action or trial in which an act of infringement under section 271(e)(2) has been pled, **parties that are accused infringers may be joined in one action as defendants** or counterclaim defendants, or have their actions consolidated for trial, or counterclaim defendants **only if**--

---

[1]  As explained below, joining Microsoft in this action violates all four of these requirements.

> (1) any right to relief is asserted against **the parties** jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.
>
> (b) ALLEGATIONS INSUFFICIENT FOR JOINDER.--For purposes of this subsection, **accused infringers may not be joined in one action as defendants** or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.

Potter may attempt to stitch together the required relationship between Microsoft and its co-defendants by asserting a six-degrees-of-separation theory, arguing that two companies with common customers or suppliers are sufficiently related to be joined in the same action.  For example, to try to show a sufficient connection between Microsoft and its competitor Apple, Potter may conjecture that:  (1) some defendants who sell products with Microsoft software also sell different products with Google software, and (2) Apple sells devices with Google software, and thus Microsoft can be joined with Apple.  That illogical theory, however, has no support in the language of the statute which, as noted above, requires that Section 299 be satisfied as to each joined defendant.

## III.    MICROSOFT'S ACCUSED SOFTWARE IS NOT THE SAME AS EACH OTHER DEFENDANT'S ACCUSED PRODUCT OR METHOD

The Complaint does not allege that the respective claims against Microsoft and each other defendant (e.g., Apple or Google) arise from actions taken with respect to the "same accused product or process," as required by statute.  For example, the

Complaint does not allege that Microsoft's accused software is the same software as Apple's accused software, or as Google's accused software.

For its allegations against Microsoft, the Complaint targets "software for digital computers using oral input which embody the inventions claimed in the '659 patent, including but not limited to the Windows Speech Commands." (Complaint, ¶ 79.)  The Complaint accuses three other defendants (Nokia, HTC and Samsung) of selling, etc., devices "using Google Voice Actions and/or Windows Speech Commands." (*Id.*, ¶¶ 44, 47, and 83.)  The Complaint does not allege that Apple (or 21 other defendants) sells, etc., devices using the accused Microsoft software.

Because the Complaint does not accuse Microsoft in relation to the same accused product or process as each other defendant named in the action, Microsoft's joinder is improper under Section 299.

## IV.  MICROSOFT IS NOT ACCUSED AS TO THE SAME TRANSACTIONS AS EACH OTHER DEFENDANT

The respective rights to relief asserted against Microsoft and each other defendant do not arise from the same transaction or series of transactions.  For example, there is no allegation that Sony's sale of devices using Google's accused software was the same transaction or series of transactions as its competitor HTC's sale of devices using Microsoft's accused software.

Even under the more permissive Rule 20, a majority of courts find joinder in a patent case improper "where [multiple] competing businesses have allegedly infringed the same patent by selling different products."  *WiAV Networks, LLC v. 3Com Corp.*, No. C 10-03448, 2010 WL 3895047, at *3 (N.D. Cal. Oct. 1, 2010) (severing claims brought

against twelve defendants who all manufactured laptops that allegedly infringed the same patent); *see Optimum Power Solutions LLC v. Apple, Inc.*, No. C 11–1509, 2011 WL 4387905, at *3 (N.D. Cal. Sept. 20, 2011) (dismissing all but one defendant for improper joinder because "[p]laintiff has not alleged that defendants acted in concert or otherwise controlled or directed each others' [sic] conduct—and indeed defendants appear to be ardent competitors of one another in the marketplace for their products."); *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10 C 1101, 2010 WL 3516106, at *2 (N.D. Ill Sept. 1, 2010) (severing claims brought against competing defendants alleged to have infringed the same patent by selling different products); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) ("[A]llegations against multiple and unrelated defendants for acts of patent . . . infringement do not support joinder under Rule 20(a).").

Thus, this is a second basis for dismissing Microsoft from this action.

## V.    THE COMPLAINT DOES NOT ALLEGE THAT MICROSOFT AND EACH OTHER DEFENDANT SHARE LIABILITY FOR THE SAME WRONG

A third ground for dismissing Microsoft is that the Complaint does not assert against Microsoft and each other defendant a right to relief "jointly, severally, or in the alternative," as required by Section 299.  For example, the Complaint does not allege that Apple, Google and Microsoft acted in concert and thus share liability for the same act of patent infringement.

To explain this additional ground for dismissal of Microsoft, the meaning of "joint," "several" and "alternative" liability must be considered.

A.      **Shared Liability And Separate Liability Are Mutually Exclusive**

"Under elementary principles of tort law a plaintiff is entitled to only one recovery for a wrong.  Payments [by one party] made in partial satisfaction of a claim are credited against the remaining liability."  *Screen Gems-Columbia Music, Inc. v. Metlis & Lebow Corp.*, 453 F.2d 552, 554 (2d Cir. 1972).  Where multiple parties contribute to a single injury, the plaintiff's right to collect its single recovery for that injury is governed, under common law, by principles of "joint," "several," and/or "alternative" liability.  These forms of liability, each referenced in Section 299, depend in part on rules that vary from state to state, although overriding common law principles generally apply.

- "Joint" liability is imposed only when two parties act in concert to cause the Plaintiff's injury, or cause "a single harm (injury or damage) and [it] is impossible to determine what proportion each tortfeasor contributed . . . ." 1 Stuart M Speiser, Charles F Krause & Alfred W Gans, *The American Law of Torts* § 3:7 at 417 (2003);

- "Several" liability likewise is invoked only where multiple parties are responsible for the same injury.  *E.g.*, *Aetna Cas. & Sur. Co. v. Leahey Constr. Co.*, 219 F.3d 519, 546 (6th Cir. 2000) ("Tortfeasors will not generally be held jointly **or** severally liable, however, where their independent, concurring acts have caused **distinct and separate injuries to the Plaintiff**, . . . .") (citation omitted) (emphasis added) (stating Ohio law); *Restatement (Third) of the Law, Torts: Apportionment of Liability* § 11 at 108 (2000) ("When, under applicable law, a person is severally liable

7

for an indivisible injury, the injured party may recover only the several

liable person's comparative-responsibility share of the injured person's

damages."); and

- "Alternative liability" is applied in the rare case where only one of two or

  more negligent parties actually caused a specific injury to plaintiff, and,

  due to the difficulty of proof faced by the injured plaintiff to prove which

  particular negligent defendant was the actual cause of the injury, the

  burden is shifted to each defendant to show that he was not the one

  responsible for plaintiff's injury.  *Summers v. Tice*, 33 Cal. 2d 80, 85-87,

  199 P.2d 1 (Cal. 1948) (the plaintiff was injured when two hunters

  simultaneously and negligently fired gunshots in his direction, and each

  hunter was found liable for the whole damage).

When independent acts cause separate, divisible damages, however, none of

joint, several, and/or alternative liability applies.  *See Wynn v. Nat'l Broad. Co., Inc.*, 234

F. Supp. 2d 1067, 1096 (C.D. Cal. 2002) (dismissing allegation of joint and several

liability where "to the extent that the harm Plaintiffs allege is the economic injury

stemming from a refusal to hire, it is not indivisible [because] [o]ne Defendant's refusal

to hire a Plaintiff is clearly divisible from another Defendant's refusal to hire that same

Plaintiff.").  Instead, "where independent torts result in separate injuries, each tortfeasor

is separately responsible for his or her own torts."  1 J.D. Lee & Barry A. Lindahl,

*Modern Tort Law* § 19.03 at 653 (Rev. ed. 1988).

**B.      Section 299 Requires A Shared-Liability Theory Of Relief**

Section 299 requires assertion of a right to relief based on shared liability.

Prior to its amendment in 2007, Fed. R. Civ. P. 20(a) read:

> All persons . . . may be joined in one action as defendants **if there is asserted against them jointly, severally, or in the alternative, any right to relief** in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.

*See* 4 *Moore's Federal Practice*, § 20 App.-2 (Matthew Bender 3d Ed.) (emphasis added).

Thus, the words "in the alternative" in Rule 20(a) modified "right to relief," just as "jointly" and "severally" modified "right to relief."  In other words, it referred to "alternative liability."  Rule 20's amendment in 2007 kept intact this meaning.  "The language of Rule 20 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes are intended to be stylistic only."  Advisory Committee Notes to 2007 Amendment to Fed. R. Civ. P. 20.

Some courts have recognized this requirement in Rule 20—both before and after its 2007 amendment—that the defendants must be alleged to share liability for the same wrong.  *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) ("Joinder of defendants under Rule 20 requires: (1) a claim for relief asserting joint, several, or alternative liability **and** arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact.  Fed. R. Civ. P. 20(a).") (emphasis added), *overruled on other grounds by Office Depot v.*

*Cohen*, 204 F.3d 1069 (11th Cir. 2000); *Arista Records LLC v. Does 1-4*, 589 F. Supp.

2d 151, 155 (D. Conn. 2008) ("[B]ecause Plaintiffs did not allege that the Doe

Defendants caused the *same harm* (rather than the *same type of harm*), joinder is

improper . . . ."); *In re M&M Business Mach*. Co., 132 B.R. 433, 434 (Bankr. D. Colo.

1991) (dropping parties for misjoinder:  "The defendant or defendants in any given claim

for relief are not alleged to be liable jointly, severally, or in the alternative, with the

defendants in any other claim for relief.")

    Many courts, however, have misconstrued this language, even before the

"stylistic" 2007 amendment.  First, courts have misread this language, without analysis,

to require an assertion of "joint or several liability" **or** a common transaction.  *See*, *e.g.*,

*Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp. 2d 122, 127 (S.D.N.Y. 2003).  They have

misread "in the alternative" (which refers to alternative liability) to mean "or."  As noted

above, however, the pre-2007 version of Rule 20 makes clear that that reading of the

rule is incorrect — joinder requires a right to relief asserted jointly, severally, or in the

alternative, **and** claims arising out of the same series of transactions, **and** a common

question of law or fact.  *Accord Tapscott*, 77 F.3d at 1360.

    Second, some courts mistakenly have assumed, again without analysis, that

"several liability" means "separate liability."  But, as noted above, these are distinct and

mutually exclusive concepts.  Only the former, several liability, satisfies Rule 20:

> The joinder of the malpractice claim against Dr. Housman with the other
> general negligence and product liability claims was inappropriate because
> the claims do not both involve common questions of law or fact and assert
> joint, several, or alternative liability 'arising out of the same transaction,
> occurrence, or series of transactions or occurrences.'  Fed. R. Civ. P.
> 20(b).  Any liability that may be found against either Guidant/EVT or Dr.

Housman would not be a basis for liability as to the other.  However, **separate liability as to each could be separately found**.

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, No. 07-1487, MDL No. 05-1708, 2007 WL 2572048, at *2 (D. Minn. Aug 30, 2007) (emphasis added).

Because Potter's Complaint does not, and cannot, assert joint, several or alternative liability as to each defendant, this is a third reason why Microsoft cannot be joined in this action (over its objection) under Section 299.

## VI.   THE COMPLAINT DOES NOT SHOW THAT QUESTIONS OF FACT COMMON TO ALL DEFENDANTS WILL ARISE IN THE ACTION

Finally, nothing in the Complaint shows that "questions of fact common to all defendants" will arise in the action.  Nothing in the Complaint ties the actions of Microsoft to Apple or Google, for instance.  Potter's attempt to prove infringement by Microsoft's accused software will not present common facts with Potter's attempt to prove infringement by its competitor's software offerings.

## VII.   CONCLUSION

To enforce Section 299's restrictions on joinder of defendants in patent infringement actions, the Court should dismiss Microsoft from this action.

DATED this 3rd day of May, 2012.

Respectfully submitted,

_s/ Amanda Tessar_
Amanda Tessar
Kourtney Mueller Merrill
Attorneys for Defendant Microsoft Corporation
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO  80202
Tel. (303) 291-2300
Fax (303) 291-2400
Email:  ATessar@perkinscoie.com
           KMerrill@perkinscoie.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of May, 2012, I electronically filed a true and correct copy of the foregoing **DEFENDANT MICROSOFT CORPORATION'S MOTION TO DISMISS MICROSOFT CORPORATION FOR IMPROPER JOINDER UNDER 35 U.S.C. 299** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email address:

- **Christopher David Banys**
  cdb@lanierlawfirm.com

- **Daniel Wayne Bedell**
  dwb@lanierlawfirm.com

- **Frank Brittin Clayton, III**
  bclayton@rcalaw.com

_s/ Amanda Tessar_
Amanda Tessar
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400
Denver, CO  80202-5255
Tel:  303.291.2300; Fax:  303.291.2400
Email:  atessar@perkinscoie.com

_Attorneys for Microsoft Corporation_