**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

        Plaintiff,

v.

APPLE, INC.,
GOOGLE, INC.
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP CORPORATION,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA, INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA, INC.,

        Defendants.

---

**SONY MOBILE COMMUNICATIONS (U.S.A.) INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

---

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.   INTRODUCTION ..................................................................................................... 1

II.  STATEMENTS OF FACTS ..................................................................................... 2

III. ARGUMENT ............................................................................................................ 3

    A.   Plaintiff's Second Amended Complaint Fails to Properly Plead
        Induced Infringement ................................................................................... 4

    B.   Plaintiff's Second Amended Complaint Fails to Properly Plead
        Contributory Infringement ............................................................................ 6

    C.   Plaintiff's Second Amended Complaint Fails to Properly Plead
        Willful Infringement ...................................................................................... 8

IV.  CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009) ........................................................................ 1, 4

*Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, No. C 11-04049 JW, 2012 WL
    1030031, 2012 U.S. Dist. LEXIS 51650 (N.D. Cal. Mar. 22, 2012).................. 4, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)......................................................... 3

*Benton v. Cameco Corp.*, 375 F.3d 1070 (10th Cir. 2004) ......................................... 9, 10

*BIAX Corp. v. Motorola Solutions, Inc.*, Civil Action No. 10-cv-03013-PAB-KLM,
    2012 WL 502727, 2012 U.S. Dist. LEXIS 18546 (D. Colo. Feb. 15, 2012)... 4, 5, 7

*Classen Immunotherapies, Inc. v. Biogen IDEC*, Civil No. WDQ-04-2607, 2012
    WL 1963412, 2012 U.S. Dist. LEXIS 75039 (D. Md. May 29, 2012)..................... 8

*Discflo Corp. v. Am. Process Equip., Inc.*, No. 11cv00476 BTM (RBB), 2011 WL
    6888542, 2011 U.S. Dist. LEXIS 149424 (S.D. Cal. Dec. 29, 2011)..................... 7

*DR Sys. v. Avreo, Inc.*, No. 11-cv-0932 BEN (WVG), 2011 WL 4850171, 2012
    U.S. Dist. LEXIS 44116 (S.D. Cal. Mar. 29, 2012).......................................... 5, 8

*DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006) ................................... 4, 6

*In re Investors Warranty of America, Inc. v. B.W.E. Development, L.L.C.*, Civ. No.
    09-4490 (WJM), 2010 WL 2557559, 2010 U.S. Dist. LEXIS 62543 (D.N.J.
    June 23, 2010).................................................................................................. 9

*In re Seagate*, 497 F.3d 1360 (Fed. Cir. 2007).............................................................. 8

*IPVenture, Inc. v. Cellco P'ship*, No. C 10-04755 JSW, 2011 WL 207978, 2011
    U.S. Dist. LEXIS 5955 (N.D. Cal. Jan. 21, 2011)................................................ 5

*McRee v. Goldman*, No. 11-CV-00991-LHK, 2012 WL 929825, 2012 U.S. Dist.
    LEXIS 36793 (N.D. Cal. Mar. 19, 2012) ............................................................ 5

*Minnesota Min. & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir.
    2002) ................................................................................................................. 6

*Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284 (Fed. Cir. 2007) ..................... 8

*Palmetto Pharms. LLC v. AstraZeneca Pharms. LP*, No. 2:11-cv-00807-SB-JDA, 2012 WL 484907, 2012 U.S. Dist. LEXIS 18019 (D.S.C. Jan. 4, 2012) ................ 7

*R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, __ F.3d __, 2012 WL 2044605, 2012 U.S. App. LEXIS 11519 (Fed. Cir. June 7, 2012) ......................................................... 6

*Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538 (E.D. Tex. 2010) ............ 10

*Rovi Corp. v. Hulu, LLC*, Civil Action No. 11-665, 2012 WL 261982, 2012 U.S. Dist. LEXIS 10183 (D. Del. Jan. 27, 2012) ......................................................... 10

*Tripoli Mgmt., LLC v. Waste Connections of Kan., Inc.*, Civil Action No. 09-cv-01767-CMA-KLM, 2010 WL 845927, 2010 U.S. Dist. LEXIS 21749 (D. Colo. Mar. 2, 2010) ............................................................................................. 9

*U.S. Philips Corp. v. ATI Technologies, Inc.*, No. 05 Civ. 8176(LAP), 2008 WL 2073928, 2008 U.S. Dist. LEXIS 38732 (S.D.N.Y. May 8, 2008) .......................... 9

*Vasudevan Software, Inc. v. Tibco Software, Inc.*, No. C 11-06638, 2012 WL 1831543, 2012 U.S. Dist. LEXIS 69952 (N.D. Cal. May 17, 2012) ..................... 10

*Via Vadis, LLC v. Skype, Inc.*, Civil Action No. 11-507, 2012 WL 261367, 2012 U.S. Dist. LEXIS 10182 (D. Del. Jan. 27, 2012) ................................................. 10

## I. INTRODUCTION

Potter Voice Technologies LLC's ("Potter Voice") Second Amended Complaint for Patent Infringement And Jury Demand ("Second Amended Complaint") alleges that Sony Mobile Communications (U.S.A.) Inc. ("SoMC") is liable for inducement and contributory infringement without pleading **any** factual support. Indeed, Potter Voice alleges nothing more than a barebones statement, that SoMC is "actively inducing its customers" to infringe and "contributing to its customers' infringement." *See* Second Amended Complaint for Patent Infringement And Jury Demand ("Second Amended Complaint") ¶ 41. These types of allegations are nothing more than "[legal] conclusions [that] are not entitled to the assumption of truth." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Potter Voice also claims that SoMC's alleged infringement is willful without any suggestion that SoMC even knew the patent in suit existed. Indeed, while Potter Voice does state that the patent-in-suit was mentioned during the prosecution of a U.S. patent application assigned to Sony Corporation, there is nothing to suggest that SoMC –a distinct corporate entity– had any knowledge of the patent. *See* Second Amended Complaint ¶ 44. The majority of the allegations against SoMC in the Second Amended Complaint are perfect examples of the "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" admonished by the Supreme Court. *See id.* at 678.

Accordingly, Potter Voice's claims of inducement, contributory infringement, and willful infringement should be dismissed in their entirety.

## II. STATEMENTS OF FACTS

On April 25, 2012, Potter Voice filed a Complaint for Patent Infringement and Jury Demand ("Original Complaint") in the District of Colorado alleging infringement of U.S. Patent No. 5,729,659 ("the '659 Patent") by Sony Corporation, Sony Mobile Communications AB, Sony Corporation of America, and other defendants.  *See* Original Complaint ¶¶ 50-53.

On May 29, 2012, Potter Voice filed an Amended Complaint for Patent Infringement and Jury Demand ("Amended Complaint"), dropping its allegations against the three accused Sony entities, and adding SoMC as a defendant.  *See* Amended Complaint ¶ 41.

On June 19, 2012, Potter Voice filed a Second Amended Complaint, adding a paragraph concerning joinder that apparently had been inadvertently omitted in the Amended Complaint.  The allegations against SoMC remain unchanged.

In its Second Amended Complaint, Potter Voice alleges, *inter alia*, that SoMC has indirectly and willfully infringed the '659 Patent.  *See* Second Amended Complaint ¶¶ 41, 44.  The entirety of Potter Voice's inducement and contributory infringement claims against SoMC are contained in paragraph 41 of the Second Amended Complaint:

> 41.    . . . On information and belief, Defendant Sony indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the Sony Xperia X10 and all reasonably similar products.  On information and belief, Defendant Sony indirectly infringes by actively inducing its customers to use Google Voice Actions on the Sony Xperia X10 and all reasonably similar products.  On information and belief, Defendant Sony knew or

2

should have known its actions would induce and/or contribute to infringement of the '659 patent.

*See* Second Amended Complaint ¶ 41

The entirety of Potter Voice's willfulness allegations are set forth in paragraph 44:

> 44. On information and belief, Defendant Sony knew of the '659 patent and its contents from about 2007 when the '659 patent was cited in the prosecution of U.S. Patent Nos. 7,158,934 and 7,249,017. And on information and belief, Defendant Sony willfully infringed the '659 patent thus entitling Potter Voice Technologies to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

*Id. at* ¶ 44.

The two "Sony" patents referred to in paragraph 44 are assigned to Sony Corporation and issued in 2007. *See* Exhs. A, B. At the time, and up until recently, SoMC was a joint venture between Sony Corporation and Telefon AB L.M. Ericsson ("Ericsson") and operated under the name Sony Ericsson Mobile Communications (U.S.A.) Inc. *See* Exh. C. In February, 2012 Sony Corporation bought out Ericsson's stake, making SoMC a wholly owned indirect subsidiary of Sony Corporation. *See* Exh. D.

### III. ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted). The statement must provide the "defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal quotations and

3

citations omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. While the court must accept as true all factual allegations contained in a complaint, the court need not accept as true "[t]hreadbare recitals of the elements of a cause of action[] supported by mere conclusory statements." See *id.*

### A.   Plaintiff's Second Amended Complaint Fails to Properly Plead Induced Infringement

To succeed on its inducement claim, Potter Voice "must 'prove that [] defendants knew of the patent'" and had the "specific intent" to induce others to infringe. *BIAX Corp. v. Motorola Solutions, Inc.*, Civil Action No. 10-cv-03013-PAB-KLM, 2012 WL 502727, at *2, 2012 U.S. Dist. LEXIS 18546, at *7-8 (D. Colo. Feb. 15, 2012) (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006); *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1363 (Fed. Cir. 2003)).

"To sufficiently plead a claim for induced infringement, a patentee must allege facts to support **each element**." *Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, No. C 11-04049 JW, 2012 WL 1030031, at *4, 2012 U.S. Dist. LEXIS 51650, at *15 (N.D. Cal. Mar. 22, 2012) (emphasis added). Unlike direct infringement claims, indirect infringement claims must meet the standards set forth by *Twombly* and *Iqbal*. See *BIAX Corp.*, 2012 WL 502727, at *2, 2012 U.S. Dist. LEXIS 18546, at *9-10.

Potter Voice's Second Amended Complaint fails to state a single factual allegation concerning SoMC's alleged induced infringement and does not even attempt to outline the "[t]hreadbare recital of the elements." See *BIAX Corp.*, 2012 WL 502727,

4

at *1, 2012 U.S. Dist. LEXIS 18546, at *6 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Potter Voice's allegation that SoMC is "actively inducing its customers to use Google Voice Actions," is nothing more than the type of conclusory statement courts have repeatedly found wanting. *See, e.g.*, *BIAX Corp.*, 2012 WL 502727, at *3, 2012 U.S. Dist. LEXIS 18546, at *12 (dismissing a claim for failing to allege facts showing defendant is "specifically intending to induce others . . . to infringe [plaintiff's] patent." (internal quotation omitted)); *DR Sys. v. Avreo, Inc.*, No. 11-cv-0932 BEN (WVG), 2011 WL 4850171, at *3, 2012 U.S. Dist. LEXIS 44116, at *10 (S.D. Cal. Mar. 29, 2012), (dismissing a claim as "conclusory" where "Plaintiff allege[d] [defendant] 'has actual knowledge of the '416 patent,' and 'knowingly and intentionally induced infringement.'" (quoting the complaint)); *McRee v. Goldman*, No. 11-CV-00991-LHK, 2012 WL 929825, at *5, 2012 U.S. Dist. LEXIS 36793, at *15 (N.D. Cal. Mar. 19, 2012) (inducement allegations dismissed where plaintiff pleaded facts regarding knowledge and intent but failed to properly plead "the concurrence of knowledge and action"); *Avocet Sports Tech.*, 2012 WL 1030031, at *4, 2012 U.S. Dist. LEXIS 51650, at *17 (inducement claim dismissed where plaintiff "merely makes conclusory allegations that Defendants knowingly disregarded Plaintiff's patent rights and that Defendants actively induced others to infringe"); *IPVenture, Inc. v. Cellco P'ship*, No. C 10-04755 JSW, 2011 WL 207978, at *2, 2011 U.S. Dist. LEXIS 5955, at *9 (N.D. Cal. Jan. 21, 2011) (dismissing an inducement claim for being merely a "bare recitation of the elements").

Potter Voice makes no attempt to plead the required specific intent and knowledge elements of an inducement allegation. *See, e.g.*, *Minnesota Min. & Mfg. Co.*

*v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002) ("In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement" (internal citations omitted)); *DSU Med. Corp.*, 471 F.3d at 1305 (Fed. Cir. 2006) ("mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven" (quotation omitted)).  As such, the inducement claim does not meet the requirements under *Iqbal* and *Twombly* and therefore should be dismissed.

### B.   Plaintiff's Second Amended Complaint Fails to Properly Plead Contributory Infringement

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that material or apparatus is material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be especially made or especially adapted for use in an infringement of such patent."  *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, __ F.3d __, 2012 WL 2044605, at *9, 2012 U.S. App. LEXIS 11519, at *28 (Fed. Cir. June 7, 2012) (internal quotations omitted).

"To state a claim for contributory infringement [] a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses."  *Id.*  A plaintiff must also plead "knowledge that the component is especially designed for use in a patented invention."  *See BIAX Corp.*,

6

2012 WL 502727, at *2, 2012 U.S. Dist. LEXIS 18546, at *8 (quoting *Spansion, Inc. v. ITC*, 629 F.3d 1331, 1353 (Fed. Cir. 2010)); *see also Palmetto Pharms. LLC v. AstraZeneca Pharms. LP*, No. 2:11-cv-00807-SB-JDA, 2012 WL 484907, at *6, 2012 U.S. Dist. LEXIS 18019, at *20-21 (D.S.C. Jan. 4, 2012) ("to adequately plead contributory infringement under § 271(c), a patent owner must allege facts plausibly showing that (1) there is direct infringement; (2) the alleged infringer had knowledge of the patent; (3) the component, material, or apparatus has no substantial noninfringing uses; and (4) the component, material, or apparatus is a material part of the invention.").

Potter Voice's Second Amended Complaint does not allege a single fact from which one can reasonably infer SoMC has contributorily infringed. Only conclusory allegations that SoMC "indirectly infringes by contributing to its customers' infringement using Google Voice Actions" are contained. *See* Second Amended Complaint ¶ 44. Google Voice Actions is a Google software product and Potter Voice fails to allege how SoMC could possibly know how the product was "especially designed" to infringe Potter Voice's patent. *See id.* Further, Potter Voice has made no factual allegations regarding a lack of substantial non-infringing uses. These grave failures are fatal. Indeed, contributory infringement claims with far more factual allegations are routinely dismissed. *See, e.g.*, *BIAX Corp.*, 2012 WL 502727, at *3, 2012 U.S. Dist. LEXIS 18546, at *14 (contributory infringement claim dismissed for lacking "any non-conclusory allegations" including that the accused product was "especially designed" to infringe); *Discflo Corp. v. Am. Process Equip., Inc.*, No. 11cv00476 BTM (RBB), 2011 WL 6888542, at *3, 2011 U.S. Dist. LEXIS 149424, at *10 (S.D. Cal. Dec. 29, 2011)

(dismissing contributory infringement claims alleging that "'Defendants are . . . contributing to the infringement of one or more claims . . . by selling pump products to others, which purchasers directly infringe . . . through their use of such purchased pump products'"); *Classen Immunotherapies, Inc. v. Biogen IDEC*, Civil No. WDQ-04-2607, 2012 WL 1963412, at *10, 2012 U.S. Dist. LEXIS 75039, at *33 (D. Md. May 29, 2012) (contributory infringement claim dismissed where pleadings would "not have proven that there is no noninfringing use"); *DR Sys.*, 2011 WL 4850171, 2012 U.S. Dist. LEXIS 44116 (contributory infringement claim dismissed for failing to allege knowledge of the patents).

### C. Plaintiff's Second Amended Complaint Fails to Properly Plead Willful Infringement

Willful infringement requires a showing of "an objectively high likelihood" of infringement and that defendant had knowledge or recklessness of that risk. *See In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Even though "[w]illfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)," *Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007) (internal quotation omitted), pleading requirements of *Iqbal* and *Twombly* still apply.

Potter Voice alleges that SoMC knew of the '659 Patent because the patent was cited in the prosecution history of two U.S. patents on behalf of Sony Corporation, a different and discrete corporate entity from SoMC. At the time Potter Voice claims Sony Corporation learned of the '659 Patent, SoMC was a joint venture between Sony

Corporation and Ericsson, and was not directly under Sony Corporation's control or supervision. SoMC only became an indirect wholly-owned subsidiary in 2012, years after the prosecution of the two Sony Corporation patents had ended. Further, even if Sony Corporation had the requisite knowledge of the '659 Patent (which it did not) and had it at the requisite time (which it did not), such knowledge cannot be imputed to SoMC, an indirect subsidiary. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004) ("[a] parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity."); *Tripoli Mgmt., LLC v. Waste Connections of Kan., Inc.*, Civil Action No. 09-cv-01767-CMA-KLM, 2010 WL 845927, at *6 n.12, 2010 U.S. Dist. LEXIS 21749, at *12 n.12 (D. Colo. Mar. 2, 2010) (a subsidiary is not "responsible for its parent's acts"); *see also In re Investors Warranty of America, Inc. v. B.W.E. Development, L.L.C.*, Civ. No. 09-4490 (WJM), 2010 WL 2557559, at *4, 2010 U.S. Dist. LEXIS 62543, at *12-13 (D.N.J. June 23, 2010) ("the general rule is that the knowledge of the parent corporation is not imputed to the subsidiary corporation unless a sufficient nexus between them is shown to provide an equitable reason for disregarding the separate corporate existences." (internal marks and citations omitted)); *U.S. Philips Corp. v. ATI Technologies, Inc.*, No. 05 Civ. 8176(LAP), 2008 WL 2073928, at *2, 2008 U.S. Dist. LEXIS 38732, at *6 (S.D.N.Y. May 8, 2008) ("Before a parent's knowledge will be imputed to its subsidiary, it must be shown that the parent's employees informed of the infringement were under a duty to report that information to the subsidiary."). Potter Voice has not even attempted to justify imputing any such

knowledge to SoMC and, as such, Potter Voice's claims of willfulness should be dismissed for that reason alone.  *See Benton*, 375 F.3d at 1081.

Once Potter Voice's irrelevant knowledge allegations are removed, all that is left is a threadbare recital of the legal elements for willful infringement.  These remaining allegations fail to allege any relevant facts and fail to meet the pleading requirements of *Iqbal* and *Twombly*.  Accordingly, they should be dismissed.  *See Via Vadis, LLC v. Skype, Inc.*, Civil Action No. 11-507, 2012 WL 261367, at *2, 2012 U.S. Dist. LEXIS 10182, at *5 (D. Del. Jan. 27, 2012) (dismissing a complaint where "[t]here are simply no factual allegations . . . specifying what actions Defendants took that would warrant a conclusion that the infringement was willful or intentional"); *Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 545 (E.D. Tex. 2010) ("a patentee [must] do more [to plead willful infringement] than suggest that more definite allegations are to follow once discovery is underway."); *Vasudevan Software, Inc. v. Tibco Software, Inc.*, No. C 11-06638, 2012 WL 1831543, at *5, 2012 U.S. Dist. LEXIS 69952, at *17 (N.D. Cal. May 17, 2012) ("A finding of knowledge when there is merely a known risk of infringement and deliberate indifference to that risk, is not sufficient to plead willful blindness." (internal quotations omitted)); *Rovi Corp. v. Hulu, LLC*, Civil Action No. 11-665, 2012 WL 261982, at *2, 2012 U.S. Dist. LEXIS 10183, at *5 (D. Del. Jan. 27, 2012) (dismissing a claim where "[t]here are simply no facts plead to advise Hulu how or why Hulu's conduct infringes on Rovi's patents, what actions Hulu took that would warrant a conclusion that the infringement was done willfully").

## IV. CONCLUSION

Because Potter Voice has failed to adequately plead inducement, contributory infringement, and willful infringement against SoMC, the claims should be dismissed.

Dated July 6, 2012

*/s/ Lewis Popovski*
_____
Lewis Popovski
Michael E. Sander
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
lpopovski@keynon.com
msander@kenyon.com
(212) 908-6078

J. Mark Smith
PENDLETON WILSON HENNESSEY & CROW. P.C.
1875 Lawrence Street, 10th Floor
Denver, CO 80202-1898
(303) 839-1204
msmith@penberg.com

*Attorneys for Sony Mobile Communications (U.S.A.) Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2012, I electronically filed the foregoing **MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)** with the Clerk of Court using the CM/EMF system, which will send notification of such filing to the following email address:

Christopher David Banys
cdb@lanierlawfirm.com

Daniel Wayne Bedell
dwb@lanierlawfirm.com

Frank Brittin Clayton, III
bclayton@rcalaw.com

Dated July 6, 2012

/s/ Lewis Popovski

_____

Lewis Popovski
Michael E. Sander
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
lpopovski@keynon.com
msander@kenyon.com
(212) 908-6078

J. Mark Smith
PENDLETON WILSON HENNESSEY & CROW. P.C.
1875 Lawrence Street, 10th Floor
Denver, CO 80202-1898
(303) 839-1204
msmith@penberg.com

*Attorneys for Sony Mobile Communications (U.S.A.) Inc.*