**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

      Plaintiff,

v.

APPLE INC.,
GOOGLE, INC.
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP CORPORATION,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA, INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA, INC.,

      Defendants.

---

**DEFENDANT APPLE INC.'S ANSWER TO POTTER VOICE TECHNOLOGIES LLC'S
SECOND AMENDED COMPLAINT**

---

Defendant Apple Inc., ("Apple") hereby responds to Plaintiff Potter Voice

Technologies LLC's ("PVT") Second Amended Complaint for Patent Infringement as

follows:

## THE PARTIES

**PARAGRAPH NO. 1:**

Plaintiff Potter Voice Technologies LLC, ("Potter Voice") is a limited liability

corporation duly organized and existing under the laws of the State of Colorado, having

its principal place of business at 36 South 18th Avenue, Suite D, Brighton, Colorado

80601.

**ANSWER TO PARAGRAPH NO. 1:**

Apple is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in this paragraph of the Complaint and, on that basis, denies

each and every one of them.

**PARAGRAPH NO. 2:**

On information and belief, Defendant Apple, Inc. ("Apple") is a corporation duly

organized and existing under the laws of the State of California, having its principal

place of business at 1 Infinite Loop, Cupertino, California 95014.

**ANSWER TO PARAGRAPH NO. 2:**

Apple admits that "Apple Inc.", not "Apple, Inc.", is a corporation duly organized

and existing under the laws of the State of California, having its principal place of

business at 1 Infinite Loop, Cupertino, California 95014.  Apple denies each and every

one of the remaining allegations set forth in this paragraph.

**PARAGRAPH NO. 3:**

On information and belief, Defendant Google, Inc. ("Google") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.

**ANSWER TO PARAGRAPH NO. 3:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 4:**

On information and belief, Defendant HTC America, Inc. ("HTC") is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business at 920 SE Eastgate Way, Suite 200, Bellevue, Washington 98005.

**ANSWER TO PARAGRAPH NO. 4:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 5:**

On information and belief, Defendant Samsung Telecommunications America, LLC ("Samsung") is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business at 1301 E. Lookout Dr., Richardson, Texas 75082.

**ANSWER TO PARAGRAPH NO. 5:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 6:**

On information and belief, Defendant Sony Mobile Communications (U.S.A.) Inc. ("Sony") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709.

**ANSWER TO PARAGRAPH NO. 6:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 7:**

On information and belief, Defendant LG Electronics Mobilecomm U.S.A., Inc. ("LG") is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 10101 Old Grove Road, San Diego, California 92131.

**ANSWER TO PARAGRAPH NO. 7:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 8:**

On information and belief, Defendant Motorola Solutions, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 1303 E. Algonquin Rd., Schaumburg, Illinois 60196.

**ANSWER TO PARAGRAPH NO. 8:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 9:**

On information and belief, Defendant Motorola Mobility, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 600 N. U.S. Hwy. 45, Libertyville, Illinois, 60048. On information and belief, Defendant Motorola Mobility, Inc. is owned and controlled by Defendant Motorola Solutions, Inc. (collectively "Motorola").

**ANSWER TO PARAGRAPH NO. 9:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 10:**

On information and belief, Defendant ZTE (USA) Inc. ("ZTE") is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business at 2425 N Central Expressway #323, Richardson, Texas 75080.

**ANSWER TO PARAGRAPH NO. 10:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 11:**

On information and belief, Defendant Kyocera International, Inc. ("Kyocera") is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 8611 Balboa Ave., San Diego, California 92123.

**ANSWER TO PARAGRAPH NO. 11:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 12:**

On information and belief, Defendant Sharp Corporation is a Japanese corporation having its principal place of business at 22-22 Nagaike-Cho, Abeno-Ku, Osaka 545-8522, Japan.

**ANSWER TO PARAGRAPH NO. 12:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 13:**

On information and belief, Defendant Sharp Electronics Corporation is a corporation duly organized and existing under the laws of the State of New Jersey, having its principal place of business at Sharp Plaza, Mahwah, New Jersey 07495. On information and belief, Defendant Sharp Electronics Corporation is owned and controlled by Defendant Sharp Corporation (collectively "Sharp").

**ANSWER TO PARAGRAPH NO. 13:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 14:**

On information and belief, Defendant Huawei Device USA, Inc. ("Huawei") is a corporation duly organized and existing under the laws of the State of Texas, having its principal place of business at 5700 Tennyson Parkway, Suite 500, Plano, Texas 75024.

**ANSWER TO PARAGRAPH NO. 14:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 15:**

On information and belief, Defendant Pantech Wireless, Inc. ("Pantech") is a corporation duly organized and existing under the laws of the State of Georgia, having

its principal place of business at 5607 Glenridge Drive, Suite 500, Atlanta, Georgia 30342.

**ANSWER TO PARAGRAPH NO. 15:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 16:**

On information and belief, Defendant Research In Motion Limited is a Canadian corporation having its principal place of business at 295 Phillip Street, Waterloo, Ontario, Canada N2L 3W8.

**ANSWER TO PARAGRAPH NO. 16:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 17:**

On information and belief, Defendant Research In Motion Corporation is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 5000 Riverside Drive, Irving, Texas 75039. On information and belief, Defendant Research In Motion Corporation is owned and controlled by Defendant Research In Motion Limited (collectively "RIM").

**ANSWER TO PARAGRAPH NO. 17:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 18:**

On information and belief, Defendant Microsoft Corporation ("Microsoft") is a corporation duly organized and existing under the laws of the State of Washington, having its principal place of business at 1 Microsoft Way, Redmond, Washington 98052.

**ANSWER TO PARAGRAPH NO. 18:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 19:**

On information and belief, Defendant Nokia Inc. ("Nokia") is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business at 102 Corporate Park Drive, White Plains, New York 10604.

**ANSWER TO PARAGRAPH NO. 19:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

<u>**JURISDICTION AND VENUE**</u>

**PARAGRAPH NO. 20:**

This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101 et seq. This Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§1331 and 1338(a).

**ANSWER TO PARAGRAPH NO. 20:**

Apple admits that PVT's Complaint purports to bring an action for patent infringement under the Patent Act, 35 U.S.C. §§101 *et seq*.  Apple admits that this Court has jurisdiction over claims for patent infringement pursuant to 28 U.S.C, §§ 1331 and 1338(a).  Apple is without knowledge or information sufficient to form a belief as to any and all remaining allegations of this paragraph of the Complaint, and on that basis denies those allegations.  With respect to paragraph 20, Apple has filed contemporaneously herewith, a Motion to Dismiss PVT's indirect infringement claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  No further response is required.

**PARAGRAPH NO. 21:**

This Court has specific and/or general personal jurisdiction over Defendants because they have committed acts giving rise to this action within this judicial district and/or have established minimum contacts within Colorado and within this judicial district such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

**ANSWER TO PARAGRAPH NO. 21:**

Apple admits that this Court has specific and/or general personal jurisdiction over Apple for this action.  Apple denies that it has committed any acts within this judicial

district giving rise to this action.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

.

**PARAGRAPH NO. 22:**

Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) because Defendants have committed acts within this judicial district giving rise to this action, and continue to conduct business in this district, and/or have committed acts of patent infringement within this District giving rise to this action.

**ANSWER TO PARAGRAPH NO. 22:**

Apple admits that venue is technically proper in this District pursuant to 28 U.S.C. §§1391(b)-(c) and 1400(b) for this action.  However, Apple denies that the venue is convenient.  Apple admits that it conducts business in this District.  Apple denies that it has committed any acts within this judicial district giving rise to this action, including any acts of patent infringement.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them..

## ALLEGED INFRINGEMENT OF U.S. PATENT 5,729,659

**PARAGRAPH NO. 23:**

Potter Voice Technologies re-alleges and incorporates by reference the allegations set forth in the Paragraphs above as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 23:**

Apple incorporates by reference the answers contained in paragraphs 1-22.

**PARAGRAPH NO. 24:**

On March 17, 1998, United States Patent Number 5,729,659 ("the '659 patent") entitled "Method And Apparatus For Controlling A Digital Computer Using Oral Input" was duly and lawfully issued by the United States Patent and Trademark Office. A true and correct copy of the '659 patent is attached hereto as Exhibit A.

**ANSWER TO PARAGRAPH NO. 24:**

Apple admits that the face of U.S. Patent No. 5,729,659 ("the '659 patent") indicates that it is entitled "Method And Apparatus For Controlling A Digital Computer Using Oral Input," and that it was issued by the United States Patent and Trademark Office.  Apple also admits that a copy of the '659 Patent is attached as Exhibit A to the Complaint. Apple is without knowledge or information sufficient to form a belief as to the remaining allegations of this paragraph of the Complaint, and on that basis denies those allegations.

**PARAGRAPH NO. 25:**

Potter Voice Technologies is the owner and assignee of all right, title, and interest in and to the '659 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

**ANSWER TO PARAGRAPH NO. 25:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

## DEFENDANT APPLE

**PARAGRAPH NO. 26:**

On information and belief, Defendant Apple has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States software digital computers using Siri and/or Google Voice Commands that embody the inventions claimed in the '659 patent, including but not limited to the Apple iPhone 4S and all reasonably similar products. On information and belief, Defendant Apple indirectly infringes by contributing to its customers' infringement by using Siri and/or Google Voice Commands on the Apple iPhone 4S and all reasonably similar products. On information and belief, Defendant Apple indirectly infringes by actively inducing its customers to use Siri and/or Google Voice Commands on the Apple iPhone 4S and all reasonably similar products. On information and belief, Defendant Apple knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 26:**

Denied.

**PARAGRAPH NO. 27:**

On information and belief, Defendant Apple has been and now is infringing the

'659 patent in the State of Colorado, in this judicial district, and elsewhere in the United

States by, among other things, making, using, importing, offering to sell, and/or selling

in the United States software for digital computers using oral input that embody the

inventions claimed in the '659 patent, including but not limited to Siri and all reasonably

similar products. On information and belief, Defendant Apple indirectly infringes by

contributing to its customers' infringement by using Siri and all reasonably similar

products. On information and belief, Defendant Apple indirectly infringes by actively

inducing its customers to use Siri and all reasonably similar products. On information

and belief, Defendant Apple knew or should have known its actions would induce and/or

contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 27:**

Denied.

**PARAGRAPH NO. 28:**

On information and belief, Defendant Apple will continue to infringe the '659

patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 28:**

Denied.

**PARAGRAPH NO. 29:**

Defendant Apple's acts of infringement have damaged Potter Voice

Technologies in an amount to be proven at trial, but in no event less than a reasonable

royalty. Defendant Apple's infringement of Potter Voice Technologies's rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 29:**

Denied.

**PARAGRAPH NO. 30:**

On information and belief, SRI International originally created and developed the product Siri. On information and belief, SRI International spun off Siri, Inc., in 2007. On information and belief, Defendant Apple acquired Siri, Inc. in April, 2010.

**ANSWER TO PARAGRAPH NO. 30:**

Apple denies that SRI International originally created and developed the product Siri.  On information and belief, SRI International spun off Siri, Inc., in 2007.  On information and belief, Defendant Apple acquired Siri, Inc. in April, 2010.  Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 31:**

On information and belief, SRI International knew of the '659 patent and its contents from about 2004 when the '659 patent was cited in the prosecution of U.S. Patent Nos. 6,513,063, 6,691,151, 6,757,718, 6,859,931, 7,069,560, 7,036,128, 6,523,061, 6,742,021. On information and belief, Defendant Apple knew of the '659 patent and its contents when it acquired Siri, Inc. from SRI International. And on

information and belief, Defendant Apple willfully infringed the '659 patent thus entitling

Potter Voice Technologies to increased damages under 35 U.S.C. § 284 and to

attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

**ANSWER TO PARAGRAPH NO. 31:**

Apple is without knowledge or information sufficient to form a belief as to the truth

of whether SRI International knew of the '659 patent and its contents from about 2004

when the '659 patent was cited in the prosecution of U.S. Patent Nos. 6,513,063,

6,691,151, 6,757,718, 6,859,931, 7,069,560, 7,036,128, 6,523,061, 6,742,021, and on

that basis denies it.  Apple denies each and every one of the remaining allegations set

forth in this paragraph.  With respect to paragraph 31, Apple has filed

contemporaneously herewith, a Motion to Dismiss PVT's willful infringement claims

pursuant to Federal Rule of Civil Procedure 12(b)(6).  No further response is required.

<u>**DEFENDANT GOOGLE**</u>

**PARAGRAPH NO. 32:**

On information and belief, Defendant Google has been and now is infringing the

'659 patent in the State of Colorado, in this judicial district, and elsewhere in the United

States by, among other things, making, using, importing, offering to sell, and/or selling

in the United States software for digital computers using oral input that embody the

inventions claimed in the '659 patent, including but not limited to Google Voice Actions

and all reasonably similar products. On information and belief, Defendant Google

indirectly infringes by contributing to its customers' infringement of Google Voice

Actions and all reasonably similar products. On information and belief, Defendant

Google indirectly infringes by actively inducing its customers to use Google Voice Actions and all reasonably similar products. On information and belief, Defendant Google knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 32:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 33:**

On information and belief, Defendant Google will continue to infringe the '659 patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 33:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 34:**

Defendant Google's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Google's infringement of Potter Voice Technologies's rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 34:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

<u>**DEFENDANT HTC**</u>

**PARAGRAPH NO. 35:**

On information and belief, Defendant HTC has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions and/or Windows Speech Commands which embody the inventions claimed in the '659 patent, including but not limited to the HTC EVO Design 4G, HTC Incredible S, HTC Rezound, and HTC Titan and all reasonably similar products. On information and belief, Defendant HTC indirectly infringes by contributing to its customers' infringement using Google Voice Actions and/or Windows Speech Commands on the HTC EVO Design 4G, HTC Incredible S, HTC Rezound, and HTC Titan and all reasonably similar products. On information and belief, Defendant HTC indirectly infringes by actively inducing its customers to use Google Voice Actions and/or Windows Speech Commands on the HTC EVO Design 4G, HTC Incredible S, HTC Rezound, and HTC Titan and all reasonably similar products. On information and belief, Defendant HTC knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 35:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 36:**

On information and belief, Defendant HTC will continue to infringe the '659 patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 36:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 37:**

Defendant HTC's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant HTC's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 37:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

## DEFENDANT SAMSUNG

**PARAGRAPH NO. 38:**

On information and belief, Defendant Samsung has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions and/or Windows Speech Commands which embody the inventions claimed in the '659 patent, including but not limited to the Samsung Galaxy S II, Galaxy S Blaze, and Samsung Focus and all reasonably similar products. On information and belief, Defendant Samsung indirectly infringes by contributing to its customers' infringement using Google Voice Actions and/or Windows Speech Commands on the Samsung Galaxy S II, Galaxy S Blaze, and Samsung Focus and all reasonably similar products. On information and belief, Defendant Samsung indirectly infringes by actively inducing its customers to use Google Voice Actions and/or Windows Speech Commands on the Samsung Galaxy S II, Galaxy S Blaze, and Samsung Focus and all reasonably similar products. On information and belief, Defendant Samsung knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 38:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 39:**

On information and belief, Defendant Samsung will continue to infringe the '659

patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 39:**

Apple is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in this paragraph of the Complaint and, on that basis, denies

each and every one of them.

**PARAGRAPH NO. 40:**

Defendant Samsung's acts of infringement have damaged Potter Voice

Technologies in an amount to be proven at trial, but in no event less than a reasonable

royalty. Defendant Samsung's infringement of Potter Voice Technologies' rights under

the '659 patent will continue to damage Potter Voice Technologies causing irreparable

harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 40:**

Apple is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in this paragraph of the Complaint and, on that basis, denies

each and every one of them.

<u>**DEFENDANT SONY**</u>

**PARAGRAPH NO. 41:**

On information and belief, Defendant Sony has been and now is infringing the

'659 patent in the State of Colorado, in this judicial district, and elsewhere in the United

States by, among other things, making, using, importing, offering to sell, and/or selling

in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the Sony Xperia X10 and all reasonably similar products. On information and belief, Defendant Sony indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the the Sony Xperia X10 and all reasonably similar products. On information and belief, Defendant Sony indirectly infringes by actively inducing its customers to use Google Voice Actions on the Sony Xperia X10 and all reasonably similar products. On information and belief, Defendant Sony knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 41:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 42:**

On information and belief, Defendant Sony will continue to infringe the '659 patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 42:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 43:**

Defendant Sony's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Sony's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 43:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 44:**

On information and belief, Defendant Sony knew of the '659 patent and its contents from about 2007 when the '659 patent was cited in the prosecution of U.S. Patent Nos. 7,158,934 and 7,249,017. And on information and belief, Defendant Sony willfully infringed the '659 patent thus entitling Potter Voice Technologies to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

**ANSWER TO PARAGRAPH NO. 44:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**DEFENDANT LG**

**PARAGRAPH NO. 45:**

On information and belief, Defendant LG has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the LG Optimus S and all reasonably similar products. On information and belief, Defendant LG indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the the LG Optimus S and all reasonably similar products. On information and belief, Defendant LG indirectly infringes by actively inducing its customers to use Google Voice Actions on the LG Optimus S and all reasonably similar products. On information and belief, Defendant LG knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 45:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 46:**

On information and belief, Defendant LG will continue to infringe the '659 patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 46:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 47:**

Defendant LG's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant LG's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 47:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

<u>**DEFENDANT MOTOROLA**</u>

**PARAGRAPH NO. 48:**

On information and belief, Defendant Motorola has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the Motorola DROID RAZR and all reasonably similar products. On information and belief, Defendant

Motorola indirectly infringes by contributing to its customers' infringement using Google

Voice Actions on the Motorola DROID RAZR and all reasonably similar products. On

information and belief, Defendant Motorola indirectly infringes by actively inducing its

customers to use Google Voice Actions on the Motorola DROID RAZR and all

reasonably similar products. On information and belief, Defendant Motorola knew or

should have known its actions would induce and/or contribute to infringement of the

'659 patent.

**ANSWER TO PARAGRAPH NO. 48:**

Apple is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in this paragraph of the Complaint and, on that basis, denies

each and every one of them.

**PARAGRAPH NO. 49:**

On information and belief, Defendant Motorola will continue to infringe the '659

patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 49:**

Apple is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in this paragraph of the Complaint and, on that basis, denies

each and every one of them.

**PARAGRAPH NO. 50:**

Defendant Motorola's acts of infringement have damaged Potter Voice

Technologies in an amount to be proven at trial, but in no event less than a reasonable

royalty. Defendant Motorola's infringement of Potter Voice Technologies' rights under

the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 50:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

## DEFENDANT ZTE

**PARAGRAPH NO. 51:**

On information and belief, Defendant ZTE has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the ZTE Score M and all reasonably similar products. On information and belief, Defendant ZTE indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the ZTE Score M and all reasonably similar products. On information and belief, Defendant ZTE indirectly infringes by actively inducing its customers to use Google Voice Actions on the ZTE Score M and all reasonably similar products. On information and belief, Defendant ZTE knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 51:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 52:**

On information and belief, Defendant ZTE will continue to infringe the '659 patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 52:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 53:**

Defendant ZTE's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant ZTE's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 53:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

## DEFENDANT KYOCERA

**PARAGRAPH NO. 54:**

On information and belief, Defendant Kyocera has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the Kyocera Echo and all reasonably similar products. On information and belief, Defendant Kyocera indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the Kyocera Echo and all reasonably similar products. On information and belief, Defendant Kyocera indirectly infringes by actively inducing its customers to use Google Voice Actions on the Kyocera Echo and all reasonably similar products. On information and belief, Defendant Kyocera knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 54:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 55:**

On information and belief, Defendant Kyocera will continue to infringe the '659 patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 55:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 56:**

Defendant Kyocera's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Kyocera's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 56:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

<u>**DEFENDANT SHARP**</u>

**PARAGRAPH NO. 57:**

On information and belief, Defendant Sharp has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the Sharp FX PLUS ADS1 and all reasonably similar products. On information and belief, Defendant Sharp

indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the Sharp FX PLUS ADS1 and all reasonably similar products.  On information and belief, Defendant Sharp indirectly infringes by actively inducing its customers to use Google Voice Actions on the Sharp FX PLUS ADS1 and all reasonably similar products. On information and belief, Defendant Sharp knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 57:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 58:**

On information and belief, Defendant Sharp will continue to infringe the '659 patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 58:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 59:**

Defendant Sharp's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Sharp's infringement of Potter Voice Technologies' rights under the

'659 patent will continue to damage Potter Voice Technologies causing irreparable

harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 59:**

Apple is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in this paragraph of the Complaint and, on that basis, denies

each and every one of them.

## DEFENDANT HUAWEI

**PARAGRAPH NO. 60:**

On information and belief, Defendant Huawei has been and now is infringing the

'659 patent in the State of Colorado, in this judicial district, and elsewhere in the United

States by, among other things, making, using, importing, offering to sell, and/or selling

in the United States digital computers using Google Voice Actions which embody the

inventions claimed in the '659 patent, including but not limited to the Huawei M835 and

all reasonably similar products. On information and belief, Defendant Huawei indirectly

infringes by contributing to its customers' infringement using Google Voice Actions on

the Huawei M835 and all reasonably similar products. On information and belief,

Defendant Huawei indirectly infringes by actively inducing its customers to use Google

Voice Actions on the Huawei M835 and all reasonably similar products. On information

and belief, Defendant Huawei knew or should have known its actions would induce

and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 60:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 61:**

On information and belief, Defendant Huawei will continue to infringe the '659 patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 61:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 62:**

Defendant Huawei's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Huawei's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 62:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**<u>DEFENDANT PANTECH</u>**

**PARAGRAPH NO. 63:**

On information and belief, Defendant Pantech has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the Pantech Burst and all reasonably similar products. On information and belief, Defendant Pantech indirectly infringes by contributing to its customers' infringement using Google Voice Actions on the Pantech Burst and all reasonably similar products. On information and belief, Defendant Pantech indirectly infringes by actively inducing its customers to use Google Voice Actions on the Pantech Burst and all reasonably similar products. On information and belief, Defendant Pantech knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 63:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 64:**

On information and belief, Defendant Pantech will continue to infringe the '659 patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 64:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 65:**

Defendant Pantech's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Pantech's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 65:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**DEFENDANT RIM**

**PARAGRAPH NO. 66:**

On information and belief, Defendant RIM has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States software digital computers using BlackBerry Voice Commands and/or Google Voice Actions that embody the inventions claimed in the '659 patent, including but not limited to the RIM BlackBerry Bold and all reasonably similar products.

On information and belief, Defendant RIM indirectly infringes by contributing to its customers' infringement by using BlackBerry Voice Commands and/or Google Voice Actions on the RIM BlackBerry Bold and all reasonably similar products. On information and belief, Defendant RIM indirectly infringes by actively inducing its customers to use BlackBerry Voice Commands and/or Google Voice Actions on the RIM BlackBerry Bold and all reasonably similar products. On information and belief, Defendant RIM knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 66:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 67:**

On information and belief, Defendant RIM has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States software for digital computers using oral input that embody the inventions claimed in the '659 patent, including but not limited to BlackBerry Voice Commands and all reasonably similar products. On information and belief, Defendant RIM indirectly infringes by contributing to its customers' infringement by using BlackBerry Voice Commands and all reasonably similar products. On information and belief, Defendant RIM indirectly infringes by actively inducing its customers to use

BlackBerry Voice Commands and all reasonably similar products. On information and belief, Defendant RIM knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 67:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 68:**

On information and belief, Defendant RIM will continue to infringe the '659 patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 68:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 69:**

Defendant RIM's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant RIM's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 69:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

## DEFENDANT MICROSOFT

**PARAGRAPH NO. 70:**

On information and belief, Defendant Microsoft has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States software for digital computers using oral input which embody the inventions claimed in the '659 patent, including but not limited to the Windows Speech Commands and all reasonably similar products. On information and belief, Defendant Microsoft indirectly infringes by contributing to its customers' infringement of the Windows Speech Commands and all reasonably similar products. On information and belief, Defendant Microsoft indirectly infringes by actively inducing its customers to use the Windows Speech Commands and all reasonably similar products. On information and belief, Defendant Microsoft knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 70:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 71:**

On information and belief, Defendant Microsoft will continue to infringe the '659

patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 71:**

Apple is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in this paragraph of the Complaint and, on that basis, denies

each and every one of them.

**PARAGRAPH NO. 72:**

Defendant Microsoft's acts of infringement have damaged Potter Voice

Technologies in an amount to be proven at trial, but in no event less than a reasonable

royalty. Defendant Microsoft's infringement of Potter Voice Technologies' rights  under

the '659 patent will continue to damage Potter Voice Technologies causing irreparable

harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 72:**

Apple is without knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in this paragraph of the Complaint and, on that basis, denies

each and every one of them.

**PARAGRAPH NO. 73:**

On information and belief, Defendant Microsoft knew of the '659 patent and its

contents from about 2007 when the '659 patent was cited in the prosecution of U.S.

Patent No. 7,299,181. And on information and belief, Defendant Microsoft willfully

infringed the '659 patent thus entitling Potter Voice Technologies to increased damages

under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

**ANSWER TO PARAGRAPH NO. 73:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

<u>**DEFENDANT NOKIA**</u>

**PARAGRAPH NO. 74:**

On information and belief, Defendant Nokia has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Windows Speech Commands and/or Google Voice Actions which embody the inventions claimed in the '659 patent, including but not limited to the Nokia Lumia 710 and all reasonably similar products. On information and belief, Defendant Nokia indirectly infringes by contributing to its customers' infringement using Windows Speech Commands and/or Google Voice Actions on the Nokia Lumia 710 and all reasonably similar products. On information and belief, Defendant Nokia indirectly infringes by actively inducing its customers to use Windows Speech Commands and/or Google Voice Actions on the Nokia Lumia 710 and all reasonably similar products. On information and belief, Defendant Nokia knew or should have known its actions would induce and/or contribute to infringement of the '659 patent.

**ANSWER TO PARAGRAPH NO. 74:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 75:**

On information and belief, Defendant Nokia will continue to infringe the '659 patent unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 75:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**PARAGRAPH NO. 76:**

Defendant Nokia's acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant Nokia's infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

**ANSWER TO PARAGRAPH NO. 76:**

Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, on that basis, denies each and every one of them.

**JOINDER**

**PARAGRAPH NO. 77:**

As discussed in the preceding paragraphs, on information and belief, Defendants infringe the asserted patents by making, using, selling, offering to sell, and/or importing specific accused instrumentalities that are common to Defendants including specific hardware devices and particular software. Thus, Potter Voice Technologies asserts rights to relief against Defendants with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused products. Moreover, because specific accused instrumentalities and asserted patents are common to Defendants, questions of fact common to Defendants will arise in the action.

**ANSWER TO PARAGRAPH NO. 77:**

Denied.

## PRAYER FOR RELIEF

Apple denies that PVT is entitled to any relief from Apple whatsoever, either as prayed or otherwise.

## DEMAND FOR A JURY TRIAL

Apple joins PVT's request for a jury trial on all issues triable by jury.

## GENERAL DENIAL

Apple denies each and every factual or legal allegation in PVT's Complaint that it did not expressly admit above.

**AFFIRMATIVE DEFENSES**

For its affirmative defenses, Apple states as follows:

1.     By alleging the matters set forth below as affirmative defenses, Apple does not thereby allege or admit that it has the burden of proof with respect to any of said matters.

2.     For its further and separate defenses to PVT's claims and each purported cause of action therein, Apple alleges as follows:

**FIRST AFFIRMATIVE DEFENSE (FAILURE TO STATE A CLAIM)**

3.     PVT's complaint should be dismissed for failure to state a claim for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE (NON-INFRINGEMENT)**

4.     Apple has not and is not infringing, contributing to the infringement of, or inducing infringement of any valid, enforceable claim of United States Patent No. 5,729,659 ("the '659 patent").

**THIRD AFFIRMATIVE DEFENSE (INVALIDITY)**

5.     The claims of '659 Patent are invalid for failure to meet the statutory and decisional requirements for patentability under 35 U.S.C. §§ 101, *et. seq.*, including, but not limited to §§ 101-103 and/or 112, including as anticipated by, made obvious by, and/or otherwise in light of prior art.

**FOURTH AFFIRMATIVE DEFENSE (DAMAGES LIMITATIONS)**

6.      PVT's claims for damages are limited by 35 U.S.C. § 287.

**FIFTH AFFIRMATIVE DEFENSE (PROSECUTION HISTORY ESTOPPEL)**

7.      PVT is estopped from construing any claim of '659 Patent to be infringed or have been infringed, either literally or under the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by Apple in view of the prior art and because of admissions and statements PVT made to the USPTO during prosecution of the application leading to the issuance of '659 Patent.

**SIXTH AFFIRMATIVE DEFENSE (NO WILLFUL INFRINGEMENT)**

8.      PVT is not entitled to enhanced or increased damages for willful infringement because Apple has not engaged in any conduct that meets the applicable standard for willful infringement.

**SEVENTH AFFIRMATIVE DEFENSE (NO IRREPARABLE HARM)**

9.      PVT is not suffering any irreparable harm from Apple's alleged infringement, it cannot satisfy its burden of proof for obtaining an injunction, and it is not entitled to injunctive relief.

**EIGHTH AFFIRMATIVE DEFENSE (MISJOINDER)**

10.     PVT's attempt to join more than a dozen unrelated parties in its Complaint is in violation of Section 299 of the Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011).

## NINTH AFFIRMATIVE DEFENSE (LACHES, WAIVER, ESTOPPEL, UNCLEAN HANDS)

11.     Apple is informed and believes, and based thereon alleges, that PVT is barred or limited from recovery in whole or in part by the doctrines of laches, waiver, estoppel and/or unclean hands.

## TENTH AFFIRMATIVE DEFENSE (OTHER DEFENSES)

12.     Apple intends to rely on any other defenses that may be available by law, or pursuant to statute, of which it becomes aware as a result of discovery or otherwise during the course of this matter, and hereby reserves the right to amend this Answer to assert such defenses.

## JURY DEMAND

Apple demands a trial by jury on all issues triable that are raised in the Complaint, or in Apple's Answer.

## COUNTERCLAIMS

Defendant/counterclaimant Apple seeks a declaration that it has not infringed any claim of '659 Patent and a declaration that the '659 Patent is invalid.

### I.   THE PARTIES

1.      Apple Inc. ("Apple") is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

2.      On information and belief, Plaintiff Potter Voice Technologies LLC, ("PVT") is a limited liability corporation duly organized and existing under the laws of the State of Colorado, allegedly having its principal place of business at 36 South 18th Avenue, Suite D, Brighton, Colorado 80601.

### II.   JURISDICTION AND VENUE

3.      This is an action for declaratory relief.  This Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.      PVT purports to be the assignee with all right, title, and interest to United States Patent No. 5,729,659 ("the '659 Patent").

5.      The Court possesses personal jurisdiction over PVT because PVT has submitted itself to the jurisdiction of this Court.

6.      Venue is technically proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b), however Apple denies that the venue is convenient.

### III.   ACTUAL CONTROVERSY

7.      On information and belief, the '659 Patent issued on March 17, 1998, to PVT.  A true and correct copy of the '659 Patent is attached hereto as Exhibit A.

8.      On or about April 25, 2012, PVT filed a Complaint in the United States District Court for the District of Colorado alleging that PVT is the assignee of the '659 Patent, and that the '659 Patent is valid, enforceable, and infringed by Apple.

9.      Apple denies that the '659 Patent is valid or infringed.

10.     Through its Complaint for Patent Infringement, PVT charges Apple with infringement of the '659 Patent and thus has created an actual controversy between the parties.

## CLAIM ONE — DECLARATION OF NON-INFRINGEMENT OF THE '659 PATENT

11.     Apple incorporates and realleges herein Paragraphs 1-10 of its Counterclaims.

12.     The claims of the '659 Patent are not infringed by the manufacture, use, sale or offer for sale in the United States or the importation into the United States, or exportation out of the United States, of any of Apple's products or services.

13.     Apple has not, and is not, contributing to the infringement of any claim of the '659 Patent.

14.     Apple has not, and is not, actively inducing infringement of any claim of the '659 Patent.

15.     PVT's allegations of patent infringement have caused, and will continue to cause, irreparable harm to Apple.

16.     Upon information and belief, PVT is likely to continue its allegations of patent infringement.

17.     Apple is entitled to a declaratory judgment of non-infringement of the claims of the '659 Patent.

## CLAIM TWO — DECLARATION OF INVALIDITY
## OF THE '659 PATENT

18.     Apple incorporates and realleges herein Paragraphs 1-17 of its Counterclaims.

19.     Each of the asserted claims of the '659 Patent is invalid for failure to comply with the requirements of patentability set forth in the Patent Act, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116, including as anticipated by, made obvious by, and/or otherwise in light of prior art.

20.     The assertions made by PVT that Apple is infringing the claims of the '659 Patent have caused, and will continue to cause, irreparable harm to Apple.

21.     Upon information and belief, PVT is likely to continue its allegations of patent infringement.

22.     Apple is entitled to a declaratory judgment of invalidity of the claims of the '659 Patent.


## IV.     PRAYER FOR RELIEF

WHEREFORE, Apple respectfully requests that the Court enter judgment in its favor on the foregoing and enter a judgment granting the following relief:

A.     That the Court dismiss PVT's Complaint;

B.     That the Court dismiss PVT's claims in their entirety, with prejudice;

C.      A judgment denying PVT any and all of its requested relief and any relief whatsoever;

D.      A judgment that manufacturing, using, offering for sale, selling, or importing Apple products and services into the United States has not infringed, and does not now infringe, induce the infringement of, or contribute to the infringement of any claim of the '659 Patent;

E.      A judgment that the claims of the '659 Patent are invalid;

F.      An injunction against PVT, its officers, agents, servants, employees, attorneys, assignees, and those persons in active concert or participation with them, from making any threats of, or charging or asserting or instituting any action for, infringement of the '659 Patent against Apple or anyone in privity with Apple, including its suppliers, successors, assigns, agents, customers, and/or potential customers;

G.      A judgment that this case is exceptional pursuant to 35 U.S.C. § 285, and that Apple is entitled to recovery of its costs of suit, including reasonable attorneys' fees; and

H.      For such other relief as the Court may deem just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Apple demands a trial by jury of all issues triable that are raised in the Complaint, or in Apple's Answer and Counterclaims.

July 6, 2012          By:    s/ Timothy S. Teter
                                            Eamonn Gardner (#38088)
egardner@cooley.com
Matthew Leary (#43610)
mleary@cooley.com
**Cooley LLP**
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021-8023
Telephone:      (720) 566-4000
Facsimile: (720) 566-4099

Stephen Neal (CA #171451)
nealsc@cooley.com
Timothy S. Teter (*CA #170085*)
teterts@cooley.com
**Cooley LLP**
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94304
Telephone: (650) 843-5000
Facsimile: (650) 849-7400

*Attorneys for Defendant Apple Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2012, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send an electronic copy of this filing to the counsel of record.

/s/      s/ Timothy S. Teter

377094 v6/CO