**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Acton No. 1:12-CV-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

    Plaintiff,

v.

APPLE INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY LLC,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA INC.,

    Defendants.

**UNOPPOSED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**

Plaintiff, Potter Voice Technologies LLC ("Potter") files this Motion for Leave to File its Third Amended Complaint.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1A, the undersigned counsel certifies that counsel for Plaintiff Potter contacted and conferred with counsel for Defendants regarding this Motion for Leave to File the Third Amended Compliant.  On July 11, 2012, counsel for Potter (1) informed Defendants that Potter would seek leave to file this Motion, (2) sent Defendants a copy of the proposed Third Amended Complaint, and (3) set up a conference call for July 12, 2012, to meet and confer regarding the Motion for Leave. On July 12, 2012, counsel for Potter conducted the conference call with counsel for several Defendants.  On the call, counsel for Defendants requested a redline comparison of the proposed Third Amended Complaint to Potter's Second Amended Complaint.  After the call, counsel for Potter sent Defendants the redline comparison.

Counsel for several defendants also requested additional time – until early this week – to review the proposed Third Amended Complaint and to discuss it with their respective clients.  Counsel for Potter agreed to wait until Tuesday July 17, 2012, to file the Motion for Leave.  At Defendants' request, Potter also sent Defendants a draft of this Motion for Leave the morning of July 16, 2012.

Samsung, Sharp, Pantech, Huawei, and Nokia do not oppose Potter's Motion seeking leave to amend; however, they not agree that the amended allegations in the Third Amended Complaint state properly pleaded or unopposed claims for relief against them or other defendants.

As of the filing of this Motion on Thursday July 19, 2012, Defendants Google, Motorola, Microsoft, Apple, Sony, ZTE, and Kyocera have also indicated that they would not oppose this Motion for Leave. Potter Voice did not receive a response from the other Defendants indicating their opposition to this Motion.  Thus, Defendants, either through consent or silence, have indicated that they do not oppose this motion for leave.

Potter and Defendants agreed that the Third Amended Complaint will not affect the schedule for the motions to stay and the motions to sever.

### I.    Legal Standards

"A party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  *United States v. Braun*, 1986 WL 11269 at *2 (D.Colo., 1986); Fed.R.Civ.Proc. 15(a).  "The Tenth Circuit has interpreted this provision liberally in favor of amendment."  *Id.* (citing *Polin v. Dun & Bradstreet, Inc.,* 511 F.2d 875, 877 (10th Cir. 1975)). "In general, leave to amend is only denied for reasons such as bad faith, undue delay, a dilatory motive on the part of the movant, or undue prejudice to the opposing party."  *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### II.    INTRODUCTION

On April 25, 2012, Potter filed its original Complaint against Defendants.  Dkt. No. 1.  After conferring with Defendants, Potter filed its First Amended Complaint on May 29, 2012 to identify the proper parties based on information from the Defendants not readily-available to the public.  Dkt. No. 40.  And on June 19, 2012, the Court

granted Potter leave to file its Second Amended Complaint to fix a clerical error in the First Amended Complaint.  Dkt No. 80.

Potter Voice now seeks leave of the Court to file its Third Amended Complaint for the following reasons:

1. To amend its allegations of induced and willful infringement to add additional factual allegations and to remove allegations of contributory infringement;
2. To correct an asserted product name from "Google Voice Actions" to "Google Voice Search;"
3. To add allegations for the recently-announced Google Nexus 7; and
4. To make clerical corrections.

### III.     ARGUMENT

#### a. Amendment of Induced, Contributory, and Willful Infringement Allegations

The Court should grant Potter leave to amend its induced, contributory, and willful infringement allegations.  On July 6, 2012, Defendants filed Rule 12(b)(6) motions seeking to dismiss Potter's inducement and contributory infringement allegations based in part on the Federal Circuit's new statement of the pleading standards for indirect infringement in *R+L Carriers, Inc. v. DriverTech LLC*, 681 F.3d 1323, 2012 WL 2044605 (Fed. Cir. June 7, 2012).  Dkt. Nos. 104, 108, 114, 118, 121, 124-126, 133 and 134. Defendants Sony and Apply also sought to dismiss Potter's willfulness allegations under Rule 12(b)(6).  Defendants' Rule 12(b)(6) motions were based on their assertions that Potter had not plead sufficient facts to sustain its allegations of induced infringement, contributory infringement, and willful infringement.

While Potter believes its allegations in its Second Amended Complaint are sufficient, Potter seeks to amend its allegations to resolve issues Defendants raised in their motions to dismiss to avoid unnecessary motion practice and expenditure of Court resources. Potter's proposed Third Amended Complaint removes allegations of contributory infringement and adds additional factual allegations to support its induced and willful infringement claims.

The Court should grant Potter leave to make these changes because Potter has not acted in bad faith or unduly delayed making these changes, and because the changes will not unduly prejudice defendants. *See United States v. Braun*, 1986 WL 11269 at *2 (D.Colo., 1986) ("In general, leave to amend is only denied for reasons such as bad faith, undue delay, a dilatory motive on the part of the movant, or undue prejudice to the opposing party."). Indeed, Potter seeks leave to amend its induced and willful infringement allegations soon after Defendants moved to dismiss them. What is more, Potter seeks leave to amend just weeks after the Federal Circuit issued a new standard for pleading indirect infringement. *R+L Carriers, Inc. v. DriverTech LLC*, 681 F.3d 1323 (Fed. Cir. June 7, 2012).

Further, Potter's amendments do not unduly prejudice Defendants. Because Defendants sought dismissal of Potter's contributory infringement allegations, Potter's removal of contributory infringement allegations does not prejudice Defendants. And the additional factual allegations in the proposed Third Amended Complaint bolster induced and willful infringement claims that were already in the prior complaint. Thus, these claims do not unduly prejudice Defendants. *See Childers v. Indep. Sch. Dist. No.*

*1 of Bryan County, State of Okla.*, 676 F.2d 1338, 1343 (10th Cir. 1982) ("The court's refusal [to grant leave to amend] is particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint").

Because Potter did not unduly delay in amending its complaint, and because the proposed amendments will not unduly prejudice Defendants, the Court should grant Potter leave to amend its induced, contributory, and willful infringement allegations.

### b. Amendment to Correct a Product Name to "Google Voice Search"

In its prior complaint, Potter alleged that several Defendants infringed through hardware devices running Google Voice Actions. Based on the publically available information, Potter alleged that RIM, Apple, Microsoft-based and Android-based devices ran Google Voice Actions. On July 2, 2012, counsel for Google met with Potter and informed Potter that Google Voice Actions only runs on Android-based devices.

Potter then informed Google that the allegations referred to Google Voice Search. At that time, Potter offered to amend its complaint or to clarify its allegations through its claim charts that would soon be due under the proposed schedule the parties were developing. On July 3, 2012, counsel for Google and Potter again met regarding this issue, and counsel for Potter sought further clarification of the distinction between Google Voice Actions and Google Voice Search. On July 5, 2012, counsel for Google confirmed that Google Voice Actions and Google Voice Search are different. The following day, Google moved to strike Potter's allegations that RIM devices, Apple devices and the Nokia Lumia 710 use Google Voice Actions. Dkt. No. 118.

Potter believes that these motions to strike are improper as Potter's allegations are supported by the publically-available information. Nevertheless, to avoid unnecessary motion practice and use of Court resources, Potter offered to amend its complaint and now seeks to amend its complaint to change "Google Voice Actions" to "Google Voice Search." Potter seeks this amendment soon after Google informed it of the distinction between Google Voice Actions and Google Voice Search, thus Potter did not unduly delay. And this proposed amendment merely clarified allegations in Potter's original complaint and therefore does not unduly prejudice Defendants. Thus, the Court should grant Potter's motion for leave to make this change.

### c.  Amendment to Add the Google Nexus 7

On June 27, 2012, Google announced that it would begin selling the Google Nexus 7 mobile device in the United States and began taking orders for the device. Just weeks after that announcement, Potter informed Google that it would seek leave to amend to add the Nexus 7 to the complaint. As Google only recently announced the Nexus 7, Potter did not unduly delay. And because the case is at the initial stages and discovery has only just opened, Potter's amendment will not unduly burden Google.

### d.  Clerical Amendments

In its proposed amended complaint, Potter also seeks to correct some clerical errors and to make some clerical changes based on changes since Potter filed its original complaint. Based on the answers it received, Potter seeks to correct the full names of Apple and Huawei by removing an extra comma included in the original complaint. Potter also seeks to change the name of Motorola Mobility, Inc. to Motorola

Mobility LLC based on the recent change in the company. Further, the proposed amendments remove parties that the Court has dismissed from the case.

## IV. CONCLUSION

For the reasons discussed above, Potter respectfully requests that the Court grant its Motion for Leave to File its Third Amended Complaint.

Dated: July 19, 2012          Respectfully submitted,


*/s/ Daniel W. Bedell*
Daniel W. Bedell

THE LANIER LAW FIRM, P.C.
Christopher D. Banys     SBN: 230038 (California)
Daniel W. Bedell     SBN: 254912 (California)
The Lanier Law Firm, P.C.
2200 Geng Road, Suite 200
Palo Alto, CA 94303
Tel: (650) 332-9100
Fax: (650) 322-9103
cdb@lanierlawfirm.com
dwb@lanierlawfirm.com

Local Counsel:


RYLEY CARLOCK & APPLEWHITE
F. Brittin Clayton III
1700 Lincoln Street, Suite 3500
Denver, CO 80203
Tel: (303) 813-6713
clayton@rcalaw.com

**ATTORNEYS FOR PLAINTIFF
POTTER VOICE TECHNOLOGIES, LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 19th day of July, 2012.

>  */s/ Georgia Perivoliotis*
> Georgia Perivoliotis