IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

    Plaintiff,

v.

APPLE INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY LLC,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA INC.,

    Defendants.

---

**DEFENDANT APPLE INC.'S MOTION TO SEVER**

---

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1A, the undersigned counsel certifies that on August 7, 2012, counsel for Defendant Apple Inc. ("Apple") conferred by telephone with counsel for Plaintiff Potter Voice Technologies, LLC ("PVT") concerning this motion. Counsel for Plaintiff stated that Plaintiff opposes this motion.

**Table of Contents**

Page

I.    INTRODUCTION .................................................................................................. 1

II.   BACKGROUND .................................................................................................... 2

    A.    The Defendants – Apple and 14 Other Electronics Companies ................ 2

    B.    PVT's Multiple, Distinct, Infringement Claims ............................................ 3

III.  ARGUMENT – THE CLAIMS AGAINST APPLE SHOULD BE SEVERED .......... 5

    A.    PVT's Claim Against Apple Based on Siri Is Wholly Unrelated to Any Other Defendant and Should be Severed .......................................... 6

    B.    PVT's Claim that Apple Induced Its Customers to Infringe by Using Google Voice Search Does Not Provide a Basis for Joinder .................... 7

        1.    PVT's inducement claim against Apple should be severed because it does not relate to the "same accused product or process" as PVT's inducement claims against other defendants ................................................................................................ 7

            a.   The Google Voice Search application for iPhone is not the same as the Google Voice Search application for other Defendants ............................................................ 7

            b.   There is no common product between Apple and Microsoft ............................................................................................ 9

        2.    Severance is proper because Apple's alleged inducement of its customers does not arise out of the same "transaction(s) or occurrence(s)" as the other defendants' alleged inducement of their customers ...................................................... 10

        3.    Severance is proper because there is no basis for joint relief, several relief, or relief in the alternative between Apple and the other defendants ................................................................ 12

IV.   CONCLUSION .................................................................................................... 12

**I.     INTRODUCTION.**

PVT's claims against Apple focus on Siri, Apple's unique voice-recognition software that is not made, sold, or offered for sale by any other party in this case. Siri works only on Apple's iPhone 4S. Nevertheless, PVT's complaint lumps Siri in with an assortment of unrelated software products used with handsets that are meant to compete with Apple's products. Not only does this conflict with the intent of the joinder provisions in the Leahy-Smith America Invents Act ("AIA"), it also prejudices Apple's ability to select and present its own defense.

PVT's complaint includes a second claim against Apple based on the voice-to-text functionality of "Google Voice Search," but those allegations do not satisfy the joinder requirements. Section 299 of the AIA permits joinder of multiple defendants "only if" (a) relief is asserted jointly, severally, or in the alternative, for (b) acts arising out of the same transaction or occurrence, that relate to (c) the same accused product or process. 35 U.S.C. § 299. PVT's allegations fail all three of the AIA's requirements. First, PVT does not assert relief against Apple and the other defendants jointly, severally, or in the alternative. Second, PVT's infringement allegations against Apple do not arise out of the same transaction or occurrence as the infringement allegations for the other defendants. Third, as publicly-available information shows, Google Voice Search for iPhone is a ***different product*** than the Voice Search program for Android, Blackberry, and Windows based devices. Thus, PVT cannot credibly assert that Apple's alleged infringement is related to the same accused product or service as the other defendants' alleged infringement.

The Court should reject PVT's attempt to end-run the AIA, and sever PVT's claims against Apple. Moreover, as set forth in Apple's co-filed Motion to Transfer, once PVT's claims against Apple are severed, the new action should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## II. BACKGROUND.

### A. The Defendants – Apple and 14 Other Electronics Companies.

PVT's Third Amended Complaint (D.I. 165, hereinafter "Complaint") attempts to join Apple with 14 companies that make software products and/or consumer electronic devices meant to compete with Apple's products. PVT's Complaint does any allege any relationship between Apple and any of the other 14 defendants. Apple designs, markets, sells, and distributes software products and consumer electronic devices, including the iPhone 4S and Siri products that PVT accuses of infringement. (Declaration of Mark Buckley ("Buckley Decl.") at ¶¶ 3-7.) The other 14 defendants in this action are largely consumer electronics companies with offerings that compete in the same product categories as Apple's products. Moreover, many of the defendants are companies that Apple is directly adverse to in currently pending and highly publicized patent litigations.[1]

---

[1] *See, e.g.*, *Samsung Electronics Co. Ltd. v. Apple Inc.*, Multiple Cases, Including Case Nos. 1:11-cv-573 (D. Del.) and 3:11-cv-2079 (N.D. Cal.); *HTC Corp. v. Apple Inc.*, Multiple Cases, Including Case Nos. 1:11-cv-715 (D. Del.) and 1:11-cv-611 (D. Del.); *Apple Inc. v. Motorola Mobility, Inc.*, Multiple Cases, Including Case Nos. 1:12-cv-20271 (S.D. Fla.) and 1:11-cv-8540 (N.D. Ill.); *Nokia Corp. v. Apple Inc.*, Multiple Cases, Including Case Nos. 11-cv-259 (D. Del.) and 11-cv-015 (D. Del.).

### B. PVT's Multiple, Distinct, Infringement Claims.

PVT's infringement allegations are based on four distinct software products: (1) Apple's Siri, (2) BlackBerry Voice Commands, (3) Google Voice Search, and (4) Windows Speech Commands. (Complaint at ¶¶ 24-25, 30-31, 75-76, and 79-80.) Moreover, although PVT's Complaint refers only generally to "Google Voice Search," Google's website indicates there are separate Google Voice Search products, with different functionality, for (a) Android based devices, (b) iPhone, and (c) other non-Android devices. (Gardner Decl., Exs. 1 and 2.) Accordingly, PVT's infringement allegations may be logically divided as shown in the following chart:

| Accused Software Provider | Software Product | Handset Providers Accused of Inducement Based on the Software Product |
|---|---|---|
| Apple Inc. | Apple's Siri | • Apple Inc. |
| Research In Motion | Blackberry Voice Commands | • Research In Motion |
| Google, Inc. | Google Voice Search (for Android) | • HTC Am., Inc.<br>• Samsung Telecommc'ns Am., LLC<br>• Sony Mobile Commc'ns (USA) Inc.<br>• LG Elecs. Mobilecomm USA, Inc.<br>• Motorola Mobility LLC<br>• ZTE (USA) Inc.<br>• Kyocera Int'l, Inc.<br>• Sharp Electronics Corp.<br>• Huawei Device USA, Inc.<br>• Pantech Wireless, Inc.<br>• Nokia, Inc. |
| | Google Voice Search (for iPhone 4S) | • Apple Inc. |

| Accused Software Provider | Software Product | Handset Providers Accused of Inducement Based on the Software Product |
|---|---|---|
| Google, Inc. (continued) | Google Voice Search (for other non-Android) | • HTC Am., Inc.<br>• Samsung Telecommc'ns Am., LLC<br>• Research In Motion<br>• Nokia, Inc. |
| Microsoft Corp. | Windows Speech Commands | • HTC Am., Inc.<br>• Samsung Telecommc'ns Am., LLC<br>• Nokia, Inc. |

As shown in the chart above, PVT's claims based on Siri are solely related to Apple and entirely unrelated to any other defendant. Siri works only on the Apple iPhone 4S, and PVT does not contend otherwise.

Although PVT's Complaint also includes infringement allegations against certain other defendants based on Windows Speech Commands and BlackBerry Voice Commands, PVT makes no claims that either product works on Apple products or is the basis of any claim against Apple. (*See, e.g.*, Complaint at ¶¶ 75-76 and 79-80.) Thus, any issues in this litigation connected to Windows Speech Commands and BlackBerry Voice Commands are wholly unrelated to Apple.[2] (*Id*.)

PVT's sole basis for lumping Apple with the other parties in this litigation is the claim that Apple induces customers to infringe by using "Google Voice Search," a product designed and made by Google, not by Apple. PVT contends that Apple somehow "induces" alleged infringement by iPhone 4S users who supposedly use

---

[2] In fact, any issues in this litigation connected to Microsoft are wholly unrelated to Apple. PVT does not include any allegations related to both Microsoft and Apple.

- 4 -

Google Voice Search. However, PVT's Complaint does not provide any factual information describing the link between (a) Apple's alleged inducement of Apple's customers to use Google Voice Search and (b) the 12 other Handset Providers'[3] alleged inducement of their customers to use Google Voice Search on different, alternative handset platforms. Moreover, the Google Voice Search application for the iPhone is a separate and distinct product from the Google Voice Search software used by Apple's co-defendants. (*See, e.g.*, Gardner Decl., Ex. 1 and 2 (showing that the Google Voice Search app is a different application, with different functionality, for (a) Android based devices, (b) iPhone, and (c) other non-Android devices).)

### III.     ARGUMENT – THE CLAIMS AGAINST APPLE SHOULD BE SEVERED.

Under Section 299 of the AIA, joinder of multiple defendants is proper "only if" (i) relief is asserted jointly, severally, or in the alternative, for (ii) acts arising out of the same transaction or occurrence, that relate to (iii) the same accused product or process. *See* 35 U.S.C. § 299. PVT's attempt to join (a) its claims against Apple with (b) its claims against 14 companies whose accused products are offered as alternatives to Apple's—claims based on different products and necessarily different underlying factual allegations—fails to satisfy these requirements. Accordingly, PVT's claims against Apple should be severed.

---

[3] While PVT's Complaint includes 15 total defendants (Apple and 14 other electronics companies), only 13 of these companies are accused or providing handsets that operate Google Voice Search (Apple and 12 other Handset Providers).

### A. PVT's Claim Against Apple Based on Siri Is Wholly Unrelated to Any Other Defendant and Should be Severed.

Under Rule 21, the Court has broad discretion to "sever any claim against a party." Fed.R.Civ.P. 21; *Henderson v. AT&T Corp.*, 918 F.Supp. 1059, 1062 (S.D.Tex. 1996) ("neither the language of Rule 21 nor the case law interpreting the Rule supports a distinction between the severing of claims and the severing of parties"). PVT's claim against Siri is solely related to Apple and is completely unrelated to the claims against any other defendant. Accordingly, the only commonality between PVT's claim against Siri and its claims against the other accused products is that they all allegedly infringe the same patent, which is not a basis for joinder under Section 299 of the AIA. *See* 35 U.S.C. § 299(b) (codifying the rule that defendants cannot be joined "based solely on allegations that they each have infringed the patent or patents in suit.").

Moreover, forcing Apple to defend its unique Siri product in a single case with other, different products marketed by the current hodgepodge of defendants would prejudice both Apple and the other defendants. This is especially true given that Apple is directly adverse to many of its co-defendants in other currently pending patent litigations. This is not a standards-based case, and though discovery has not commenced, the accused products—Apple's Siri, RIM's Blackberry Voice Commands, Microsoft's Windows Speech Commands, and Google Voice Search—appear to be independently-developed, different, and distinct products. As such, they will likely present unique issues—such as claim construction and non-infringement. Apple, and its co-defendants, should be entitled to pursue its own litigation and trial strategies. The technology is complex, and no jury should be required to judge four distinct voice

recognition technologies in a single case.  Accordingly, severance of the claims against Siri is proper.  7 Wright & Miller, Federal Practice and Procedure § 1689 (the court may sever "an unrelated claim and give it separate treatment when doing so would be in the interest of some or all of the parties.").

**B.     PVT's Claim that Apple Induced Its Customers to Infringe by Using Google Voice Search Does Not Provide a Basis for Joinder.**

PVT may contend that its inducement claim, which is based on the alleged use of "Google Voice Search" on Apple's iPhone 4S, justifies joinder.  The Court should reject any such argument.  PVT's inducement claim does not meet *any* of Section 299's three requirements, and it must satisfy *all* of them to justify joinder.

**1.     PVT's inducement claim against Apple should be severed because it does not relate to the "same accused product or process" as PVT's inducement claims against other defendants.**

**a.     The Google Voice Search application for iPhone is not the same as the Google Voice Search application for other Defendants**

Section 299 of the AIA adopts a new joinder requirement that the claims against all defendants must relate to "the same accused product or process."  35 U.S.C. § 299(a)(1).  PVT's inducement allegations do not meet this requirement.  Instead, publicly available information shows that there is not only a difference between the Voice Search products for Android and non-Android devices, there is also a difference between the Voice Search products for iPhone, Blackberry, and Microsoft based devices.

For example, on Google's Voice Search webpage it differentiates between (a) Voice Search "for iPhone, Blackberry, and Nokia S60 V3 phones"—which is a feature of the Google Search app—and (b) Voice Search for an Android Phone. (Gardner Decl., Ex. 1, http://www.google.com/mobile/voice-search/.) PVT's Complaint obfuscates the differences between "Voice Search" for Android devices and "Google Search" for non-Android devices by referring to the different products generally as "Google Voice Search." But regardless of how PVT chooses to refer to them, publicly available information shows that these products are not the same.

In addition to the differences between products for Android and non-Android based devices, the Google Search app webpage (for non-Android devices) also explicitly recognizes that there is a different "version" of the Google Search app, with different functionality, depending on which non-Android phone you have:

| Feature | Android | BlackBerry | iPhone | Nokia S60 | Windows |
|---|---|---|---|---|---|
| Search by voice | ✓ | ✓ | ✓ | ✓ | |
| My Location | ✓ | ✓ | ✓ | ✓ | ✓ |
| Google Suggest | ✓ | ✓ | ✓ | ✓ | ✓ |
| Search history | ✓ | ✓ | ✓ | ✓ | ✓ |
| Email search | | ✓ | | | |
| Contact search | ✓ | | | | |
| Vertical search | | | ✓ | | |
| Links to other Google applications | | ✓ | ✓ | ✓ | ✓ |

(Gardner Decl., Ex. 2, http://www.google.com/mobile/google-mobile-app_exp/index.html (Depending on "which phone you have…[Google] will send the right version of Google Search to you.").)[4]

---

[4] Further undercutting PVT's basis for joinder is the fact that the "Search by voice" feature is not even listed as an available feature for a Windows based phone. It is not clear what basis PVT has for joining Apple with any of the handset providers that

- 8 -

That these various different products may be similar, or share some of the same functions or features, is not enough.  Section 299 does not permit joinder of unrelated defendants where their accused products are merely similar or contain the same components or features; the accused products must be "the same."  35 U.S.C. § 299(a)(1).  Here, Google's Voice Search program for iPhone is not "the same" as Google's Voice Search product for Android devices, or even other non-Android devices.  Instead, the Google Voice Search product for iPhone is unique to Apple's mobile operating system (Apple's iOS) and has different functionality from Google's Voice Search programs for Blackberry, Android, and Microsoft based devices.

### b. There is no common product between Apple and Microsoft

Even if the difference between each Google Voice Search program were ignored—which it should not be—there is still a lack of any common product or process between Apple and Microsoft.  This alone warrants severance.  "While [PVT] identifies some products that appear to be related to one or more Defendants, it fails to identify any product that is common to all Defendants.  Rather, it appears that the only commonality amongst the Defendants is that they are all accused of violating the same Patents.  This, however, is not enough."  *Brandywine Comm. Tech., LLC, v. Apple, Inc., et al.*, 6:11-cv-1512, Report and Recommendation, (M.D. Fla. January 24, 2012).  Accordingly, the claims against Apple should be severed.

---

provide Windows based devices if "Search by voice" is not even available for both the iPhone 4S and Windows devices.

> **2.      Severance is proper because Apple's alleged inducement of its customers does not arise out of the same "transaction(s) or occurrence(s)" as the other defendants' alleged inducement of their customers.**

Under Section 299, accused infringers may be joined as defendants "only if … relief is asserted against the parties jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*..."   35 U.S.C. § 299(a)(1) (emphasis added).  PVT's inducement claim against Apple does not satisfy this "same transaction or occurrence" requirement.  To the contrary, for 13 of the 14 other parties in the Complaint, PVT makes no allegation that its basis for relief against Apple arises out of the same transaction or occurrence as its basis for relief against the other defendants.

For example, although PVT joined Apple and Microsoft in this litigation, the complaint lacks any "transaction or occurrence" that is common to Microsoft's alleged infringement and Apple's alleged infringement.  Instead, the only common issue between Apple and Microsoft is that both have been accused of infringing the same patent.  In Section 299, however, Congress expressly excluded this as a basis for joinder. 35 U.S.C. § 299(b).  Accordingly, Apple and Microsoft must be severed.

Similarly, the complaint fails to allege any "transaction or occurrence" that is common to (a) Apple's alleged inducement of its customers and (b) the 12 other accused Handset Providers' alleged inducement of their customers.  To support a claim of induced infringement, PVT must allege that the accused inducer took active steps to bring about the infringement.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2065 (2011).  Notably, however, PVT's complaint fails to include a single

- 10 -

accusation that Apple has engaged in any activities to induce customers to infringe that are remotely related to the supposed activities of any of the 12 other Handset Providers. *See Coalition for a Sustainable Delta v. U.S. Fish & Wildlife Serv.*, 2009 WL 3857417, at *2 (E.D. Cal. Nov. 17, 2009) (to be joined as defendants, accused infringers had to "have rights asserted against them, that arise from related activities" (citations omitted)).

In addition, PVT does not, and cannot, plead the necessary "aggregate of operative facts."

> [T]he sameness of the accused products or processes is not sufficient. Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts.

*In re EMC Corp.*, 677 F.3d 1351, 1359-60 (Fed. Cir. May 4, 2012).[5]

Here, PVT's complaint does not contain any allegations that create "an aggregate of operative facts" related to Apple's alleged inducement and the alleged inducement by the 12 other Handset Providers. PVT does not, and cannot, cure the complaint's deficiency by any amendment. Even PVT does not allege that Apple has ever engaged in any activities with the 12 other Handset Providers that relate to advertising, selling, or distributing Google Voice Search. To the contrary, the 12 other Handset Providers' devices are meant to compete with Apple's own distinct products.

---

[5] Although *In re EMC* is focused on the pre-AIA joinder standard, there is nothing to suggest that the "transaction-or-occurrence test" under Rule 20 should be interpreted less stringently than similar language in 35 U.S.C. § 299.

- 11 -

### 3. Severance is proper because there is no basis for joint relief, several relief, or relief in the alternative between Apple and the other defendants.

Under Section 299, accused infringers may be joined as defendants "only if … relief is asserted against the parties jointly, severally, or in the alternative…" 35 U.S.C. § 299(a)(1). Aside from conclusory allegations—which need not believed[6]—PVT's complaint provides no basis for joint relief, several relief, or relief in the alternative between Apple and the other defendants. For example, nothing in the Complaint suggests that PVT seeks relief against Apple and Microsoft (or Apple and RIM, or Apple and Sony, etc.) jointly, severally, or in the alternative. Accordingly, Apple is not properly joined with the other defendants, and any claims against Apple should be severed.

## IV. CONCLUSION.

The AIA requires the Courts to sever claims against unrelated defendants that are based on different products. PVT has no basis to argue otherwise. Thus, Apple respectfully requests that this Court sever (a) PVT's claims against Apple based on Siri, and (b) PVT's claims against Apple based on alleged inducement of Google Voice Search into a separate action.

---

[6] "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

- 13 -

| | |
|---|---|
| By:  */s/ Timothy S. Teter*<br>    Cooley LLP<br><br>Eamonn Gardner (#38088)<br>egardner@cooley.com<br>Matthew Leary (#43610)<br>mleary@cooley.com<br>380 Interlocken Crescent, Suite 900<br>Broomfield, CO  80021-8023<br>Telephone:       (720) 566-4000 | August 8, 2012<br><br>Stephen Neal<br>nealsc@cooley.com<br>Timothy S. Teter<br>teterts@cooley.com<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94304<br>Telephone:       (650) 843-5000 |

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2012, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send an electronic copy of this filing to the counsel of record.

                                              /s/ *Timothy S. Teter*