IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

    Plaintiff,

v.

APPLE INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY LLC,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA INC.,

    Defendants.

**DEFENDANT APPLE INC.'S MOTION TO TRANSFER**

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1A, the undersigned counsel certifies that on August 7, 2012, counsel for Defendant Apple Inc. ("Apple") conferred by telephone with counsel for Plaintiff Potter Voice Technologies, LLC ("PVT") concerning this motion. Counsel for Plaintiff stated that Plaintiff opposes this motion.

...

**Table of Contents**

Page

I. INTRODUCTION ................................................................................................ 1
II. BACKGROUND ................................................................................................. 1
III. ARGUMENT ...................................................................................................... 2
    A. The Claims Against Apple Should be Transferred to the Northern District of California .................................................................................. 2
        1. PVT's Claims Against Apple Might Have Been Brought in the Northern District of California ......................................................... 3
        2. The Convenience and Fairness Factors Weigh in Favor of Transfer.................................................................................................. 3
            a. The most important factor – convenience to witnesses and evidence – strongly favors transfer ............................... 4
            b. Cost favors transfer ............................................................ 6
            c. Docket congestion favors transfer ...................................... 7
            d. Localized interest weighs in favor of transfer ...................... 7
            e. Plaintiff's choice of forum is a non-factor as PVT and this case have no relevant connection to this District .......... 9
IV. CONCLUSION ................................................................................................. 10

I.     **INTRODUCTION.**

The Northern District of California is a much more convenient venue for PVT's action against Apple. All of Apple's likely witnesses and evidence are located in the Northern District of California, as are the witnesses and evidence of key non-parties such as SRI International ("SRI"). In contrast, PVT's *pro forma*, made-for-litigation relationship to Colorado does not support venue in this district. The principal behind PVT, and only known witness for PVT, resides on the East Coast, not in Colorado. He will not be inconvenienced by flying to the San Francisco Bay Area instead of Denver. Furthermore, the location of the named inventor on the patent-in-suit in Colorado, a witness presumably controlled by PVT, does not overcome the inconvenience that the numerous Apple and third party witnesses in the Northern District of California would face absent transfer.

The interests of justice also favor transfer to the Northern District of California because Apple's accused products were designed and developed there and Apple has extensive contacts there. PVT's claims, however, have no relevant connection to the District of Colorado, and therefore PVT's choice of forum merits no weight.

Accordingly, once the Court's severs PVT's claims against Apple into a separate action, Apple's motion to transfer should also be granted.

II.    **BACKGROUND.**

PVT is a non-practicing entity formed less than one month before the filing of this litigation. (Declaration of Eamonn Gardner ("Gardner Decl."), Ex. 1) PVT was formed by Empire IP LLC, a self described "licensing and monetization company," based out of

the New York area. (*Id*. at ¶ 4.) The only known asset of PVT is U.S. Patent No. 5,729,659 (the '659 patent), which Empire IP assigned to PVT just before filing the complaint. (Gardner Decl., Ex. 2.)

Apple designs, markets, sells, and distributes consumer electronic products, including the iPhone 4S accused of infringement. (Declaration of Mark Buckley ("Buckley Decl.") at ¶¶ 3, 6-7.) Apple is incorporated under the laws of California and has its worldwide headquarters in Cupertino, California, in the Northern District of California. (*Id*. at ¶ 2.) Approximately 13,400 employees work at Apple's Cupertino offices. (*Id*. at ¶ 5.) Research, design, and development efforts related to the accused products are centered in, and directed from, Apple's Cupertino headquarters. (*Id*. at ¶ 6-8.) Decisions regarding distribution and marketing of the accused products also occur in Cupertino. (*Id*.) All of Apple's likely witnesses with potentially relevant knowledge of the accused Apple products are located in the Northern District of California. (*Id*.)

### III.   ARGUMENT.

As described in Apple's co-filed Motion to Sever, PVT has improperly joined its claims against Apple with unrelated claims against 14 other defendants. Apple respectfully submits that once PVT's claims against Apple are severed, the new action should be transferred to the Northern District of California.

### A.   The Claims Against Apple Should be Transferred to the Northern District of California.

"Change of venue in patent cases, like other civil cases, is governed by 28 U.S.C. § 1404(a)." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…" 28 U.S.C. § 1404(a).  The decision whether to transfer an action lies within the sound discretion of the trial judge and should be based on an "individualized, case-by-case consideration of convenience and fairness."  *Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *Steward Org. v. Ricoh Corp.*, 487 U.S. 22, 29, (1988).

In evaluating a motion to transfer, a court must assess two issues: (1) whether the case might have been brought in the proposed transferee district, and (2) whether the "competing equities" weigh in favor of adjudicating the case in the that district.  *See Hustler Magazine, Inc. v. U.S. Dist. Court for the Dist. of Wyo.*, 790 F.2d 69, 71 (10th Cir. 1986).  As detailed below, both of these issues support transfer.

### 1. PVT's Claims Against Apple Might Have Been Brought in the Northern District of California.

Apple is headquartered in Cupertino, California, within the Northern District of California.  (Buckley Decl. at ¶ 2.)  Because "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides," 28 U.S.C. §1400(b), the first requirement for transfer to the Northern District of California is satisfied.

### 2. The Convenience and Fairness Factors Weigh in Favor of Transfer.

For the second issue in transfer, the Court must evaluate the transfer according to case-by-case factors of convenience and fairness:

> Among the factors a district court should consider are: (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of

proof, including the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment; (5) the relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other practical considerations that make a trial easy, expeditious and economical.

*Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir.1991) (citation omitted).  These factors strongly support transfer to the Northern District of California.

### a. The most important factor – convenience to witnesses and evidence – strongly favors transfer

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010) (citation omitted); *see also Denver & Rio Grande Western Ry. Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 560, 87 S. Ct. 1746, 1748, 18 L. Ed. 2d 954, 958 (1967) ("[V]enue is primarily a matter of convenience of litigants and witnesses").  This factor strongly favors transfer.

"In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted); *see also Body Science LLC v. Boston Scientific Corp.*, No. 11 C 03619, 2012 WL 718495, at *8 (N.D. Ill. Mar. 6, 2012) ("In patent infringement cases, 'the location of the infringer's principal place of business is often the critical and controlling consideration because such suits often focus on the

- 4 -

activities of the alleged infringer, its employees, and its documents, rather than upon those of the plaintiff.'" (quoting *Cooper Bauck. Corp. v. Dolby Labs., Inc.*, No. 05 C 7063, 2006 WL 1735282, at *5 (N.D. Ill. June 19, 2006))).

Apple's likely witnesses all reside in the Northern District of California near Apple's offices in the San Francisco Bay Area. (Buckley Decl. at ¶ 6.) Apple's accused products were all designed and developed in the Northern District of California. (*Id*.) Apple's relevant sales, purchasing, marketing, and financial decisions, analyses, and reporting are all performed in the Northern District of California. (*Id*. at ¶ 7.) Apple's likely witnesses in these subject matters all reside and work in the Northern District of California (*id*. at ¶ 6-7) and trial will therefore be substantially more convenient for Apple and its witnesses in the Northern District of California than having to travel to this District.

While the Northern District of California is substantially more convenient for Apple, nothing suggests it would be less convenient for PVT. In fact, in PVT's filings with the Colorado Secretary of State, the only listed individual for PVT resides in Allentown, PA – which is no less convenient to the Northern District of California than to this District. (Gardner Decl., Ex. 1.) Even if PVT has formed some type of cursory relationship with the inventor of the patent in suit, this single witness does not overcome the convenience to both Apple and non-party witnesses.

"The convenience of non-party witnesses is a more important factor than the convenience of party witnesses." *See Metz v. US Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009); *see also HollyAnne Corp. v. TFT, Inc.*, 199

F.3d 1304, 1307 n.2 (Fed. Cir. 1999) (indicating that the convenience of third party witnesses is more important than that of party witnesses); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005). The Northern District of California will also be substantially more convenient for non-party witnesses. Here, the only third-party PVT identifies in the Complaint is SRI International. (*See, e.g.,* Third Amended Complaint, D.I. 165 at ¶¶ 26-27.) Any likely witnesses regarding SRI's knowledge of the patent in suit and the development of Siri presumably all reside nearby in the Northern District of California. (*See* Gardner Decl. at ¶ 5.) Not only is the Northern District of California more convenient, these witnesses would only be subject to compulsory process, if needed, in the Northern District of California. Fed. R. Civ. P. 45 (witness cannot be compelled to appear at trial more than 100 miles away in another district). Given the importance that PVT places on SRI, the lack of compulsory process in Colorado and the availability in the Northern District of California, only further supports that this factor favors transfer.

          **b.    Cost favors transfer.**

"The factor considering cost relates to the factor concerning witness convenience, in that the cost for witnesses located in [the Northern District of California] to attend proceedings in Colorado will obviously be greater than costs incurred if the same witnesses attend proceedings in [the Northern District]." *See Genetic Technologies Ltd., v. Agilent Tech., Inc.*, Case No. 11-cv-01389-WJM-KLM, D.I. 4, Order Granting Motion to Sever and Transfer (D. Colo. March 23, 2012); *see also In re Acer America Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) (finding travel costs to weigh

in favor of transfer). As with the factor concerning witness convenience, this factor weighs in favor of transfer.

### c. Docket congestion favors transfer.

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1169. For civil cases generally, the Northern District of California's average statistics over the last 5 years are better in each category. (Gardner Decl. at ¶ 6, Ex. 3.) Moreover, for patent cases in particular, the Northern District of California's median time from filing to trial is over 3 months shorter than this District. (Gardner Decl., Ex. 4, Mark A. Lemley, *Where to File Your Patent Case*, AIPLA Quarterly Journal, Vol. 38, No. 4 (Fall 2010) at 17-19.) Accordingly, this factor weighs in favor of transfer.

### d. Localized interest weighs in favor of transfer.

"In patent infringement actions, the preferred forum is 'that which is the center of gravity of the accused activity.'" *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1260 (W.D. Wash 2005), quoting *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 482 n.17 (D.N.J. 1993). Here, the center of gravity of the accused activity is the Northern District of California. All of the Apple's design, development, marketing, financial, and sales operations of its accused products likely relevant to this lawsuit are located in the Northern District of California. (Buckley Decl. at ¶¶ 6-7.) *Body Science LLC v. Boston Scientific Corp.*, 2012 WL 718495, at *8 (N.D. Ill. Mar. 6, 2012) ("In

patent infringement cases, 'the location of the infringer's principal place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged infringer, its employees, and its documents, rather than upon those of the plaintiff.'") (citing cases).  The relevant operations of Google, Inc., the entity that developed the Google Voice Search application that forms PVT's second basis for accusing Apple of infringement, are also likely located near its offices in the Northern District of California.

The Northern District of California is not only the center of gravity of the accused activity, it is also the only district with a meaningful connection to any of the parties. Apple has deep and broad contacts in the Northern District of California, its home district since its founding in 1976.  As discussed above, Apple employs over 13,400 individuals in Cupertino, where Apple's design, development, sales, marketing, and financial operations are all based.  (Buckley Decl. at ¶¶ 2 and 5.)  Apple also has business operations and employees in this district and in all 50 states, such as retail Apple Stores and their employees, but none of Apple's contacts or employees in this district are expected to be relevant to this case.  (Buckley Decl. at ¶¶ 8-9.)

While the Northern District of California has a strong interest in this litigation, PVT's only contact is that the listed inventor, who lived in Ohio when he purportedly developed the claimed invention, now lives in Colorado.  Accordingly, this factor weighs substantially in favor of transfer.

### e. Plaintiff's choice of forum is a non-factor as PVT and this case have no relevant connection to this District.

"Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010) (internal quotation and citation omitted); *see also Bailey v. Union Pac. R.R.*, 364 F. Supp. 2d 1227, 1229-30 (D. Colo. 2005). The only known connection between this District and the subject matter of this lawsuit is that it is one of the dozens of districts nationwide in which Apple sells its accused products. But this District has no more connection to the lawsuit than other districts nationwide, and much less connection than the Northern District of California. "Other courts that have addressed this issue have not looked to where the allegedly infringing product was sold, but to where it was designed, developed, and tested, as well as to where decisions were made relating to sales and marketing." *GPNE Corp. v. Amazon.com, et al.*, Case No. 11-00426, slip op. at 24 (D. Haw. May 9, 2012) (citing cases). "[A] court should consider the location of the product's development, testing, research and production. . . . Also relevant is the place where the mark[et]ing and sales decisions occurred, not just the location of any particular sales activity." *Data Retrieval Technology, LLC v. Sybase, Inc.*, No. C08-1702 RSM, 2009 WL 960681, at *3 (W.D. Wash Apr. 8, 2009). *See also Minka Lighting, Inc. v. Trans Globe Imports, Inc.*, No. Civ.A. 3:02-CV-2538, 2003 WL 21251684, at *3 (N.D. Tex. May 23, 2003) ("[R]egardless of any particular sales [in Dallas], the 'center of gravity' of the accused activity--i.e., the place where product development, testing, research, and production as well as any marketing and sales

decisions occurred--is most likely the defendants' home offices in the Central District of California.").

Although PVT may point to its presence in this state, this made-for-litigation contact was only created shortly before filing suit. In fact, Empire IP, the East Coast patent "licensing and monetization company" that formed PVT did so only a few weeks before filing this litigation. This type of recent and ephemeral contact is insufficient to counterbalance the strong evidence pointing to the Northern District of California. *See, e.g.*, *In re Microsoft Corp.*, Misc. No. 944, 2010 WL 4630219, at *3-4 (Fed. Cir. 2010); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (same).

### IV. CONCLUSION.

For the foregoing reasons, once the Court severs the claims against Apple into a separate action, this Court should transfer that action to the Northern District of California.


By:  /s/ *Timothy S. Teter*　　　　　　　　　　　　August 8, 2012
　　　Cooley LLP

Eamonn Gardner (#38088)　　　　　　　Stephen Neal
egardner@cooley.com　　　　　　　　　nealsc@cooley.com
Matthew Leary (#43610)　　　　　　　　Timothy S. Teter
mleary@cooley.com　　　　　　　　　　teterts@cooley.com
380 Interlocken Crescent, Suite 900　　Five Palo Alto Square
Broomfield, CO  80021-8023　　　　　　3000 El Camino Real
Telephone:     (720) 566-4000　　　　　Palo Alto, CA 94304
　　　　　　　　　　　　　　　　　　　Telephone:     (650) 843-5000

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2012, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send an electronic copy of this filing to the counsel of record.

/s/*Timothy S. Teter*

377405 v3/CO