# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

      Plaintiff,

v.

APPLE, INC., et al.,

      Defendants.

---

## GOOGLE INC.'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INDUCEMENT OF INFRINGEMENT IN THE THIRD AMENDED COMPLAINT

---

Defendant Google Inc. ("Google") hereby moves the Court to dismiss Potter Voice Technologies, LLC's ("Potter Voice") claim for inducement of infringement in the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Potter Voice's Third Amended Complaint, its fourth attempt, fails to meet the threshold requirements for asserting a claim for inducement of patent infringement, which requires knowledge and intent.  To plead those requirements adequately, Potter Voice must base its claims on factual allegations that are plausible on their face, not threadbare conclusory recitations of the claim elements.  Potter Voice's claim for inducement of patent infringement fails to meet these basic pleading requirements and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[1]

---

[1] Google's Motion to Dismiss addresses one of two claims allegedly asserted against Google, and is filed in lieu of answering the Third Amended Complaint.  *See, Board of County Com'rs County of La Plata, Colo. v. Brown Group Retail, Inc.*, No. 08-cv-00855, 2008 WL 4527736 (D.Colo. Oct. 3, 2008).

## STATEMENT OF FACTS

To date, Potter Voice has filed four complaints in this lawsuit: the Original Complaint on April 25, 2012 (Dkt. 1); the First Amended Complaint on May 29, 2012 (Dkt. 40); the Second Amended Complaint on June 19, 2012 (Dkt. 83); and the Third Amended Complaint on July 24, 2012 (Dkt. 165).  The four complaints allege that Google infringes U.S. Patent No. 5,729,659 (the "'659 patent").

In response to Potter Voice's Second Amended Complaint, Google filed its Motion to Dismiss Plaintiff's Indirect Infringement Claims and Motion to Strike (Dkt. 118) seeking to dismiss Potter Voice's claims for inducement of infringement and for contributory infringement on July 6, 2012.  In response to Google's Motion, Potter Voice sought leave to file its Third Amended Complaint which, among other changes, dropped the claims for contributory infringement.

In Potter Voice's Third Amended Complaint, Potter Voice continues to assert that Google directly infringes and induces others to infringe.  Potter Voice vaguely recites its claims for direct infringement:

> 32.    On information and belief, Defendant Google has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search that embody the inventions claimed in the '659 patent, including but not limited to the Google Nexus 7 and all reasonably similar products.

Third Am. Compl. ¶ 32.

Potter Voice similarly recites its claims of inducement of patent infringement:

> 33.    On information and belief, Defendant Google indirectly infringes by actively inducing its customers to use Google Voice Search on the Nexus 7, Apple iPhone 4S, HTC EVO Design 4G, HTC Incredible S, HTC

2

Rezound, HTC Titan, Samsung Galaxy S II, Samsung Galaxy S Blaze, Samsung Focus, Sony Xperia X10, LG Optimus S, Motorola DROID RAZR, ZTE Score M, Kyocera Echo, Sharp FX PLUS ADS1, Huawei M835, Pantech Burst, RIM BlackBerry Bold, Nokia Lumia 710, and all reasonably similar products. On information and belief, Google encourages, and intends for its customers to use Google Voice Search on mobile devices in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Google advertises and instructs customers on how to use Google Voice Search on mobile devices in a manner that infringes the '659 patent claims. On information and belief, Defendant Google knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Google had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

*Id.* at ¶ 33.

Potter Voice does not allege all of the required elements or facts necessary to support its claim for inducement of infringement. For example, inducement of infringement under 35 U.S.C § 271(b) requires knowledge of the patent and intent to induce others to infringe the '659 patent. Potter Voice's allegations do not show that Google had the necessary pre-suit knowledge of the '659 patent to satisfy the pleading requirements. There are no allegations that Google knew of the alleged infringement before Potter Voice filed this lawsuit. Instead, Potter Voice relies on the service of the Original Complaint to establish Google's knowledge of its alleged infringement:

On information and belief, Defendant Google knew its actions would induce infringement of the '659 patent. Indeed, <u>from the service date of the initial Complaint forward</u>, Defendant <u>Google had knowledge of the '659 patent and knew its actions would induce</u> its customers' infringement of the '659 patent.

US2008 3736443 1

Id. at ¶ 33 (emphasis added). Even assuming Google had knowledge of the '659 patent (which it did not have), such an allegation alone is insufficient to support Potter Voice's inducement claim.

In addition, Potter Voice's allegations do not show that Google had the necessary intent to cause others to infringe the '659 patent. Potter Voice's allegations regarding Google's intent are:

> On information and belief, Google encourages, and intends for its customers to use Google Voice Search on mobile devices in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Google advertises and instructs customers on how to use Google Voice Search on mobile devices in a manner that infringes the '659 patent claims.

*Id.* Even assuming Google had knowledge of the '659 patent (which it did not have), it simply not plausible that Google's intentions morphed from innocuous advertising into specific intentions to instruct its customers to infringe the '659 patent as soon as Potter Voice served its Original Complaint.

## ARGUMENT

### I. POTTER VOICE'S INDIRECT INFRINGEMENT CLAIMS SHOULD BE DISMISSED BECAUSE IT FAILED TO ALLEGE THE REQUISITE ELEMENTS.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotations and citations omitted). The complaint must allege facts that amount to "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the

4

allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

A plaintiff's obligation to provide fair notice of what the claim is and the grounds on which it rests thus "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). *See BIAX Corp. v. Motorola Solns, Inc.*, Civil Action No. 10-cv-03013-PAB-KLM, 2012 WL 502727, at *2 (D. Colo. Feb. 15, 2012). Plaintiffs must allege sufficient facts to "nudge" "their claims across the line from conceivable to plausible" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570.

A. **Plaintiff's Third Amended Complaint Fails to State a Claim for Inducement of Patent Infringement.**

Liability for induced infringement under 35 U.S.C. § 271(b) requires that the alleged infringer "actively induce infringement of a patent." 35 U.S.C. § 271(b) (2006). As the Supreme Court has made clear, indirect infringement claims require both knowledge of the patent and knowledge that the alleged acts constitute infringement of that patent. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068-69 (2011); *BMC Res., Inc. v. Paymentech, L.P.*, 498 F. 3d 1373, 1382 (Fed. Cir. 2007)("By contrast [to direct infringement], indirect liability requires evidence of 'specific intent' to induce infringement."); *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012). Plaintiff must allege facts "to plausibly state a claim that [the defendants] are specifically intending to induce others to infringe plaintiff's patent." *BIAX Corp.*, 2012 WL

5

US2008 3736443 1

502727, at *3 (internal quotation omitted); *Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, No. C11-04049 JW, 2012 WL 1030031 at *4, (N.D. Cal. Mar. 22, 2012).

> **1.    The Court Should Dismiss Potter Voice's Inducement Claim Because Potter Voice Does Not Allege That Google Had Knowledge of the '659 Patent or Knew Its Acts Were Infringing Before Service of the Complaint.**

Potter Voice's inducement claim fails because Potter Voice's Third Amended Complaint does not allege that Google knew about the '659 patent prior to filing of the Original Complaint.  "Even assuming" a defendant had knowledge of the asserted patent as early as the filing of a lawsuit, "mere knowledge is not enough to support a claim for induced infringement." *BIAX*, 2012 WL 502727, at *7 n.3, (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)); *Xpoint Tech., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) (pleading "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."); *see also Mallinckrodt, Inc. v. E–Z–Em Inc.,* 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009) ("The Court is not persuaded by Plaintiffs' contention that the requisite knowledge can be established by the filing of the Plaintiffs' Complaint.").  "[A] complaint fails to state a claim for indirect patent infringement where the *only* allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the *same* lawsuit establish the defendant's knowledge of the patent." Proxyconn Inc. v. Microsoft Corp., No. SACV 11-1681 DOC (ANx), 2012 WL 1835680, at *1, 5 (C.D. Cal. May 16, 2012) (citing cases) (emphasis in original).

Potter Voice's only allegation regarding Google's awareness of the '659 patent is:

6

> On information and belief, Defendant Google knew its actions would
> induce infringement of the '659 patent. Indeed, from the service date of
> the initial Complaint forward, Defendant Google had knowledge of the '659
> patent and knew its actions would induce its customers' infringement of
> the '659 patent.

Third Am. Compl. ¶ 33.

Potter Voice merely alleges that Google had knowledge, and then purports to support such conclusory allegation by alleging Google was served with the Original Complaint.  Potter Voice fails to plead any facts to explain how Google's receipt of the Original Complaint creates any pre-suit knowledge of its alleged infringement of the '659 patent.  Instead, the Third Amended Complaint relies solely on the service of the Original Complaint.  As the case law confirms, Potter Voice cannot rely on the service of its complaints to create the requisite knowledge.  Allowing otherwise would effectively eliminate the knowledge requirement for inducement because a plaintiff could file a complaint for direct infringement and then later amend the complaint to add a claim for induced infringement based on the service of the original complaint.

In addition, Google's knowledge of the '659 patent through service of the Original Complaint does not indicate knowledge of infringement of the '659 patent.  Potter Voice relies exclusively on its allegation that Google knew of the patent since the Original Complaint was served.  Potter Voice has not alleged any facts to suggest that Google was aware of the '659 patent, became informed of the scope of the patent, or knew the '659 patent related to its products.  It is not plausible that Google's receipt of the Original Complaint transformed its otherwise innocuous activities into activities Google knew infringed the '659 patent.  Thus, these allegations are insufficient to meet the knowledge requirements necessary to state a claim for inducement of infringement.

US2008 3736443 1

2.      **The Court Should Dismiss Potter Voice's Claim of Inducement of Infringement Because Potter Voice's Complaint Does Not Allege Any Facts to Show That Google Intentionally Induced Others to Infringe.**

The Third Amended Complaint does not plead any facts showing that Google intended to encourage others to infringe.  To state a claim for inducement of infringement, a plaintiff must allege facts showing a defendant is "specifically intending to induce others . . . to infringe [plaintiff's] patent." *BIAX Corp.*, 2012 WL 502727, at *3 (internal quotation omitted); *DSU Med. Corp.*, 471 F.3d at 1305 (Fed. Cir. 2006) ("mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven" (quotation omitted)); *see also Rovi Corp. v. Hulu, LLC*, No. 11-655, 2012 WL 261982, at *2 (D. Del. Jan. 27, 2012) (dismissing inducement claims because "[t]here are simply no facts . . . to support the claims that [defendant] induced others to infringe").

Putting aside the sufficiency of Google's purported knowledge based on service of the Original Complaint, the Third Amended Complaint does not plead facts sufficient to show a plausible claim that Google "specifically intended" to induce others to infringe. Instead, the Third Amended Complaint alleges:

> On information and belief, Google encourages, and intends for its customers to use Google Voice Search on mobile devices in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Google advertises and instructs customers on how to use Google Voice Search on mobile devices in a manner that infringes the '659 patent claims.  On information and belief, Defendant Google knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Google had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

8

US2008 3736443 1

Third Am. Compl. ¶ 33.

Potter Voice's allegations hinge on Google's receipt of the Original Complaint. Google could not have the requisite specific intent to cause others to infringe if Google did not know about the '659 patent prior to service of the Original Complaint.  It is simply not plausible that Google's receipt of the Original Complaint miraculously converted Google's benign actions to specific intent to induce others to infringe the '659 patent. Thus, Potter Voice cannot meet the intent requirement necessary to state a claim for inducement of infringement.

## **CONCLUSION**

For the reasons stated herein, Google respectfully requests that the Court dismiss Potter Voice's claim for inducement of infringement in the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).


Dated: August 10, 2012.                                  Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP
 /s/ Ian L. Saffer
Ian L. Saffer
1400 Wewatta Street, Suite 600
Denver, Colorado 80202
Telephone:  303.571.4000
Facsimile:   303.571.4321
Email: isaffer@kilpatricktownsend.com

E. Danielle T. Williams
North Carolina State Bar No. 23283
DTWilliams@KilpatrickTownsend.com
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 607-7300
Facsimile:  (336) 607-7500

Attorneys for Google Inc.

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on August 10, 2012, a true and correct copy of the foregoing **GOOGLE INC.'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INDUCEMENT OF INFRINGEMENT IN THE THIRD AMENDED COMPLAINT** was filed and served with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all counsel of record in the case.

/s/ Ian L. Saffer             
Ian L. Saffer

US2008 3736443 1