**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

        Plaintiff,

v.

APPLE, INC., et al.,

        Defendants.

---

**MOTOROLA MOBILITY LLC'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INDUCEMENT OF INFRINGEMENT IN THE THIRD AMENDED COMPLAINT**

---

Defendant Motorola Mobility LLC ("Motorola") hereby moves the Court to dismiss Potter Voice Technologies, LLC's ("Potter Voice") claim for inducement of infringement in the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Potter Voice's Third Amended Complaint, its fourth attempt, fails to meet the threshold requirements for asserting a claim for inducement of patent infringement, which requires knowledge and intent. To plead those requirements adequately, Potter Voice must base its claims on factual allegations that are plausible on their face, not threadbare conclusory recitations of the claim elements. Potter Voice's claim for inducement of patent infringement fails to meet these basic pleading requirements and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[1]

---

[1] Motorola's Motion to Dismiss addresses one of two claims allegedly asserted against Motorola, and is filed in lieu of answering the Third Amended Complaint. *See, Board of County Com'rs County of La Plata, Colo. v. Brown Group Retail, Inc.*, No. 08-cv-00855, 2008 WL 4527736 (D.Colo. Oct. 3, 2008).

US2008 3736452 1

## STATEMENT OF FACTS

To date, Potter Voice has filed four complaints in this lawsuit: the Original Complaint on April 25, 2012 (Dkt. 1); the First Amended Complaint on May 29, 2012 (Dkt. 40); the Second Amended Complaint on June 19, 2012 (Dkt. 83); and the Third Amended Complaint on July 24, 2012 (Dkt. 165). The four complaints allege that Motorola infringes U.S. Patent No. 5,729,659 (the "'659 patent").

In response to Potter Voice's Second Amended Complaint, Motorola filed its Motion to Dismiss Plaintiff's Indirect Infringement Claims (Dkt. 124) seeking to dismiss Potter Voice's claims for inducement of infringement and for contributory infringement on July 6, 2012. In response to Motorola's Motion, Potter Voice sought leave to file its Third Amended Complaint which, among other changes, dropped the claims for contributory infringement.

In Potter Voice's Third Amended Complaint, Potter Voice continues to assert that Motorola directly infringes and induces others to infringe. Potter Voice vaguely recites its claims for direct infringement:

> 51.   On information and belief, Defendant Motorola has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search which embody the inventions claimed in the '659 patent, including but not limited to the Motorola DROID RAZR and all reasonably similar products.

Third Am. Compl. ¶ 51.

Potter Voice similarly recites its claims of inducement of patent infringement:

> 52.   On information and belief, Defendant Motorola indirectly infringes by actively inducing its customers to use Google Voice Search on the

2

> Motorola DROID RAZR and all reasonably similar products. On information and belief, Motorola encourages, and intends for its customers to use Google Voice Search on the Motorola DROID RAZR and all reasonably similar products in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Motorola advertises and instructs customers on how to use Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims. On information and belief, Defendant Motorola knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Motorola had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

*Id.* at ¶ 52.

Potter Voice does not allege all of the required elements or facts necessary to support its claim for inducement of infringement. For example, inducement of infringement under 35 U.S.C § 271(b) requires knowledge of the patent and intent to induce others to infringe the '659 patent. Potter Voice's allegations do not show that Motorola had the necessary pre-suit knowledge of the '659 patent to satisfy the pleading requirements. There are no allegations that Motorola knew of the alleged infringement before Potter Voice filed this lawsuit. Instead, Potter Voice relies on the service of the Original Complaint to establish Motorola's knowledge of its alleged infringement:

> On information and belief, Defendant Motorola knew its actions would induce infringement of the '659 patent. Indeed, <u>from the service date of the initial Complaint forward</u>, Defendant <u>Motorola had knowledge of the '659 patent and knew its actions would induce</u> its customers' infringement of the '659 patent.

Id. at ¶ 52 (emphasis added). Even assuming Motorola had knowledge of the '659 patent (which it did not have), such an allegation alone is insufficient to support Potter Voice's inducement claim.

3

In addition, Potter Voice's allegations do not show that Motorola had the necessary intent to cause others to infringe the '659 patent. Potter Voice's allegations regarding Motorola's intent are:

> On information and belief, Motorola encourages, and intends for its customers to use Google Voice Search on the Motorola DROID RAZR and all reasonably similar products in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Motorola advertises and instructs customers on how to use Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims.

*Id.* Even assuming Motorola had knowledge of the '659 patent (which it did not have), it simply not plausible that Motorola's intentions morphed from innocuous advertising into specific intentions to instruct its customers to infringe the '659 patent as soon as Potter Voice served its Original Complaint.

## ARGUMENT

### I. POTTER VOICE'S INDIRECT INFRINGEMENT CLAIMS SHOULD BE DISMISSED BECAUSE IT FAILED TO ALLEGE THE REQUISITE ELEMENTS.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotations and citations omitted). The complaint must allege facts that amount to "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

A plaintiff's obligation to provide fair notice of what the claim is and the grounds on which it rests thus "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). *See BIAX Corp. v. Motorola Solns, Inc.*, Civil Action No. 10-cv-03013-PAB-KLM, 2012 WL 502727, at *2 (D. Colo. Feb. 15, 2012). Plaintiffs must allege sufficient facts to "nudge" "their claims across the line from conceivable to plausible" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570.

### A. Plaintiff's Third Amended Complaint Fails to State a Claim for Inducement of Patent Infringement.

Liability for induced infringement under 35 U.S.C. § 271(b) requires that the alleged infringer "actively induce infringement of a patent." 35 U.S.C. § 271(b) (2006). As the Supreme Court has made clear, indirect infringement claims require both knowledge of the patent and knowledge that the alleged acts constitute infringement of that patent. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068-69 (2011); *BMC Res., Inc. v. Paymentech, L.P.*, 498 F. 3d 1373, 1382 (Fed. Cir. 2007)("By contrast [to direct infringement], indirect liability requires evidence of 'specific intent' to induce infringement."); *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012). Plaintiff must allege facts "to plausibly state a claim that [the defendants] are specifically intending to induce others to infringe plaintiff's patent." *BIAX Corp.*, 2012 WL 502727, at *3 (internal quotation omitted); *Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, No. C11-04049 JW, 2012 WL 1030031 at *4, (N.D. Cal. Mar. 22, 2012).

**1.     The Court Should Dismiss Potter Voice's Inducement Claim Because Potter Voice Does Not Allege That Motorola Had Knowledge of the '659 Patent or Knew Its Acts Were Infringing Before Service of the Complaint.**

Potter Voice's inducement claim fails because Potter Voice's Third Amended Complaint does not allege that Motorola knew about the '659 patent prior to filing of the Original Complaint. "Even assuming" a defendant had knowledge of the asserted patent as early as the filing of a lawsuit, "mere knowledge is not enough to support a claim for induced infringement." *BIAX*, 2012 WL 502727, at *7 n.3, (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)); *Xpoint Tech., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) (pleading "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."); *see also Mallinckrodt, Inc. v. E–Z–Em Inc.,* 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009) ("The Court is not persuaded by Plaintiffs' contention that the requisite knowledge can be established by the filing of the Plaintiffs' Complaint."). "[A] complaint fails to state a claim for indirect patent infringement where the *only* allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the *same* lawsuit establish the defendant's knowledge of the patent." Proxyconn Inc. v. Microsoft Corp., No. SACV 11-1681 DOC (ANx), 2012 WL 1835680, at *1, 5 (C.D. Cal. May 16, 2012) (citing cases) (emphasis in original).

Potter Voice's only allegation regarding Motorola's awareness of the '659 patent is:

> On information and belief, Defendant Motorola knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Motorola had knowledge of the

>  '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

Third Am. Compl. ¶ 52.

Potter Voice merely alleges that Motorola had knowledge, and then purports to support such conclusory allegation by alleging Motorola was served with the Original Complaint. Potter Voice fails to plead any facts to explain how Motorola's receipt of the Original Complaint creates any pre-suit knowledge of its alleged infringement of the '659 patent. Instead, the Third Amended Complaint relies solely on the service of the Original Complaint. As the case law confirms, Potter Voice cannot rely on the service of its complaints to create the requisite knowledge. Allowing otherwise would effectively eliminate the knowledge requirement for inducement because a plaintiff could file a complaint for direct infringement and then later amend the complaint to add a claim for induced infringement based on the service of the original complaint.

In addition, Motorola's knowledge of the '659 patent through service of the Original Complaint does not indicate knowledge of infringement of the '659 patent. Potter Voice relies exclusively on its allegation that Motorola knew of the patent since the Original Complaint was served. Potter Voice has not alleged any facts to suggest that Motorola was aware of the '659 patent, became informed of the scope of the patent, or knew the '659 patent related to its products. It is not plausible that Motorola's receipt of the Original Complaint transformed its otherwise innocuous activities into activities Motorola knew infringed the '659 patent. Thus, these allegations are insufficient to meet the knowledge requirements necessary to state a claim for inducement of infringement.

### 2. The Court Should Dismiss Potter Voice's Claim of Inducement of Infringement Because Potter Voice's Complaint Does Not Allege Any Facts to Show That Motorola Intentionally Induced Others to Infringe.

The Third Amended Complaint does not plead any facts showing that Motorola intended to encourage others to infringe. To state a claim for inducement of infringement, a plaintiff must allege facts showing a defendant is "specifically intending to induce others . . . to infringe [plaintiff's] patent." *BIAX Corp.*, 2012 WL 502727, at *3 (internal quotation omitted); *DSU Med. Corp.*, 471 F.3d at 1305 (Fed. Cir. 2006) ("mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven" (quotation omitted)); *see also Rovi Corp. v. Hulu, LLC*, No. 11-655, 2012 WL 261982, at *2 (D. Del. Jan. 27, 2012) (dismissing inducement claims because "[t]here are simply no facts . . . to support the claims that [defendant] induced others to infringe").

Putting aside the sufficiency of Motorola's purported knowledge based on service of the Original Complaint, the Third Amended Complaint does not plead facts sufficient to show a plausible claim that Motorola "specifically intended" to induce others to infringe. Instead, the Third Amended Complaint alleges:

> On information and belief, Motorola encourages, and intends for its customers to use Google Voice Search on the Motorola DROID RAZR and all reasonably similar products in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Motorola advertises and instructs customers on how to use Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims. On information and belief, Defendant Motorola knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Motorola had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

Third Am. Compl. ¶ 52.

Potter Voice's allegations hinge on Motorola's receipt of the Original Complaint. Motorola could not have the requisite specific intent to cause others to infringe if Motorola did not know about the '659 patent prior to service of the Original Complaint. It is simply not plausible that Motorola's receipt of the Original Complaint miraculously converted Motorola's benign actions into specific intent to induce others to infringe the '659 patent. Thus, Potter Voice cannot meet the intent requirement necessary to state a claim for inducement of infringement.

## **CONCLUSION**

For the reasons stated herein, Motorola respectfully requests that the Court dismiss Potter Voice's claim for inducement of infringement in the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).


Dated: August 10, 2012.                              Respectfully submitted,

                                                                KILPATRICK TOWNSEND & STOCKTON LLP
                                                                 /s/ Ian L. Saffer_____
                                                                Ian L. Saffer
                                                                1400 Wewatta Street, Suite 600
                                                                Denver, Colorado 80202
                                                                Telephone:  303.571.4000
                                                                Facsimile:   303.571.4321
                                                                Email: isaffer@kilpatricktownsend.com

                                                               E. Danielle T. Williams
                                                               North Carolina State Bar No. 23283
                                                               DTWilliams@KilpatrickTownsend.com
                                                               Kilpatrick Townsend & Stockton LLP
                                                               1001 West Fourth Street
                                                               Winston-Salem, North Carolina 27101
                                                               Telephone: (336) 607-7300
                                                               Facsimile:  (336) 607-7500

                                                               Attorneys for Motorola Mobility LLC

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 10, 2012, a true and correct copy of the foregoing **MOTOROLA MOBILITY LLC'S MOTION TO DISMISS PLAINTIFF'S CLAIM FOR INDUCEMENT OF INFRINGEMENT IN THE THIRD AMENDED COMPLAINT** was filed and served with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all counsel of record in the case.

                                                                /s/ Ian L. Saffer
                                                                Ian L. Saffer

US2008 3736452 1