**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

          Plaintiff,

v.

APPLE, INC.,
GOOGLE, INC.
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP CORPORATION,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA, INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA, INC.,

          Defendants.

---

**SONY MOBILE COMMUNICATIONS (U.S.A.) INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

---

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.     INTRODUCTION ................................................................................................... 1

II.    STATEMENTS OF FACTS ................................................................................... 2

III.   ARGUMENT ......................................................................................................... 4

        A.     Plaintiff's Third Amended Complaint Fails to Properly Plead
              Induced Infringement ................................................................................ 4

        B.     Plaintiff's Third Amended Complaint Fails to Properly Plead Willful
              Infringement ............................................................................................. 9

IV.   CONCLUSION ................................................................................................... 12

## TABLE OF AUTHORITIES

*Advanced Fiber Techs. Trust v. J&L Fiber Servs.*, 674 F.3d 1365, 1378 (Fed. Cir. 2012) .................................................................................................................. 10
Ashcroft v. Iqbal, 556 U.S. 662 (2009) ................................................................... 1, 4, 9
*Avocet Sports Tech., Inc. v. Garmin Int'l.*, Inc., NO. C 11-04049 JW, 2012 U.S. Dist. LEXIS 87747, at *13 (N.D. Cal. June 5, 2012) .............................................. 5
*Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, No. C 11-04049 JW, 2012 WL 1030031, 2012 U.S. Dist. LEXIS 51650 (N.D. Cal. Mar. 22, 2012) ............... 5, 6, 7
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................................... 4
*Benton v. Cameco Corp.*, 375 F.3d 1070 (10th Cir. 2004) ..................................... 8, 9, 10
*BIAX Corp. v. Motorola Solutions, Inc.*, Civil Action No. 10-cv-03013-PAB-KLM, 2012 WL 502727, 2012 U.S. Dist. LEXIS 18546 (D. Colo. Feb. 15, 2012) ... 5, 6, 9
*DR Sys. v. Avreo, Inc.*, No. 11-cv-0932 BEN (WVG)2011 WL 4850171, 2012 U.S. Dist. LEXIS 44116 (S.D. Cal. Mar. 29, 2012) ................................................. 7
*In re Investors Warranty of America, Inc. v. B.W.E. Development, L.L.C.*, Civ. No. 09-4490 (WJM), 2010 WL 2557559, 2010 U.S. Dist. LEXIS 62543 (D.N.J. June 23, 2010) ................................................................................................. 8, 10
*In re Seagate*, 497 F.3d 1360 (Fed. Cir. 2007) ......................................................... 9, 10
*IPVenture, Inc. v. Cellco P'ship*, No. C 10-04755 JSW, 2011 WL 207978, 2011 U.S. Dist. LEXIS 5955 (N.D. Cal. Jan. 21, 2011) ....................................................... 7
*Kyocera Wireless Corp. v. Int'l Trade Comm'n,* 545 F.3d 1340, 1353-54 (Fed. Cir. 2008) ..................................................................................................................... 5
*McRee v. Goldman*, No. 11-CV-00991-LHK, 2012 WL 929825, 2012 U.S. Dist. LEXIS 36793 (N.D. Cal. Mar. 19, 2012) .................................................................. 7
*Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284 (Fed. Cir. 2007) ...................... 9
*Monec Holding Ag v. Motorola Mobility*, 2012 U.S. Dist. LEXIS 108993, at *26 (D. Del. Aug. 3, 2012) .................................................................................................. 10
*Pivonka v. Cent. Garden & Pet Co.*, No. 02-cv-02394-RPM, 2008 U.S. Dist. LEXIS 12022, at *6 (D. Colo. Feb. 19, 2008) ........................................................ 11
*Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538 (E.D. Tex. 2010) ............. 11
*Rovi Corp. v. Hulu, LLC*, Civil Action No. 11-665, 2012 WL 261982, 2012 U.S. Dist. LEXIS 10183 (D. Del. Jan. 27, 2012) .......................................................... 11
*Tripoli Mgmt., LLC v. Waste Connections of Kan., Inc.*, Civil Action No. 09-cv-01767-CMA-KLM, 2010 WL 845927, 2010 U.S. Dist. LEXIS 21749 (D. Colo. Mar. 2, 2010) ................................................................................................... 8, 10
*U.S. Philips Corp. v. ATI Technologies, Inc.*, No. 05 Civ. 8176(LAP), 2008 WL 2073928, 2008 U.S. Dist. LEXIS 38732 (S.D.N.Y. May 8, 2008) ..................... 8, 10
*Vasudevan Software, Inc. v. Tibco Software, Inc.*, No. C 11-06638, 2012 WL 1831543, 2012 U.S. Dist. LEXIS 69952 (N.D. Cal. May 17, 2012) ...................... 11
*Via Vadis, LLC v. Skype, Inc.*, Civil Action No. 11-507, 2012 WL 261367, 2012 U.S. Dist. LEXIS 10182 (D. Del. Jan. 27, 2012) ................................................. 11

**I.     INTRODUCTION**

Despite having been apprised of shortcomings in its Second Amended Complaint, Potter Voice Technologies LLC ("PVT") filed a Third Amended Complaint for Patent Infringement And Jury Demand ("Third Amended Complaint") against Sony Mobile Communications (U.S.A.) Inc. ("SoMC") that again fails to plead sufficient facts to support the allegations of inducement and willfulness against SoMC.  For example, while PVT alleges that SoMC is "actively inducing its customers . . . on **its** public website," *see* Third Amended Complaint ¶ 41 (emphasis added), PVT does not identify a single SoMC website where SoMC allegedly induces its consumers to infringe.  That is because no such website exists.  As such, PVT's baseless allegations are nothing more than "[legal] conclusions [that] are not entitled to the assumption of truth."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

PVT also claims that SoMC's alleged infringement is willful without any suggestion that SoMC even knew the patent in suit existed, much less the required knowledge of the infringement.  Indeed, while PVT states that the patent-in-suit was mentioned during the prosecution of a U.S. patent application assigned to Sony Corporation, no facts are provided that SoMC –a distinct corporate entity– had any knowledge of the patent in suit or any knowledge of or involvement in the prosecution of Sony Corporation's patent applications, much less the required knowledge that SoMC was allegedly infringing.  *See* Third Amended Complaint ¶ 44.  When distilled to their fundamental elements, PVT's willfulness allegations against SoMC are perfect

examples of the "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" admonished by the Supreme Court. See id. at 678.

Accordingly, PVT's claims of inducement and willful infringement should be dismissed in their entirety.

## II.    STATEMENTS OF FACTS

On May 29, 2012, PVT filed an Amended Complaint for Patent Infringement and Jury Demand ("Amended Complaint"), accusing SoMC of infringement of U.S. Patent No. 5,729,659 ("the '659 Patent"). No other Sony companies are defendants in this lawsuit. See Amended Complaint ¶ 41.

On June 19, 2012, PVT filed a Second Amended Complaint for Patent Infringement and Jury Demand, adding a paragraph concerning joinder that apparently had been inadvertently omitted in the Amended Complaint. The allegations against SoMC remain unchanged.

On July 6, 2012, SoMC filed a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6). The crux of that motion was that PVT failed to allege any facts that support its allegations of willfulness, contributory infringement, and induced infringement.

In response, on July 27, 2012, PVT filed a Third Amended Complaint, which was given an effective filing date of July 24, 2012. See Minute Order, Doc. No. 161 (July 27, 2012). In its Third Amended Complaint, PVT alleges, inter alia, that SoMC has induced infringement of the '659 Patent and willfully infringed the '659 Patent. See Third Amended Complaint ¶¶ 43, 44. The entirety of PVT's inducement claims against SoMC are contained in paragraph 43 of the Third Amended Complaint:

> 43.   On information and belief, Defendant Sony indirectly infringes by actively inducing its customers to use Google Voice Search on the Sony Xperia X10 and all reasonably similar products. On information and belief, Sony encourages, and intends for its customers to Google Voice Search [sic] on the Sony Xperia X10 and all reasonably similar products in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Sony advertises and instructs customers on how to use Google Voice Search on the Sony Xperia X10, in a manner that infringes the '659 patent claims. On information and belief, Defendant Sony knew its actions would induce infringement of the '659 patent. Indeed, on information and belief, Defendant Sony knew of the '659 patent from about 2007 when the '659 patent was cited to Sony Corporation in the prosecution of U.S. Patent Nos. 7,158,934 and 7,249,017. Further, from the service date of the initial Complaint forward, Defendant Sony had additional knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

See Third Amended Complaint ¶ 41

The entirety of PVT's  willfulness allegations are set forth in paragraph 44:

> 44. On information and belief, Defendant Sony knew of the '659 patent and its contents from about 2007 when the '659 patent was cited to Sony Corporation in the prosecution of U.S. Patent Nos. 7,158,934 and 7,249,017. On information and belief, Sony is currently a subsidiary of Sony Corporation and was a joint venture between Sony Corporation and Ericsson in 2007. On information and belief, Sony Corporation and Defendant Sony share information relevant to the the Sony Xperia. Indeed, Sony Corporation's website advertises and provides information for Defendant Sony's Xperia mobile devices. On information and belief, Defendant Sony willfully infringed the '659 patent thus entitling Potter Voice Technologies to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in litigating this action under 35 U.S.C. § 285.

Id. at ¶ 44.

The two patents referred to in paragraphs 43 and 44 are assigned to Sony Corporation and issued in 2007.  See Exhs. A, B.  PVT admits that at the time these

3

patents were being prosecuted in the U.S. Patent and Trademark Office, SoMC did not exist.  Rather, at that time, SoMC's predecessor, a joint venture between Sony Corporation and Telefon AB L.M. Ericsson ("Ericsson") named Sony Ericsson Mobile Communications (U.S.A.) Inc. ("Sony Ericsson") was responsible for the sales of Sony Ericsson cell phones in the United States.  *See* Third Amended Complaint ¶¶ 43, 44.  Recently, in February, 2012, Sony Corporation purchased Ericsson's interest in Sony Ericsson and formed SoMC, a wholly owned indirect subsidiary of Sony Corporation.  *See* Exh. C.

### III.  ARGUMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal quotations and citations omitted).  The statement must provide the "defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007) (internal quotations and citations omitted).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  While the court must accept as true all factual allegations contained in a complaint, no such consideration is afforded to "[t]hreadbare recitals of the elements of a cause of action[] supported by mere conclusory statements."  See *id.*

### A.  Plaintiff's Third Amended Complaint Fails to Properly Plead Induced Infringement

To succeed on its inducement claim, PVT must prove that (1) defendants knew or should have known its actions would induce actual infringement; (2) the defendants

4

had specific intent to induce infringement by another; and (3) direct infringement by another. *Kyocera Wireless Corp. v. Int'l Trade Comm'n,* 545 F.3d 1340, 1353-54 (Fed. Cir. 2008); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006); *BIAX Corp. v. Motorola Solutions, Inc.*, Civil Action No. 10-cv-03013-PAB-KLM, 2012 WL 502727, at *2, 2012 U.S. Dist. LEXIS 18546, at *7-8 (D. Colo. Feb. 15, 2012)

Unlike direct infringement claims, indirect infringement claims must meet the standards set forth by *Twombly* and *Iqbal*. *See BIAX Corp.*, 2012 WL 502727, at *2, 2012 U.S. Dist. LEXIS 18546, at *9-10. "To sufficiently plead a claim for induced infringement, a patentee must allege facts to support **each element**." *Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, No. C 11-04049 JW, 2012 WL 1030031, at *4, 2012 U.S. Dist. LEXIS 51650, at *15 (N.D. Cal. Mar. 22, 2012) (emphasis added). "The requirement that the alleged infringer knew or should have known [that its] actions would induce actual infringement necessarily includes the requirement that [it] knew of the patent." *DSU Med.,* 471 F.3d at 1304. "[T]he type of evidence required to establish such liability is 'evidence of culpable conduct, directed to encouraging another's infringement.'" *Avocet Sports Tech., Inc. v. Garmin Int'l.*, Inc., NO. C 11-04049 JW, 2012 U.S. Dist. LEXIS 87747, at *13 (N.D. Cal. June 5, 2012) (quoting *DSU Med.*, 471 F.3d at 1306). Allegations that defendant provides "'instruction' and 'training' in the use of Defendant['s] . . . products" is not sufficient to support an allegation of inducement. *Id.*, at *14.

Rather than setting forth facts that relate to SoMC's knowledge of the patent in suit, and its purported infringement facts that relate to SoMC's alleged culpable conduct,

PVT's Third Amended Complaint cobbles together a string of legal conclusions and erroneous statements in an attempt to obfuscate the facts as they relate to SoMC.  For example, PVT states that "on its public website, Sony [SoMC] advertises and instructs customers on how to use Google Voice Search." *See* Third Amended Complaint ¶ 43.  But no SoMC website does anything of the sort.  SoMC's website merely states that the accused Google Voice Search is a feature available on certain of its cell phones.  No direction or instruction is provided on how to use the feature, much less how to infringe the patent in suit.  *See* APPS FOR THE ROAD, http://www.sonymobile.com/cws/corporate/automotive/apps-for-the-road (last visited Aug. 8, 2012).  PVT does not and, when asked to do so, did not identify any SoMC website where SoMC describes using the X10 with Google Voice Search.  *See* Exh. D (email exchange between counsel).  Even if such an SoMC website did exist (which it does not), it would not be the type of evidence that supports an inference that SoMC engaged in the culpable conduct or the specific intent required to support an allegation of inducement. *See Avocet Sports Tech.*, 2012 U.S. Dist. LEXIS 51650, at *14 (instructions to use a device is not the type of culpable conduct required by an inducement claim).  PVT's allegation that SoMC is "actively inducing its customers to use Google Voice Actions," is nothing more than the type of conclusory statement courts have repeatedly found wanting.  *See, e.g.*, *BIAX Corp.*, 2012 WL 502727, at *3, 2012 U.S. Dist. LEXIS 18546, at *12 (dismissing a claim for failing to allege facts showing defendant is "specifically intending to induce others . . . to infringe [plaintiff's] patent." (internal quotation omitted)); *DR Sys. v. Avreo, Inc.*, No. 11-cv-0932 BEN (WVG), 2011 WL 4850171, at *3, 2012 U.S. Dist. LEXIS 44116, at

*10 (S.D. Cal. Mar. 29, 2012) (dismissing a claim as "conclusory" where "Plaintiff allege[d] [defendant] 'has actual knowledge of the '416 patent,' and 'knowingly and intentionally induced infringement.'"  (quoting the complaint)); *McRee v. Goldman*, No. 11-CV-00991-LHK, 2012 WL 929825, at *5, 2012 U.S. Dist. LEXIS 36793, at *15 (N.D. Cal. Mar. 19, 2012) (inducement allegations dismissed where plaintiff pleaded facts regarding knowledge and intent but failed to properly plead "the concurrence of knowledge and action"); *Avocet Sports Tech.*, 2012 WL 1030031, at *4, 2012 U.S. Dist. LEXIS 51650, at *17 (inducement claim dismissed where plaintiff "merely makes conclusory allegations that Defendants knowingly disregarded Plaintiff's patent rights and that Defendants actively induced others to infringe"); *IPVenture, Inc. v. Cellc o P'ship*, No. C 10-04755 JSW, 2011 WL 207978, at *2, 2011 U.S. Dist. LEXIS 5955, at *9 (N.D. Cal. Jan. 21, 2011) (dismissing an inducement claim for being merely a "bare recitation of the elements").

With respect to the knowledge element of inducement, PVT alleges that SoMC knew of the '659 Patent because the patent was cited in the prosecution history of two U.S. patents on behalf of Sony Corporation, a different and discrete corporate entity from SoMC, and that "Sony Corporation and Defendant [SoMC] share information relevant to the the [sic] Sony Xperia."  *See* Third Amended Complaint ¶ 43.  PVT admits in its Complaint that at the time Sony Corporation learned of the '659 Patent, SoMC was a joint venture between Sony Corporation and Ericsson, and was not even a subsidiary of Sony Corporation.  *See id.*  SoMC only came into existence in 2012 as separate legal entity, years after the prosecution of the two Sony Corporation patents had ended.

Further, even if Sony Corporation had the requisite knowledge of the '659 Patent (which it did not) and had it at the requisite time (which it did not), such knowledge cannot be imputed to SoMC, an indirect subsidiary. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004) ("[a] parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity."); *Tripoli Mgmt., LLC v. Waste Connections of Kan., Inc.*, Civil Action No. 09-cv-01767-CMA-KLM, 2010 WL 845927, at *6 n.12, 2010 U.S. Dist. LEXIS 21749, at *12 n.12 (D. Colo. Mar. 2, 2010) (a subsidiary is not "responsible for its parent's acts"); *see also In re Investors Warranty of America, Inc. v. B.W.E. Development, L.L.C.*, Civ. No. 09-4490 (WJM), 2010 WL 2557559, at *4, 2010 U.S. Dist. LEXIS 62543, at *12-13 (D.N.J. June 23, 2010) ("the general rule is that the knowledge of the parent corporation is not imputed to the subsidiary corporation unless a sufficient nexus between them is shown to provide an equitable reason for disregarding the separate corporate existences." (internal marks and citations omitted)); *U.S. Philips Corp. v. ATI Technologies, Inc.*, No. 05 Civ. 8176(LAP), 2008 WL 2073928, at *2, 2008 U.S. Dist. LEXIS 38732, at *6 (S.D.N.Y. May 8, 2008) ("Before a parent's knowledge will be imputed to its subsidiary, it must be shown that the parent's employees informed of the infringement were under a duty to report that information to the subsidiary."). Indeed, PVT does not —and cannot— allege that Sony Corporation informed Sony Ericsson that the patent in suit was a concern or that it even existed. The only allegation PVT makes is that Sony Corporation and SoMC generally "share information," *see* Third Amended Complaint ¶ 44. But that falls well short of the

8

knowledge and acts that would justify imputing specific knowledge of the patent in suit or the alleged infringement thereof to SoMC.  See *Benton*, 375 F.3d at 1081.  Indeed, it is simply not plausible that Sony Corporation would inform SoMC or its predecessor that the patent in suit even existed, much less that its infringement should be a concern.  *Iqbal*, 556 U.S. at 678 ("a complaint must . . . state a claim to relief that is plausible on its face.").  Finally, PVT's allegation that SoMC had knowledge "from the service date of the initial Complaint," see Third Amended Complaint ¶ 41, is plainly insufficient to state a claim of induced infringement.  See *BIAX Corp.*, 2012 WL 502727, at *3, n.3, 2012 U.S. Dist. LEXIS 18546, at *13, n.3 ("[e]ven assuming" defendants had knowledge of the asserted patents upon filing of the lawsuit, "mere knowledge is not enough to support a claim for induced infringement.").

> **B.    Plaintiff's Third Amended Complaint Fails to Properly Plead Willful Infringement**

Willful infringement requires a showing by clear and convincing evidence that (a) "the infringer acted despite an objectively high likelihood that its actions constituted infringement"; and (b) "this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer."  See *In re Seagate*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  While "[w]illfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)," *Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007) (internal quotation omitted), the pleading requirements of *Iqbal* and *Twombly* still apply.

9

Here, there are no allegations that SoMC itself knew of the '659 Patent prior to the filing of the instant lawsuit. As set forth above, the only allegations are that the '659 Patent was cited in a patent application belonging to Sony Corporation. However, any knowledge that Sony Corporation may have had about the existence of the '659 patent cannot be imputed to SoMC. *See, e.g.*, *Benton*, 375 F.3d at 1081; *Tripoli Mgmt., LLC*, Civil Action No. 09-cv-01767-CMA-KLM, 2010 WL 845927, at *6 n.12, 2010 U.S. Dist. LEXIS 21749, at *12 n.12; *In re Investors Warranty of America, Inc.*, Civ. No. 09-4490 (WJM), 2010 WL 2557559, at *4, 2010 U.S. Dist. LEXIS 62543, at *12-13; *U.S. Philips Corp.*, No. 05 Civ. 8176(LAP), 2008 WL 2073928, at *2, 2008 U.S. Dist. LEXIS 38732, at *6).

Even if such knowledge can be imputed, mere knowledge of the existence of a patent is not a sufficient basis to allege willfulness. *See In re Seagate*, 497 F.3d at 1371 (requiring "an objectively high likelihood that [defendant's] actions constituted infringement"). The requisite knowledge must be of the **infringement** and not merely of the patent. *See id.* Here, no facts are alleged that can remotely support an allegation that "an objectively high likelihood" of infringement existed or that Sony Corporation, much less SoMC, had knowledge of that. *See Monec Holding Ag v. Motorola Mobility*, 2012 U.S. Dist. LEXIS 108993, at *27 (D. Del. Aug. 3, 2012) (dismissing a willfulness claim under 12(b)(6) because plaintiff's "contentions do not plausibly support the conclusion that each Defendant acted despite an objectively high likelihood" (internal quotations omitted)); *see also Advanced Fiber Techs. Trust v. J&L Fiber Servs.*, 674 F.3d 1365, 1377 (Fed. Cir. 2012) (dismissing willfulness claims where alleged

10

infringer's acts "were not objectively reckless"); *Pivonka v. Cent. Garden & Pet Co.*, No. 02-cv-02394-RPM, 2008 U.S. Dist. LEXIS 12022, at *6 (D. Colo. Feb. 19, 2008) (same). As such, PVT does not meet the pleading requirements of *Iqbal* and *Twombly* and should be dismissed. *See Via Vadis, LLC v. Skype, Inc.*, Civil Action No. 11-507, 2012 WL 261367, at *2, 2012 U.S. Dist. LEXIS 10182, at *5 (D. Del. Jan. 27, 2012) (dismissing a complaint where "[t]here are simply no factual allegations . . . specifying what actions Defendants took that would warrant a conclusion that the infringement was willful or intentional"); *Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 545 (E.D. Tex. 2010) ("a patentee [must] do more [to plead willful infringement] than suggest that more definite allegations are to follow once discovery is underway."); *Vasudevan Software, Inc. v. Tibco Software, Inc.*, No. C 11-06638, 2012 WL 1831543, at *5, 2012 U.S. Dist. LEXIS 69952, at *17 (N.D. Cal. May 17, 2012) ("A finding of knowledge when there is merely a known risk of infringement and deliberate indifference to that risk, is not sufficient to plead willful blindness." (internal quotations omitted)); *Rovi Corp. v. Hulu, LLC*, Civil Action No. 11-665, 2012 WL 261982, at *2, 2012 U.S. Dist. LEXIS 10183, at *5 (D. Del. Jan. 27, 2012) (dismissing a willfulness claim where "[t]here are simply no facts plead to advise [defendant] how or why [its] conduct infringes on [plaintiff's] patents").

## IV. CONCLUSION

Because PVT has twice failed to adequately plead inducement and willful infringement against SoMC, the claims should be dismissed.

Dated August 10, 2012
/s/ Lewis Popovski
Lewis Popovski (lpopovski@keynon.com)
Michael E. Sander (msander@kenyon.com)
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
(212) 908-6078


/s/ J. Mark Smith
J. Mark Smith (msmith@pwhclaw.com)
PENDLETON, WILSON, HENNESSEY & CROW. P.C.
1875 Lawrence Street, 10th Floor
Denver, CO 80202-1898
(303) 839-1204

*Attorneys for Sony Mobile Communications (U.S.A.) Inc.*

13

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2012, I electronically filed the foregoing **MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)** with the Clerk of Court using the CM/ECF system, which will send an electronic copy of this filing to the counsel of record.

                                                      s/ Meribeth Wheatley