IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-CV-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

    Plaintiff,

v.

APPLE, INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY, INC.
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA, INC.,
PANTECH WIRELESS, INC.
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA INC.,

    Defendants.

---

**ZTE (USA) INC.'S RULE 12(b)(6) MOTION TO DISMISS
PLAINTIFF POTTER VOICE TECHNOLOGIES LLC'S
THIRD AMENDED COMPLAINT**

---

    Defendant ZTE (USA), Inc. ("ZTE") hereby moves the Court for an order

(i) dismissing the one claim against ZTE in the Third Amended Complaint (Dkt. #165)

filed by Plaintiff Potter Voice Technologies LLC ("PVT") because PVT fails to state a

1

claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); and (ii) dismissing PVT's Third Amended Complaint against ZTE for misjoinder pursuant to 35 U.S.C. § 299.  In support of its Motion, ZTE states as follows.

## I.   INTRODUCTION

The Third Amended Complaint is yet another failed attempt by Plaintiff to assert a claim against ZTE for active inducement of a US Patent.  Instead, PVT alleges only that ZTE had knowledge of the asserted patent "from the service date of the Initial Complaint forward," an allegation that is legally insufficient. *See Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).  Accordingly, PVT's claim of inducement of patent infringement against ZTE should be dismissed.

The Third Amended Complaint should also be dismissed, in its entirety, for improper joinder under 35 U.S.C. § 299.  PVT has misjoined ZTE with fifteen unrelated defendants, including numerous competitors.  For many of these unrelated co-defendants, the Third Amended Complaint alleges no connection whatsoever with ZTE (notwithstanding conclusory language in ¶ 88).  Thus, ZTE asks the Court to enforce the statutory mandate of 35 U.S.C. § 299 by dismissing ZTE.

## II.   STATEMENTS OF FACTS

On April 25, 2012, PVT filed a Complaint for Patent Infringement and Jury Demand ("Original Complaint") alleging infringement of U.S. Patent No. 5,729,659 ("the '659 Patent") by ZTE and other defendants.  (Dkt. #1)  On June 19, 2012, PVT filed its Second Amended Complaint, adding a conclusory paragraph concerning joinder (¶ 77) that had been omitted in an intermediate Amended Complaint.  (Dkt. #83)  The sixteen

separate Defendants include four software providers – Google; Microsoft Corporation ("Microsoft"); Research In Motion Corporation and Research In Motion Limited (collectively "RIM"); and Apple, Inc. ("Apple") – and numerous handset companies, including ZTE. The Second Amended Complaint also purported to assert that ZTE was liable for inducement and contributory infringement without pleading **any** factual support, stating instead that ZTE is "actively inducing its customers" to infringe and "contributing to its customers' infringement." See Second Amended Complaint at ¶ 51 (Dkt. #83).

On July 19, 2012, PVT filed a Third Amended Complaint. (Dkt. #165). The Third Amended Complaint abandons any allegation of contributory infringement and instead alleges, *inter alia,* that ZTE has indirectly infringed the '659 Patent. The entirety of the active inducement claim against ZTE is contained in a single paragraph of conclusory assertions:

> 56. … On information and belief, Defendant ZTE indirectly infringes by actively inducing its customers to use Google Voice Search on the ZTE Score M and all reasonably similar products. On information and belief, ZTE encourages, and intends for its customers to use Google Voice Search on the ZTE Score M and all reasonably similar products in a manner that infringes the claims of the '659 patent. Indeed, on its public website, ZTE advertises and instructs customers on how to use Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims. On information and belief, Defendant ZTE knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant ZTE had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

*See* Third Amended Complaint at ¶ 56.

ZTE's alleged infringement is based solely on one of its products that is alleged to run the Google Voice Actions application. *Id.* PVT makes no allegations that purport to link ZTE's products to any of the other software providers (Microsoft, RIM or Apple) or to any of the other handset companies. *Id.* And ZTE is not alleged to be responsible in any way for the design or any other technical aspect of Google Voice Actions nor with the products of any other handset company. *Id.*

## III.   ARGUMENT

### A.   Pleading Requirements Under *Iqbal* and *Twombly*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (internal quotations and citations omitted). The statement must provide the "defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (internal quotations and citations omitted). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678. While the court must accept as true all factual allegations contained in a complaint, the court need not accept as true "[t]hreadbare recitals of the elements of a cause of action[] supported by mere conclusory statements." *See id.*

### B.   Plaintiff's Third Amended Complaint Fails to Properly Plead Induced Infringement And Should Be Dismissed

To succeed on its inducement claim, PVT "must 'prove that [] defendants knew of the patent'" and had the "specific intent" to induce others to infringe. *BIAX Corp. v.*

4

*Motorola Solutions, Inc.,* Civil Action No. 10-cv-03013-PAB-KLM, 2012 WL 502727, at *2, 2012 U.S. Dist. LEXIS 18546, at *7-8 (D. Colo. Feb. 15, 2012) (quoting *DSU Med. Corp. v. JMS* Co., 471 F.3d 1293, 1305 (Fed. Cir. 2006)); *In re Bill* of *Lading Transmission* & *Processing Sys. Patent Litig.,* 681 F.3d 1323, 1339 (Fed. Cir. 2012).

"To sufficiently plead a claim for induced infringement, a patentee must allege facts to support **each element**" – i.e., *knowledge of the patent* and *the intent to induce infringement. Avocet Sports Tech., Inc. v. Garmin Int'l, Inc.,* No. C 11-04049 JW, 2012 WL 1030031, at *4, 2012 U.S. Dist. LEXIS 51650, at *15 (N.D. Cal. Mar. 22, 2012) (emphasis added). Unlike direct infringement claims, indirect induced infringement claims must meet the standards set forth by *Twombly* and *Iqbal. See In re Bill of Lading,* 681 F.3d at 1339; *BIAX Corp.,* 2012 WL 502727, at *2, 2012 U.S. Dist. LEXIS 18546, at *9-10.

The Third Amended Complaint is legally insufficient to allege either of the elements. In *Xpoint Technologies, Inc. v. Microsoft Corp.,* 730 F. Supp. 2d. 349, 357 (D. Del. 2010), the district court held that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement." *Id.* PVT has alleged nothing more of ZTE here.

Likewise, the allegations against ZTE fail to assert the intent to actively induce infringement. In *BIAX,* the district court stated that "[e]ven assuming" the defendants had knowledge of the asserted patents as early as the filing of the lawsuit, "mere knowledge is not enough to support a claim for induced infringement." *BIAX,* 2012 WL 502727, at *3 n.3, 2012 U.S. Dist. LEXIS 18546, at *14 n.3 (citing *DSU Med. Corp. v.*

*JMS Co.,* 471 F.3d 1293, 1305 (Fed. Cir. 2006); *Warner-Lambert Co. v. Apotex Corp.,* 316 F.3d 1348, 1363 (Fed. Cir. 2003)).  A claim of inducement requires the patentee to show that "the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Minnesota Min. & Mfg. Co. v. Chemque, Inc.,* 303 F.3d 1294, 1304-05 (Fed. Cir. 2002); *see also DSU Med. Corp.,* 471 F.3d at 1305 (Fed. Cir. 2006) ("mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven" (quotation omitted)).  As the Third Amended Complaint is devoid of any assertion beyond knowledge of the patent from the Complaint, it fails to allege the intent element as well.

In sum, PVT's inducement claim does not meet the requirements under *Iqbal* and *Twombly* as to either of the elements associated with a claim of inducement of patent infringement, and it should be dismissed.

   **C.**  **Dismissal is Warranted for Misjoinder under 35 U.S.C. § 299**

Permissive joinder of unrelated defendants is allowed under Rule 20 where two requirements are met:  there is some "question of law or fact common to all defendants" AND the defendants' alleged liability "aris[es] out of the same transaction, occurrence, or series of transactions and occurrences."  Fed. R. Civ. P. 20(a)(2)(A) and (B).  In stark contrast to these requirements, are cases such as this one where independent liability is asserted against a series of unrelated defendants based on their wholly independent sales of unrelated products.  Indeed, Congress expressly rejected the notion that Rule 20 permits joinder of multiple defendants in a patent infringement lawsuit merely by

asserting infringement of the same patent(s) against all defendants.  See 35 U.S.C. § 299; *Genetic Tech. Ltd. v. Agilent Techs., Inc.,* No. 11-cv-01389, 2012 WL 1015355, n. 5 (D. Colo. March 23, 2012).  And the case law predating the amended statute is in accord.  *Colt Defense LLC v. Heckler & Koch Defense, Inc.*, No. 2:04cv258 U.S. Dist. LEXIS 28690, at *13 (E.D. Va. Oct. 22, 2004) ("[T]he overwhelming authority from other jurisdictions indicates that allegations against multiple and unrelated defendants for independent acts of patent, copyright, and/or trademark infringement do not set forth claims arising from the same transaction or occurrence within the meaning of Rule 20(a)"); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) ("The authority from other courts provides that allegations against multiple and unrelated defendants for acts of patent, trademark, and copyright infringement do not support joinder under Rule 20(a)"); *WiAV Networks, LLC v. 3Com Corp.*, C.A. No. 10-03448 WHA, 2010 WL 3895047, at *3 (N.D. Cal. Oct. 1, 2010) (quoting *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, C.A. No. 10-1101, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010)); *Optimum Power Solutions LLC, v. Apple Inc.*, C.A. No. 11-1509 SI, 2011 WL 4387905 at *3 (N.D. Cal. Sept. 20, 2011) ("Plaintiff has not alleged that defendants acted in concert or otherwise controlled or directed each others' conduct – and indeed defendants appear to be ardent competitors of one another in the market place for their products"); *Bear Creek Technologies, Inc. v. RCN Communications*, Civil Action No. 2:11CV103, 2011 WL 3626787, at *5 (E.D. Va. Aug. 17, 2011) (dismissing misjoined defendants where they were "independently owned and operated entities, and in some cases direct competitors"); *Androphy v.*

*Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) ("Here, [defendants] are separate companies that independently design, manufacture and sell different products in competition with each other.  Clearly, the common transaction requirement has not been met as to the claims against [defendants]"); *Multi-Tech Sys., Inc. v. Net2Phone, Inc.*, C.A. No. 00-346, 2000 WL 34494824, at *7 (D. Minn. Jun. 26, 2000) (claims misjoined because "Plaintiff asserts infringement claims against unrelated defendants who primarily compete in the same marketplace and provide independent products and services");.

To join defendants in the same action for patent infringement, 35 U.S.C. § 299 requires pleading and showing that "(1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences…; **and** (2) questions of fact common to all defendants… will arise in the action." 35 U.S.C. § 299 (2011) (emphasis added).  PVT has not and cannot satisfy these requirements.

First, ZTE is not accused of infringing the `659 patent by "the same accused product or process" as the other defendants in this case.  Rather, as the allegations in the Third Amended Complaint confirm, ZTE's "accused product or process" is a single ZTE smartphone allegedly running Google Voice Search.  Nowhere is there an assertion that links the accused ZTE product to any product of Microsoft, Apple or RIM.  And nowhere is there an assertion that links the accused ZTE product to any product of any other defendant handset provider.  And nowhere is there an assertion that ZTE is responsible in any way for the design or any other technical aspect of Google Voice

Actions. As the Federal Circuit has made clear, "joinder is not appropriate where different products or processes are involved." *In Re EMC Corp.,* 677 F.3d 1351, 1359 (Fed. Cir. 2012). PVT has not and cannot satisfy § 299's requirement that all defendants be accused of infringing "the same accused product or process."

Second, ZTE's alleged infringement does not arise out of the same transaction as the infringement alleged against any other defendants. Consequently, the Third Amended Complaint is completely silent as to any such assertion. Further, the applicable Federal Circuit precedent instructs that it is not sufficient to accuse independent defendants of infringing the same patent by use of similar products or processes <u>unless</u> there is an actual link between the facts underlying each claim of infringement:

> But the sameness of the accused products or processes is not sufficient. Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts. To be part of the 'same transaction' requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. The sameness of the accused products is not enough to establish that claims of infringement arise from the "same transaction." Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical.

*In Re EMC Corp.,* 677 F.3d at 1359. PVT has not and cannot allege facts showing such a link. Accordingly, PVT cannot satisfy § 299's requirement that the alleged infringement arise out of the same transaction or occurrence for all defendants.

Moreover, PVT is not seeking to impose joint, or alternative liability. Instead, PVT is seeking relief individually from each of the eighteen defendants. In the Third Amended Complaint, PVT does not allege any liability among the defendants that may be joint, several, or in the alternative. Thus, PVT cannot satisfy the requirement of joint, several, or alternative liability under § 299.

Finally, PVT also has not alleged questions of fact that are common to all defendants, which is a necessary additional requirement for joinder. The only commonality among all the defendants is PVT's accusation that they all infringe the '659 patent. Under § 299(b), this allegation is expressly insufficient for joinder. The mere fact of alleged infringement of the same claims of the same patents does not support joinder. *Id.*. PVT's Third Amended Complaint accuses various handset devices and various software providers of infringing the asserted patent. There is simply no factual connection alleged. PVT does not, and cannot, allege shared, overlapping facts that give rise to each cause of action. Without any common issues of fact, PVT cannot satisfy § 299.

Any assertion PVT may make of purported judicial economy from joinder are relevant to the issue of the permissive nature of joinder *only* where both prongs of Rule 20 are met. *Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 521-22 (Fed. Cir. 2010). Since joinder is improper, the improperly joined defendants "will not have a meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages because each defendant will have limited

opportunities to present its own defense to the jury." *In Re EMC Corp.,* 677 F.3d at 1355. Thus, dismissal is the appropriate action by this Court.

## IV. CONCLUSION

PVT failed to adequately plead induced infringement against ZTE (USA) Inc. in the Third Amended Complaint. PVT also fails to plead facts sufficient to meet either prong of 35 U.S.C. § 299's statutory test for joinder. Accordingly, the Court should dismiss the Third Amended Complaint against ZTE.

Dated:  August 10, 2012                                 Respectfully submitted


s/ Scott R. Miller
Scott R. Miller (CA State Bar No. 112656)
Connolly Bove Lodge & Hutz LLP
333 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
Tel:  (213) 787-2500
Fax:  (213) 687-0498
smiller@cblh.com


s/ Matthew E. Johnson
Hugh Q. Gottschalk
Matthew E. Johnson
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Tel: (303) 244-1800
Fax:  (303 244-1879
Gottschalk@wtotrial.com
Johnson@wtotrial.com

Attorneys for Defendant ZTE (USA) Inc.

# CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on August 10, 2012, I electronically filed the foregoing **ZTE (USA) INC.'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF POTTER VOICE TECHNOLOGIES LLC'S THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Allison Hoch Altersohn**
  aaltersohn@kslaw.com,csplaine@kslaw.com
- **Christopher David Banys**
  cdb@lanierlawfirm.com,rps@lanierlawfirm.com,mgl@lanierlawfirm.com,nsm@lanierlawfirm.com,gap@lanierlawfirm.com
- **Trevor G. Bartel**
  tbartel@rothgerber.com,ahertzog@rothgerber.com
- **Daniel Wayne Bedell**
  dwb@lanierlawfirm.com,gap@lanierlawfirm.com
- **Scott Robert Bialecki**
  scott.bialecki@bryancave.com,jennifer.pearce@bryancave.com,gina.villarreal@bryancave.com
- **Scott Mark Browning**
  sbrowning@rothgerber.com,phenke@rothgerber.com
- **Christopher Charles Carnaval**
  ccarnaval@kslaw.com,drodriguez@kslaw.com
- **Frank Brittin Clayton , III**
  bclayton@rcalaw.com,apalius@rcalaw.com
- **Craig Evan Davis**
  craig.davis@wilmerhale.com,erik.marshall@wilmerhale.com
- **Andrew V. Devkar**
  Andrew.Devkar@dlapiper.com
- **Richard Aframe Edlin**
  edlinr@gtlaw.com
- **Bruce A. Featherstone**
  bfeatherstone@featherstonelaw.com,service@featherstonelaw.com,rcusack@featherstonelaw.com
- **Eamonn Joseph Gardner**
  egardner@cooley.com,sbitler@cooley.com,tgibbs@cooley.com,jinghram@cooley.com,calendarreq@cooley.com
- **Hugh Q. Gottschalk**
  gottschalk@wtotrial.com,hart@wtotrial.com,gottesfeld@wtotrial.com
- **Natalie Marie Hanlon-Leh**
  natalie.hanlonleh@faegrebd.com,marleen.como@faegrebd.com,deb.camp@faegrebd.com,amy.titus@faegrebd.com,margaret.zylstra@faegrebd.com,joel.sayres@faegrebd.com
- **Clayton Cole James**
  clay.james@hoganlovells.com,bonnie.sauer@hoganlovells.com,ecfnotices@hoganlovells.com
- **Matthew E. Johnson**
  johnson@wtotrial.com,keitlen@wtotrial.com

- **Erin Anne Kelly**
  erin.kelly@bryancave.com,jennifer.pearce@bryancave.com,gina.villarreal@bryancave.com
- **Grant Edward Kinsel**
  gkinsel@perkinscoie.com,ivasquez@perkinscoie.com
- **Amy Leigh Kramer**
  kramera@gtlaw.com,lovelandk@gtlaw.com
- **Matthew James Leary**
  mleary@cooley.com,jinghram@cooley.com,jspalding@cooley.com
- **Dominic Eugene Massa**
  dominic.massa@wilmerhale.com
- **Kourtney Mueller Merrill**
  kmerrill@perkinscoie.com,KMerrill-efile@perkinscoie.com
- **Scott Robertson Miller**
  smiller@cblh.com,dkt@cblh.com,nphillips@cblh.com
- **Stephen C. Neal**
  nealsc@cooley.com,wilsonla@cooley.com
- **Joseph Edwin Palys**
  joseph.palys@finnegan.com,elliot.cook@finnegan.com,mark.rosenberger@finnegan.com, william.esper@finnegan.com
- **Patrick S. Park**
  patrick.park@dlapiper.com,dmetria.bolden@dlapiper.com,Docketingla@dlapiper.com, susan.bryant@dlapiper.com
- **Jose L. Patino**
  jlpatino@jonesday.com,kmoody@jonesday.com
- **Robert F. Perry**
  rperry@kslaw.com,csplaine@kslaw.com
- **Victor H. Polk , Jr**
  polkv@gtlaw.com,curleyp@gtlaw.com
- **Lewis V. Popovski**
  lpopovski@kenyon.com
- **Renzo Nicola Rocchegiani**
  rrocchegiani@mckennalong.com,kjohnson@mckennalong.com,aellis@mckennalong.com
- **Ian L. Saffer**
  isaffer@kilpatricktownsend.com,tobrien@kilpatricktownsend.com,dtwilliams@kilpatrickto wnsend.com,denverecf@kilpatricktownsend.com
- **Michael Evan Sander**
  msander@kenyon.com
- **Jerry R. Selinger**
  jselinger@pattersonsheridan.com,gparker@pattersonsheridan.com
- **J. Mark Smith**
  msmith@penberg.com,tkeelick@pwhclaw.com,mwheatley@penberg.com
- **James William Soong**
  soongj@gtlaw.com
- **Gayle Lynn Strong**
  strongg@gtlaw.com,DENLITDOCK@gtlaw.com,collinsk@gtlaw.com,westp@gtlaw.com, lovelandk@gtlaw.com
- **Amanda J. Tessar**
  atessar@perkinscoie.com,ATessar-efile@perkinscoie.com

- **Timothy Scott Teter**
  teterts@cooley.com,tgibbs@cooley.com
- **Srecko Vidmar**
  lucky.vidmar@hoganlovells.com,bonnie.sauer@hoganlovells.com,tyann.cyrus@hoganlovells.com
- **Sandra B. Wick Mulvany**
  swickmulvany@mckennalong.com,aboyle@mckennalong.com
- **Elizabeth Danielle Thompson Williams**
  dtwilliams@kilpatricktownsend.com,sjarrell@kilpatricktownsend.com,sumoore@ktslaw.com
- **Alan Arthur Wright**
  awright@park-law.com,esong@park-law.com
- **Elizabeth Yang**
  EYang@cblh.com,DKT@cblh.com,DDellisanti@cblh.com
- **Richard de Bodo**
  richard.debodo@dlapiper.com,Docketingla@dlapiper.com


                    s/ Matthew E. Johnson

14