**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-CV-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

      Plaintiff,

v.

APPLE INC., et al.,

      Defendants.

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT APPLE INC.'S
MOTION TO TRANSFER**

---

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................1

II.  STATEMENT OF FACTS ...................................................................................1

III.  LEGAL STANDARDS .........................................................................................1

IV.  ARGUMENT ........................................................................................................2

    A.  Venue Is Proper In Either District ........................................................3

    B.  Plaintiff's Choice of Forum Weighs Against
        Transfer ....................................................................................................3

    C.  The Accessibility Of Witnesses and Other Sources
        Of Proof Weights Against Transfer. .....................................................4

    D.  The Cost of Making The Necessary Proof Weighs
        Against Transfer. .....................................................................................6

    E.  The Difficulties That May Arise From Congested
        Dockets Weighs Against Transfer .........................................................7

    F.  The Localized Interest Does Not Support Transfer. ..........................7

    G.  All Other Considerations Of A Practical Nature That
        Make a Trial Easy, Expeditious, and Economical do
        Not Support Transfer. .............................................................................8

V.  CONCLUSION .....................................................................................................9

## I.    INTRODUCTION

To meet the requirements of transfer, Apple must carry a heavy burden to show that the District of Colorado is inconvenient and that the balance of factors strongly favors transfer. Apple – the largest and most profitable company in the world - has not met its heavy burden to warrant transfer to the Northern District of California. In fact, each of the convenience factors either weighs against transfer or is neutral. Thus, the Court should deny Apple's motion.

## II.    STATEMENT OF FACTS

Potter Voice is a company formed under the laws of the state of Colorado. Mot. Exh. 1. The inventor of the patent-in-suit in this case, Jerry Potter, is a resident of the state of Colorado. On June 19, 2012, Potter Voice filed its Third Amended Complaint against Apple, among many other companies, alleging infringement of U.S. Patent No. 5,29,659 (the "'659 patent"). *See* Third Amended Complaint for Patent Infringement and Jury Demand, Dkt. No. 165.  Potter Voice alleged that Apple willfully infringed Potter's '659 patent and induced infringement of Potter's '659 patent. *Id.*

## III.    LEGAL STANDARDS

Section 1404(a) provides that the Court may, in its discretion, transfer an action to another forum "for the convenience of the parties and witnesses." 28 U.S.C. § 1404(a).

Potter Voice's choice of forum puts a "heavy burden" on a movant to establish "that the existing forum is inconvenient." *Sony BMG Music Entm't v. Fillo*, 2009 WL

2055196, at * 1 (D. Colo. July 10, 2009) citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir.1991). The "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992) (internal quotation marks omitted). And the moving party must "demonstrate that the balance of factors 'strongly favors' a transfer of venue under § 1404(a)." *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 n. 13 (10th Cir. 2010) (citation omitted). "Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." *Id.* at 966.

When considering a motion to transfer under 1404(a), the Court weighs the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Employers Mut.*, 618 F.3d at 1167. "[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *Id.*

## IV.  ARGUMENT

Apple premises its motion to transfer on this Court's granting its separate motion to sever, and then transferring the case against Apple to the Northern District of

California.  As discussed in Potter's Opposition to Apple's Motion to Sever (Dkt. No. 219), the Court should deny Apple's motion to sever or consolidate the case against Apple with Potter's case against the other Defendants.  Further, Apple does not argue that the entire case against all defendants should be transferred to the Northern District of California. Thus Potter Voice will limit its arguments as to only Apple and not discuss the implications of transfer on all defendants.

### A.      Venue Is Proper In Either District

Potter Voice does not contest that this action "might have been brought" against Apple in the Northern District of California.

### B.      Plaintiff's Choice of Forum Weighs Against Transfer

Plaintiff's choice of forum weighs against transfer. "[U]nless the balance is strongly in favor of the movant[,] the plaintiff's choice of forum should rarely be disturbed." *Scheidt*, 956 F.2d at 965. And "[t]he plaintiff's choice of forum receives less deference, however, if the plaintiff does not reside in the district." *Employers Mut.,* 618 F.3d at 1167. Potter Voice is a company established and residing in the District of Colorado. Mot. Exh. 2. Potter Voice has never existed in any other forum, is subject to all the laws of the state of Colorado, and pays all applicable state and federal taxes as a Colorado company.

Further, the inventor of the patent-in-suit, Jerry Potter, is a resident of the state of Colorado. Thus, Potter Voice – the plaintiff in this case – and the inventor both "reside" in the district of Colorado. Because both the plaintiff and the inventor of the patent-in-

suit are Colorado residents, Potter Voice's choice of forum should be given significant weight, and this choice weighs against transfer.

### C.     The Accessibility Of Witnesses and Other Sources Of Proof Weights Against Transfer.

This factor weighs against transfer. Generally, "The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Cook v. Atchison, Topeka & Santa Fe Ry. Co.*, 816 F.Supp. 667, 669 (D.Kan.1993). In order to demonstrate inconvenience to the accessibility of witness and other source of proof, the movant must: "(1) identify the witnesses and their locations; (2) indicate the quality or materiality of the[ir] testimony; and (3) show[ ] that any such witnesses were unwilling to come to trial ... [,] that deposition testimony would be unsatisfactory[,] or that the use of compulsory process would be necessary." *Employers Mut.,* 618 F.3d at 1169. And "if the moving party merely has made a general allegation that necessary witnesses are located in the transferee forum, ... the application for transferring the case should be denied...." 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3848, at 227-228 (3d ed.2007).

Apple claims that its "likely witnesses all reside in the Northern District of California" because its "accused products were all designed and developed in the Northern District of California," but Apple doesn't identify a single party witness that would be likely to testify – at trial or for deposition – in its motion. Mot. at 5. Similarly, Apple does not (1) identify a single party witness' "quality or materiality of [] testimony;"

(2) establish the witness' unwillingness to come to trial; (3) show that deposition testimony would be unsatisfactory; (4) or demonstrate that the use of compulsory process would be necessary. *See Employers Mut.,* 618 F.3d at 1169. Apple's general statements that all of its witnesses and documents are located in the transferee forum are not enough to warrant transfer.

Further, Apple only identifies one third party witness – SRI International – that could have relevant information to this case. Mot. at 6 (citing Potter Voice's Third Amended Complaint (Dkt # 165 )). Yet Apple makes to no attempt to state if this witness is unwilling to travel for trial or how this witness' deposition testimony would be inadequate as required to support transfer.  *See Employers Mut.,* 618 F.3d at 1169. And even though the Court may not be able to compel SRI International to trial in the District of Colorado (Fed. R. Civ. P. 45), Potter Voice does not see how this witness' deposition testimony – if even necessary – would be so inadequate that SRI International would be necessary for trial.

On the other hand, there is one witness, and likely the most important witness in the entire case, who does reside in the District of Colorado: the inventor of the patent-in-suit, Jerry Potter. Mr. Potter is a resident of the state of Colorado and would be subject to compulsory process by this Court. Further, Mr. Potter would be necessary for trial because he is the sole witness who could speak about the inventions disclosed in the patent-in-suit, their conception and reduction to practice, the relevant prior art known to him at the time of the invention, and relevant issues surrounding claim construction.

Further, Apple has stated in its Answer that the patent-in-suit is invalid, including counterclaims of invalidity. *See* Apple's Answer and Counterclaims to Third Amended Complaint (Dkt # 176). Mr. Potter's testimony regarding invalidity would be especially important considering Apple's claims of invalidity of the patent. Because Mr. Potter is the only particularly-identified witness whose trial testimony is necessary, and because Mr. Potter resides within the District of Colorado, this factor weighs against transfer.

### D.    The Cost of Making The Necessary Proof Weighs Against Transfer.

The cost factor also weighs against transfer. "The factor considering cost relates to the factor concerning witness convenience …" *Genetic Technologies Ltd., v. Agilent Tech., Inc.*, Case No. 11-cv-01389-WJM-KLM, D.I. 4, Order Granting Motion to Sever and Transfer (D. Colo. March 23, 2012). Just as with the accessibility to witnesses and other sources of proof factor, Apple makes no particular showing that the cost of trial in Colorado would be so much greater that it would necessitate transfer to Northern California.  Thus, Apple's "argument fails to justify a transfer because the record contains no evidence concerning the potential costs of litigating the case in [the current forum]." *See Employers Mut.,* 618 F.3d at 1169

However, the transfer of this case would likely increase the costs related to the litigation for one particular witness: Mr. Potter. Rather than staying at home during trial, Apple would have Mr. Potter travel to Northern California. The costs associated with such travel, hotel accommodations for trial, and other expenditures related to trial are unknown, but they are undoubtedly more than they would be if Mr. Potter were allowed

to stay home during trial. Because Apple has not made the effort to demonstrate the costs of trial in Colorado versus Northern California, and because the costs would greatly increase for the one particularly identified witness in this case, this factor weighs against transfer.

### E. The Difficulties That May Arise From Congested Dockets Weighs Against Transfer

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Employers Mut.,* 618 F.3d at 1169. Over the past six years – the years for which statistics are readily available – the District of Colorado's statistics are better in three of the four categories: the median time from filing to disposition (8.17 months in N.D. Ca., 6.73 in D. Co.), pending cases per judge (578.5 in N.D. Ca., 395 in D. Co.), and average weighted filings per judge (611.3 in N.D. Ca., 576.7 in D. Co.). Mot. Exh. 3. This is also true for 2011 (median time from filing to disposition, median time from filing to trial, and pending cases per judge). *Id.* Accordingly, this factor weighs in favor of transfer.

### F. The Localized Interest Does Not Support Transfer.

Apple infringes Potter Voice's patents in Colorado, creating a strong nexus with this District. *See 800 Adept, Inc. v. Enterprise Rent-A-Car, Co.*, 545 F. Supp. 2d 562, 570 (E.D. Tex. 2008) ("The state of the patentee's injury is the location or locations at which the infringing activity directly impacts the patentee, including the place where

infringing sales are made."). Apple sells infringing products in this District, injuring Potter

Voice here – its home forum. The fact that Apple harms Potter Voice in other districts as

well does not lessen this case's connection to Colorado. *See In re TS Tech*, 551 F.3d

1315, 1321 (Fed. Cir. 2008) (citizens of the Eastern District of Texas have "no more ***or***

***less*** of a meaningful connection" than citizens in other fora) (emphasis added). Other

Courts have also noted that when deciding a motion to transfer venue, "both forums

have an equivalent interest in protecting their residents from patent infringement…."

*Brandywine Comms. Tech. LLC. v. Cisco Sys.*, No 11-01843, at 13. (M.D. Fla. Mar 26,

2012). Because both Courts have an interest in protecting their citizens from patent

infringement, this factor does not support transfer.

### G.     All Other Considerations Of A Practical Nature That Make a Trial Easy, Expeditious, and Economical do Not Support Transfer.

The remaining other factors are either neutral. The questions as to the

enforceability of a judgment if one is obtained, the relative advantages and obstacles to

a fair trial and the possibility of the existence of questions arising in the area of conflict

of laws are all neutral to this case. No party has indicated that there are any obstacles

to a fair trial in either district court, and no party is claiming that enforcing any kind of

judgment in this case against it would be difficult. And this is a case involving patent

infringement, which is governed by federal law, so there are no issues regarding conflict

of laws that are likely to arise in this case. As such, these factors do not support transfer

or are irrelevant to this analysis.

## V.      CONCLUSION

Apple has not met its heavy burden to show that the Northern District of California is clearly more convenient than the District of Colorado. Indeed, each of the convenience factors either weighs against transfer or is neutral. Thus, the Court should deny Apple's motion.


Dated: August 29, 2012              Respectfully submitted,


                                    /s/ Daniel Bedell
                                    Daniel Bedell

                                    THE LANIER LAW FIRM, P.C.
                                    Christopher D. Banys       SBN: 230038 (California)
                                    Daniel W. Bedell           SBN: 254912 (California)
                                    The Lanier Law Firm, P.C.
                                    2200 Geng Road, Suite 200
                                    Palo Alto, CA 94303
                                    Tel: (650) 332-9100
                                    Fax: (650) 322-9103
                                    cdb@lanierlawfirm.com
                                    dwb@lanierlawfirm.com

                                    LOCAL COUNSEL:

                                    RYLEY CARLOCK & APPLEWHITE
                                    F. Brittin Clayton III
                                    1700 Lincoln Street, Suite 3500
                                    Denver, CO 80203
                                    Tel: (303) 813-6713
                                    clayton@rcalaw.com

                                    **ATTORNEYS FOR PLAINTIFF**
                                    **POTTER VOICE TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2012, I filed a true and correct copy of the forgoing **PLAINTIFF'S OPPOSITION TO APPLE INC.'S MOTION TO TRANSFER** via the Court's CM/ECF system which will send notification of such filing to all counsel at the following email addresses:

| | |
|---|---|
| **Eamonn Gardner**<br>**Matthew Leary**<br>**Stephen C. Neal**<br>**Timothy S. Teter**<br>Cooley LLP<br>egardner@cooley.com<br>mleary@cooley.com<br>nealsc@cooley.com<br>teterts@cooley.com<br><br>*Attorneys for Defendant Apple Inc.* | **Scott Robert Bialecki**<br>**Erin A. Kelly**<br>Bryan Cave HRO<br>scott.bialecki@bryancave.com<br>erin.kelly@bryancave.com<br><br>**Robert F. Perry**<br>**Christopher C. Carnaval**<br>**Allison H. Alterson**<br>King & Spalding LLP<br>rperry@kslaw.com<br>ccarnaval@kslaw.com<br>aalterson@kslaw.com<br><br>*Attorneys for Defendant Nokia Inc.* |
| **Ian L. Saffer**<br>**Danielle Thompson Williams**<br>Kilpatrick Townsend & Stockton LLP<br>isaffer@kilpatricktownsend.com<br>dtwillams@kilpatricktownsend.com<br><br>*Attorneys for Defendants Google, Inc., and Motorola Mobility, LLC* | **Natalie Hanlon-Leh**<br>Faegre Baker Daniels LLP<br>natalie.hanlonleh@FaegreBD.com<br><br>**Alan A. Wright**<br>H.C. Park & Associates, PLC<br>awright@park-law.com<br><br>*Attorneys for Defendant Pantech Wireless, Inc.* |
| **Bruce A. Featherstone**<br>**Courtney A. Levkulich**<br>Featherstone Petrie DeSisto LLP<br>bfeatherstone@featherstonelaw.com<br>clevkulich@featherstonelaw.com<br><br>**Jerry R. Selinger**<br>Patterson & Sheridan, LLP<br>jselinger@pattersonsheridan.com<br><br>*Attorneys for Defendant HTC America, Inc.* | **Craig E. Davis**<br>**Dominic E. Messa**<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>craig.davis@wilmerhale.com<br>Dominic.Massa@wilmerhale.com<br><br>**Clayton C. James**<br>**Srecko "Lucky" Vidmar**<br>Hogan Lovells US LLP<br>clay.james@hoganlovells.com<br>lucky.vidmar@hoganlovells.com<br><br>*Attorneys for Defendants Research in Motion Limited and Research in Motion Corporation* |
| **Trevor Bartel**<br>**Scott M. Browning** | **James W. Soong**<br>**Hyun Chung** |

| | |
|---|---|
| Rothgerber Johnson & Lyons LLP<br>tbartel@rothgerber.com<br>sbrowning@rothgerber.com<br><br>**Joseph E. Palys**<br>Finnegan, Henderson, Farabow, Garrett &<br>Dunner, LLP<br>Joseoh.palys@finnegan.com<br><br>*Attorneys for Defendant Huawei Device USA,*<br>*Inc.* | **Rich Eldin**<br>**CJ Kim**<br>**Richard A. Edlin**<br>**Gayle L. Strong**<br>**Amy L. Kraner**<br>**Victor H. Polk, Jr.**<br>Greenberg Traurig, LLP<br>soongj@gtlaw.com<br>chungh@gtlaw.com<br>edlinr@gtlaw.com<br>kimc@gtlaw.com<br>edlinr@gtlaw.com<br>strongg@gtlaw.com<br>kramera@gtlaw.com<br>polkv@gtlaw.com<br><br>*Attorneys for Defendant Samsung*<br>*Telecommunications America, Inc.* |
| **Jose L. Patino**<br>Jones Day<br>jlpatino@JonesDay.com<br>pottervoice@jonesday.com<br>*Attorneys for Defendant Kyocera International,*<br>*Inc.* | **Patrick Park**<br>**Andrew Devkar**<br>DLA Piper LLP<br>patrick.park@dlapiper.com<br>Andrew.deckar@dlapiper.com<br><br>*Attorneys for Sharp Electronics Corporation* |
| **Renzo N. Rocchegiani**<br>**Sandra B. Wick Mulvany**<br>McKenna Long & Aldridge, LLP<br>rrocchegiani@mckennalong.com<br>swickmulvany@mikennalong.com<br>LG-PV@mckennalong.com<br><br>*Attorneys for Defendant LG Electronics*<br>*Mobilecomm U.S.A., Inc.* | **Lewis Popovski**<br>**Michael Sander**<br>Kenyon & Kenyon LLP<br>Lpopovski@keynon.com<br>MSander@Kenyon.com<br><br>**J. Mark Smith**<br>Pendleton, Wilson, Hennessey & Crow, P.C.<br>msmith@penberg.com<br><br>*Attorneys for Defendant Sony Mobile*<br>*Communications (U.S.A.) Inc.* |
| **Amanda J. Tessar**<br>**Kourtney Mueller Merrill**<br>**Grant Kinsel**<br>Perkins Coie LLP<br>atessar@perkinscoie.com<br>kmerrill@perkinscoie.com<br>gkinsel@perkinscoie.com<br><br>*Attorneys for Defendant Microsoft Corporation* | **Matthew W. Johnson**<br>**Hugh Q. Gottschalk**<br>Wheeler Trigg O'Donnell LLP<br>johnson@wtotrial.com<br>gottschalk@wtotrial.com<br><br>**Elizabeth Yang**<br>Connolly Bove Lodge & Hutz LLP<br>eyang@cblh.com<br><br>*Attorneys for Defendant ZTE (USA) Inc.* |

*/s/ Lilli McBride*
Lilli McBride