**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-CV-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

     Plaintiff,

v.

APPLE INC., et al.,

     Defendants.

---

**POTTER VOICE TECHNOLOGIES' OPPOSITION TO ZTE'S MOTION TO DISMISS
THE THIRD AMENDED COMPLAINT**

---

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     THE COURT SHOULD DENY ZTE'S MOTION TO DISMISS POTTER'S
        INDUCED INFRINGEMENT CLAIMS. ........................................................... 2

   A.   Facts ............................................................................................................... 2

   B.   Argument ....................................................................................................... 3

        1.   Legal Standards ..................................................................................... 3

        2.   Potter Properly Pled Induced Infringement. ......................................... 4

III.    THE COURT SHOULD DENY ZTE'S MOTION TO DISMISS POTTER'S
        CLAIMS FOR IMPROPER JOINDER. ........................................................... 6

   A.   Facts ............................................................................................................... 6

B.      Argument ....................................................................................................... 8

1.      Legal Standards ............................................................................................. 8

IV.     CONCLUSION .............................................................................................. 15

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................4

*Brandywine Communs. Techs. LLC. v. Verizon Communs., Inc.*,
  2012 WL 527057 (M.D.Fla. Jan. 24, 2012)......................................9, 10, 12, 14

*CyberFone Systems, LLC v. Cellco Partnership*,
  2012 WL 1509504 (D. Del. 2012)...............................................................11, 14

*First Media Ins. Specialists, Inc. v. OneBeacon Ins. Co.*,
  2011 WL 5570799 (D. Kan. Nov. 16, 2011).......................................................3

*Genetic Technologies Ltd. v. Agilent Technologies, Inc.*,
  2012 WL1015355, at *7 (D.Colo. Mar. 23, 2012)............................9, 10, 11, 14

*Hall v. Bellmon,*
  935 F.2d 1106 (10th Cir. 1991)............................................................................3

*In re Bill of Landing Transmission & Processing Sys. Patent Litigation*,
  2012 WL 2044605 (Fed. Cir. June 7, 2012) .................................................4, 5

*In re EMC Corp.*,
  2012 WL1563920, *4 (Fed. Cir. May 4, 2012)................................9, 10, 12, 15

*Lormand v. U.S. Unwired, Inc.*,
  565 F.3d 228 (5th Cir. 2009) ...............................................................................3

*MDM Group Associates, Inc. v. Midgett Realty, Inc.*,
  2008 WL2756926, *3 (D.Colo. July 14, 2008)...........................................9, 12

*Medsquire LLC v. Quest Diagnostics, Inc.*,
  2011 WL 7710203 (C.D.Cal. 2011).....................................................................9

*Nat'l Ass'n of Investors Corp. v. Bivio, Inc.*,
  2011 WL 1059835 (D.Colo. Mar. 21, 2011)..................................................9, 14

*Odetics, Inc. v. Storage Technology Corp.*,
  14 F.Supp.2d 785 (1998) ..................................................................................13

*Quanta Computer, Inc., v. LG Elecs., Inc.*,
  128 S. Ct. 2109 (2008) .....................................................................................13

*Walker Digital, LLC v. Facebook, Inc.*,
   CIV. 11–313–SLR, 2012 WL 1129370 (D.Del. Apr .4, 2012)...........................................5

STATUTES

35 U.S.C. Section 299................................................................................................2, 8

OTHER AUTHORITIES

Fed. R. Civ. P. 20................................................................................................8, 11, 14

Fed. R. Civ. P. 20(a)(2)(B)..................................................................................10

Fed. R. Civ. P. 42(a)...................................................................................2, 14, 15

Rule 20 of the Federal Rules of Civil Procedure ..................................................8

Rule 12(b)(6)...................................................................................................3

Rule 20(a)......................................................................................................9

Rule 21..........................................................................................................11

Rule 42..........................................................................................................15

## I.    INTRODUCTION

The Court should deny ZTE's motion to dismiss (Dkt. No. 184) Potter Voice

Technologies' induced infringement claims.  Potter correctly pled induced infringement.

Indeed, Potter (1) identified specific products, (2) identified the direct infringers, and (3)

alleged facts sufficient to give rise to a reasonable inference of ZTE's knowledge of the

patent-in-suit and intent to induce infringement.  Thus, the Court should deny ZTE's

motion to dismiss Potter's induced infringement claims.

The Court should also deny ZTE's motion to dismiss Potter's complaint for

improper joinder.  Separating the parties in this case is not as simple or efficient a task

as ZTE attempts to portray.  Indeed, Potter spent substantial time considering the

overlapping issues of fact and law between the various Defendants, and the new

America Invents Act ("AIA") provisions, before filing this suit.  The parties in the present

case consist of handheld device manufacturers and the software companies that make

software for those devices.  The alleged infringement here concerns both the handheld

devices and the software.  And because the same hardware device runs software from

multiple software manufacturers, and the same software runs on multiple devices made

by multiple device manufacturers, there is an overlapping interrelationship of factual and

legal issues between all parties here that is extremely difficult to disentangle, without

duplicating efforts and dramatically increasing the cost and burden on the parties and

the Court.

Litigating the case against ZTE separately would be highly inefficient for

defendants, plaintiff, and the Court, and runs the risk of inconsistent results from the

same factual and legal dispute.  This type of duplication of efforts and inefficiency

1

cannot be what Congress had in mind when it drafted the AIA, codified as 35 U.S.C. Section 299.  In enacting that provision, Congress explicitly stated that it wanted to prevent joinder of multiple Defendants "based solely on allegations that they each have infringed the patent or patents in suit."  But joinder in this case is not based solely on allegations that all Defendants infringe the same patent.  Instead, the allegations against Defendants satisfy the requirements Congress set out in the America Invents Act for proper joinder.  Indeed, the claims against the Defendants so are intertwined and interrelated that judicial efficiency and trial convenience strongly promote joining the parties in one case.

If the Court decides that ZTE should not have been joined under AIA, precedent from this District shows that the Court can still promote efficiency and judicial economy by severing ZTE into its own case, but then consolidating ZTE's case with the main case. Thus, Potter respectfully requests that the Court deny ZTE's motion to dismiss for improper joinder.  Alternatively, because of the numerous common questions of law and fact for all Defendants, if the Court finds that joinder is improper, Potter respectfully requests that the Court sever ZTE into a related case and then, to promote efficiency and judicial economy, Potter respectfully requests that the Court consolidate the newly-severed case against ZTE with the current case under Fed. R. Civ. P. 42(a).

## II.   THE COURT SHOULD DENY ZTE'S MOTION TO DISMISS POTTER'S INDUCED INFRINGEMENT CLAIMS.

### A.   Facts

One June 19, 2012, Potter filed its Third Amended Complaint against ZTE, alleging infringement of U.S. Patent No. 5,29,659 (the "'659 patent").  *See* Third

Amended Complaint for Patent Infringement and Jury Demand, Dkt. No. 165.  Potter

alleged that ZTE induced infringement of Potter's '659 patent:

> 56.      On information and belief, Defendant ZTE indirectly infringes by
> actively inducing its customers to use Google Voice Search on the ZTE
> Score M and all reasonably similar products.  On information and belief,
> ZTE encourages, and intends for its customers to use Google Voice
> Search on the ZTE Score M and all reasonably similar products in a
> manner that infringes the claims of the '659 patent.  Indeed, on its public
> website, ZTE advertises and instructs customers on how to use Google
> Voice Search on its mobile devices in a manner that infringes the '659
> patent claims.  On information and belief, Defendant ZTE knew its actions
> would induce infringement of the '659 patent. Indeed, from the service
> date of the initial Complaint forward, Defendant ZTE had knowledge of the
> '659 patent and knew its actions would induce its customers' infringement
> of the '659 patent.

Complaint at ¶ 56.

### B.      Argument

#### 1.      Legal Standards

A motion to dismiss brought under Rule 12(b)(6) "is viewed with disfavor and

rarely granted."  *First Media Ins. Specialists, Inc. v. OneBeacon Ins. Co.*, 2011 WL

5570799, at *5 (D. Kan. Nov. 16, 2011); *see also Lormand v. U.S. Unwired, Inc.*, 565

F.3d 228, 232 (5th Cir. 2009).  Furthermore, "all well pleaded facts in the complaint are

assumed to be true and viewed in the light most favorable to the plaintiff."  *First Media*,

2011 WL 5570799, at *5.  To prevail on a motion to dismiss, the moving party must

prove "beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991)

(*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957))

### 2.    Potter Properly Pled Induced Infringement.

Potter's Complaint meets the pleading standards required for induced

infringement as explained by the Federal Circuit's recent decision in *In re Bill of Landing*

*Transmission & Processing Sys. Patent Litigation*, 2012 WL 2044605 (Fed. Cir. June 7,

2012).  In that case, the Federal Circuit held that the complaint only needs to "contain

facts plausibly showing that [defendant] specifically intended their customers to infringe

the [ ] patent and knew that the customer's acts constituted infringement" to properly

plead induced infringement.  *Id.* at 1339.  The Federal Circuit further found that this

"does not mean, however, that [a plaintiff] must prove its case at the pleading stage."

*Id.*  And – reversing the district court's dismissal of plaintiff's induced infringement

claims – the Federal Circuit noted that courts must "draw all reasonable inferences in

favor of the non-moving party."  *Id.*  Indeed, the Federal Circuit observed that "nothing in

*Twombly* or its progeny allows a court to choose among competing inferences as long

as there are sufficient facts alleged to render the non-movant's asserted inferences

plausible."  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Potter has sufficiently identified the alleged direct infringer:  ZTE's customers.

And Potter sufficiently alleged facts giving rise to a reasonable inference of ZTE's

knowledge of the patent-in-suit and its intent to induce its customers' infringement.

Complaint at ¶ 56.  Indeed, Potter alleged that it informed ZTE of the '659 patent and

ZTE's infringement in its initial complaint.  *Id.* at ¶ 56.  And Potter's initial complaint

identified the asserted patent and specific accused products to ZTE.  In its current

complaint, Potter also alleged that "ZTE encourages, and intends for its customers to

use [the specific accused products] in a manner that infringes the claims of the '659

4

patent claims" and alleged supporting facts including that "on its public website, ZTE advertises and instructs customers on how to use [the specific accused products] in a manner that infringes the '659 patent claims." *Id.* Potter's complaint therefore contains detailed factual allegations of ZTE's knowledge of the patent and intent to induce. And reasonable inferences drawn therefrom plausibly establish that ZTE is inducing its customers to infringe. Thus, Potter's complaint contains "sufficient factual allegations to enable this court to reasonably conclude that [ZTE] is liable for inducing infringement" and this "is all that is required to state a claim for relief that is plausible on its face." *See In re Bill of Landing,* 2012 WL 2044605 at 1346.

ZTE argues that Potter's initial complaint cannot provide knowledge sufficient to support a claim of induced infringement. But Potter's induced infringement allegations against ZTE are limited to ZTE's conduct after receiving the initial complaint. And in this situation, courts have held that "given the ease of amendment, the limitation of damages to post-knowledge conduct, and in the interests of judicial economy . . . the better reasoning is to allow" induced infringement allegations based on post-filing knowledge "to proceed to discovery rather than dismissing it for lack of pre-filing knowledge when, by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge as pled by plaintiff." *Walker Digital, LLC v. Facebook, Inc.*, CIV. 11–313–SLR, 2012 WL 1129370, at *5 n. 11 (D.Del. Apr .4, 2012). Thus, ZTE's motion should be denied in light of the liberal pleading standards espoused by the Federal Circuit and met by Potter. *See In re Bill of Landing*, 2012 WL 2044605.

**III.    THE COURT SHOULD DENY ZTE'S MOTION TO DISMISS POTTER'S CLAIMS FOR IMPROPER JOINDER.**

**A.    Facts**

Potter's '659 patent covers improved methods and apparatuses for controlling digital computers using voice commands.  As mobile devices have become smaller, more powerful, and more integral to our lives, the need and potential for good voice interfaces has swelled.  For example, Apple recently made international headlines with its release of "Siri," its voice-control application for the iPhone.  Google and Microsoft also recently released their own voice-control applications for mobile devices, Google Voice Search and Windows Speech Commands, respectively.  On April 25, 2012, Potter filed this case against Google, Microsoft, Apple, ZTE, and various other device manufacturers for infringement of the '659 patent.

The Third-Amended Complaint's claims against ZTE overlap and intertwine with the claims against the other Defendants.  The Third-Amended Complaint includes allegations that Microsoft, Google, Apple, and RIM's voice-command software together with certain mobile devices, including ZTE's, infringe the '659 patent.  The table set forth here illustrates this point:

| | | Software Manufacturers | | | |
| --- | --- | --- | --- | --- | --- |
| | | Microsoft | Google | Apple | RIM |
| Device Makers | Apple | | Apple iPhone 4S when running Google Voice Search | Apple iPhone 4S when running Siri Voice Commands | |
| | HTC | HTC EVO Design 4G, HTC Incredible S, HTC Rezound, and HTC Titan and all reasonably similar products when running Windows Speech Commands | HTC EVO Design 4G, HTC Incredible S, HTC Rezound, and HTC Titan and all reasonably similar products when running Google Voice Search | | |

| | | Software Manufacturers | | | |
|---|---|---|---|---|---|
| | | Microsoft | Google | Apple | RIM |
| Device Makers | Samsung | Samsung Galaxy S II, Galaxy S Blaze, and Samsung Focus and all reasonably similar products when running Windows Speech Commands | Samsung Galaxy S II, Galaxy S Blaze, and Samsung Focus and all reasonably similar products when running Google Voice Search | | |
| | Sony | | Sony Xperia X10 and all reasonably similar products when running Google Voice Search | | |
| | LG | | LG Optimus S and all reasonably similar products when running Google Voice Search | | |
| | Motorola | | Motorola DROID RAZR and all reasonably similar products when running Google Voice Search | | |
| | ZTE | | ZTE Score M and all reasonably similar products when running Google Voice Search | | |
| | Kyocera | | Kyocera Echo and all reasonably similar products when running Google Voice Search | | |
| | Sharp | | Sharp FX PLUS ADS1 and all reasonably similar products when running Google Voice Search | | |
| | Huawei | | Huawei M835 and all reasonably similar products when running Google Voice Search | | |
| | Pantech | | Pantech Burst and all reasonably similar products when running Google Voice Search | | |
| | RIM | | RIM BlackBerry Bold and all reasonably similar products | | RIM BlackBerry Bold and all reasonably |

| Device Makers | | Software Manufacturers | | | |
| --- | --- | --- | --- | --- | --- |
| | | Microsoft | Google | Apple | RIM |
| | | | when running Google Voice Search | | similar products when running BlackBerry Voice Commands |
| | Nokia | Nokia Lumia 710 and all reasonably similar products when running Windows Speech Commands | Nokia Lumia 710 and all reasonably similar products when running Google Voice Search | | |
| | Google | | Google Nexus 7 | | |

As the table illustrates, all of the Defendants' allegedly-infringing acts are interconnected.  For example, Potter Voice accuses ZTE, and every other device maker – including Google, Apple, and RIM – of using Google's "Google Voice Search."

### B.      Argument

#### 1.      Legal Standards

ZTE brings this motion under 35 U.S.C. Section 299 and Fed. R. Civ. P. 20.

Section 299 provides that accused patent infringers may be joined in one action only if:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> (2) questions of fact common to all Defendants or counterclaim Defendants will arise in the action.

35 U.S.C. § 299.  Section 299 further states: "accused infringers may not be joined in one action as Defendants … based solely on allegations that they each have infringed the patent or patents in suit."  35 U.S.C. § 299.

Section 299 became effective on September 16, 2011.  Because Section 299 is relatively new, few courts have interpreted its provisions to date.  Nevertheless, courts have guidance in applying Section 299 from Rule 20 of the Federal Rules of Civil

Procedure.  Indeed, "Section 299(a) 'effectively codifies current law [under Rule 20] as it has been applied everywhere outside of the Eastern District of Texas,'" and the "Court's analysis would remain the same whether or not this case falls within the ambit of § 299(a) [or Rule 20]."  *Medsquire LLC v. Quest Diagnostics, Inc.*, 2011 WL 7710203, at *2 (C.D.Cal. 2011) (quoting 157 Cong. Rec. S5429 (daily ed. Sept. 8, 2011)).

Courts have held that the "central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits."  *Brandywine Communs. Techs. LLC. v. Verizon Communs., Inc.*, 2012 WL 527057, at *1 (M.D.Fla. Jan. 24, 2012).  Indeed, under Rule 20, "joinder is intended to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits."  *Genetic Technologies Ltd. v. Agilent Technologies, Inc.*, 2012 WL1015355, at *7 (D.Colo. Mar. 23, 2012); *Nat'l Ass'n of Investors Corp. v. Bivio, Inc.*, 2011 WL 1059835, at *2 (D.Colo. Mar. 21, 2011).

Section 299 and Rule 20 share common language requiring plaintiff's to allege claims against Defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Rule 20; Section 299; Motion at 9-11 (Dkt. No. 10).  The Court has found that Rule 20(a) "requires that the joined Defendants be jointly or severally liable, *or* that the claims arise out of the same transaction, occurrence, or series of transactions or occurrences."  *MDM Group Associates, Inc. v. Midgett Realty, Inc.*, 2008 WL2756926, *3 (D.Colo. July 14, 2008) (emphasis added).  *See also In re EMC Corp.*, 2012 WL1563920, *4 (Fed. Cir. May 4, 2012) ("It is clear that where Defendants are alleged to be jointly liable, they may be joined under Rule 20 because the transaction-or-

occurrence test is always satisfied.") (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990)).  Indeed, this Court and others have summarized the two elements of this limitation to mean "the plaintiff's right to relief arises out of the same transaction or occurrence." *Genetic Technologies Ltd.*, 2012 WL1015355 at *3; *In re EMC Corp.*, 2012 WL1563920 at *4 ("Defendants may be joined in a single action only if the two independent requirements of Rule 20 are satisfied: (1) the claims against them must be asserted with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and (2) there must be a question of law or fact common to all Defendants.").

"In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued.  No hard and fast rules have been established under the rule." *Brandywine Communs. Techs. LLC.*, 2012 WL 527057 at *2.  And "all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* at *1.

In addition to the "same transaction or occurrence" limitation, Rule 20 further requires that a "question of law or fact common to all Defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(B).  Section 299 limits that requirement to "questions of fact common to all Defendants."  35 U.S.C. § 299.  Thus, under Section 299, Defendants may be joined if (1) plaintiff asserts any right to relief against them jointly, severally, or in the alternative and the claims arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) questions of fact common to all Defendants will arise in the action.

Under Rule 21, the courts have power to add or drop parties for misjoinder.  Fed.

R. Civ. P. 21.  But even if joinder is improper, "dismissal is not a proper consequence of

misjoinder."  *Genetic Technologies Ltd.*, 2012 WL1015355 at *7 (severing cases where

joinder was improper under Rule 20).  Indeed, "to the extent [ ] motions seek dismissal

of claims, severance, not dismissal, is the correct remedy for misjoinder."  *CyberFone*

*Systems, LLC v. Cellco Partnership*, 2012 WL 1509504, at *1 (D. Del. 2012) (denying

individual Defendants' motions to dismiss claims against them under Fed. R. Civ. P.

20).

> **2.     Potter's Third-Amended Complaint Meets the Requirements of Section 299.**

> **a.     Questions of Fact Common to All Defendants Will Arise.**

Several questions of fact common to all Defendants will arise in this case.  For

example, Potter accuses ZTE of infringing through its use of Google Voice Search.  And

Potter accuses every other device maker – including Google, Apple, and RIM – of

infringing through their use of Google Voice Search.  Moreover, Potter accuses Google

of infringing through its customers' use of ZTE handsets.  Complaint at ¶ 31.  And Potter

accuses Microsoft of infringing through the same devices – Samsung, HTC, and Nokia

devices – that Potter accuses of using Google Voice Search.  Thus, factual questions

regarding the technical operation of Google Voice Search and ZTE's handsets will be

common to the cases against Google, ZTE, and all of the other device makers.  And

factual questions regarding the technical operation of the Samsung, HTC, and Nokia

devices will be common to the case against users of Google Voice Search and

Microsoft.  Moreover, common questions regarding the priority date, applicable prior art,

and whether the art teaches certain limitations of the asserted claims will arise for all

Defendants.

> **b.    Potter's Claims Against ZTE Arise Out of the Same Transaction or Occurrence as its Claims Against Other Defendants.**

As shown above, Potter's claims against ZTE arise out the same series of

transactions or occurrences as Potter's claims against other Defendants.  "In

ascertaining whether a particular factual situation constitutes a single transaction or

occurrence for purposes of Rule 20, a case by case approach is generally pursued

…No hard and fast rules have been established under the rule."  *Brandywine*

*Communs. Techs. LLC.*, 2012 WL 527057 at *2.  "All logically related events entitling a

person to institute a legal action against another generally are regarded as comprising a

transaction or occurrence."  *Id.* at *1.

What is more, the "Supreme Court has stated that under the Federal Rules of

Civil Procedure, 'the impulse is toward entertaining the broadest possible scope of

action consistent with fairness to the parties; joinder of claims, parties and remedies is

strongly encouraged.'"  *In re EMC Corp.*, 2012 WL1563920 at *4 (quoting *United Mine*

*Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).  Indeed, the "trend under the

federal rules is toward entertaining the ***broadest possible scope of action*** consistent

with fairness to the parties."  *MDM Group Associates, Inc.*, 2008 WL2756926 at *4

(emphasis added).

Potter's prayer for relief against ZTE, Google, and the other device makers arise

from the same series of transactions or occurrences including the use and sale of

Google Voice Search. For instance, the Third-Amended Complaint alleges that both

Google and all device makers, including ZTE, indirectly infringe by inducing and

contributing to customers' use of the devices with Google Voice Search. Thus, the Third-Amended Complaint alleges claims against ZTE that arise from the same transaction or occurrence as Google and for which ZTE and Google are jointly, severally, or alternatively liable.  And because Potter alleges that Microsoft infringes through devices that also infringe with Google Voice Search, Potter's claims against Microsoft are logically related to the claims against Google and ZTE.

Further, Potter cannot recover from Google and ZTE and the other device makers independently for every infringing act of selling and using specific devices with Google Voice Search.  *See Quanta Computer, Inc., v. LG Elecs., Inc.*, 128 S. Ct. 2109, 2122 (2008) (The exhaustion doctrine prohibits patent holders from selling a patented article and "then invoking patent law to control postsale use of the article."); *Odetics, Inc. v. Storage Technology Corp.,* 14 F.Supp.2d 785, 789 (1998) ("Once the jury required [Defendant] to pay damages for the sale of these thirty systems, there arose an implied license as to them.  Accordingly, [plaintiff] is not now entitled to an injunction prohibiting [a customer's] use of those infringing systems … the customer Defendants' use of the infringing systems did not occasion a separate and independent harm to [plaintiff]."). Potter cannot recover from ZTE for selling an accused device with Google Voice Search and then recover from Google for the customer's use of the same device. But, if Potter does not recover from ZTE for the sale of the device, Potter may recover from Google for the customer's use.

### c.      Dismissing ZTE Fosters Inefficiency.

Dismissing ZTE would lead to multiple lawsuits involving the same facts and would run contrary to the purpose of joinder under the Federal Rules.  "Joinder is

intended to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Genetic Technologies Ltd.*, 2012 WL1015355 at *7; *Nat'l Ass'n of Investors Corp.*, 2011 WL 1059835 at *2; *Brandywine Communs. Techs. LLC.*, 2012 WL 527057 at *1 ("The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits."). But dismissing ZTE would lead to multiple lawsuits involving the same accused products – Google Voice Search and ZTE's devices – and the same asserted patent. The two cases would require duplicate efforts including (1) providing the same discovery concerning the operation of the accused devices; (2) making the same claim construction arguments; and (3) making the same invalidity contentions. This inefficient duplication runs contrary to the express purpose of joinder under the Federal Rules and certainly was not what Congress intended when it enacted Section 299.

**3.     If Joinder is Improper, the Court Should Sever and Consolidate the Cases.**

If the Court finds that joinder is improper in this case, Potter respectfully requests that the Court sever the case against ZTE and consolidate the cases for all pre-trial matters pursuant to Fed. R. Civ. P. 42(a). Even if joinder is improper, "dismissal is not a proper consequence of misjoinder." *Genetic Technologies Ltd.*, 2012 WL1015355 at *7 (severing cases where joinder was improper under Rule 20); *CyberFone Systems, LLC*, 2012 WL 1509504 at* 1 ("To the extent the motions seek dismissal of claims, severance, not dismissal, is the correct remedy for misjoinder") (denying individual Defendants' motions to dismiss claims against them under Fed. R. Civ. P. 20).

Further, "in exercising its discretion, the district court should keep in mind that even if joinder is not permitted under Rule 20, the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only 'a common question of law or fact.'" *In re EMC Corp.*, 2012 WL1563920 at *7 (quoting Fed. R. Civ. P. 42(a)).  And in a recent order denying a motion to dismiss under Section 299, the District Court for the Northern District of Florida stated that while "some Defendants argue that the most appropriate remedy for misjoinder is dismissal of claims and dropping parties … [i]n the interest of efficiency, I decline to do this." *World Wide Med. Tech. LLC v. Core Oncology*, Inc., No. 69 4:11-CV-00614-RS-CAS (N.D. Fla. Apr. 11, 2012).  The court then ordered the cases severed and consolidated the cases for pre-trial matters pursuant to Fed. R. Civ. P. 42(a) with all future pleadings for the severed cases to be filed in the original case.  *Id.*

As with the *World Wide Medical* case, any severed cases here should be consolidated because several common questions of law – including claim construction – and fact – including the operation of the accused handheld devices, prior art, validity, and priority dates – will be involved.  *Id.*  ("Because it appears that common questions of law are involved in these eight patent infringement cases, the cases shall be consolidated for the purpose of pre-trial matters pursuant to Fed. R. Civ. P. 42(a)").

## IV.   CONCLUSION

Potter's induced infringement allegations are more than sufficient under the liberal pleading standards that the Federal Circuit has articulated.  Thus, Potter respectfully requests that the Court deny ZTE's motion to dismiss Potter's induced infringement claims.

15

Further, Potter respectfully requests that the Court deny ZTE's motion to dismiss for improper joinder because the claims against the Defendants satisfy the requirements for proper joinder and are so are intertwined and interrelated that judicial efficiency and trial convenience strongly favor joining the parties in one case.  Alternatively, because of the numerous common questions of law and fact for all Defendants, if the Court finds that joinder is improper, Potter respectfully requests that the Court sever the case against ZTE and consolidate the cases.

Dated: August 31, 2012

Respectfully submitted,

*/s/ Daniel Bedell*
Daniel Bedell

THE LANIER LAW FIRM, P.C.
Christopher D. Banys        SBN: 230038 (California)
Daniel W. Bedell            SBN: 254912 (California)
2200 Geng Road, Suite 200
Palo Alto, CA 94303
(650) 322-9100      (650) 322-9103 (fax)
cdb@lanierlawfirm.com
dwb@lanierlawfirm.com

Local Counsel:

RYLEY CARLOCK & APPLEWHITE
F. Brittin Clayton III
1700 Lincoln Street, Suite 3500
Denver, CO 80203
Tel: (303) 813-6713
clayton@rcalaw.com

**ATTORNEYS FOR PLAINTIFF**
**POTTER VOICE TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2012, I filed a true and correct copy of the forgoing **POTTER VOICE TECHNOLOGIES LLC'S OPPOSITION TO ZTE (USA) INC.'S RULE 12(b)(6) MOTION TO DISMISS THIRD AMENDED COMPLAINT** via the Court's CM/ECF system which will send notification of such filing to all counsel at the following email addresses:

| | |
|---|---|
| **Eamonn Gardner**<br>**Matthew Leary**<br>**Stephen C. Neal**<br>**Timothy S. Teter**<br>Cooley LLP<br>egardner@cooley.com<br>mleary@cooley.com<br>nealsc@cooley.com<br>teterts@cooley.com<br><br>*Attorneys for Defendant Apple Inc.* | **Scott Robert Bialecki**<br>**Erin A. Kelly**<br>Bryan Cave HRO<br>scott.bialecki@bryancave.com<br>erin.kelly@bryancave.com<br><br>**Robert F. Perry**<br>**Christopher C. Carnaval**<br>**Allison H. Altersohn**<br>King & Spalding LLP<br>rperry@kslaw.com<br>ccarnaval@kslaw.com<br>aaltersohn@kslaw.com<br><br>*Attorneys for Defendant Nokia Inc.* |
| **Ian L. Saffer**<br>**Danielle Thompson Williams**<br>Kilpatrick Townsend & Stockton LLP<br>isaffer@kilpatricktownsend.com<br>dtwillams@kilpatricktownsend.com<br><br>*Attorneys for Defendants Google, Inc., and Motorola Mobility, LLC* | **Natalie Hanlon-Leh**<br>Faegre Baker Daniels LLP<br>natalie.hanlonleh@FaegreBD.com<br><br>**Alan A. Wright**<br>H.C. Park & Associates, PLC<br>awright@park-law.com<br><br>*Attorneys for Defendant Pantech Wireless, Inc.* |
| **Bruce A. Featherstone**<br>**Courtney A. Levkulich**<br>Featherstone Petrie DeSisto LLP<br>bfeatherstone@featherstonelaw.com<br>clevkulich@featherstonelaw.com<br><br>**Jerry R. Selinger**<br>Patterson & Sheridan, LLP<br>jselinger@pattersonsheridan.com<br><br>*Attorneys for Defendant HTC America, Inc.* | **Craig E. Davis**<br>**Dominic E. Messa**<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>craig.davis@wilmerhale.com<br>Dominic.Massa@wilmerhale.com<br><br>**Clayton C. James**<br>**Srecko "Lucky" Vidmar**<br>Hogan Lovells US LLP<br>clay.james@hoganlovells.com<br>lucky.vidmar@hoganlovells.com<br><br>*Attorneys for Defendants Research in Motion Limited and Research in Motion Corporation* |

| | |
|---|---|
| **Trevor Bartel**<br>**Scott M. Browning**<br>Rothgerber Johnson & Lyons LLP<br>tbartel@rothgerber.com<br>sbrowning@rothgerber.com<br><br>**Joseph E. Palys**<br>Finnegan, Henderson, Farabow, Garrett &<br>Dunner, LLP<br>Joseoh.palys@finnegan.com<br><br>*Attorneys for Defendant Huawei Device USA,<br>Inc.* | **James W. Soong**<br>**Hyun Chung**<br>**Rich Eldin**<br>**CJ Kim**<br>**Richard A. Edlin**<br>**Gayle L. Strong**<br>**Amy L. Kraner**<br>**Victor H. Polk, Jr.**<br>Greenberg Traurig, LLP<br>soongj@gtlaw.com<br>chungh@gtlaw.com<br>edlinr@gtlaw.com<br>kimc@gtlaw.com<br>edlinr@gtlaw.com<br>strongg@gtlaw.com<br>kramera@gtlaw.com<br>polkv@gtlaw.com<br><br>*Attorneys for Defendant Samsung<br>Telecommunications America, Inc.* |
| **Jose L. Patino**<br>Jones Day<br>jlpatino@JonesDay.com<br>pottervoice@jonesday.com<br>*Attorneys for Defendant Kyocera International,<br>Inc.* | **Patrick Park**<br>**Andrew Devkar**<br>DLA Piper LLP<br>patrick.park@dlapiper.com<br>Andrew.deckar@dlapiper.com<br><br>*Attorneys for Sharp Electronics Corporation* |
| **Renzo N. Rocchegiani**<br>**Sandra B. Wick Mulvany**<br>McKenna Long & Aldridge, LLP<br>rrocchegiani@mckennalong.com<br>swickmulvany@mikennalong.com<br>LG-PV@mckennalong.com<br><br>*Attorneys for Defendant LG Electronics<br>Mobilecomm U.S.A., Inc.* | **Lewis Popovski**<br>**Michael Sander**<br>Kenyon & Kenyon LLP<br>Lpopovski@keynon.com<br>MSander@Kenyon.com<br><br>**J. Mark Smith**<br>Pendleton, Wilson, Hennessey & Crow, P.C.<br>msmith@penberg.com<br><br>*Attorneys for Defendant Sony Mobile<br>Communications (U.S.A.) Inc.* |
| **Amanda J. Tessar**<br>**Kourtney Mueller Merrill**<br>**Grant Kinsel**<br>Perkins Coie LLP<br>atessar@perkinscoie.com<br>kmerrill@perkinscoie.com<br>gkinsel@perkinscoie.com<br><br>*Attorneys for Defendant Microsoft Corporation* | **Matthew W. Johnson**<br>**Hugh Q. Gottschalk**<br>Wheeler Trigg O'Donnell LLP<br>johnson@wtotrial.com<br>gottschalk@wtotrial.com<br><br>**Elizabeth Yang**<br>Connolly Bove Lodge & Hutz LLP<br>eyang@cblh.com<br><br>*Attorneys for Defendant ZTE (USA) Inc.* |

*/s/ Lilli McBride*
Lilli McBride