**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-CV-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

     Plaintiff,

v.

APPLE INC., et al.,

     Defendants.

---

**POTTER VOICE TECHNOLOGIES' OPPOSITION TO GOOGLE'S MOTION TO
DISMISS CLAIMS FOR INDUCEMENT OF INFRINGEMENT**

---

## I.   INTRODUCTION

The Court should deny Google's motion to dismiss (Dkt. No. 181) Potter Voice

Technologies' induced infringement claims.  Potter correctly pled induced infringement.

Indeed, Potter (1) identified specific products, (2) identified the direct infringers, and (3)

alleged facts sufficient to give rise to a reasonable inference of Google's knowledge of

the patent-in-suit and intent to induce infringement.  Thus, the Court should deny

Google's motion to dismiss Potter's induced infringement claims.

## II.   THE COURT SHOULD DENY GOOGLE'S MOTION TO DISMISS POTTER'S INDUCED INFRINGEMENT CLAIMS.

### A.   Facts

One June 19, 2012, Potter filed its Third Amended Complaint against Google,

alleging infringement of U.S. Patent No. 5,29,659 (the "'659 patent").  *See* Third

Amended Complaint for Patent Infringement and Jury Demand, Dkt. No. 165.  Potter

alleged that Google induced infringement of Potter's '659 patent:

> 31.     On information and belief, Defendant Google indirectly infringes by
> actively inducing its customers to use Google Voice Search on the Nexus
> 7, Apple iPhone 4S, HTC EVO Design 4G, HTC Incredible S, HTC
> Rezound, HTC Titan, Samsung Galaxy S II, Samsung Galaxy S Blaze,
> Samsung Focus, Sony Xperia X10, LG Optimus S, Motorola DROID
> RAZR, ZTE Score M, Kyocera Echo, Sharp FX PLUS ADS1, Huawei
> M835, Pantech Burst, RIM BlackBerry Bold, Nokia Lumia 710, and all
> reasonably similar products. On information and belief, Google
> encourages, and intends for its customers to use Google Voice Search on
> mobile devices in a manner that infringes the claims of the '659 patent.
> Indeed, on its public website, Google advertises and instructs customers
> on how to use Google Voice Search on mobile devices in a manner that
> infringes the '659 patent claims.  On information and belief, Defendant
> Google knew its actions would induce infringement of the '659 patent.
> Indeed, from the service date of the initial Complaint forward, Defendant
> Google had knowledge of the '659 patent and knew its actions would
> induce its customers' infringement of the '659 patent.

Complaint at ¶ 31.

**B.     Argument**

1.     **Legal Standards**

A motion to dismiss brought under Rule 12(b)(6) "is viewed with disfavor and

rarely granted." *First Media Ins. Specialists, Inc. v. OneBeacon Ins. Co.*, 2011 WL

5570799, at *5 (D. Kan. Nov. 16, 2011); *see also Lormand v. U.S. Unwired, Inc.*, 565

F.3d 228, 232 (5th Cir. 2009).  Furthermore, "all well pleaded facts in the complaint are

assumed to be true and viewed in the light most favorable to the plaintiff." *First Media*

*Ins. Specialists, Inc. v. OneBeacon Ins. Co.*, 2011 WL 5570799, at *5.  To prevail on a

motion to dismiss, the moving party must prove "beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief." *Hall v.*

*Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957))

2.    **Potter Properly Pled Induced Infringement.**

Potter's Complaint meets the pleading standards required for induced infringement as explained by the Federal Circuit's recent decision in *In re Bill of Landing Transmission & Processing Sys. Patent Litigation*, 2012 WL 2044605 (Fed. Cir. June 7, 2012). In that case, the Federal Circuit held that the complaint only needs to "contain facts plausibly showing that [defendant] specifically intended their customers to infringe the [] patent and knew that the customer's acts constituted infringement" to properly plead induced infringement. *Id.* at 1339. The Federal Circuit further found that this "does not mean, however, that [a plaintiff] must prove its case at the pleading stage." *Id.* And – reversing the district court's dismissal of plaintiff's induced infringement claims – the Federal Circuit noted that courts must "draw all reasonable inferences in favor of the non-moving party." *Id.* Indeed, the Federal Circuit observed that "nothing in *Twombly* or its progeny allows a court to choose among competing inferences as long as there are sufficient facts alleged to render the non-movant's asserted inferences plausible." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Potter has sufficiently identified the alleged direct infringer:  Google's customers. And Potter sufficiently alleged facts giving rise to a reasonable inference of Google's knowledge of the patent-in-suit and its intent to induce its customers' infringement. Complaint at ¶ 31. Indeed, Potter alleged that it informed Google of the '659 patent and Google's infringement in its initial complaint. *Id.* at ¶ 31. And Potter's initial complaint identified the asserted patent and specific accused products to Google. In its current

3

complaint, Potter also alleged that "Google encourages, and intends for its customers to use [the specific accused products] in a manner that infringes the claims of the '659 patent claims" and alleged supporting facts including that "on its public website, Google advertises and instructs customers on how to use [the specific accused products] in a manner that infringes the '659 patent claims." *Id*. Potter's complaint therefore contains detailed factual allegations of Google's knowledge of the patent and intent to induce. And reasonable inferences drawn therefrom plausibly establish that Google is inducing its customers to infringe.  Thus, Potter's complaint contains "sufficient factual allegations to enable this court to reasonably conclude that [Google] is liable for inducing infringement" and this "is all that is required to state a claim for relief that is plausible on its face." *See In re Bill of Landing,* 2012 WL 2044605 at 1346.

Google argues that Potter's initial complaint cannot provide knowledge sufficient to support a claim of induced infringement.  But Potter's induced infringement allegations against Google are limited to Google's conduct after receiving the initial complaint.  And in this situation, courts have held that "given the ease of amendment, the limitation of damages to post-knowledge conduct, and in the interests of judicial economy . . . the better reasoning is to allow" induced infringement allegations based on post-filing knowledge "to proceed to discovery rather than dismissing it for lack of pre-filing knowledge when, by the time the motion to dismiss has been filed, defendant in fact has the requisite knowledge as pled by plaintiff." *Walker Digital, LLC v. Facebook, Inc.*, CIV. 11–313–SLR, 2012 WL 1129370, at *5 n. 11 (D.Del. Apr .4, 2012).  Thus, Google's motion should be denied in light of the liberal pleading standards espoused by the Federal Circuit and met by Potter. *See In re Bill of Landing*, 2012 WL 2044605.

4

## III.     CONCLUSION

Potter's induced infringement allegations are sufficient under the liberal pleading standards that the Federal Circuit has articulated.  Thus, Potter respectfully requests that the Court deny Google's motion to dismiss Potter's induced infringement claims.


Dated: August 31, 2012                Respectfully submitted,


                                                      /s/ Daniel Bedell____
                                                      Daniel Bedell

                                                      THE LANIER LAW FIRM, P.C.
                                                      Christopher D. Banys        SBN: 230038 (California)
                                                      Daniel W. Bedell             SBN: 254912 (California)
                                                      The Lanier Law Firm, P.C.
                                                      2200 Geng Road, Suite 200
                                                      Palo Alto, CA 94303
                                                      Tel: (650) 332-9100
                                                      Fax: (650) 322-9103
                                                      cdb@lanierlawfirm.com
                                                      dwb@lanierlawfirm.com


                                                      LOCAL COUNSEL:

                                                      RYLEY CARLOCK & WHITE
                                                      F. Brittin Clayton III
                                                      1700 Lincoln Street, Suite 3500
                                                      Denver, CO 80203
                                                      Tel: (303) 813-6713
                                                      clayton@rcalaw.com

                                                      **ATTORNEYS FOR PLAINTIFF**
                                                      **POTTER VOICE TECHNOLOGIES, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2012, I filed a true and correct copy of the forgoing **POTTER VOICE TECHNOLOGIES LLC'S OPPOSITION TO GOOGLE'S MOTION TO DISMISS CLAIM FOR INDUCEMENT OF INFRINGEMENT IN THE THIRD AMENDED COMPLAINT** via the Court's CM/ECF system which will send notification of such filing to all counsel at the following email addresses:

| | |
|---|---|
| **Eamonn Gardner**<br>**Matthew Leary**<br>**Stephen C. Neal**<br>**Timothy S. Teter**<br>Cooley LLP<br>egardner@cooley.com<br>mleary@cooley.com<br>nealsc@cooley.com<br>teterts@cooley.com<br><br>*Attorneys for Defendant Apple Inc.* | **Scott Robert Bialecki**<br>**Erin A. Kelly**<br>Bryan Cave HRO<br>scott.bialecki@bryancave.com<br>erin.kelly@bryancave.com<br><br>**Robert F. Perry**<br>**Christopher C. Carnaval**<br>**Allison H. Alterson**<br>King & Spalding LLP<br>rperry@kslaw.com<br>ccarnaval@kslaw.com<br>aalterson@kslaw.com<br><br>*Attorneys for Defendant Nokia Inc.* |
| **Ian L. Saffer**<br>**Danielle Thompson Williams**<br>Kilpatrick Townsend & Stockton LLP<br>isaffer@kilpatricktownsend.com<br>dtwillams@kilpatricktownsend.com<br><br>*Attorneys for Defendants Google, Inc., and Motorola Mobility, LLC* | **Natalie Hanlon-Leh**<br>Faegre Baker Daniels LLP<br>natalie.hanlonleh@FaegreBD.com<br><br>**Alan A. Wright**<br>H.C. Park & Associates, PLC<br>awright@park-law.com<br><br>*Attorneys for Defendant Pantech Wireless, Inc.* |
| **Bruce A. Featherstone**<br>**Courtney A. Levkulich**<br>Featherstone Petrie DeSisto LLP<br>bfeatherstone@featherstonelaw.com<br>clevkulich@featherstonelaw.com<br><br>**Jerry R. Selinger**<br>Patterson & Sheridan, LLP<br>jselinger@pattersonsheridan.com<br><br>*Attorneys for Defendant HTC America, Inc.* | **Craig E. Davis**<br>**Dominic E. Messa**<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>craig.davis@wilmerhale.com<br>Dominic.Massa@wilmerhale.com<br><br>**Clayton C. James**<br>**Srecko "Lucky" Vidmar**<br>Hogan Lovells US LLP<br>clay.james@hoganlovells.com<br>lucky.vidmar@hoganlovells.com<br><br>*Attorneys for Defendants Research in Motion Limited and Research in Motion Corporation* |

| | |
|---|---|
| **Trevor Bartel**<br>**Scott M. Browning**<br>Rothgerber Johnson & Lyons LLP<br>tbartel@rothgerber.com<br>sbrowning@rothgerber.com<br><br>**Joseph E. Palys**<br>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP<br>Joseoh.palys@finnegan.com<br><br>*Attorneys for Defendant Huawei Device USA, Inc.* | **James W. Soong**<br>**Hyun Chung**<br>**Rich Eldin**<br>**CJ Kim**<br>**Richard A. Edlin**<br>**Gayle L. Strong**<br>**Amy L. Kraner**<br>**Victor H. Polk, Jr.**<br>Greenberg Traurig, LLP<br>soongj@gtlaw.com<br>chungh@gtlaw.com<br>edlinr@gtlaw.com<br>kimc@gtlaw.com<br>edlinr@gtlaw.com<br>strongg@gtlaw.com<br>kramera@gtlaw.com<br>polkv@gtlaw.com<br><br>*Attorneys for Defendant Samsung Telecommunications America, Inc.* |
| **Jose L. Patino**<br>Jones Day<br>jlpatino@JonesDay.com<br>pottervoice@jonesday.com<br>*Attorneys for Defendant Kyocera International, Inc.* | **Patrick Park**<br>**Andrew Devkar**<br>DLA Piper LLP<br>patrick.park@dlapiper.com<br>Andrew.deckar@dlapiper.com<br><br>*Attorneys for Sharp Electronics Corporation* |
| **Renzo N. Rocchegiani**<br>**Sandra B. Wick Mulvany**<br>McKenna Long & Aldridge, LLP<br>rrocchegiani@mckennalong.com<br>swickmulvany@mikennalong.com<br>LG-PV@mckennalong.com<br><br>*Attorneys for Defendant LG Electronics Mobilecomm U.S.A., Inc.* | **Lewis Popovski**<br>**Michael Sander**<br>Kenyon & Kenyon LLP<br>Lpopovski@keynon.com<br>MSander@Kenyon.com<br><br>**J. Mark Smith**<br>Pendleton, Wilson, Hennessey & Crow, P.C.<br>msmith@penberg.com<br><br>*Attorneys for Defendant Sony Mobile Communications (U.S.A.) Inc.* |
| **Amanda J. Tessar**<br>**Kourtney Mueller Merrill**<br>**Grant Kinsel**<br>Perkins Coie LLP<br>atessar@perkinscoie.com<br>kmerrill@perkinscoie.com<br>gkinsel@perkinscoie.com<br><br>*Attorneys for Defendant Microsoft Corporation* | **Matthew W. Johnson**<br>**Hugh Q. Gottschalk**<br>Wheeler Trigg O'Donnell LLP<br>johnson@wtotrial.com<br>gottschalk@wtotrial.com<br><br>**Elizabeth Yang**<br>Connolly Bove Lodge & Hutz LLP<br>eyang@cblh.com<br><br>*Attorneys for Defendant ZTE (USA) Inc.* |

*/s/ Lilli McBride*
Lilli McBride