**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

      Plaintiff,

v.

APPLE INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY LLC,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA INC.,

      Defendants.

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(B)(6)**


**TABLE OF CONTENTS**

I. Introduction ................................................................................................................. 1

II. PVT Relies On the Wrong Pleading Standard ...................................................... 2

III. The New Allegations in PVT's Brief Concerning Willful Infringement Do Not Fix the Deficiencies in PVT's Complaint ........................................................... 3

IV. PVT Has Not Pled Post-filing Willful Infringement ................................................ 4

V. PVT Does Not Deny That it Failed to Allege the Required Element of Intent In its Induced Infringement Claim ............................................................. 5

VI. Conclusion ................................................................................................................. 7

**I.     INTRODUCTION**

Defendant Apple Inc. replies to D.I. 217, Plaintiff Potter Voice Technologies, LLC's ("PVT") Opposition to Apple's Motion to Dismiss PVT's willful and induced infringement claims. PVT does not rebut the contentions Apple raised in its opening brief—specifically, that PVT's Complaint failed to meet the minimum pleading requirements for these two claims.

For its willfulness claim, PVT does not dispute that the Complaint falls short of stating a claim that is plausible on its face—an absolute requirement for pleading willfulness. Instead, PVT resorts to making new and completely unfounded allegations. These new allegations only highlight the shortcomings of the original allegations in PVT's Complaint, and do nothing to remedy them.

As for PVT's claim of induced infringement, PVT does not dispute that the law required PVT to allege the element of specific intent to encourage others to infringe. PVT also does not dispute that PVT's Complaint failed to make such allegations, and instead claims that it may be possible to *infer* such an allegation from the rest of the Complaint. (Opp. at 4.) Even if that were true (and it is not), it still falls short of what the law requires to properly plead induced infringement.

Finally, PVT's Opposition is founded on a fundamental misunderstanding of the pleading standards for both willful and induced infringement. Instead of acknowledging the current pleading standard for these claims, PVT's Opposition cites to a standard that the Supreme Court expressly rejected in *Iqbal* and *Twombly*, and relies on a string of

irrelevant cases.  PVT has not stated a claim on which relief can be granted, and its willfulness and inducement claims should be dismissed.

## II.     PVT RELIES ON THE WRONG PLEADING STANDARD

PVT concludes its discussion of "Legal Standards" by contending that to prevail on a motion to dismiss, the movant must prove "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (Opp. at 3.)  However, the Supreme Court rejected this language five years ago in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562-63 (2007) ("The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard").  Instead, the Court clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 883 (2009) (quoting *Twombly*, 550 U.S. at 570).

In contrast to the standard that PVT relies on, a plaintiff must show more than a mere possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability.  *Ashcroft v. Iqbal*, 556 U.S. at 883 (2009) (quoting *Twombly*, 550 U.S. at 883) (emphasis added).  "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown- that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).  Here, PVT has alleged at most a "mere possibility" that Apple willfully infringed PVT's patent.  And PVT has not shown— or even properly alleged—that Apple induced any infringement of that patent.

### III. THE NEW ALLEGATIONS IN PVT'S BRIEF CONCERNING WILLFUL INFRINGEMENT DO NOT FIX THE DEFICIENCIES IN PVT'S COMPLAINT

After citing a discredited standard for motions to dismiss, PVT cites two out-of-circuit district court decisions, ostensibly to support its claim that PVT met the pleading standard for willful infringement. Neither case supports PVT's argument. In each case, *the Defendant conceded that it knew of the patent-in-suit.* Thus, these cases do nothing to address the primary deficiency in PVT's Complaint—PVT's failure to state a plausible claim that Apple knew of the patent-in-suit.[1]

In the cited *St. Clair* case, the patent had actually been called to the attention of the Defendant, and the Defendant had conceded that St. Clair had adequately alleged knowledge. *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, 2012 WL 1134318, at *3 (D. Del. Mar. 28, 2012). Similarly, in *Milwaukee Elec. Tool Corp. v. Hitachi Koki, Ltd.*, 2011 WL 665439 (E.D. Wis. Feb. 14, 2011), there was no question that the Defendants had knowledge of the patent. (*See* Memorandum in Support of Motion to Dismiss Claim for Willful Infringement for Failure to State a Claim, 2010 WL 518124 at n. 1.)

In contrast, the allegations made in PVT's Complaint barely suggest a far-fetched possibility that Apple knew of the patent-in-suit, much less "state a claim to relief that is plausible on its face," as PVT was required to do. *Iqbal*, 55 U.S. 662, 129 S.Ct at 1949. PVT as much as acknowledges this by making several new (and totally unfounded)

---

[1] PVT also references two opinions dealing with whether the pleading requirement for willfulness is covered by Fed. R. Civ. P. 8(a)(2) or 9(b)—an issue not raised by Apple and not relevant to its Motion.

allegations through its Opposition, while at the same time not even attempting to argue that the original allegations met the requirements of *Iqbal*.

In its Opposition, PVT alleges for the first time that "the fact that the SRI inventors cited the '659 patent to the PTO is … powerful evidence of their knowledge of the '659 patent." (Opp. at 4.) But the information disclosure statement (IDS) was clearly filed by the prosecuting attorney, not any of the inventors, and there is no reason to believe that the routine filing of an (IDS) by the prosecuting attorney involved any of the inventors who were hired by Apple almost ten years later. Notably, PVT fails to provide a single fact or citation in support of this allegation. Second, PVT claims that "the SRI inventors thought the '659 patent sufficiently material to their invention that they determined they had to disclose it to the PTO." (*Id*.) Again, PVT does identify any evidence that the inventors even knew of the patent, let alone "thought" of it as potentially material. Tellingly, PVT's brief is devoid of any factual support for this allegation. Moreover, PVT made <u>none</u> of these allegations in its Complaint, and it is the sufficiency of that Complaint that is at issue.

## IV. PVT HAS NOT PLED POST-FILING WILLFUL INFRINGEMENT

Perhaps recognizing the problems with its pre-filing willfulness claims, PVT also introduces for the first time a new willfulness claim based on <u>post-filing</u> knowledge. (Opp. at 3.) PVT never pled this in any of its Complaints, including the Third Amended Complaint. To the extent PVT now argues that its current allegations make out such a claim, PVT is wrong.

The only references PVT's Complaint makes regarding post-filing activities are (1) "Further, from the service date of the initial Complaint forward, Defendant Apple had additional knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent"; and (2) (three paragraphs later) "On information and belief, Defendant Apple will continue to infringe the '659 patent unless enjoined by this Court."  (Third Amended Complaint at ¶¶ 25, 28.)  These allegations are insufficient to plead post-filing willfulness for two reasons.

First, "[o]ther than the mere suggestion that infringement continues, there are no facts in the [Complaint] concerning … post-filing conduct at all, and certainly none that would support a claim of recklessness." *Vasudevan Software* 2012 WL 1831543, at *5. Second, PVT has not moved for a preliminary injunction, and "[a] patentee who does not attempt to stop an accused infringer's activities in this manner should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1374 (Fed.Cir.2007); *Vasudevan*, 2012 WL 1831543, at *5 ("To permit [Plaintiff] to proceed in this fashion would invite claims of willfulness in every patent suit, as a matter of course, and regardless of the facts.")

## V.     PVT DOES NOT DENY THAT IT FAILED TO ALLEGE THE REQUIRED ELEMENT OF INTENT IN ITS INDUCED INFRINGEMENT CLAIM

PVT does not deny that its Complaint failed to allege that Apple had a specific intent to encourage infringement—an essential element for properly pleading induced infringement.  *See In re Bill of Lading Transmission and Processing System Patent Litigation*, 695 F.Supp.2d 680, 685 (S.D. Ohio 2010); *Air Vent, Inc. v. Owens Corning Corp.*, 2011 WL 2601043, at *4 (W.D. Pa. June 30, 2011) ("The Federal Circuit Court of

Appeals has instructed that the plaintiff in an inducement claim must allege not only that the defendant knowingly induced infringement, but that the defendant had a specific intent to encourage that infringement. *Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 697–98 (Fed.Cir.2008).") Nor does PVT plead facts directed to this element, as any facts alleged are clearly directed only at knowledge, not intent. This failure alone should be sufficient to dismiss this claim.

PVT now argues that despite its failure to allege intent, PVT instead "alleged facts giving rise to a reasonable inference of Apple's … intent to induce infringement." But this is not legally sufficient. First, the facts alleged by PVT do nothing to suggest any specific intent on Apple's part. There is simply no hint of a reason or motivation for Apple to infringe PVT's patent. Instead, the only two "facts" PVT identifies are related (if at all) to knowledge of the patent, not intent (Opp. at 4-5):

> Potter alleged that Apple had knowledge of the '659 patent and alleged supporting facts including that: (1) the '659 patent was cited in eight of Siri, Inc.'s patent applications and (2) Apple acquired Siri, Inc. and the inventors of these applications.

In addition, PVT's reference to any post-filing "knowledge" similarly fails to even imply specific intent, much less allege it.

Second, the sole case PVT cites to for its position that the Complaint "meets the pleading standards required for indirect infringement" completely misses the point. (Opp. at 4.) The plaintiff in the case cited by PVT ***did*** specifically allege intent, something PVT indisputably failed to do. *In re Bill of Lading Transmission & Processing Sys. Patent Litigation*, 2012 WL 2044605 (Fed. Cir. June 7, 2012) (where the Complaint averred that "DriverTech affirmatively sells, offers to sell, encourages, **and intends** for

its customers to use the DT4000 TruckPC…**in a manner that infringes on the patented process**.") *Bill of Lading* does not address the main problem with PVT's allegation of induced infringement—its failure to allege intent. Without that allegation—which PVT has no basis to assert—PVT's claim of induced infringement is not properly pled.

## VI.    CONCLUSION

PVT has not adequately pled either willfulness or inducement, and has no basis to do so. Thus, Apple respectfully requests that the Court dismiss PVT's willful and induced infringement claims in the Third Amended Complaint as to Apple pursuant to Fed. R. Civ. P. 12(b)(6).

September 14, 2012                         Respectfully submitted,

By: */s/ Timothy S. Teter*
    Eamonn Gardner (#38088)
    egardner@cooley.com
    Matthew Leary (#43610)
    mleary@cooley.com
    **Cooley LLP**
    380 Interlocken Crescent, Suite 900
    Broomfield, CO  80021-8023
    Telephone:      (720) 566-4000
    Facsimile: (720) 566-4099

    Stephen Neal (CA #170085)
    nealsc@cooley.com
    Timothy S. Teter (*CA #171451)*
    teterts@cooley.com
    **Cooley LLP**
    Five Palo Alto Square
    3000 El Camino Real
    Palo Alto, CA 94304
    Telephone: (650) 843-5000
    Facsimile: (650) 849-7400

    *Attorneys for Defendant Apple Inc.*

CERTIFICATE OF SERVICE

    I hereby certify that on September 14, 2012, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send an electronic copy of this filing to the counsel of record.

                                           /s/ *Timothy S. Teter*  
                                           Timothy S. Teter

380752 v6/CO