**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC.

      Plaintiff,

v.

APPLE, INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY, INC.,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA, INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA INC.

      Defendants.
_____

**REPLY IN SUPPORT OF HTC AMERICA, INC.'S
MOTION TO DISMISS PLAINTIFF POTTER VOICE TECHNOLOGIES LLC'S
THIRD AMENDED COMPLAINT**
_____

Potter Voice Technologies LLC ("Potter Voice") has failed to adequately plead active inducement of infringement against HTC America, Inc. ("HTC America") despite three chances to get it right. Potter Voice also has violated 35 U.S.C. § 299 by joining four competing makers of voice command software (two of which use the software only

1

on their own handsets) and fourteen competitive handset defendants (including the two that make their own voice command software).  The Court should dismiss with prejudice the  claims for indirect infringement, and the case otherwise should be dropped, against HTC America.[1]

## I. The Inducement Claim Is Inadequate

Inducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.  *BIAX Corp. v. Motorola Solutions, Inc.*, Civil Action No. 10-cv-03013-PAB-KLM, 2012 WL 502727, 2012 U.S. Dist. LEXIS 18546 (D. Colo. Feb. 15, 2012) *citing DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).  The Court should rule that mere knowledge of a patent gained only after the filing of suit is inadequate as a matter of law to support a claim of induced infringement.  *See* Motion to Dismiss at 5-6 (citing cases) (Dkt # 168).

The Court should reject the logic of *Walker Digital, LLC v. Facebook, Inc.*, CIV. 11-313-SLR, 2012 WL 1129370, at *5 n.11 (D. Del. April 4, 2012).  That case assumed that a complaint which asserts knowledge only after the filing of a complaint complied with Fed. R. Civ. P. 8.  *Id.*

However, knowledge first gained after the filing of suit is *sui generis*.  A party who first learns of a patent in this way, necessarily also is burdened with the obligations imposed by Fed. R. Civ. P. 11.  Almost without exception, such a party will perform due diligence and file a response that denies infringement and/or asserts invalidity and/or

---

[1] This Reply is made in response to "Plaintiff's Opposition to Defendant HTC's Motion to Dismiss", filed August 28, 2012 ("Opposition Brief")(Dkt. 218) and in support of "HTC America Inc.'s Rule 12(b)(6) Motion to Dismiss Plaintiff Potter Voice Technologies LLC's Third Amended Complaint", filed August 7, 2012 ("Motion to Dismiss")(Dkt. 168).

inequitable conduct. This necessarily means that the party has a good faith belief that it does not infringe any valid or enforceable patent claim, thus negating the intent component of induced infringement. Consequently, when knowledge is first asserted based on the arrival of a complaint, the Court should require more than what Potter Voice here asserts: *i.e.,* that "since the service date of the complaint, [a defendant] had knowledge of the patent and knew its actions would induce its customers' infringement of the '659 patent." *See* Motion to Dismiss at 3, quoting Third Amended Complaint ¶ 35 (Dkt. # 165). Potter Voice has not made any allegation of intent different from knowledge of the patent since the service date of the initial complaint.

The Third Amended Complaint is Potter Voice's third specific unsuccessful effort to allege viable infringement claims. The allegations of active inducement infringement should be dismissed with prejudice.[2]

II. <u>Potter Voice's Efforts to Circumvent the AIA Should be Rejected and HTC America Should be Dropped from the Action</u>

Potter Voice has attempted an end run around the America Invents Act by joining fifteen unrelated companies in a single lawsuit. This Court should not be misled by Potter Voice's fancy chart. The America Invents Act's joinder requirements are clear. Defendants cannot be joined in a patent infringement case unless the right to relief is asserted jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making,

---

[2] Potter Voice represents that "Potter's induced infringement allegations against HTC **are limited to** HTC's conduct **after** the complaint," Opposition Brief at 5 (emphasis added).

using, offering for sale, or selling the same accused product; and there are questions of fact common to ALL defendants.  *See* Leahy-Smith America Invents Act, Pub. L. No. 112-29, § 19(d), § 299, 125 Stat. 284, 332-33 (2011) (codified at 35 U.S.C. § 299) (hereinafter "AIA").

Potter Voice argues that joinder of HTC America is proper because both Google and Microsoft "make software for the same HTC, Samsung, and Nokia devices …." Opposition Brief at 11.  Yet, Potter Voice concedes that "Apple makes software for its phones, and RIM for its own BlackBerry line of phones."  *Id.*   Potter Voice suggests there are common facts based on the same patent-related issues that were long the basis for multi-defendant cases in the Eastern District of Texas and that were a prime motivator of § 299 of the AIA.  Opposition Brief at 8.   Potter Voice's view of proper joinder is directly contrary to the mandate of 35 U.S.C. § 299.  There is no transaction or occurrence, or series of transactions or occurrences, between ALL of the handset defendants (*e.g.* between HTC and Apple), let alone between ALL of the defendants.

### A. The Required Factors for Joinder have not been Met

Contrary to Potter Voice's assertion, 35 U.S.C. § 299 allows joinder of independent defendants *only* if their alleged infringement involves "the *same* accused product or process" *and* "arise[s] out of the same transaction [or] occurrence."  35 U.S.C. § 299(a)(1) (emphasis added).  The statute also requires "questions of fact common to *all* defendants" to support joinder.  § 299 (a)(2) (emphasis added).  Here, Potter Voice fails each of these requirements.  Potter Voice argues that the requisite commonality exists based on different subsets of defendants. Opposition Brief at 11- 13.  This

ignores the fact that each company sells different products, and there is no connection between them.

Indeed, there are no common transactions alleged (or even described in the response) between HTC America and any of the other handset defendants whatsoever. For example, there is no common transaction between HTC America and Apple or Samsung. In fact, they are competitors. Furthermore, even if HTC America may sell a small number of products that include both Microsoft and Google accused software, this matter is inadequate for joinder because these sales neither arise "out of the same transaction, occurrence, or series of transactions or occurrences" nor involve "all defendants." 35 U.S.C. § 299(a).

Potter Voice tries to overcome these facts with a chart that purports to show relationships among the defendants. Opposition Brief at 6-7. Instead, this chart highlights the convoluted nature of Potter Voice's joinder argument, which is, in effect, that joinder among defendants is transitive, *i.e.*, two unrelated defendants may be joined through their separate relationships with a third defendant. The AIA was enacted to preclude joinder in precisely these circumstances because it denies defendants a "meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages . . . ." *In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed. Cir. 2012).[3] Potter Voice's position encourages joinder of more defendants

---

[3] *See also* 1, *H-W Technology, L.C. v. Apple, Inc.*, *et.al.*, No. 3:11-CV-651, D.E. 369 at 8 (N.D. Tex. July 5, 2012) (In a case involving thirty-two defendants, the court severed Apple from the case holding that "[S]ince the claims against each of the defendants are not based on shared overlapping facts, other than the fact that the accused products

Case 1:12-cv-01096-REB-CBS   Document 232   Filed 09/14/12   USDC Colorado   Page 6 of 9

because each additional defendant increases the chance of establishing a transitive relationship with another defendant.

### B. HTC America Should be Dropped from the Lawsuit

The appropriate remedy is to drop HTC America from the lawsuit. Fed. R. Civ. P. 21; *K-B Trucking Co. v. Riss Int'l Corp.*, 763 F.2d 1148, 1153 (10th Cir. 1985). HTC America is a defendant because its accused handsets use Google and Microsoft software. As a defendant in a separate case, either in this District or in HTC America's home district in Washington State, it will have an opportunity to seek to have its separate action stayed pending resolution of the disputes between Potter Voice and Microsoft and Google over the software in issue.

### III.   Conclusion

In view of the foregoing, the Court should dismiss all inducement of infringement claims with prejudice and drop HTC America from the lawsuit.

---

are allegedly technically similar and infringe the same patent, Apple's joinder is improper under *In re EMC Corp.*").

DATED:  September 14, 2012                Respectfully submitted,

*/s/ Bruce A. Featherstone*
Bruce A. Featherstone
Courtney A. Levkulich
FEATHERSTONE PETRIE DESISTO LLP
600 17th Street, Suite 2400-S
Denver, Colorado  80202-5424
Telephone:  303 626-7100
Facsimile:  303 626-7101
bfeatherstone@featherstonelaw.com
clevkulich@featherstonelaw.com


Jerry R. Selinger
PATTERSON & SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Telephone:  214-272-0957
Facsimile:  214-296-0246
jselinger@pattersonsheridan.com


**ATTORNEYS FOR DEFENDANT HTC AMERICA, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2012, I electronically filed the foregoing **REPLY IN SUPPORT OF HTC AMERICA, INC.S' MOTION TO DISMISS PLAINTIFF POTTER VOICE TECHNOLOGIES LLC'S THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/EMF system, which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Eamonn Joseph Gardner | egardner@cooley.com |
| Matthew James Leary | mleary@cooley.com |
| Stephen C. Neal | nealsc@cooley.com |
| Timothy Scott Teter | teterts@cooley.com |
| Ian L. Saffer | isaffer@kilpatricktownsend.com |
| E. Danielle T. Williams | dtwilliams@kilpatricktownsend.com |
| Joseph Edwin Palys | joseph.palys@finnegan.com |
| Scott Mark Browning | sbrowning@rothgerber.com |
| Trevor G. Bartel | tbartel@rothgerber.com |
| Douglas B. Tumminello | dtumminello@rothgerber.com |
| Jose L. Patino | jlpatino@jonesday.com |
| Renzo Nicola Rocchegiani | rrocchegiani@mckennalong.com |
| Sandra B. Wick Mulvany | swickmulvany@mckennalong.com |
| Amanda J. Tessar | atessar@perkinscoie.com |
| Kourtney Mueller Merrill | kmerrill@perkinscoie.com |
| Grant Edward Kinsel | gkinsel@perkinscoie.com |
| Erin Anne Kelly | erin.kelly@bryancave.com |
| Scott Robert Bialecki | scott.bialecki@foxrothschild.com |
| Robert F. Perry | rperry@kslaw.com |
| Christopher C. Carnaval | ccarnaval@kslaw.com |
| Allison H. Altersohn | aaltersohn@kslaw.com |
| Amy Leigh Kramer | kramera@gtlaw.com |
| Gayle Lynn Strong | strongg@gtlaw.com |
| James William Soong | soongj@gtlaw.com |
| Richard Aframe Edlin | edlinr@gtlaw.com |
| Victor H. Polk , Jr. | polkv@gtlaw.com |
| Patrick S. Park | patrick.park@dlapiper.com |
| Andrew V. Devkar | andrew.devkar@dlapiper.com |
| Richard de Bodo | richard.debodo@dlapiper.com |
| Hugh Q. Gottschalk | gottschalk@wtotrial.com |
| Matthew E. Johnson | johnson@wtotrial.com |
| Elizabeth Yang | eyang@cblh.com |

| Scott R. Miller | smiller@cblh.com |
| Christopher David Banys | cdb@lanierlawfirm.com |
| Daniel Wayne Bedell | dwb@lanierlawfirm.com |
| Frank Brittin Clayton , III | bclayton@rcalaw.com |
| Lewis Popovski | lpopovski@keynon.com |
| J. Mark Smith | msmith@penberg.com |
| Michael E. Sander | msander@kenyon.com |
| Natalie Hanlon-Leh | natalie.hanlonleh@FaegreBD.com |
| Alan A. Wright | awright@park-law.com |
| Craig E. Davis | craig.davis@wilmerhale.com |
| Dominic E. Massa | dominic.massa@wilmerhale.com |
| Clayton C. James | clay.james@hoganlovells.com |
| Srecko "Lucky" Vidmar | lucky.vidmar@hoganlovells.com |

*/s/ Rose Cusack*
Rose Cusack, Paralegal