## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

       Plaintiff,

v.

APPLE, INC., et al.,

       Defendants.

---

**MOTOROLA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S CLAIM FOR INDUCEMENT OF INFRINGEMENT IN
THE THIRD AMENDED COMPLAINT**

---

Defendant Motorola Mobility LLC ("Motorola") respectfully submits its Reply in

Support of its Motion to Dismiss Plaintiff's Claim for Inducement of Infringement in the

Third Amended Complaint (Dkt. 182).

**I.     POTTER VOICE'S RELIANCE ON POST-SUIT KNOWLEDGE DOES NOT
SATISFY THE PLEADING REQUIREMENTS FOR ITS CLAIM FOR
INDUCEMENT OF INFRINGEMENT.**

To support its inducement of infringement claim, Potter Voice must allege that

Motorola had knowledge of the '659 patent when Potter Voice filed suit.  *BIAX Corp. v.*

*Motorola Solns, Inc.*, Civil Action No. 10-cv-03013-PAB-KLM, 2012 WL 502727, at *7

n.3 (D. Colo. Feb. 15, 2012) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305

(Fed. Cir. 2006)).  Nonetheless, Potter Voice relies on the filing of its Original

Complaint to create its inducement of infringement claim where none previously

existed.  Potter Voice concedes that its "induced infringement claims are limited to

Motorola's conduct after receiving the initial complaint."  Potter Voice Technologies'

Opposition to Google's Motion to Dismiss (Dkt. 222) ("Opposition"), at p. 4.  The

knowledge requirement for inducement of infringement cannot be met by merely suing

Motorola for patent infringement.  This strategy reads the requirement that a plaintiff

have a "case or controversy" before filing suit right out of the law.

Potter Voice's position that post-suit knowledge satisfies the knowledge

requirement is exactly what the *Proxyconn* court rejected noting:

> [U]nder Plaintiff's rule, the defendant could not succeed on a
> motion to dismiss because, even though the defendant only
> learned of the patent the day of the complaint, defendant's
> knowledge is bootstrapped onto its conduct prior to the
> complaint's filing.  Only at summary judgment—after
> hundreds of thousands of dollars are wasted on discovery—
> could defendant finally prevail by showing that it lacked
> knowledge at the time its acts of contribution or inducement
> occurred.

*Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC (ANx), 2012 WL 1835680,

at *7 (C.D. Cal. May 16, 2012).  Filing suit should not create liability where none

previously existed.  To do so effectively eliminates the knowledge requirement

because it would be met once the complaint is filed in any case.

Potter Voice's reliance on *In re Bill of Lading Transmission and Processing

System Patent Litigation* is misplaced because the issues regarding inducement of

infringement before the Federal Circuit did not relate to knowledge of the patent, as is

at issue here.  681 F.3d 1323 (Fed. Cir. 2012).  Although several of the complaints at

issue in *In re Bill of Lading* alleged knowledge based on service of the complaint, the

sufficiency of the complaints' allegations of knowledge on this basis were not at issue

on appeal.  Instead, the appellees in *In re Bill of Lading* contended (and the Federal

Circuit disagreed) only that the complaints lacked sufficient allegations of specific

intent to induce infringement.  *See id.* at 1341-46.  Accordingly, this Court should

follow the court's reasoning in *BIAX*, *Proxyconn* and the other cited authority and

dismiss Potter Voice's inducement of infringement claim against Motorola with

prejudice.

II.    **POTTER VOICE FAILS TO ADDRESS THE THIRD AMENDED COMPLAINT'S FAILURE TO PLEAD SPECIFIC INTENT.**

Although Potter Voice recites the pleading requirements for a claim for inducement of infringement, Potter Voice does not address its failure to plead facts sufficient to show that Motorola is "specifically intending to induce others . . . to infringe [plaintiff's] patent." *BIAX Corp.*, 2012 WL 502727, at *3 (internal quotation omitted). Potter Voice relies on one Delaware decision, *Walker Digital, LLC v. Facebook, Inc.*, C.A. No. 11-313-SLR, 2012 WL 1129370 (D. Del. Apr. 4, 2012), to support its position that its allegations are sufficient.  Opposition at p. 4.  In citing *Walker Digital*, Potter Voice ignores the long list of Delaware decisions dismissing inducement claims similar to the one Potter Voice alleges.  *See, e.g., Chalumeau Power Systems LLC v. Alcatel-Lucent, et al.*, C.A. No. 11-1175-RGA, Dkt. 50, (D. Del. July 18, 2012)(the complaint did not supply "any factual accompaniment that would convert the post-suit knowledge into a plausible allegation of knowledge of the infringing use"); *Rovi Corp. v. Hulu, LLC*, No. 11-655, 2012 WL 261982, at *2 (D. Del. Jan. 27, 2012) (dismissing inducement claims because "[t]here are simply no facts . . . to support the claims that [defendant] induced others to infringe"); *Via Vadis, LLC v. Skype, Inc.*, No. 11-507, 2012 WL 261367 (D. Del. Jan. 27, 2012); *Xpoint Tech., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010) (pleading "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement").

The Third Amended Complaint alleges that Motorola "had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent."  Third Am. Compl. ¶ 52.  Absent from the Third Amended Complaint is any notion that Motorola intended its customers to infringe the '659 patent at the time any complaint was filed.  Potter Voice's legal conclusions do not "plausibly show" that

3

Motorola's receipt of any of the four complaints converted Motorola's benign actions into specific intent to induce others to infringe the '659 patent.

## <u>CONCLUSION</u>

For the reasons stated herein and in Motorola's Motion to Dismiss Plaintiff's Claim for Inducement of Infringement in the Third Amended Complaint, Motorola respectfully requests that the Court dismiss with prejudice Potter Voice's claim for inducement of infringement in the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted, this the 17th day of September.

KILPATRICK TOWNSEND & STOCKTON LLP
 /s/ Ian L. Saffer
Ian L. Saffer
1400 Wewatta Street, Suite 600
Denver, Colorado 80202
Telephone:  303.571.4000
Facsimile:   303.571.4321
Email: isaffer@kilpatricktownsend.com

E. Danielle T. Williams
North Carolina State Bar No. 23283
DTWilliams@KilpatrickTownsend.com
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 607-7300
Facsimile:  (336) 607-7500

Attorneys for Motorola Mobility LLC

4

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2012, a true and correct copy of Motorola's Reply in Support of its Motion to Dismiss Plaintiff's Claim For Inducement of Infringement in The Third Amended Complaint was filed and served with the Clerk of the United States District Court using the CM/ECF system which will send notification of such filing to all counsel of record in the case.

/s/ Ian L. Saffer
Ian L. Saffer

US2008 3859113 1