IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

    Plaintiff,

v.

APPLE INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY LLC,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA INC.,

    Defendants.

**REPLY BRIEF IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO SEVER**

**I.     INTRODUCTION.**

PVT's case against Apple is based on Siri. As an afterthought, PVT also asserts an inducement claim based, in part, on Google Voice Search. PVT's opposition completely ignores Siri, pretending that Apple and a dozen unrelated defendants sell the same products, when they indisputably do not. None of the other defendants make, use, or sell iPhones with Siri.

PVT does not and cannot dispute that Siri is solely related to Apple and completely unrelated to the claims against any other defendant. Nor does PVT contest that forcing Apple to defend Siri—in the same case as three entirely unrelated voice recognition software, Google Voice Search, Blackberry Voice Commands, and Windows Speech Commands—will prejudice Apple (and the other defendants), and create an unnecessary risk of confusing the jury. Given this lack of dispute, the Court should sever PVT's claims against Apple.

Nonetheless, PVT argues that the Court should join Apple with a dozen unrelated defendants because PVT has argued that they all make, use and sell products that can operate software called "Google Voice Search." PVT does not even attempt to show that PVT's inducement claim against Apple arises out of the same transaction or occurrence as the infringement allegations for 13[1] of the other defendants. Moreover, PVT cannot show that its claims against Apple and the other defendants share an

---

[1] These 13 defendants are (1) Microsoft Corp., (2) Research In Motion, (3) HTC Am., Inc., (4) Samsung Telecommc'ns Am., LLC, (5) Sony Mobile Commc'ns (USA) Inc., (6) LG Elecs. Mobilecomm USA, Inc., (7) Motorola Mobility LLC, (8) ZTE (USA) Inc., (9) Kyocera Int'l, Inc., (10) Sharp Electronics Corp., (11) Huawei Device USA, Inc., (12) Pantech Wireless, Inc., and (13) Nokia, Inc.

"aggregate of facts"—beyond the alleged sameness of "Google Voice Search", which is indisputably *different* for Android and non-Android devices. The Court should sever PVT's claims.

## II. PVT'S CLAIMS AGAINST APPLE SHOULD BE SEVERED.

### A. PVT Does Not Dispute Severance of the Claim Against Siri.

Although Siri is the undisputed focus of PVT's claims against Apple, PVT does not argue that claims against Siri belong in the same case as PVT's claims against the other defendants. PVT's infringement allegations are based on four distinct software products: (1) Apple's Siri, (2) BlackBerry Voice Commands, (3) Google Voice Search, and (4) Windows Speech Commands. PVT does not allege any relationship between these products, and it provides no reason that these distinct products should be included in the same litigation. Nor does PVT dispute that Siri is solely related to Apple, and completely unrelated to any of the other defendants or infringement claims in this case. Moreover, PVT does not dispute the prejudice to Apple and the other defendants, or the risk of jury confusion, if Siri is grouped with the other voice recognition technologies PVT accuses in this case. The only commonality between PVT's claim against Siri and its claims against the other accused software products is that they all allegedly infringe the same patent. This is not a basis for joinder under Section 299 of the AIA. *See* 35 U.S.C. § 299(b) (codifying the rule that joinder cannot be "based solely on allegations that they each have infringed the patent or patents in suit.").

Accordingly, this Court should sever PVT's infringement claim based on Siri into a separate action. Fed.R.Civ.P. 21.

### B. PVT's Inducement Claim Against Apple Based on Google Voice Search Must Be Severed.

#### 1. PVT's complaint does not even attempt to show a common "transaction or occurrence" between Apple and 13 of the 14 other defendants.

PVT does not even *attempt* to show that its claims against Apple and the other defendants (other than Google) arise out of the same transaction or occurrence. Instead, PVT argues that joinder is warranted merely because each handset provider's alleged inducement relates to some (admittedly distinct) species of the genus of software applications marketed as "Google Voice Search". (PVT' Opposition to Apple's Motion to Sever, D.I. 219, at 10 (cited as "Opp. at __").) Unrelated manufacturers who sell completely *different* products do not meet the transaction-or-occurrence test merely because those products are able to run software called "Google Voice Search." Even if the "Google Voice Search" software was the same for the Android and non-Android devices (and it is not) the transaction-or-occurrence test is not met:

> [T]he sameness of the accused products or processes is not sufficient. Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts.

*In re EMC Corp.*, 677 F.3d 1351, 1359-60 (Fed. Cir. May 4, 2012). Here, PVT does not allege that Apple acted in concert with any of the other handset providers. Accordingly, PVT was required to provide an "aggregate of operative facts" underlying both (a) the inducement claim against Apple and (b) the inducement claim against any other

handset provider. PVT did not do so. Accordingly, the claims against Apple must be severed. *Id*.

### 2. The defendants in this action may not be joined because the accused products are not the same.

The fact that PVT lacks a common transaction or occurrence for Apple and the other Defendants is dispositive—joinder is improper under Section 299. As a separate basis for finding misjoinder, PVT's claims do not relate to "the same accused product or process." 35 U.S.C. § 299.

As noted in Apple's opening motion, publicly-available information shows that there is not only a difference between the Google Voice Search products for Android and non-Android devices, but there is also a difference between the Google Voice Search products for iPhone, Blackberry, and Microsoft based devices. (Apple's Motion to Sever, D.I. 179, at 7-8 (cited as "Motion at __").) Although PVT disputes the evidence showing that Google Voice Search is a different product for iPhone, Blackberry, and Microsoft based devices, PVT does not contest the evidence showing Google Voice Search is a different product for Android and non-Anrdoid devices. (Opp. at 11-12.) In particular, PVT does not dispute the publicly available evidence showing that (a) Google Voice Search "for iPhone, Blackberry, and Nokia S60 V3 phones" is a separate and distinct product from (b) Google Voice Search for an Android Phone. (Motion, Ex. 1, which is not mentioned or contested in Opp. at 11-12.)

Moreover, even if PVT's infringement allegations will likely focus on the functionality of Google Voice Search, PVT's Complaint expressly and indisputably accuses *different* consumer products—such as the iPhone 4S for Apple, the Blackberry

Bold for RIM, the Lumia 710 for Nokia, and 15 other devices in the Complaint alone (*See, e.g.*, PVT's Third Amended Complaint, D.I. 165, at ¶ 31)—not "the same accused product" for Apple and the other defendants. *See Golden Bridge Tech., Inc. v. Apple Inc., et al.*, Case No. 2:12-cv-4014-ODW, Order Granting in Part Motion to Sever and Transfer, at 5 (C.D. Cal. September 11, 2012) (finding that under the AIA even if defendants used the same component, severance was required because "there is no evidence that [the different defendants'] products are identical or that they collaborated in any manner to infringe" the asserted patent). Accordingly, severance is required.

### 3. PVT's Complaint lacks questions of fact common to *all* defendants.

To satisfy joinder, the Complaint must raise questions of fact common to *all* defendants. 35 U.S.C. 299. Yet PVT fails to identify any factual issue, other than questions related to claim construction and patent invalidity, that is common to both Apple and Microsoft. (Opp. at 9.) As the Federal Circuit has made clear, in determining whether there is a common question of law or fact "the mere fact that infringement of the same claims of the same patent is alleged does not support joinder, even though the claims would raise common questions of claim construction and patent invalidity." *In re EMC*, 677 F.3d at 1357. Accordingly, Apple and Microsoft must be severed.

### 4. PVT's illusory efficiency arguments are irrelevant to 35 U.S.C. § 299.

Apple's severance request is based on PVT's failure to satisfy the requirements Section 299 of the AIA. PVT requests that this Court excuse its failure to satisfy Section 299 based on the argument that severance allegedly will create inefficiency. (Opp. at

12.)  But PVT's complaint that adherence to the requirements of Section 299 would create inefficiencies by precluding PVT from unfairly lumping claims against a divergent set of defendants and products into a single suit is a matter for it to take up with Congress, not the Court.  Accordingly, PVT's efficiency arguments are properly disregarded.

PVT's efficiency argument fails to identify a single benefit that could not be achieved at least as effectively through the application of rational and uncontroversial case management procedures by the parties and the Court as through PVT's reliance on the blunt instrument of improper joinder.  PVT claims that dismissing Apple from this case would require duplicative discovery, claim construction arguments, and invalidity contentions.  With respect to discovery, addressing claims against Apple products in a separate action will not create the need for additional, duplicative discovery.  Further, the parties are capable of ensuring that relevant documents or information produced in one case will be available in the other as appropriate.  With respect to claim construction and validity contentions, Apple's status as a co-defendant in this case or as a defendant in its own action does not affect efforts necessary on both sides to prepare these arguments and contentions.  If PVT did not want to prepare claim construction and validity contentions for eighteen defendants (whether in one or multiple suits), it should not have brought suit against eighteen defendants.  Indeed, PVT's insistence that it ought to be permitted to flout the rules so that it may more conveniently prosecute its myriad claims against disparate defendants without regard for the differences in their wares is, at best, disingenuous.

### C. PVT's Attempt to Use Consolidation to Circumvent Section 299 of the AIA is Improper and Should Be Rejected.

PVT argues that even if joinder is improper, the Court should sever Apple, and then consolidate the cases all over again. (Opp. at 13.) The Court should reject PVT's consolidation request because PVT fails to provide any facts or evidence establishing that consolidation is proper, much less that the balance weighs in favor of consolidation. *See Sprint Communications, L.P. v. Cox Communications, Inc.*, Case No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012) (citing *Blagg v. Line*, Nos. 09-CV-0703-CVE-FHM, 09-CV-0708-TCK-PJC, 10-CV-0502-GKF-PJC, 2010 WL 3893981, at *1 (N.D. Okla. Sept. 23, 2010) and *Bank of Montreal v. Eagle Assocs.*, 117 F.R.D. 530, 532 (S.D.N.Y. 1987)). *See also* 9A Wright & Miller, Federal Practice and Procedure § 2383 (collecting cases holding that for a motion to consolidate, the moving party bears the burden of proving that consolidation is proper).

Moreover, PVT's request should be rejected because it cannot meet its burden: the prejudice to Apple and the other defendants outweighs any benefit of consolidation. *See Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966) (court must ensure "that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case."); *Back v. Carter*, 933 F. Supp. 738, 748 (N.D. Ind. 1996) (the "court should not order cases consolidated if consolidation would prejudice the interests of any party."). Consolidating Apple with the other defendants will force the defendants to have to deal with witnesses, documents, and arguments related to at least four distinct voice recognition technologies and possibly hundreds of different handsets in the same litigation. As other courts have recognized, differences

between the accused products among a group of defendants' is a factor that favors against consolidation. *Mezzalingua Assocs., Inc. v. Arris Int'l, Inc.*, No. 03-353, 2003 WL 23282591, at *1 (W.D. Wis. July 15, 2003) (denying a patentee's motion to consolidate two patent infringement cases where the defendants and accused products were different in the two cases). These considerations are even stronger here, where the accused products differ in multiple dimensions. Not only is Apple's segment-defining iPhone wholly unique from the other defendants' devices, but Apple's proprietary Siri technology, as well as the Apple-specific incarnation of Google Voice Search are each exclusive to Apple. In short PVT's claims against Apple are individual at every level.

PVT's attempt to end-run the AIA using consolidation is unsupported, and should be rejected.

## III. CONCLUSION.

Ignoring the AIA, PVT filed suit against numerous unrelated parties, based on various unrelated products and claims. The Court should sever (a) PVT's claims against Apple based on Siri, and (b) PVT's claims against Apple based on alleged inducement of Google Voice Search into a separate action.

| | |
|---|---|
| By:  */s/ Timothy S. Teter*<br>     Cooley LLP<br><br>Eamonn Gardner (#38088)<br>egardner@cooley.com<br>Matthew Leary (#43610)<br>mleary@cooley.com<br>380 Interlocken Crescent, Suite 900<br>Broomfield, CO  80021-8023<br>Telephone:        (720) 566-4000 | September 17, 2012<br><br><br>Stephen Neal<br>nealsc@cooley.com<br>Timothy S. Teter<br>teterts@cooley.com<br>Five Palo Alto Square<br>3000 El Camino Real<br>Palo Alto, CA 94304<br>Telephone:        (650) 843-5000 |

*Attorneys for Defendant Apple Inc.*

Case 1:12-cv-01096-REB-CBS   Document 236   Filed 09/17/12   USDC Colorado   Page 10 of 11

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2012, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send an electronic copy of this filing to the counsel of record.

          /s/ *Timothy S. Teter*