IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

       Plaintiff,

v.

APPLE INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY LLC,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA INC.,

       Defendants.

---

**REPLY IN SUPPORT OF DEFENDANT APPLE INC.'S MOTION TO TRANSFER**

---

## I.    INTRODUCTION.

PVT does not dispute that all of Apple's witnesses, documents, and other evidence related to the iPhone 4S and Siri are in the Northern District of California.  Nor does PVT dispute that all of the relevant design, development, marketing, and financial decisions related to the accused products are made in the Northern District of California.  The Northern District of California is the center of gravity for this case, and the Northern District has a strong interest in this resolution of this litigation.  PVT has no business other than this lawsuit, and its last-minute incorporation in the State of Colorado is entitled to no weight.  PVT identifies only one potential witness – the third-party inventor, Mr. Potter – who has a residence in Colorado.  But Potter was living in Ohio and teaching at Kent State at the time of the invention, not living in Colorado, and PVT does not suggest that transfer will be inconvenient for him.  To the contrary, PVT chose to hire counsel based in the Northern District of California, not in Colorado, indicating that PVT and Potter know exactly where the center of gravity of this case is.

Accordingly, once PVT's claims against Apple are severed, the case against Apple should be transferred to the Northern District of California.

## II.    THE COURT SHOULD TRANSFER PVT'S SEVERED CLAIMS AGAINST APPLE TO THE NORTHERN DISTRICT OF CALIFORNIA.

### A.    The Accessibility of Evidence and Witnesses—the Most Important Factor—Strongly Favors Transfer to the Northern District of California.

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1169 (10th Cir. 2010).  Here, Apple has submitted evidence that all foreseeable Apple

witnesses related to the development, operation, marketing, and financials of the accused products are located in the Northern District of Colorado.  (Apple's Motion to Transfer, D.I. 180, (cited as "Motion at __") at 2 citing D.I. 180-1 at ¶¶ 6-7.)  PVT's attack on this evidence based on *Employers Mutual* is perfunctory and should be ignored.

First, PVT's objection that Apple did not provide the names of each witness is irrelevant given Apple's evidence that *all* foreseeable Apple witnesses are in the Northern District of California.  At this point, PVT has failed to provide sufficiently specific infringement contentions in order to allow Apple to identify which specific witnesses will testify at trial.  PVT's failure to provide sufficiently specific infringement contentions to allow Apple to identify witness names should not be a basis for denying transfer, especially when Apple has submitted evidence that all the foreseeable witnesses are in the Northern District of California.  Second, PVT cannot seriously question the quality or materiality of the areas of testimony Apple identified.  The development, operation, marketing, and financials of the accused products are critical to the issues of, at a minimum, infringement and damages.  Finally, PVT cannot dispute that Apple would be severely prejudiced if it was forced to choose between (1) forcing its employees to spend days out of state waiting to testify, or (2) using snippets of deposition testimony.  Accordingly, the convenience of the Northern District of California, and the inconvenience of this district, to key witnesses and proof should be undisputed.  *Employer Mutual*, 618 F.3d at 1169; *see also In re Genentech, Inc.*, 566

F.3d 1338, 1345 (Fed. Cir. 2009) (recognizing that in patent cases, this factor favors transfer to the defendant's home district).

PVT's emphasis on the convenience to Mr. Potter is also improper.  "In patent infringement cases, 'the location of the infringer's principal place of business is often the critical and controlling consideration because such suits often focus on the activities of the alleged infringer, its employees, and its documents, rather than upon those of the plaintiff.'" *Body Science LLC v. Boston Scientific Corp.*, No. 11 C 03619, 2012 WL 718495, at *8 (N.D. Ill. Mar. 6, 2012) (quoting *Cooper Bauck. Corp. v. Dolby Labs., Inc.*, No. 05 C 7063, 2006 WL 1735282, at *5 (N.D. Ill. June 19, 2006)).  Moreover, given the emphasis PVT has itself placed on third-party SRI International, the only third-party PVT identifies in its Complaint, the Court should not discount the importance of the need for compulsory process of SRI International.  In fact, unlike Mr. Potter, who PVT controls, third-party SRI is the only entity that is not controlled by a party to this litigation.

As with numerous other patent cases, this factor strongly favors transfer to accused infringer's home district---here, the Northern District of California.  *See, e.g., In re Genentech*, 566 F.3d at 1345; *Body Science*, 2012 WL 718495, at *8 (collecting cases).

### B.    Cost Favors Transfer.

"The factor considering cost relates to the factor concerning witness convenience, in that the cost for witnesses located in [the Northern District of California] to attend proceedings in Colorado will obviously be greater than costs incurred if the same witnesses attend proceedings in [the Northern District]."  *See Genetic*

*Technologies Ltd., v. Agilent Tech., Inc.*, Case No. 11-cv-01389-WJM-KLM, D.I. 4, Order Granting Motion to Sever and Transfer (D. Colo. March 23, 2012).  As compared to the multiple Apple witnesses for which the Northern District of California is more cost effective and convenient, PVT only identifies a single witness for which Colorado is more cost effective and convenient.  Accordingly, this factor weighs in favor of transfer.

**C.    Apple's Strong Contacts With the Northern District of California, and the Lack of Any Relevant Contact With Colorado, Favors Transfer.**

The Northern District of California's localized interest in this case also strongly favors transfer.  By focusing solely on the location of where allegedly infringing products are sold, PVT argues that this factor is neutral.  (PVT's Opposition to Apple's Motion to Transfer, D.I. 220, (cited as "Opp. at __") at 7-8.)  This is improper.  "Other courts that have addressed this issue have not looked to where the allegedly infringing product was sold, but to where it was designed, developed, and tested, as well as to where decisions were made relating to sales and marketing."  *GPNE Corp. v. Amazon.com*, 2012 WL 1656923, at *6 (D. Haw. May 9, 2012) (citing cases).  (*See also* Motion at 9-10 (citing cases emphasizing that the relevant consideration is the location of "marketing and sales decisions" as well as development of the accused products).)

Here, there is no dispute that the Northern District of California is where the accused iPhones and iPads were "designed, developed, and tested, as well as ... where decisions were made relating to sales and marketing."  *GPNE*, 2012 WL 1656923, at *6 (D. Haw. May 9, 2012).  Nor is there any dispute that Apple has deep and broad contacts in the Northern District of California and no relevant contacts with this District.  (*See* Motion at 8.)

**D. PVT's Ephemeral Contact With Colorado Makes Its Forum Selection a Non-Factor.**

"Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Employer Mutual*, 618 F.3d at 1168; *see also Bailey v. Union Pac. R.R.*, 364 F. Supp. 2d 1227, 1229-30 (D. Colo. 2005). PVT provides no facts giving rise to this lawsuit that have a significant connection to its choice of forum. Instead, PVT ignores this controlling authority and argues that its forum selection should be weighted heavily merely because it is incorporated in Colorado. It is undisputed, however, that PVT only incorporated in Colorado a few weeks before filing this litigation. This type of recent and ephemeral contact is insufficient to counterbalance the strong evidence pointing to the Northern District of California. *See, e.g.*, *In re Microsoft Corp.*, Misc. No. 944, 2010 WL 4630219, at *3-4 (Fed. Cir. 2010); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (same).

**E. Docket Congestion of Patent Cases Favors Transfer.**

While PVT correctly notes that the congestion statistics for civil cases generally would slightly favor Colorado, PVT ignores that for patent cases in particular, the Northern District of California's statistics favor transfer. (*See* Motion, Ex. 4.) Given that this is a patent case, this factor favors transfer or is neutral.

**III. CONCLUSION.**

For the foregoing reasons, once the Court severs the claims against Apple into a separate action, this Court should transfer that action to the Northern District of California.

- 7 -

By:  /s/ *Timothy S. Teter*
    Cooley LLP

Eamonn Gardner (#38088)
egardner@cooley.com
Matthew Leary (#43610)
mleary@cooley.com
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021-8023
Telephone:      (720) 566-4000

September 17, 2012

Stephen Neal
nealsc@cooley.com
Timothy S. Teter
teterts@cooley.com
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94304
Telephone:     (650) 843-5000

*Attorneys for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2012, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send an electronic copy of this filing to the counsel of record.

/s/*Timothy S. Teter*

381089 v1/CO