IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-1096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

    Plaintiff

v.

APPLE, INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (USA) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY, INC.,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA, INC.
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA INC.,

    Defendants.

_____

**DEFENDANT LG ELECTRONICS MOBILECOMM U.S.A., INC.'S MOTION TO JOIN GOOGLE'S MOTION TO SEVER**
_____

Defendant LG Electronics MobileComm U.S.A., Inc. ("LGEMU") hereby joins in Google, Inc.'s ("Google") Google's Motion to Sever, ECF No. 233, which is incorporated by reference in this motion, and moves the Court to sever the claims against LGEMU

pursuant to 35 U.S.C. §299 into a new case with Google for the reasons set forth in Google's Motion to Sever.

## I. CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1A

Pursuant to D.C.COLO.LCivR 7.1A, the undersigned counsel certifies that counsel for LGEMU contacted counsel for Potter Voice on September 17, 2012 to confer regarding LGEMU's joinder in Google's Motion to Sever.  Counsel for Potter Voice informed LGEMU's counsel that Potter Voice opposes LGEMU's joinder motion and the relief requested herein.

## II. STATEMENT OF THE FACTS

On July 19, 2012, Potter Voice filed its Third Amended Complaint alleging infringement of U.S. Patent No. 5,729,659 ("the '659 patent") by more than fifteen separate defendants.  The named defendants include four software providers, Google, Microsoft Corporation ("Microsoft"), Research In Motion Corporation and Research In Motion Limited (collectively "RIM"), and Apple, Inc. ("Apple"), and numerous handset companies, including LGEMU.  The asserted claims of patent infringement against LGEMU are strictly based on products running the Google Voice Search application.  Third Amended Complaint, ECF No. 165, ¶ 47-50.  Potter Voice makes no allegations against LGEMU that relate LGEMU's product to any of the other software providers such as Microsoft, RIM, or Apple.  *Id.*  Similarly, Potter Voice also does not plead that LGEMU has had any involvement in the development, design or any other technical aspect of Google Voice Search, or with the software provided by Microsoft, RIM, or Apple.  *Id.*

Potter Voice characterizes functionality of one or more LGEMU's products:

> On information and belief, Defendant LG [LGEMU] has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search which embody the inventions claimed in the '659 patent, including but not limited to the LG Optimus S and all reasonably similar products.

*Id.*

After this statement, Potter Voice recites claims of indirect infringement:

> On information and belief, Defendant LG [LGEMU] indirectly infringes by actively inducing its customers to use Google Voice Search on the LG Optimus S and all reasonably similar products. On information and belief, LG [LGEMU] encourages, and intends for its customer to use Google Voice Search on the LG Optimus S and all reasonably similar products in a manner that infringes the claims of the '659 patent. Indeed, on its public website, LG [LGEMU] advertises and instructs customers on how to use Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims. On information and belief, Defendant LG [LGEMU] knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant LG [LGEMU] had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.
>
> On information and belief, Defendant LG [LGEMU] will continue to infringe the '659 patent unless enjoined by the Court.
>
> Defendant LG's [LGEMU's] acts of infringement have damaged Potter Voice Technologies in an amount to be proven at trial, but in no event less than a reasonable royalty. Defendant LG's [LGEMU's] infringement of Potter Voice Technologies' rights under the '659 patent will continue to damage Potter Voice Technologies causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

*Id.*

It is apparent from the face of the pleadings that there is no connection between the claims Potter Voice asserts against LGEMU and other defendants such as Microsoft, RIM and Apple. The allegations by Potter Voice in the Third Amended Complaint therefore do not meet the factual requirements to establish proper joinder of all of the named defendants.

## III. ARGUMENT

As discussed below, the claims against LGEMU have been improperly joined in this case and thus should be dismissed or severed together with the claims against Google. Pursuant to Rule 20 of the Federal Rules of Civil Procedure, joinder of multiple defendants in one action is proper only if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or **arising out of the same transaction, occurrence, or series of transactions or occurrences**; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).[1] "[N]umerous courts have found that 'joinder is often improper where [multiple] competing businesses have allegedly infringed the same patent by selling different products.'" *WiAV Networks, LLC v. 3Com Corp.*, C.A. No. C 10-03448 WHA, 2010 WL 3895047, at *3 (N.D. Cal. Oct. 1, 2010) (quoting *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, C.A. No. 10 C 1101, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010)); *see also Colt Def. LLC v. Heckler & Koch Def., Inc.*, C.A. No. 2:04cv258, 2004 U.S. Dist. LEXIS 28690, at *13 (E.D. Va. Oct. 22, 2004) (describing as

---

[1] Emphasis in the quoted material is added unless otherwise noted.

"overwhelming authority" the rule prohibiting joinder of patent defendants accused of infringing the same patent with different products).[2]

The standards under the Leahy-Smith America Invents Act ("AIA"), passed September 16, 2011, are nearly identical to those already established by Rule 20 and implemented by relevant case law. Recently enacted 35 U.S.C. §299 permits joinder of multiple defendants in a patent case only if:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative **with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences** relating to the making, using importing into the United States, offering for sale, or selling of the same accused product or process; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

---

[2] Additional cases where courts have found misjoinder based upon the status of defendants as competitors selling different products include *Optimum Power Solutions LLC, v. Apple Inc.*, C.A. No. C 11-1509 SI, 2011 WL 4387905, at *3 (N.D. Cal. Sept. 20, 2011) ("Plaintiff has not alleged that defendants acted in concert or otherwise controlled or directed each others' conduct—and indeed defendants appear to be ardent competitors of one another in the market place for their products"); *Bear Creek Technologies, Inc. v. RCN Commc'ns*, C.A. No. 2:11cv103, 2011 WL 3626787, at *5 (dismissing misjoined defendants where they were "independently owned and operated entities, and in some cases direct competitors."); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) ("Here, [defendants] are separate companies that independently design, manufacture and sell different products in competition with each other. Clearly, the common transaction requirement has not been met as to the claims against [defendants]."); *Multi-Tech Sys., Inc. v. Net2Phone, Inc.*, C.A. No. 00-346 ADM/RLE, 2000 WL 34494824, at *7 (D. Minn. June 26, 2000) ("Plaintiff asserts infringement claims against unrelated defendants who primarily compete in the same marketplace and provide independent products and services."); *Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1285 (D. Ariz. 2009) ("allegations against multiple and unrelated defendants for acts of patent . . . infringement do not support joinder under Rule 20(a)" (citations omitted)).

35 U.S.C. § 299(a). The statute goes further and identifies insufficient conditions for joinder as follows:

> (b) Allegations Insufficient for Joinder – For purposes of this subsection, ***accused infringers may not be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.***

35 U.S.C. § 299(b).

Potter Voice's allegations of infringement against LGEMU strictly relate to the accused products running the Google Voice Search software. Third Amended Complaint, ECF No. 165, at ¶ 47-50. LGEMU is not accused of infringing the '659 patent because its products run any other software such as Microsoft's Windows Speech Commands, RIM's Blackberry Voice Commands, or Apple's Siri Voice Commands. As set forth in Google's Motion to Sever, Google Voice Search is a separate and distinct product from Microsoft's Windows Speech Commands, RIM's Blackberry Voice Commands, and Apple's Siri Voice Commands. *See* ECF No. 233 at 6. There is no overlap between these four products. *See id.* The alleged infringement by LGEMU, therefore, does not and cannot arise from the same transaction and occurrence as alleged against other named defendants such as Microsoft, RIM and Apple.

Potter Voice also alleges no facts or circumstances that would indicate that LGEMU acted in concert with Microsoft, RIM or Apple, nor does Potter Voice seek joint, several, or alternative liability. *See generally* Third Amended Complaint, ECF No. 165.

The only common question to LGEMU and all other defendants presented in the Third Amended Complaint is the allegation of infringement of the '659 patent. This is exactly what the express language of 35 U.S.C. §299 states is insufficient for joinder. Thus, without any common issue of fact between LGEMU and the other named defendants in this action accused of infringement regarding Windows Speech Commands, Blackberry Voice Commands, and Siri Voice Commands, Potter Voice cannot satisfy §299. Accordingly, for the same reasons stated in Google's Motion to Sever, Potter Voice's claims against LGEMU should be severed or dismissed for improper joinder.

To the extent this Court grants Google's request to sever, LGEMU respectfully requests the Court join LGEMU with Google in any severed case. A common question of fact exists among LGEMU and Google since the allegations of infringement against LGEMU are based on the software Google provides. There is, however, no common question of fact as between LGEMU and Microsoft, Apple and RIM.

**IV.   CONCLUSION**

For the reasons stated herein and the reasons set forth in Google's Motion to Sever, which is incorporated herein by reference, LGEMU respectfully requests this Court to sever or dismiss the claims against LGEMU for improper joinder.

Dated: September 18, 2012                    Respectfully submitted,


*/s/Sandra B. Wick Mulvany*
Sandra B. Wick Mulvany
MCKENNA LONG & ALDRIDGE LLP
1400 Wewatta Street, Suite 700
Denver, CO 80202-5556
Telephone: (303) 634-4330
Facsimile: (303) 634-4400
swickmulvany@mckennalong.com


Renzo N. Rocchegiani
MCKENNA LONG & ALDRIDGE LLP
4435 Eastgate Mall, Suite 400
San Diego, CA  92121
Telephone:  (619) 595-5400
Facsimile:  (619) 595-5450
rrocchegiani@mckennalong.com

*COUNSEL FOR DEFENDANT
LG ELECTRONICS MOBILECOMM U.S.A.,
INC.*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 18, 2012, I electronically filed the foregoing **DEFENDANT LG ELECTRONICS MOBILECOMM U.S.A., INC.'S MOTION TO JOIN GOOGLE's MOTION TO SEVER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record at the following email addresses:

Christopher D. Banys
Daniel W. Bedell
The Lanier Law Firm, P.C.
Email:  cdb@lanierlawfirm.com
Email:  dwb@lanierlawfirm.com
F. Brittin Clayton, III
Ryley Carlock & Applewhite, P.C.
Email:  bclayton@rcalaw.com

*Counsel for Plaintiff Potter Voice Technologies LLC*

Scott M. Browning
Trevor G. Bartel
Douglas B. Tumminello
Rothgerber Johnson & Lyons, LLP
Email:  tbartel@rothgerber.com
Email:  sbrowning@rothgerger.com
Email:  dtumminello@rothgerber.com
Joseph E. Palys
Elliot Cook
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Email:  Joseph.Palys@finnegan.com
Email:  Elliot.cook@finnegan.com

*Counsel for Defendant Huawei Device USA Inc.*

Elizabeth Danielle T. Williams
Ian L. Saffer
Kilpatrick Townsend & Stockton, LLP
Email:  dtwilliams@kilpatricktownsend.com
Email:  isaffer@kilpatricktownsend.com

*Counsel for Defendant Google, Inc. and Motorola Mobility, Inc.*

Patrick S. Park
Andrew Devkar
Richard de Bodo
DLA Piper US, LLP-Los Angeles
Email:  patrick.park@dlapiper.com
Email:  andrew.devkar@klapiper.com
Email:  richard.debodo@dlapiper.com

*Counsel for Defendant Sharp Electronics Corporation*

Jose L. Patino
Jones Day
Email: jlpatino@jonesday.com

*Counsel for Defendant
Kyocera International, Inc.*

Hugh Q. Gottschalk
Matthew E. Johnson
Wheeler Trigg O'Donnell LLP
Email: gottschalk@wtotrial.com
Email: johnson@wtotrial.com
Scott R. Miller
Elizabeth Yang
Connolly Bove Lodge & Hutz LLP
Email: smiller@cblh.com
Email: eyang@cblh.com

*Counsel for Defendant ZTE (USA) Inc.*

Eamonn Gardner
Matthey Leary
Stephen Neal
Timothy S. Teter
Cooley LLP
Email: egardner@cooley.com
Email: mleary@cooley.com
Email: nealsc@cooley.com
Email: teterts@cooley.com

*Counsel for Defendant Apple Inc.*

Bruce A. Featherstone
Courtney A. Levkulich
Featherstone Petrie DeSisto LLP
Email: bfeatherstone@featherstonelaw.com
Email: clevkulich@featherstonelaw.com
Jerry R. Selinger
Patterson & Sheridan, LLP
Email: jselinger@pattersonsheridan.com

*Counsel for Defendant HTC America, Inc.*

Gayle L. Strong
Amy L. Kramer
James W. Soong
Victor H. Polk, Jr.
Richard Aframe Edlin
Greenberg Traurig, LLP
Email: strongg@gtlaw.com
Email: kramera@gtlaw.com
Email: soongj@gtlaw.com
Email: polkv@gtlaw.com
Email: edlinr@gtlaw.com

*Counsel for Defendant Samsung
Telecommunications America, LLC*

Michael Evan Sander
Lewis Popovski
Kenyon & Kenyon, LLP-New York
Email: msander@kenyon.com
Email: lpopovski@kenyon.com
J. Mark Smith
Pendleton Wilson Hennesey & Crow P.C.
Email: msmith@pwhclaw.com

*Counsel for Defendant Sony Mobile
Communications (USA) Inc.*

Amanda J. Tessar
Kourtney Mueller Merrill
Grant E. Kinsel
Perkins Coie LLP
Email:  atessar@perkinscoie.com
Email:  kmerrill@perkinscoie.com
Email:  gkinsel@perkinscoie.com

*Counsel for Defendant Microsoft Corporation*

Erin Anne Kelly
Bryan Cave HRO Denver
Email:  erin.kelly@bryancave.com
Scott Robert Bialecki
Fox Rothschild LLP
Email:  sbialecki@foxrothschild.com
Robert F. Perry
Christopher Carnaval
Allison H. Altersohn
King & Spalding LLP
Email:  rperry@kslaw.com
Email:  ccarnaval@kslaw.com
Email:  aaltersohn@kslaw.com

*Counsel for Defendant Nokia, Inc.*

Craig E. Davis
Dominic E. Massa
Wilmer Cutler Pickering Hale and Dorr LLP
Email:  Craig.Davis@WilmerHale.com
Email:  Dominic.Massa@WilmerHale.com
Clayton C. James
Srecko "Lucky" Vidmar
Hogan Lovells US LLP
Email:  clay.james@hoganlovells.com
Email:  lucky.vidmar@hoganlovells.com

*Counsel for Defendants Research In Motion Corporation and Research In Motion Limited*

Natalie Hanlon-Leh
Faegre Baker Daniel LLP
Email:  natalie.hanlonleh@faegrebd.com
Alan A. Wright
H.C. Park & Associates, PLC
Email:  awright@park-law.com

*Counsel for Defendant Pantech Wireless, Inc.*

/s/*Sandra B. Wick Mulvany*
Sandra B. Wick Mulvany

11