**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

        Plaintiff,

v.

APPLE, INC.,
GOOGLE, INC.
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP CORPORATION,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA, INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA, INC.,

        Defendants.

---

**REPLY IN SUPPORT OF
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.'S
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

---

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ii

I.  INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 2

   A.  Plaintiff's Third Amended Complaint Fails to Plead Facts that
       Plausibly Show the Specific Intent or Knowledge Required Under
       its Theory of Induced Infringement ............................................................ 2

   B.  Plaintiff's Third Amended Complaint Fails to Properly Plead Willful
       Infringement ............................................................................................... 6

III. CONCLUSION ............................................................................................... 7

i

# TABLE OF AUTHORITIES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................. 1, 2, 5

*Avocet Sports Tech., Inc. v. Garmin Int'l.*, Inc., NO. C 11-04049 JW, 2012 U.S. Dist. LEXIS 87747, at *13 (N.D. Cal. June 5, 2012) .............................................. 4

*Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, No. C 11-04049 JW, 2012 WL 1030031, 2012 U.S. Dist. LEXIS 51650 (N.D. Cal. Mar. 22, 2012) ...................... 2

*Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004) .................................... 7

*BIAX Corp. v. Motorola Solutions, Inc.*, Civil Action No. 10-cv-03013-PAB-KLM, 2012 WL 502727, 2012 U.S. Dist. LEXIS 18546 (D. Colo. Feb. 15, 2012) ........... 4

*First Media Ins. First Media Ins. Specialists, Inc. v. OneBeacon Ins. Co.*,  No. 10-CV-2501-EFM/KGG, 2011 WL 5570799 (D. Kan. Nov. 16, 2011) ........................ 4

*In re Investors Warranty of America, Inc. v. B.W.E. Development, L.L.C.*, Civ. No. 09-4490 (WJM), 2010 WL 2557559, 2010 U.S. Dist. LEXIS 62543 (D.N.J. June 23, 2010) ................................................................................................ 3, 7

*In re Seagate*, 497 F.3d 1360 (Fed. Cir. 2007) .......................................................... 5, 6

*Chalumeau Power Sys. v. Alcatel-Lucent*, Civ. Act. No. 11-1175-RGA, Dkt. 50 (D. Del. July 18, 2012) ............................................................................................ 5

*Proxyconn Inc. v. Microsoft Corp.*, SACV 11-1681 DOC (ANx), 2012 U.S. Dist. LEXIS 70614, at *18 (C.D. Cal. May 16, 2012) ...................................................... 5

*St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, C.A. No. 10-425-LPS, 2012 WL 1134318 (D. Del. Mar. 28, 2012) ........................................... 6

*Tripoli Mgmt., LLC v. Waste Connections of Kan., Inc.*, Civil Action No. 09-cv-01767-CMA-KLM, 2010 WL 845927, 2010 U.S. Dist. LEXIS 21749 (D. Colo. Mar. 2, 2010) ........................................................................................... 7

*U.S. Philips Corp. v. ATI Technologies, Inc.*, No. 05 Civ. 8176(LAP), 2008 WL 2073928, 2008 U.S. Dist. LEXIS 38732 (S.D.N.Y. May 8, 2008) ..................... 3, 7

*Walker Digital, LLC v. Facebook, Inc.*, CIV. 11-313-SLR, 2012 WL 1129370 ................ 4

I.      **INTRODUCTION**

In Potter Voice Technologies LLC's ("PVT") Opposition to Sony Mobile Communications (U.S.A.) Inc.'s ("SoMC") Motion to Dismiss ("Opp."), PVT pays lip service to the pleading standards of inducement but fails to identify facts that plausibly support its allegations against SoMC.

Specifically, while PVT agrees that a complaint needs to contain "facts plausibly showing that [defendant] specifically intended their customers to infringe the patent and knew that the customer's acts constituted infringement" (Opp. at 3), it only points to an ephemeral citation to the patent in suit by the Examiner during the prosecution of two patents assigned to Sony Corporation.  It simply is not plausible that SoMC would know or have reason to know that inclusion of another's product years later would infringe the claims of a patent that was cited, but not even discussed, during the prosecution of its parent corporation's patents.

Even if the required knowledge by Sony Corporation of the infringement could be shown (and it cannot), there is no reason to impute any such knowledge onto SoMC, a completely separate entity.  Indeed, PVT simply side steps the core issue raised by SoMC: the lack of any facts that show **knowledge of the patent and the alleged infringement by SoMC**.

Devoid of any facts, PVT's claims of inducement and willful infringement are nothing more than "[legal] conclusions [that] are not entitled to the assumption of truth" and should be dismissed in their entirety.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## II. ARGUMENT

### A. Plaintiff's Third Amended Complaint Fails to Plead Facts that Plausibly Show the Specific Intent or Knowledge Required Under its Theory of Induced Infringement

In its opening brief, SoMC argued that PVT's pleadings fail to show (1) that SoMC had specific intent to induce infringement by another and (2) that SoMC knew or should have known its actions—the inclusion of Google's software in its cell phones would induce actual infringement of the patent in suit. "To sufficiently plead a claim for induced infringement, [PVT] must allege facts to support **each element**." *Avocet Sports Tech., Inc. v. Garmin Int'l., Inc.*, No. C 11-04049 JW, 2012 WL 1030031, at *4, 2012 U.S. Dist. LEXIS 51650, at *15 (N.D. Cal. Mar. 22, 2012) (emphasis added).

PVT has failed to provide facts supporting a plausible inference that SoMC had a specific intent to infringe. PVT only alleges that SoMC's present parent company, Sony Corporation, knew of the patent in suit. (Opp. at 4). This purported connection is so tenuous that it could not possibly meet the plausibility standard. *Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal quotations and citations omitted)). There is no explanation of how Sony Corporation would know from a mere citation of a patent during prosecution of unrelated patents that that patent would be infringed years later by the inclusion of Google's software into a cell phone by an entity that didn't even exist at time. Moreover, PVT ignores the cases cited by SoMC which state that a parent corporation's knowledge of a patent can not be imputed to a subsidiary; doesn't cite a single case in opposition; and makes no attempt

at showing "a sufficient nexus between" Sony Corporation and SoMC "to provide an equitable reason for disregarding the separate corporate existences." *See In re Investors Warranty of America, Inc. v. B.W.E. Development, L.L.C.*, Civ. No. 09-4490 (WJM), 2010 WL 2557559, at *4, 2010 U.S. Dist. LEXIS 62543, at *12-13 (D.N.J. June 23, 2010) (internal marks and citations omitted).  Indeed, PVT has not even alleged that Sony Corporation "w[as] under a duty to report [knowledge of the patent] to the subsidiary," s*ee U.S. Philips Corp. v. ATI Technologies, Inc.*, No. 05 Civ. 8176(LAP), 2008 WL 2073928, at *2, 2008 U.S. Dist. LEXIS 38732, at *6 (S.D.N.Y. May 8, 2008). Accordingly, PVT has failed to sufficiently plead facts showing that SoMC knew of the patent, or its alleged infringement.

PVT has done even less than that concerning SoMC's alleged specific intent. Here, PVT relies on a purported SoMC public website that allegedly "instructs customers on how to use Google Voice Search on the Sony Xperia X10 in a manner that infringes the '659 patent claims." Opp. at 2 (quoting para. 43 of the Third Amended Complaint).  In its brief SoMC pointed out that no such website exists and invited PVT to identify its source. (Mot. at 1, 6). Tellingly, PVT did not do so. Instead, PVT makes the bald statement that SoMC is not correct without any support whatsoever:

> Sony argues that Potter's allegations that [SoMC] induces infringement through its website is wrong because 'no such website exists.' Mot. At 1, 6. Sony's assertion is incorrect.  Nevertheless, …

3

Opp. at 4. SoMC respectfully submits that unsupported and unsupportable averments can not be the basis for a showing of plausibility.[1]

Moreover, even if SoMC did instruct customers on the use of the alleged infringing Google Voice/Search features (which it does not), as a matter of law, allegations of "'instruction' and 'training' in the use of Defendant['s] . . . products" are not sufficient to support the specific intent element of an inducement allegation. *See Avocet Sports Tech., Inc. v. Garmin Int'l.*, Inc., NO. C 11-04049 JW, 2012 U.S. Dist. LEXIS 87747, at *14 (N.D. Cal. June 5, 2012). PVT fails to distinguish *Avocet* or any of the litany of cases cited by SoMC in its opening brief, nor does it cite a single case supporting its assertion that instructions on how to use an accused product constitute specific intent to infringe.[2]

PVT also argues that SoMC had knowledge of the asserted patent as of PVT's initial filing of its complaint. *See* Opp. at 5 (citing *Walker Digital, LLC v. Facebook, Inc.*, CIV. 11-313-SLR, 2012 WL 1129370, at *5 n.11 (D. Del. Apr. 4, 2012)). In citing Delaware authority, PVT ignores the law in its own state, which holds that "knowledge after filing of the [] action is not sufficient for pleading the requisite knowledge for indirect infringement." *BIAX Corp. v. Motorola Solutions, Inc.*, Civil Action No. 10-cv-03013-PAB-KLM, 2012 WL 502727, at *3 n.3, 2012 U.S. Dist. LEXIS 18546, at *13 n.3

---

[1] SoMC's website with regard to the Experia X 10 is located at http://www.sonymobile.com/global-en/products/phones/xperia-x10/ (last accessed Sept. 13, 2012). Neither the website, nor the user manual for the x10 instruct a user on how to use the accused features of Google's Voice/Search software.

[2] Instead, PVT perplexingly cites to a Kansas case on the pleading requirements of fraud and breach of a fiduciary duty. *See* Opp. at 5 (citing *First Media Ins. First Media Ins. Specialists, Inc. v. OneBeacon Ins. Co.*, No. 10-CV-2501-EFM/KGG, 2011 WL 5570799 (D. Kan. Nov. 16, 2011)). However, fraud and breach of fiduciary duties are not alleged here.

(D. Colo. Feb. 15, 2012); *see also Proxyconn Inc. v. Microsoft Corp.*, SACV 11-1681 DOC (ANx), 2012 U.S. Dist. LEXIS 70614, at *18 (C.D. Cal. May 16, 2012) ("[A] complaint fails to state a claim for indirect patent infringement where the *only* allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the *same* lawsuit establish the defendant's knowledge of the patent.") (emphasis in original).  SoMC respectfully submits that what had been innocent acts (the making, using, and selling of product) can not be plausibly turned into acts that are specifically intended to induce infringement by others by a mere allegation of infringement in a complaint—an allegation which is almost always denied.  To do so would improperly allow plaintiff to dictate the mindset of a defendant.  This basic rationale is the same as that used to preclude allegations of willful infringement base on post filing activities.  *See, e.g.*, *In re Seagate*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) ("A patentee who does not attempt to stop an accused infringer's activities [by seeking a preliminary injunction] should not be allowed to accrue enhanced damages based solely on the infringer's post-filing conduct.") Even other Delaware courts acknowledge that knowledge of the patent through the complaint, without more, is insufficient to give inference to knowledge of infringing use, a prerequisite for an allegation of inducement. *See, e.g.*, *Chalumeau Power Sys. v. Alcatel-Lucent*, Civ. Act. No. 11-1175-RGA, Dkt. 50 (D. Del. July 18, 2012) ("the Amended Complaint [does not supply] any factual accompaniment that would convert the post-suit knowledge into a plausible allegation of knowledge of the infringing use.").

### B.     Plaintiff's Third Amended Complaint Fails to Properly Plead Willful Infringement

PVT's Opposition also fails to adequately respond to SoMC's motion with respect to the insufficiency of PVT's willfulness allegation.  Willfulness requires a showing that (a) "the infringer acted despite an objectively high likelihood that its actions constituted infringement"; and (b) "this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer."  *In re Seagate*, 497 F.3d at 1371.  Thus, the issues here are similar to those of inducement. Much like the standard for inducement, mere knowledge of the existence of a patent is not a sufficient basis to allege willfulness.  *See id.* at 1371.  As with inducement, the requisite knowledge must be of the **infringement** and not merely of the patent.  *See id.*

PVT fails to identify any facts suggesting that SoMC knew of the alleged infringement of the '659 Patent.  Instead PVT cites a case where the plaintiff properly pleaded willfulness only after detailing "numerous factual circumstances."  *See St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, C.A. No. 10-425-LPS, 2012 WL 1134318 (D. Del. Mar. 28, 2012) ("St. Clair").  The plaintiff in *St. Clair* supported its willfulness allegations with five pages of detailed factual matter, including, for example, facts concerning prior litigation and communications with identified parties.  *See* Exh. C, Amended Complaint, ¶¶ 15-21, *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett-Packard Co.*, C.A. No. 10-425-LPS (D. Del. July 27, 2010).  PVT's Third Amended Complaint, however, does not provide any such detail.

Here too, PVT fails to address any of the cases cited by SoMC in its opening brief.  PVT does not properly address how Sony Corporation's knowledge of the patent can be imputed to SoMC.  PVT only reiterates the same statement it made with respect to inducement: that the two companies share information.  However, as discussed above, even assuming that the two companies do share some information, it is neither plausible to assume that the parent has a duty to or did inform its subsidiary of every patent cited—no matter how fleetingly—in its patents on some specious notion that there may be infringement years down the road, nor a valid basis to ignore the corporate distinction between these two entities and impute knowledge from one corporate entity to another.  *See In re Investors Warranty of America, Inc.*, 2010 WL 2557559, at *4, 2010 U.S. Dist. LEXIS 62543, at *12-13; *U.S. Philips Corp.*, 2008 WL 2073928, at *2, 2008 U.S. Dist. LEXIS 38732, at *6; *Benton v. Cameco Corp.*, 375 F.3d 1070, 1081 (10th Cir. 2004); *Tripoli Mgmt., LLC v. Waste Connections of Kan., Inc.*, Civil Action 2010 WL 845927, at *6 n.12, 2010 U.S. Dist. LEXIS 21749, at *12 n.12.

## III.   CONCLUSION

Because PVT has now twice failed to adequately plead inducement and willful infringement against SoMC,  the inducement and willfulness claims against SoMC should be dismissed.

Dated September 21, 2012       Lewis Popovski (lpopovski@keynon.com)
Michael E. Sander (msander@kenyon.com)
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
(212) 908-6078

*s/ J. Mark Smith*
J. Mark Smith (msmith@penberg.com)
PENDLETON WILSON HENNESSEY & CROW. P.C.
1875 Lawrence Street, 10th Floor
Denver, CO 80202-1898
(303) 839-1204

*Attorneys for Sony Mobile Communications (U.S.A.) Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2012, I electronically filed the foregoing **REPLY IN SUPPORT OF SONY MOBILE COMMUNICATIONS (U.S.A.) INC.'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

Dated September 21, 2012

Lewis Popovski
Michael E. Sander
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
lpopovski@keynon.com
msander@kenyon.com
(212) 908-6078

*s/ J. Mark Smith*
J. Mark Smith
PENDLETON WILSON HENNESSEY & CROW. P.C.
1875 Lawrence Street, 10th Floor
Denver, CO 80202-1898
(303) 839-1204
msmith@penberg.com

*Attorneys for Sony Mobile Communications (U.S.A.) Inc.*