**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-1096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

      Plaintiff

v.

APPLE, INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, INC.,
SONY MOBILE COMMUNICATIONS (USA) INC.
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY, INC.,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA, INC.
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA INC.,

      Defendants.

---

**DEFENDANT KYOCERA'S MOTION TO JOIN GOOGLE'S MOTION TO SEVER**

---

      Defendant Kyocera International, Inc. ("Kyocera") hereby joins in Google, Inc.'s ("Google") Motion to Sever ("Google's Motion") (Dkt. 233), which is incorporated by reference in this motion, and moves the Court to sever the claims against Kyocera pursuant to 35 U.S.C. §299 into a new case with Google.

SDI- 137402v1

## I.    CERTIFICATION PURSUANT TO D.C.COLO.LCivR 7.1A

Pursuant to D.C.COLO.LCivR 7.1A, the undersigned counsel certifies that counsel for Kyocera contacted counsel for Plaintiff concerning this joinder in the above motion on September 21, 2012, and counsel for Plaintiff indicated that Kyocera's joinder is opposed.

## II.    STATEMENT OF THE FACTS

Potter Voice's Third Amended Complaint alleging infringement of U.S. Patent No. 5,729,659 ("the '659 patent") by multiple Defendants was deemed filed on July 24, 2012. The named Defendants include four software providers, Google, Microsoft Corporation ("Microsoft"), Research In Motion Corporation and Research In Motion Limited (collectively "RIM"), and Apple, Inc. ("Apple"), and numerous handset companies, including Kyocera. The asserted claims of patent infringement against Kyocera are strictly based on products running Google Voice Search. Third Amended Complaint, Dkt. 165, ¶59-62. Potter Voice makes no allegations against Kyocera that relate Kyocera's product to any of the other software providers such as Microsoft, RIM, or Apple. *Id.* Similarly, Potter Voice also does not plead that Kyocera has had any involvement in the development, design or any other technical aspect of Google Voice Search, let alone with the software provided by Microsoft, RIM, or Apple. *Id.* Instead, the totality of Potter Voice's thread-bare recital of elements of the stated causes of action and conclusory statements regarding Kyocera's product are set forth in two brief paragraphs centered exclusively on use of Google Voice Search. *Id.*

SDI- 137402v1

2

First, Potter Voice characterizes functionality of one or more Kyocera's products solely with reference to Google Voice Search:

> On information and belief, Defendant Kyocera has been and now is infringing the '659 patent in the State of Colorado, in this judicial district, and elsewhere in the United States by, among other things, making, using, importing, offering to sell, and/or selling in the United States digital computers using Google Voice Search which embody the inventions claimed in the '659 patent, including but not limited to the Kyocera Echo and all reasonably similar products.

*Id*. at ¶59.

After this summary statement, Potter Voice recites similarly threadbare claims of indirect infringement, again, solely with reference to Google Voice Search:

> On information and belief, Defendant Kyocera indirectly infringes by actively inducing its customers to use Google Voice Search on the Kyocera Echo and all reasonably similar products. On information and belief, Defendant Kyocera encourages, and intends for its customers to use Google Voice Search on the Kyocera Echo and all reasonably similar products in a manner that infringes the claims of the '659 patent. Indeed, on its public website, Kyocera advertises and instructs customers on how to use Google Voice Search on its mobile devices in a manner that infringes the '659 patent claims.  On information and belief, Defendant Kyocera knew its actions would induce infringement of the '659 patent. Indeed, from the service date of the initial Complaint forward, Defendant Kyocera had knowledge of the '659 patent and knew its actions would induce its customers' infringement of the '659 patent.

*Id*. at ¶60

The bare-bones allegations by Potter Voice in the Third Amended Complaint do not meet the factual requirements to establish proper joinder of all of the named defendants.

III.   **ARGUMENT**

As discussed below, the claims against Kyocera have been improperly joined in this case and thus should be severed together with the claims against Google.  Under Rule 20 of the Federal Rules of Civil Procedure, joinder of multiple defendants in one action is proper only if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).[1]

The standards for joinder of multiple defendants under the America Invents Act ("AIA"), passed September 16, 2011, are nearly identical to those already established by Rule 20.  Specifically, 35 U.S.C. §299 permits joinder of multiple defendants in a patent case only if:

> (1) any right to relief is asserted against them jointly, severally, or in the alternative *with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences* relating to the making, using importing into the United States, offering for sale, or selling of *the same accused product or process*; and
>
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

35 U.S.C. § 299(a).  The statute goes further and identifies insufficient conditions for joinder:

> (b) Allegations Insufficient for Joinder – For purposes of this subsection, *accused infringers may not be joined in one action as defendants or*

---

[1]   Emphasis in the quoted material is added unless otherwise noted.

> ***counterclaim defendants, or have their actions consolidated for trial, based solely on allegations that they each have infringed the patent or patents in suit.***

35 U.S.C. § 299(b).  Congress enacted these statutory hurdles to joinder in patent suits to "'address[] problems occasioned by the joinder of defendants (sometimes numbering in the dozens) who have tenuous connections to the underlying disputes in patent infringement suits.'"  *Genetic Tech. Ltd. v. Agilent Tech., Inc.*, No. 11–cv–01389, 2012 WL 1015355, at *6 n.5 (D. Colo. Mar. 23, 2012), *quoting* H.R. Rep. No. 112-98, pt. 1, at 54-55 (2011).  Specifically, Congress expressly rejected a minority view of Rule 20 which had permitted joinder of defendants in a patent suit so long as they were sued on the same patents.  *See* H.R. Rep. No. 112-98, pt. 1, at 55 n.61; accord *Genetic Tech.*, 2012 WL 1015355, at *3 ("The majority view is reflected in the AIA, and the minority approach is enshrined in the 'logical relationship' test.").  In *Genetic Tech.*, this Court found that under either the majority (AIA) or minority approaches, a disjointed group of defendants, analogous to those that have been joined in this case, should be severed because the allegedly infringing activity was too disparate and, thus, did not arise out of the same transaction or occurrence.  *See, Genetic Tech.*, 2012 WL 1015355, at *6 ("Although some overlap may occur in terms of evidence and case proceedings (such as in claim construction), the variety in the allegedly infringing products manufactured or processes employed by each Defendant is too pronounced to be properly considered as arising out of the same transaction or occurrence . . . .")

Here, Potter Voice fails to allege that Kyocera provides "the same accused product or process" as all of the other defendants.  For example, Potter Voice alleges

that Kyocera infringes the '659 patent solely by using **Google Voice Search** in the Kyocera Echo product.  Third Amended Complaint at ¶60.  Potter Voice does not allege that Kyocera infringes the '659 patent by using Microsoft's Windows Speech Commands, nor RIM's Blackberry Voice Commands, nor Apple's Siri Voice Commands.  These are all **different products** than Google Voice Search, which forms the basis of the accusation against Kyocera.   *See, e.g.*, Google's Motion (Dkt. 233) at pages 2 and 3.  Moreover, Potter Voice fails to allege that Kyocera's accused actions **arise out of the same transactions** as those of the other defendants.  *See*, *e.g.*, Google's Motion (Dkt. 233) at pages 4 and 7.  Indeed, the sole common feature of Potter Voice's claims against Kyocera, Microsoft, RIM, and Apple is its **allegation that each of these parties infringes the '659 patent** – in direct contravention of 35 U.S.C. § 299(b).  These relationships between the Defendants are analogous to the defendants in *Genetic Tech.* where "each Defendant manufacture[d] a different product or utilize[d] a different process challenged by Plaintiff[,]" because each handset Defendant in this case manufactures a different product and each software Defendant utilizes a different software process.  *See, Genetic Tech.*, 2012 WL 1015355, at *5.  Accordingly, Potter Voice does not, and cannot, satisfy Rule 20 nor § 299.

Should this Court determine that severance of the claims against Google is appropriate, Kyocera respectfully requests the Court join Kyocera with Google in any severed case.  A common question of fact exists among Kyocera and Google because the allegations of infringement against Kyocera are based on the software Google provides.  There are, however, no common questions of fact as between Kyocera and

Microsoft, Apple and RIM.  Accordingly, Kyocera should be severed into the severed

Google case.

**IV.**   **CONCLUSION**

     For the reasons stated herein and the reasons set forth in Google's Motion,

which is incorporated herein by reference, Kyocera respectfully requests this Court to

sever the claims against Google and join Kyocera with such severed claims.

Dated:  September 21, 2012         Respectfully submitted,


       /s/  *Jose L. Patiño*
       Jose L. Patiño (CA Bar No. 149568)
       jlpatino@jonesday.com
       Nicola A. Pisano (CA Bar No. 151282)
       napisano@jonesday.com
       JONES DAY
       12265 El Camino Real, Suite 200
       San Diego, CA 92130
       Phone:  (858) 314-1200
       Fax:     (858) 314-1150

       Attorneys for Defendant
       KYOCERA INTERNATIONAL, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, September 21, 2012, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF electronic filing system, which will send an electronic copy of this filing to the counsel of record.

Respectfully submitted,

    /s/  *Jose L. Patiño*

Attorneys for Defendant
KYOCERA INTERNATIONAL, INC.