**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

        Plaintiff,

v.

APPLE, INC., et al.,

        Defendants.

_____

**Microsoft Corporation's Reply Brief in Support of Motion to Sever
Under 35 U.S.C. § 299**
_____

Defendant Microsoft Corporation ("Microsoft") respectfully submits its Reply in Support of its Motion to Sever Under 35 U.S.C. § 299 (ECF # 209).

## INTRODUCTION

Potter's Opposition brief works hard at de-clarification, arguing vague references to non-existent products and relying on bafflegab like "overlapping interrelationship" to mislead the Court into believing that there are relationships here that do not exist. Here are the actual, undisputed facts:

1.      Contrary to Potter's repeated assertions, Microsoft does not make a product called "Windows Speech Commands." Instead, Microsoft makes its own mobile operating system called Windows Phone 7 that includes speech-recognition functionality.[1]

---

[1]      Harris Dec. at ¶ 2, ECF # 209-1.

2.       There is *no* relationship between Microsoft and the vast majority of the defendants. Apple, RIM, Sony, LG, Motorola, ZTE, Kyocera, Sharp, Huawei, and Pantech do not make any accused products that run the Windows Phone 7 mobile operating system.[2]

3.       The accused Google product, Google Voice Search, is an application that a user can run on several different mobile operating systems, including the Windows Phone 7 mobile operating system. Microsoft's Windows Phone 7 mobile operating system does not come with Google Voice Search; a user must download and install it to use it.[3]

4.       The Google Voice Search application includes speech-recognition functionality. But Microsoft's Windows Phone 7 mobile operating system and Google's Voice Search application are entirely different products that were developed independently. Microsoft Windows Phone 7 mobile operating system uses Microsoft's speech-recognition technology, not Google's. By the same token, Google's Voice Search application uses Google's speech-recognition technology, not Microsoft's. Not surprisingly, evidence regarding how speech recognition works on the Windows Phone 7 mobile operating system is irrelevant to how speech recognition works on Google's Voice Search application, and vice-versa.[4]

5.       Three handset-maker defendants make phones that use the Windows Phone 7 mobile operating system. These three handset makers, HTC, Samsung, and

---

[2]    *See* Opp'n at 6-10, ECF # 228.
[3]    Harris Decl. at ¶ 5, ECF # 209-1; Williams Dec. at ¶ 4-5, Exs. A, B, ECF # 233-1.
[4]    Harris Decl. at ¶ 5, ECF # 209-1.

Nokia, make different, independently developed, devices. Evidence regarding how the accused HTC devices work is irrelevant to how Samsung's and Nokia's devices work, and vice-versa.

Given these undisputed facts, 35 U.S.C. § 299 mandates severance. Microsoft does not sell the same product as any of the defendants. Indeed, most of the defendants do not sell *any* accused products that use Microsoft's Windows Phone 7 mobile operating system. Nor does Potter accuse Microsoft of joint, several, or alternative liability with any other defendants. Potter also fails to show how these different defendants, with their independently developed and entirely different products, are part of the same transaction or occurrence, or how Potter's claims against them raise common questions of law or fact. In short, Potter cannot satisfy 35 U.S.C. § 299's mandatory requirements, and, as such, the Court should sever Microsoft.

1.  **POTTER'S ATTEMPT TO USE GOOGLE VOICE SEARCH AS A LASSO TO TIE MICROSOFT TO THE OTHER DEFENDANTS FAILS.**

Potter's primary argument to keep Microsoft in this case goes as follows: Microsoft makes an operating system that can run on HTC, Samsung, and Nokia phones. Users of those same handsets can download and install Google Voice Search as a separate application. Therefore, Microsoft must be joined with Google, HTC, Samsung, and Nokia.[5] But Potter doesn't stop there. Instead, Potter takes the argument all the way to the absurd: The devices running Apple's iOS operating system, RIM's mobile operating system, and Google's Android mobile operating system can also run Google Voice Search. Therefore, Potter argues, Microsoft should also be joined in the same case as

---

[5]   Opp'n at 1-2, ECF # 228.

the dozen or so other defendants — **who don't sell any accused product using Microsoft software** — because these defendants sell products that are capable of using Google's Voice Search.[6]

To state this argument is to realize its folly. It should go without saying that Microsoft cannot be in the same case as Apple, RIM, Sony, LG, Motorola, ZTE, Kyocera, Sharp, Huawei, or Pantech when **not one of these defendants is accused of infringing Potter's patent by selling any device using Microsoft software**. There is no dispute that 35 U.S.C. § 299 permits joining multiple defendants in the same case **only** where (1) they sell the same products, (2) they are accused jointly, or severally or with respect to the same transaction or occurrence, and (3) common questions of law and fact will arise.[7] Defendants who do not sell any accused products that use Microsoft's Windows Phone 7 mobile operating system are not accused as to the same products as Microsoft, which should end the discussion and require Microsoft's severance.

The premise underlying Potter's keystone argument — that Microsoft should be in the same case as Google (and therefore all of the defendants) because all of the accused devices can use Google Voice Search — is deeply flawed and factually wrong. In Microsoft's moving papers, Microsoft offered the declaration of Geoff Harris, a Partner Group Program Manager at Microsoft. Harris testified that there is **no connection** between Microsoft's Windows Phone 7 mobile operating system and Google Voice

---

[6]   *Id.* at 8.
[7]   35 U.S.C. § 299(a).

Search, except that the Google Voice Search application can be run on systems that run Windows Phone 7:

> Microsoft did not design [the Google Voice Search] application, including its speech-related functionality. Windows Phone 7 speech-recognition functionality does not use the speech-recognition functionality from Google's search application. Similarly, to my knowledge, Google's search application does not use the Windows Phone 7 speech-recognition functionality.[8]

These facts are undisputed, and indeed unmentioned, in Potter's Opposition. But given that it is undisputed that the Windows Phone 7 mobile operating system has nothing to do with the relevant functionality of Google's Voice Search and vice-versa, Potter is left with nothing to suggest that Microsoft and Google should be in the same case. Indeed, the factual chasm between Microsoft and Google is especially wide because Google Voice Search is an application that *may* be downloaded on handsets using the Windows Phone 7 mobile operating system, *but doesn't necessarily need to be*. Not every user of a Windows Phone 7 device has downloaded the Weather Channel application or the Angry Birds game application. Similarly, not every user of a Windows Phone 7 device has downloaded Google's Voice Search, and Potter can't — and doesn't — pretend otherwise. Yet, Potter bases its entire opposition to severance on the theoretical possibility that the accused Google application *might be* run on a Windows Phone 7 device. This is a bridge too far to force two competitors litigating over *completely different, independently developed* products into the same case.

Finally, Potter does not effectively justify keeping Microsoft in the same case as HTC, Samsung, and Nokia. Potter has claimed all along that it named the handset

---

[8] Harris Decl. at ¶ 5, ECF # 209-1.

makers, not because it wanted to game the system by joining unnecessary parties, but rather because of the handset makers' own alleged infringement. According to Potter, "establishing the software makers' infringement alone does not *de facto* establish the device makers' infringement as Potter Voice's allegations require elements in the specific devices of each manufacturer."[9] Thus, Potter's case against the handset makers stands or falls on its own, and Potter cannot show that Microsoft should be in the same case as HTC, Samsung, and Nokia.

**2.   POTTER TRIES TO END-RUN SECTION 299.**

Recognizing that its argument to keep Microsoft in the same case with more than a dozen unrelated defendants is dead on arrival, Potter tries instead to end-run Section 299. Potter makes two attempts.

First, Potter claims that the Court should ignore Section 299's mandatory requirements because following Section 299 would cause "duplication of parties, factual and legal issues among several cases."[10] But despite Potter's protestations, the America Invents Act does not provide exceptions for the purpose of minimizing purported inefficiency or for maximizing convenience to the plaintiff. Nothing in Section 299 suggests that Potter's desire to heap the case with unrelated defendants in the transparent hope that the ensuing chaos will prejudice the defendants should outweigh the defendants' right to put on their individualized defenses.

More importantly, Potter's assertions about efficiency are factually wrong. Potter claims that dismissing Microsoft would require duplicative discovery, claim construction

---

[9]   Potter's Consolidated Opp'n to Mot. to Stay at 1, ECF # 155.

[10]   Opp'n at 8, ECF # 228.

arguments, and invalidity contentions.[11] With respect to discovery, addressing claims against Microsoft products in a separate action will not create the need for additional, duplicative discovery. All the same discovery will be necessary whether in one case or two. Further, even assuming some discovery crossover between Microsoft and the three handset-maker defendants, the parties are capable of ensuring that relevant documents or information produced in one case will be available in the others as appropriate. With respect to claim construction and validity contentions, Microsoft's status as a co-defendant or as a defendant in its own action does not affect efforts necessary on both sides to prepare these arguments and contentions. If Potter did not want to prepare claim construction and validity contentions for sixteen defendants (whether in one or multiple suits), it should not have brought suit against sixteen defendants. So, even if Section 299 had an efficiency exemption, Potter couldn't meet it.

Potter's second attempted end run is to argue that if the Court severs the cases, all of the severed cases should be consolidated.[12] But Potter fails to appreciate the standards for demonstrating that consolidation is appropriate. Indeed, as the proponent of consolidation, Potter had the burden to demonstrate, not only that there are common questions of law or fact, but that the risk of prejudice to the Defendants does not outweigh the supposed convenience of consolidation. For instance, the Fifth Circuit long ago held that in determining whether cases should be consolidated, the court must ensure "that the rights of the parties are not prejudiced by the order of consolidation

---

[11]   Opp'n at 12, ECF # 228.
[12]   *Id*. at 12-13.

under the facts and circumstances of the particular case."[13] Similarly, in *Back v. Carter*, the Northern District of Indiana held that the "court should not order cases consolidated if consolidation would prejudice the interests of any party."[14] In *Brandywine Communications Technologies, LLC v. Apple Inc.*, a case Potter cites throughout its brief, the court severed the defendants because, as here, the plaintiff failed to establish a product common to all defendants. But the court went further and instructed that the severed cases be coordinated — not consolidated — with respect to claim construction and validity.[15]

The unpublished opinion Potter cites, *World Wide Medical Technology LLC v. Core Oncology, Inc.*, is not to the contrary.[16] Indeed, that unpublished opinion from the Middle District of Florida says nothing whatsoever about whether consolidation in that particular case would have prejudiced any of the parties, or whether any of the parties even raised prejudice as an issue. In short, *World Wide Medical* is not authority for any proposition relating to consolidation.

By contrast, the facts in this case demonstrate that consolidation would be overwhelmingly prejudicial to Microsoft, as well as the other parties. Each Defendant has its own unique system, and each Defendant should be entitled to attack the patent-in-suit individually. But consolidation means that the Defendants will have to work

---

[13]   *Dupont v. S. Pac. Co.*, 366 F.2d 193, 196 (5th Cir. 1966).

[14]   *Back v. Carter,* 933 F.Supp. 738, 748 (N.D. Ind. 1996).

[15]   *Brandywine Comm'n Tech., LLC v. Apple Inc.*, Case No. 6:11-cv-1512, 2012 WL 527057, *3 (M.D. Fla. Jan. 24, 2012).

[16]   *World Wide Med. Tech. LLC v. Core Oncology, Inc.*, 4:11-cv-614-RS-CAS (N.D. Fla. April 11, 2012).

together watering down their positions on case-critical issues and arguments, putting their individual interests aside for the benefit of the larger group. As the Central District of California in *Medsquire LLC v. Quest Diagnostics, Inc.* stated, "the accused defendants — who will surely have competing interests and strategies — are also entitled to present individualized assaults on questions of noninfringement, invalidity, and claim construction."[17] Such is the case here.

The prejudice is all the more acute in this case because the defendants are all direct competitors with one another. Moreover, consolidation is especially troubling in this case because many of the defendants are in active litigation ***against*** each other in other matters. Forcing defendants who are in active litigation against each other to work with each other to present unified pleading positions and discovery is inappropriate and highly prejudicial.

In the end, Microsoft's Windows Phone 7 mobile operating system is different from Google's Voice Search; it is also different from Apple's iOS, and RIM's Blackberry operating system; it is different from all of the handset-makers' products that do not run Microsoft's Windows Phone 7; and it is different from HTC, Samsung, and Nokia's handsets. Microsoft's interests and strategies will be based on ***its*** accused products, and it should not be hamstrung in presenting its case and defending itself by having to work with its competitors. The purpose of Section 299 is to preclude exactly the prejudice Potter seeks here by forcing Microsoft to litigate alongside its competitors, and

---

[17] *Medsquire LLC v. Quest Diagnostics, Inc.*, Case No. 2:11-cv-4504, 2011 WL 7710203 (C.D. Cal. Dec. 1, 2011).

permitting Potter to end-run Section 299's requirements by the consolidation gambit would severely prejudice Microsoft.

## CONCLUSION

Potter has not, and cannot, demonstrate Section 299's three prerequisites to join Microsoft in the same case as the other defendants. Most of the defendants are accused of infringement by selling products that do not use Microsoft software. Further, Microsoft and Google's accused products are distinct, independently created products. Similarly, Microsoft cannot be in the same case as HTC, Samsung, and Nokia, as these defendants are accused of infringement by selling different products. Finally, the Court should reject Potter's transparent attempt to circumvent Section 299 by consolidation, as consolidation eviscerates Section 299. Thus, the Court should sever Microsoft from this case and either dismiss Microsoft outright or allow Microsoft to proceed on its own in a separate action.

Respectfully submitted,
October 1, 2012
**PERKINS COIE LLP**

| /s/ *Grant Kinsel* | Amanda J. Tessar |
|---|---|
| Grant Kinsel | atessar@perkinscoie.com |
|  | Kourtney Mueller Merrill |
| gkinsel@perkinscoie.com | kmerrill@perkinscoie.com |
| 188 Century Park E., Suite 1700 | 1900 16th Street, Suite 1400 |
| Los Angeles, CA 90067 | Denver, CO 80202-5255 |
|  |  |
| Tel:   310.788.3215 | Tel:   303.291.2300 |
| Fax:  310.788.3399 | Fax:  303.291.2400 |

Attorneys for **MICROSOFT CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2012, I electronically filed a true and correct copy of the foregoing **Microsoft Corporation's Reply Brief in Support of Motion to Steve Under 35 U.S.C. § 299** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Allison Hoch Altersohn**
  aaltersohn@kslaw.com,
  csplaine@kslaw.com
- **Christopher David Banys**
  cdb@lanierlawfirm.com,
  rps@lanierlawfirm.com,
  mgl@lanierlawfirm.com,
  nsm@lanierlawfirm.com,
  gap@lanierlawfirm.com
- **Trevor G. Bartel**
  tbartel@rothgerber.com,
  ahertzog@rothgerber.com
- **Daniel Wayne Bedell**
  dwb@lanierlawfirm.com,
  gap@lanierlawfirm.com
- **Scott Robert Bialecki**
  scott.bialecki@bryancave.com,
  jennifer.pearce@bryancave.com,
  gina.villarreal@bryancave.com
- **Scott Mark Browning**
  sbrowning@rothgerber.com,
  phenke@rothgerber.com
- **Christopher Charles Carnaval**
  ccarnaval@kslaw.com,
  drodriguez@kslaw.com
- **Frank Brittin Clayton , III**
  bclayton@rcalaw.com,
  apalius@rcalaw.com
- **Craig Evan Davis**
  craig.davis@wilmerhale.com,
  erik.marshall@wilmerhale.com
- **Andrew V. Devkar**
  Andrew.Devkar@dlapiper.com
- **Richard Aframe Edlin**
  edlinr@gtlaw.com

- **Bruce A. Featherstone**
  bfeatherstone@featherstonelaw.com,
  service@featherstonelaw.com,
  rcusack@featherstonelaw.com
- **Eamonn Joseph Gardner**
  egardner@cooley.com,
  sbitler@cooley.com,
  tgibbs@cooley.com,
  jinghram@cooley.com,
  calendarreq@cooley.com
- **Hugh Q. Gottschalk**
  gottschalk@wtotrial.com,
  hart@wtotrial.com,
  gottesfeld@wtotrial.com
- **Natalie Marie Hanlon-Leh**
  natalie.hanlonleh@faegrebd.com,
  marleen.como@faegrebd.com,
  deb.camp@faegrebd.com,
  amy.titus@faegrebd.com,
  margaret.zylstra@faegrebd.com,
  joel.sayres@faegrebd.com
- **Clayton Cole James**
  clay.james@hoganlovells.com,
  bonnie.sauer@hoganlovells.com,
  ecfnotices@hoganlovells.com
- **Matthew E. Johnson**
  johnson@wtotrial.com,
  keitlen@wtotrial.com
- **Erin Anne Kelly**
  erin.kelly@bryancave.com,
  jennifer.pearce@bryancave.com,
  gina.villarreal@bryancave.com
- **Grant Edward Kinsel**
  gkinsel@perkinscoie.com,
  ivasquez@perkinscoie.com

- **Amy Leigh Kramer**
  kramera@gtlaw.com,
  westp@gtlaw.com,
  lovelandk@gtlaw.com
- **Matthew James Leary**
  mleary@cooley.com,
  jinghram@cooley.com,
  jspalding@cooley.com
- **Courtney Anne Levkulich**
  clevkulich@featherstonelaw.com
  service@featherstonelaw.com
- **Dominic Eugene Massa**
  dominic.massa@wilmerhale.com
- **Kourtney Mueller Merrill**
  kmerrill@perkinscoie.com,
  KMerrill-efile@perkinscoie.com
- **Scott Robertson Miller**
  smiller@cblh.com, dkt@cblh.com,
  nphillips@cblh.com
- **Stephen C. Neal**
  nealsc@cooley.com,
  wilsonla@cooley.com
- **Joseph Edwin Palys**
  joseph.palys@finnegan.com,
  elliot.cook@finnegan.com,
  mark.rosenberger@finnegan.com,
  william.esper@finnegan.com
- **Patrick S. Park**
  patrick.park@dlapiper.com,
  dmetria.bolden@dlapiper.com,
  Docketingla@dlapiper.com,
  susan.bryant@dlapiper.com
- **Jose L. Patino**
  jlpatino@jonesday.com,
  kmoody@jonesday.com
- **Robert F. Perry**
  rperry@kslaw.com,
  csplaine@kslaw.com
- **Victor H. Polk , Jr**
  polkv@gtlaw.com,
  curleyp@gtlaw.com
- **Lewis V. Popovski**
  lpopovski@kenyon.com
- **Renzo Nicola Rocchegiani**
  rrocchegiani@mckennalong.com,
  kjohnson@mckennalong.com,
  aellis@mckennalong.com
- **Ian L. Saffer**
  isaffer@kilpatricktownsend.com,
  tobrien@kilpatricktownsend.com,
  dtwilliams@kilpatricktownsend.com,denverecf@kilpatricktownsend.com
- **Michael Evan Sander**
  msander@kenyon.com
- **Jerry R. Selinger**
  jselinger@pattersonsheridan.com,
  gparker@pattersonsheridan.com
- **J. Mark Smith**
  msmith@penberg.com,
  tkeelick@pwhclaw.com,
  mwheatley@penberg.com
- **James William Soong**
  soongj@gtlaw.com
- **Gayle Lynn Strong**
  strongg@gtlaw.com,
  DENLITDOCK@gtlaw.com,
  collinsk@gtlaw.com,
  westp@gtlaw.com,
  lovelandk@gtlaw.com
- **Amanda J. Tessar**
  atessar@perkinscoie.com,
  ATessar-efile@perkinscoie.com
- **Timothy Scott Teter**
  teterts@cooley.com,
  tgibbs@cooley.com
- **Douglas B. Tumminello**
  dtumminello@rothgerber.com,
  lhess@rothgerber.com,
  mhess@rothgerber.com,
  cgilchrist@rothgerber.com
- **Srecko Vidmar**
  lucky.vidmar@hoganlovells.com,
  bonnie.sauer@hoganlovells.com,
  tyann.cyrus@hoganlovells.com

- **Sandra B. Wick Mulvany**
  swickmulvany@mckennalong.com
  aboyle@mckennalong.com
- **Elizabeth Danielle Thompson Williams**
  dtwilliams@kilpatricktownsend.com,
  sjarrell@kilpatricktownsend.com,
  sumoore@ktslaw.com
- **Alan Arthur Wright**
  awright@park-law.com,esong@park-law.com
- **Elizabeth Yang**
  EYang@cblh.com,
  DKT@cblh.com,
  DDellisanti@cblh.com
- **Richard de Bodo**
  richard.debodo@dlapiper.com,
  Docketingla@dlapiper.com

**PERKINS COIE LLP**

| | |
|---|---|
| /s/ *Grant Kinsel*<br>Grant Kinsel<br><br>gkinsel@perkinscoie.com<br>188 Century Park E., Suite 1700<br>Los Angeles, CA 90067<br><br>Tel:   310.788.3215<br>Fax:  310.788.3399 | Amanda J. Tessar<br>atessar@perkinscoie.com<br>Kourtney Mueller Merrill<br>kmerrill@perkinscoie.com<br>1900 16th Street<br>#1400<br>Denver, CO 80202-5255<br>Tel:   303.291.2300<br>Fax:  303.291.2400 |

Attorneys for **MICROSOFT CORPORATION**