**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-CV-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

Plaintiff,

v.

APPLE INC., et al.,

Defendants.

---

**PLAINTIFF'S OPPOSITION TO GOOGLE, INC.'S MOTION TO SEVER**

---

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. LEGAL STANDARDS ..... 3

III. ARGUMENT ..... 6

A. Facts ..... 6

B. Potter's Complaint Meets the Requirements of Section 299 ..... 9

1. Questions of Fact Common to All Defendants Will Arise. ..... 9

2. Potter's Claims Against Google Arise Out of the Same Transaction or Occurrence as its Claims Against Other Defendants. ..... 9

3. Severing Google Fosters Inefficiency. ..... 11

C. If Severance is Improper, the Court Should Consolidate the Cases ..... 12

IV. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Brandywine Communs. Techs. LLC. v. Verizon Communs., Inc.*,
2012 WL 527057 (M.D.Fla. Jan. 24, 2012) .......... passim

*CyberFone Systems, LLC v. Cellco Partnership*,
2012 WL 1509504 (D. Del. 2012) .......... 6

*Genetic Technologies Ltd. v. Agilent Technologies, Inc.*,
2012 WL1015355, at *7 (D.Colo. Mar. 23, 2012) .......... 4, 5, 11

*In re EMC Corp.*,
2012 WL1563920, *4 (Fed. Cir. May 4, 2012) .......... 4, 5, 10, 12

*MDM Group Associates, Inc. v. Midgett Realty, Inc.*,
2008 WL2756926, *3 (D.Colo. July 14, 2008) .......... 4, 10

*Medsquire LLC v. Quest Diagnostics, Inc.*,
2011 WL 7710203 (C.D.Cal. 2011) .......... 4

*Nat'l Ass'n of Investors Corp. v. Bivio, Inc.*,
2011 WL 1059835 (D.Colo. Mar. 21, 2011) .......... 4, 11

*Odetics, Inc. v. Storage Technology Corp.*,
14 F.Supp.2d 785 (1998) .......... 10

*Quanta Computer, Inc., v. LG Elecs., Inc*.,
128 S. Ct. 2109, 2122 (2008) .......... 10

*Temple v. Synthes Corp*.,
498 U.S. 5 (1990) .......... 4

*United Mine Workers of Am. v. Gibbs*,
383 U.S. 715 (1966) .......... 10

*World Wide Med. Tech. LLC v. Core Oncology, Inc.*,
No. 69 4:11-CV-00614-RS-CAS (N.D. Fla. Apr. 11, 2012) .......... 12

**STATUTES**

35 U.S.C. Section 299 .......... passim

**OTHER AUTHORITIES**

Fed. R. Civ. P. 20 ........ passim

Fed. R. Civ. P. 21 ........ 5

Fed. R. Civ. P. 42 ........ 12

## I. INTRODUCTION

Google's motion – like Microsoft's and Apple's before it –is based on the faulty premise that its accused software product, Google Voice Search, has no relationship to to the infringing activities of the other Defendants in this action. Contrary to Google's assertion, Potter's infringement allegations with respect to Google's accused software are closely intertwined with Potter's infringement allegations regarding the accused devices of the other Defendants in this action. Google promotes, advertises, and provides all versions of its accused software for different operating systems under the same product name: Google Voice Search. And all of the relevant functionality of the Google Voice Search product is the same across these operating systems. As a result, Defendants' accused handheld devices, even though they may use different operating systems, all infringe Potter's patent in essentially the same way when Google Voice Search is used on their systems. Google's argument to the contrary is akin to asserting that a blue computer is a functionally-different product than a red one.

Because Google Voice Search is the same product across different operating systems, separating the parties in this case is not as simple or efficient a task as Google attempts to portray. Indeed, Potter spent substantial time considering the overlapping issues of fact and law between the various Defendants, and the new America Invents Act provisions, before filing this suit. The parties in the present case consist of handheld device manufacturers and the software companies that make software for those devices. The alleged infringement here concerns both the handheld devices and the software. And because the same hardware device runs software from multiple software manufacturers, and the same software runs on multiple devices made by multiple device manufacturers, there is an overlapping interrelationship of factual and legal issues between all parties here that is extremely difficult to disentangle, without

duplicating efforts and dramatically increasing the cost and burden on the parties and the Court.

For example, Potter accuses Google of infringing its patent by running Google Voice Search software on its Nexus handheld devices, and by creating software that runs on all other accused devices. And there is no evidence of a substantive difference in Google Voice Search across the various devices. Thus, if the case against Google were litigated separately, every other device-making Defendant would have the exact same factual and legal issues to litigate in at least two – if not many, many more – separate cases. Such a process would be highly inefficient for Defendants, Potter, and the Court, and runs the risk of inconsistent results from the same factual and legal dispute.

This type of duplication of efforts and inefficiency cannot be what Congress had in mind when it drafted the AIA, codified as 35 U.S.C. Section 299. In enacting that provision, Congress explicitly stated that it wanted to prevent joinder of multiple Defendants "based solely on allegations that they each have infringed the patent or patents in suit." But joinder in this case is not based solely on allegations that all Defendants infringe the same patent. Instead, the allegations against Defendants satisfy the requirements Congress set out in the America Invents Act for proper joinder. Indeed, the claims against the Defendants so are intertwined and interrelated that judicial efficiency and trial convenience strongly promote joining the parties in one case.

But if the Court concludes that Google should not have been joined under the AIA, precedent from this District shows that the Court can still promote efficiency and judicial economy by severing Google into its own case, but then consolidating Google's case with the main case. Thus, because of the numerous common questions of law and fact for all Defendants, if the Court finds that joinder is improper, Potter respectfully

requests that the Court sever Google into a related case and then, to promote efficiency and judicial economy, Potter respectfully requests that the Court consolidate the newly-severed case against Google with the current case under Fed. R. Civ. P. 42(a).

## II. LEGAL STANDARDS

Google brings this motion under 35 U.S.C. Section 299 and Fed. R. Civ. P. 20. Section 299 provides that accused patent infringers may be joined in one action only if:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> (2) questions of fact common to all Defendants or counterclaim Defendants will arise in the action.

35 U.S.C. § 299. Section 299 further states: "accused infringers may not be joined in one action as Defendants … based solely on allegations that they each have infringed the patent or patents in suit." 35 U.S.C. § 299.

Section 299 became effective on September 16, 2011. Because Section 299 is relatively new, few courts have interpreted its provisions to date. Nevertheless, courts have guidance in applying Section 299 from Rule 20 of the Federal Rules of Civil Procedure. Indeed, "Section 299(a) 'effectively codifies current law [under Rule 20] as it has been applied everywhere outside of the Eastern District of Texas,'" and the "Court's analysis would remain the same whether or not this case falls within the ambit of § 299(a) [or Rule 20]." *Medsquire LLC v. Quest Diagnostics, Inc.*, 2011 WL 7710203, at *2 (C.D.Cal. 2011) (quoting 157 Cong. Rec. S5429 (daily ed. Sept. 8, 2011)).

Courts have held that the "central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Brandywine Communs. Techs. LLC. v. Verizon Communs., Inc.*, 2012 WL

527057, at *1 (M.D.Fla. Jan. 24, 2012). Indeed, under Rule 20, "joinder is intended to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *Genetic Technologies Ltd. v. Agilent Technologies, Inc.*, 2012 WL1015355, at *7 (D.Colo. Mar. 23, 2012); *Nat'l Ass'n of Investors Corp. v. Bivio, Inc.*, 2011 WL 1059835, at *2 (D.Colo. Mar. 21, 2011).

Section 299 and Rule 20 share common language requiring plaintiffs to allege claims against Defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Rule 20; Section 299. The Court has found that Rule 20(a) "requires that the joined Defendants be jointly or severally liable, or that the claims arise out of the same transaction, occurrence, or series of transactions or occurrences." *MDM Group Associates, Inc. v. Midgett Realty, Inc.*, 2008 WL2756926, *3 (D.Colo. July 14, 2008) (emphasis added). Some courts have interpreted the same language to require assertion of rights to relief "jointly, severally, or in the alternative, and claims arising out of the same series of transactions." This "and/or" distinction is unnecessary and unhelpful as courts have found the two elements overlap. *See, e.g., In re EMC Corp.*, 2012 WL1563920, *4 (Fed. Cir. May 4, 2012) ("It is clear that where Defendants are alleged to be jointly liable, they may be joined under Rule 20 because the transaction-or-occurrence test is always satisfied.") (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990)). Indeed, this Court and others have summarized the two elements of this limitation to mean "the plaintiff's right to relief arises out of the same transaction or occurrence." *Genetic Technologies Ltd.*, 2012 WL1015355 at *3; *In re EMC Corp.*, 2012 WL1563920 at *4 ("Defendants may be joined in a single action only if the two independent requirements of Rule 20 are satisfied: (1) the claims against them must be asserted with respect to or arising out of the same transaction, occurrence, or series of

transactions or occurrences, and (2) there must be a question of law or fact common to all Defendants.").

"In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued. No hard and fast rules have been established under the rule." *Brandywine Communs. Techs. LLC.*, 2012 WL 527057 at *2. And "all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* at *1.

In addition to the "same transaction or occurrence" limitation, Rule 20 further requires that a "question of law or fact common to all Defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(B). Section 299 limits that requirement to "questions of fact common to all Defendants." 35 U.S.C. § 299. Thus, under Section 299, Defendants may be joined if (1) plaintiff asserts any right to relief against them jointly, severally, or in the alternative and the claims arise out of the same transaction, occurrence, or series of transactions or occurrences; and (2) questions of fact common to all Defendants will arise in the action.

Under Rule 21, the courts have power to add or drop parties for misjoinder. Fed. R. Civ. P. 21. But even if joinder is improper, "dismissal is not a proper consequence of misjoinder." *Genetic Technologies Ltd.*, 2012 WL1015355 at *7 (severing cases where joinder was improper under Rule 20). Indeed, "to the extent [] motions seek dismissal of claims, severance, not dismissal, is the correct remedy for misjoinder." *CyberFone Systems, LLC v. Cellco Partnership*, 2012 WL 1509504, at *1 (D. Del. 2012) (denying individual Defendants' motions to dismiss claims against them under Fed. R. Civ. P. 20).

## III. ARGUMENT

### A. Facts

Potter Voice Technologies, LLC ("Potter Voice") is a Colorado company that owns U.S. Patent Number 5,726,659 ("the '659 patent"). The inventor of the '659 patent, Jerry Potter, filed for the patent in June 1995, and received the patent in March, 1998. The '659 patent covers improved methods and apparatuses for controlling digital computers using voice commands.

As mobile devices have become smaller, more powerful, and more integral to our lives, the need and potential for good voice interfaces has swelled. For example, Apple recently made international headlines with its release of "Siri," its voice-control application for the iPhone. Google and Microsoft also recently released their own voice-control applications for mobile devices, Google Voice Search, and Windows Speech Commands, respectively. On April 25, 2012, Potter filed this case against Google, Apple, Microsoft, RIM, and various device manufacturers for infringement of the '659 patent.

Google brought the present motion to sever under Section 299 and Fed. R. Civ. P. 20 based on its assertion that its accused software – Google Voice Search – is "unrelated" to the same software on other Defendants' devices.[1] Mot. at 5. To the contrary, the Complaint's claims against Google overlap and intertwine with the claims against the other Defendants. The Complaint includes allegations that Google's devices infringe using Google's Google Voice Search: the same products with which Google's, HTC's, Samsung's, and every other device makers infringe. The table below summarizes the infringing combinations:

[1] Potter notes that it will soon be filing a motion to amend its Complaint to add an additional Google accused software product, Google Voice Actions. However, this change, if granted, would not substantively affect the arguments set forth herein.

| | | Software Manufacturers | | | |
|---|---|---|---|---|---|
| | | Microsoft | Google | Apple | RIM |
| Device Makers | Apple | | Apple iPhone 4S when running Google Voice Search | Apple iPhone 4S when running Siri Voice Commands | |
| | HTC | HTC EVO Design 4G, HTC Incredible S, HTC Rezound, and HTC Titan and all reasonably similar products when running Windows Speech Commands | HTC EVO Design 4G, HTC Incredible S, HTC Rezound, and HTC Titan and all reasonably similar products when running Google Voice Search | | |
| | Samsung | Samsung Galaxy S II, Galaxy S Blaze, and Samsung Focus and all reasonably similar products when running Windows Speech Commands | Samsung Galaxy S II, Galaxy S Blaze, and Samsung Focus and all reasonably similar products when running Google Voice Search | | |
| | Sony | | Sony Xperia X10 and all reasonably similar products when running Google Voice Search | | |
| | LG | | LG Optimus S and all reasonably similar products when running Google Voice Search | | |
| Device Makers | Motorola | | Motorola DROID RAZR and all reasonably similar products when running Google Voice Search | | |
| | ZTE | | ZTE Score M and all reasonably similar products when running Google Voice Search | | |
| | Kyocera | | Kyocera Echo and all reasonably similar products when running Google | | |

| | | Software Manufacturers | | | |
|---|---|---|---|---|---|
| | | Microsoft | Google | Apple | RIM |
| Device Makers | | | Voice Search | | |
| | Sharp | | Sharp FX PLUS ADS1 and all reasonably similar products when running Google Voice Search | | |
| | Huawei | | Huawei M835 and all reasonably similar products when running Google Voice Search | | |
| | Pantech | | Pantech Burst and all reasonably similar products when running Google Voice Search | | |
| | RIM | | RIM BlackBerry Bold and all reasonably similar products when running Google Voice Search | | RIM BlackBerry Bold and all reasonably similar products when running BlackBerry Voice Commands |
| | Nokia | Nokia Lumia 710 and all reasonably similar products when running Windows Speech Commands | Nokia Lumia 710 and all reasonably similar products when running Google Voice Search | | |
| | Google | | Google Nexus 7 | | |

As the table illustrates, all of the Defendants' allegedly-infringing acts are interconnected. For example, Potter accuses Apple's devices operating together with Google Voice Search as infringing. And Potter accuses the same Google Voice Search software operating together with Google's, Nokia's, HTC's, Samsung's, and other Defendants' devices as infringing. And Potter alleges that the same Nokia, Samsung, and HTC devices also infringe using Microsoft's Windows Speech Commands software. None of these Defendants can therefore be severed without causing a duplication of parties, factual and legal issues among several cases.

### B. Potter's Complaint Meets the Requirements of Section 299.

#### 1. Questions of Fact Common to All Defendants Will Arise.

Several questions of fact common to all Defendants will arise in this case. For example, Potter accuses Google Voice Search operating together with every other Defendants' devices. And the same Nokia, Samsung, and HTC devices infringe using Microsoft's Windows Speech Commands software. Thus, the factual questions regarding the technical operation of Google Voice Search will be common to the cases against Google and every accused device maker. And factual questions regarding the technical operation of HTC's, Samsung's, and Nokia's devices will be common to the cases against the device makers and Microsoft. Moreover, common questions regarding the priority date, applicable prior art, and whether the art teaches certain limitations of the asserted claims will arise for all Defendants.

#### 2. Potter's Claims Against Google Arise Out of the Same Transaction or Occurrence as its Claims Against Other Defendants.

As shown above, Potter's claims against Google arise out the same series of transactions or occurrences as Potter's claims against other Defendants. "In ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, a case by case approach is generally pursued …No hard and fast rules have been established under the rule." *Brandywine Communs. Techs. LLC.*, 2012 WL 527057 at *2. "All logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." Id. at *1.

What is more, the "Supreme Court has stated that under the Federal Rules of Civil Procedure, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *In re EMC Corp.*, 2012 WL1563920 at *4 (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). Indeed, the "trend under the federal rules is toward entertaining the broadest possible scope of action consistent with fairness to the parties." *MDM Group Associates, Inc.*, 2008 WL2756926 at *4 (emphasis added).

Potter's prayer for relief against Google, Apple, Microsoft, HTC, Samsung, Nokia, and the other device makers arise from the same series of transactions or occurrences. This includes the use and sale of specific Apple, Google, HTC, Samsung, and Nokia handhelds with Google Voice Search and the same HTC, Samsung, and Nokia devices with Windows Speech Commands. For instance, the Complaint alleges that both Google and the device makers indirectly infringe by inducing and contributing to customers' use of the devices with Google Voice Search. Thus, the Complaint alleges claims against Google that arise from the same transaction or occurrence as the device makers and for which Google and each of these device makers are jointly, severally, or alternatively liable.

Further, Potter cannot recover from Google and the device makers independently for every infringing act of selling and using infringing devices with Google Voice Search. See *Quanta Computer, Inc., v. LG Elecs.*, Inc., 128 S. Ct. 2109, 2122 (2008) (The exhaustion doctrine prohibits patent holders from selling a patented article and "then invoking patent law to control postsale use of the article."); *Odetics, Inc. v. Storage Technology Corp.*, 14 F.Supp.2d 785, 789 (1998) ("Once the jury required [Defendant]

to pay damages for the sale of these thirty systems, there arose an implied license as to them. Accordingly, [plaintiff] is not now entitled to an injunction prohibiting [a customer's] use of those infringing systems … the customer Defendants' use of the infringing systems did not occasion a separate and independent harm to [plaintiff].”). Potter cannot recover from Google for a customer's use of its software on a device and then recover from a device maker for selling an accused device with Google Voice Search. But, if Potter does not recover from Google for the customer's use, Potter may recover from a device maker for the sale of the device.

**3. Severing Google Fosters Inefficiency.**

Severing Google from this case would lead to multiple lawsuits involving the same facts and would run contrary to the purpose of joinder under the Federal Rules. “Joinder is intended to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits.” *Genetic Technologies Ltd.*, 2012 WL1015355 at *7; *Nat'l Ass'n of Investors Corp.*, 2011 WL 1059835 at *2; *Brandywine Communs. Techs. LLC.*, 2012 WL 527057 at *1 (“The central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.”). Severing Google would lead to multiple lawsuits involving the same accused product – Google Voice Search – and the same asserted patent. The two (or more) cases would require duplicate efforts including (1) providing the same discovery concerning the operation of the accused software; (2) making the same claim construction arguments; and (3) making the same invalidity contentions. This inefficient duplication runs contrary to the express purpose of joinder under the Federal Rules and certainly was not what Congress intended when it enacted Section 299.

**C. If Severance is Improper, the Court Should Consolidate the Cases.**

If the Court finds that severance is proper in this case, Potter respectfully requests that the Court sever the case against Google and consolidate the cases for all pre-trial matters pursuant to Fed. R. Civ. P. 42(a). In "exercising its discretion, the district court should keep in mind that even if joinder is not permitted under Rule 20, the district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only 'a common question of law or fact.'" *In re EMC Corp.*, 2012 WL1563920 at *7 (quoting Fed. R. Civ. P. 42(a)). In a recent order under Section 299, the District Court for the Northern District of Florida ordered severance but consolidated the cases for pre-trial matters pursuant to Fed. R. Civ. P. 42(a) and ordered all future pleadings for the severed cases to be filed in the original case. *See World Wide Med. Tech. LLC v. Core Oncology, Inc.*, No. 69 4:11-CV-00614-RS-CAS (N.D. Fla. Apr. 11, 2012).

As with the *World Wide Medical* case, any severed cases here should be consolidated because several common questions of law – including claim construction – and fact – including the operation of the accused handheld devices, prior art, validity, and priority dates – will be involved. *Id.* ("Because it appears that common questions of law are involved in these eight patent infringement cases, the cases shall be consolidated for the purpose of pre-trial matters pursuant to Fed. R. Civ. P. 42(a)").

**IV. CONCLUSION**

Potter respectfully requests that the Court deny Google's motion to sever because the claims against the Defendants satisfy the requirements for proper joinder and are so are intertwined and interrelated that judicial efficiency and trial convenience strongly favor joining the parties in one case. Alternatively, because of the numerous common questions of law and fact for all Defendants, if the Court finds that joinder is

improper, Potter respectfully requests that the Court sever the case against Google and consolidate the cases.

Dated: October 5, 2012

Respectfully submitted,

*/s/ Christopher D. Banys*
Christopher D. Banys

THE LANIER LAW FIRM, P.C.
Christopher D. Banys SBN:230038 (California)
The Lanier Law Firm, P.C.
2200 Geng Road, Suite 200
Palo Alto, CA 94303
Tel: (650) 332-9100
Fax: (650) 322-9103
cdb@lanierlawfirm.com

LOCAL COUNSEL:

RYLEY CARLOCK & APPLEWHITE
F. Brittin Clayton III
1700 Lincoln Street, Suite 3500
Denver, CO 80203
Tel: (303) 813-6713
clayton@rcalaw.com

**ATTORNEYS FOR PLAINTIFF**
**POTTER VOICE TECHNOLOGIES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2012, I filed a true and correct copy of the forgoing **PLAINTIFF'S OPPOSITION TO GOOGLE INC's MOTION TO SEVER** via the Court's CM/ECF system which will send notification of such filing to all counsel at the following email addresses:

| | |
|---|---|
| **Eamonn Gardner**<br>**Matthew Leary**<br>**Stephen C. Neal**<br>**Timothy S. Teter**<br>Cooley LLP<br>egardner@cooley.com<br>mleary@cooley.com<br>nealsc@cooley.com<br>teterts@cooley.com<br><br>*Attorneys for Defendant Apple Inc.* | **Erin A. Kelly**<br>Bryan Cave HRO<br>erin.kelly@bryancave.com<br><br>**Robert F. Perry**<br>**Christopher C. Carnaval**<br>**Allison H. Alterson**<br>King & Spalding LLP<br>rperry@kslaw.com<br>ccarnaval@kslaw.com<br>aalterson@kslaw.com<br><br>**Scott Robert Bialecki**<br>Fox Rothschild LLP<br>sbialecki@foxrothschild.com<br>group-foxpotter@foxrothschild.com<br><br>*Attorneys for Defendant Nokia Inc.* |
| **Ian L. Saffer**<br>**Danielle Thompson Williams**<br>Kilpatrick Townsend & Stockton LLP<br>isaffer@kilpatricktownsend.com<br>dtwillams@kilpatricktownsend.com<br><br>*Attorneys for Defendants Google, Inc., and Motorola Mobility, LLC* | **Natalie Hanlon-Leh**<br>Faegre Baker Daniels LLP<br>natalie.hanlonleh@FaegreBD.com<br><br>**Alan A. Wright**<br>H.C. Park & Associates, PLC<br>awright@park-law.com<br><br>*Attorneys for Defendant Pantech Wireless, Inc.* |
| **Bruce A. Featherstone**<br>**Courtney A. Levkulich**<br>Featherstone Petrie DeSisto LLP<br>bfeatherstone@featherstonelaw.com<br>clevkulich@featherstonelaw.com<br><br>**Jerry R. Selinger**<br>Patterson & Sheridan, LLP<br>jselinger@pattersonsheridan.com<br><br>*Attorneys for Defendant HTC America, Inc.* | **Craig E. Davis**<br>**Dominic E. Messa**<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>craig.davis@wilmerhale.com<br>Dominic.Massa@wilmerhale.com<br><br>**Clayton C. James**<br>**Srecko "Lucky" Vidmar**<br>Hogan Lovells US LLP<br>clay.james@hoganlovells.com<br>lucky.vidmar@hoganlovells.com<br><br>*Attorneys for Defendants Research in Motion Limited and Research in Motion Corporation* |
| **Trevor Bartel**<br>**Scott M. Browning**<br>Rothgerber Johnson & Lyons LLP | **James W. Soong**<br>**Hyun Chung**<br>**Rich Eldin** |

| | |
|---|---|
| tbartel@rothgerber.com<br>sbrowning@rothgerber.com<br><br>**Joseph E. Palys**<br>Finnegan, Henderson, Farabow, Garrett & Dunner, LLP<br>Joseoh.palys@finnegan.com<br><br>*Attorneys for Defendant Huawei Device USA, Inc.* | **CJ Kim**<br>**Richard A. Edlin**<br>**Gayle L. Strong**<br>**Amy L. Kraner**<br>**Victor H. Polk, Jr.**<br>Greenberg Traurig, LLP<br>soongj@gtlaw.com<br>chungh@gtlaw.com<br>edlinr@gtlaw.com<br>kimc@gtlaw.com<br>edlinr@gtlaw.com<br>strongg@gtlaw.com<br>kramera@gtlaw.com<br>polkv@gtlaw.com<br><br>*Attorneys for Defendant Samsung Telecommunications America, Inc.* |
| **Jose L. Patino**<br>**Nicola A. Pisano**<br>Jones Day<br>jlpatino@JonesDay.com<br>napisano@jonesday.com<br>pottervoice@jonesday.com<br><br>*Attorneys for Defendant Kyocera International, Inc.* | **Patrick Park**<br>**Andrew Devkar**<br>DLA Piper LLP<br>patrick.park@dlapiper.com<br>Andrew.deckar@dlapiper.com<br><br>*Attorneys for Sharp Electronics Corporation* |
| **Renzo N. Rocchegiani**<br>**Sandra B. Wick Mulvany**<br>McKenna Long & Aldridge, LLP<br>rrocchegiani@mckennalong.com<br>swickmulvany@mikennalong.com<br>LG-PV@mckennalong.com<br><br>*Attorneys for Defendant LG Electronics Mobilecomm U.S.A., Inc.* | **Lewis Popovski**<br>**Michael Sander**<br>Kenyon & Kenyon LLP<br>Lpopovski@keynon.com<br>MSander@Kenyon.com<br><br>**J. Mark Smith**<br>Pendleton, Wilson, Hennessey & Crow, P.C.<br>msmith@penberg.com<br><br>*Attorneys for Defendant Sony Mobile Communications (U.S.A.) Inc.* |
| **Amanda J. Tessar**<br>**Kourtney Mueller Merrill**<br>**Grant Kinsel**<br>Perkins Coie LLP<br>atessar@perkinscoie.com<br>kmerrill@perkinscoie.com<br>gkinsel@perkinscoie.com<br><br>*Attorneys for Defendant Microsoft Corporation* | **Matthew W. Johnson**<br>**Hugh Q. Gottschalk**<br>Wheeler Trigg O'Donnell LLP<br>johnson@wtotrial.com<br>gottschalk@wtotrial.com<br><br>**Elizabeth Yang**<br>Connolly Bove Lodge & Hutz LLP<br>eyang@cblh.com<br><br>*Attorneys for Defendant ZTE (USA) Inc.* |

*/s/ Georgia Perivoliotis*
Georgia Perivoliotis