**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:12-cv-1096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

      Plaintiff

v.

APPLE, INC., et al.,

      Defendants.

_____

**REPLY OF GOOGLE INC. IN SUPPORT OF ITS MOTION TO SEVER**
_____

      Defendant Google Inc. ("Google") respectfully submits its Reply in Support of its Motion to Sever (Dkt. 233).

**I.    POTTER VOICE FAILS TO ESTABLISH THAT JOINDER IS PROPER.**

      To establish that its attempt to join all defendants in the same suit is proper, Potter Voice Technologies LLC ("Potter Voice") must show that its allegations are directed at the "same accused product" and that its claims arise from the "same transaction or occurrence" involving all defendants.  35 U.S.C. § 299(a)(1).  Potter Voice cannot meet its burden.[1]  Google's Motion to Sever should therefore be granted.

      **A.    Potter Voice Accuses Different Products, Not the "Same" Product.**

      Potter Voice has not alleged that the defendants sell the "same accused product or process."  35 U.S.C. § 299.  Potter Voice concedes that Google, Microsoft, Apple and RIM offer "their own voice-control applications for mobile devices."  Dkt. 248, p. 6.  The

_____

[1]     Plaintiff bears the burden of proving that joinder is proper.  *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 159 (S.D.N.Y. 2009) ("The plaintiff bears the burden of demonstrating that joinder is warranted."); *see Ellsworth v. Prison Health Services, Inc.*, 2012 WL 1107754, at *3 (D. Ariz. Mar. 31, 2012); *Brandeis University v. East Side Ovens, Inc.*, 2012 WL 506616, at *1 (W.D. Wis. Feb. 15, 2012).

Third Amended Complaint[2] and Potter Voice's infringement contentions do not accuse Google of providing the same accused instrumentality as Apple, Microsoft or RIM.  Third Am. Compl. ¶¶ 24, 25, 30, 31, 75, 76, 79, 80.  Even Potter Voice's Opposition to Google's Motion to Sever confirms that Google's accused instrumentality is Google Voice Search, Microsoft's is Windows Speech Commands, Apple's is Siri Voice Commands and RIM's is Blackberry Voice Commands.  Dkt. 248, pp. 7-8.  These are not the "same accused product" required for proper joinder under § 299, and Potter Voice does not contend otherwise.

Potter Voice suggests that joinder is proper under § 299 because its infringement accusations include claims against Google Voice Search for all defendants.  Dkt. 248, p. 9.  Courts, however, have rejected this exact argument.  *Golden Bridge Tech., Inc. v. Apple Inc. et al.*, Case No. 2:12-cv-4014-ODW, 2012 WL 3999854, *3 (C.D. Cal. September 11, 2012); *Motorola Mobility, Inc. v. Apple Inc.*, Case No. 1:12-cv-20271-RNS, 2012 WL 3113932, *4 (S.D. Fla. July 31, 2012) (claims against specific software "in the same form" on accused devices did not render the accused devices "the same" in satisfaction of § 299).  For example, in *Golden Bridge*, the plaintiff accused a number of defendants of infringing the same patent and alleged that all defendants should be in the same lawsuit because "all of the Defendants' accused products use 'one of two common baseband processors . . . to practice the claimed inventions.'"  *Id.* at *1.  The plaintiff also contended that joinder was proper "because any differences in the Defendants' accused devices are unrelated to the claims of the [asserted] patent, the

---

[2]        Potter Voice intends to file a Fourth Amended Complaint.  The Fourth Amended Complaint will include the same allegations against the same products for the defendants.

aggregate facts are the same for all Defendants." *Id.* at *2. The Golden Bridge Court

rejected the plaintiff's arguments under § 299 finding

> no evidence that Defendants have any relationship relating to the accused
> products or infringement of the [asserted] patent. Defendants [were]
> unrelated competitors that design, manufacture and sell smartphones and
> other data communication devices. Although their products bear some
> similarity, there is no evidence that their products are identical or that they
> collaborated in any manner to infringe the [asserted] patent. Further, the
> fact that they may use an identical [component] . . . by itself does not
> establish that joinder is proper.

*Id.* at *3.

In this case, Potter Voice has not established that Google, Apple, Microsoft, RIM

and the other defendants have collaborated to infringe the '659 Patent or that their

accused products are identical. At best, Potter Voice has identified that Google and the

other defendants may use the same software, which is insufficient to meet the

requirements of § 299. Accordingly, Google's Motion to Sever should be granted.

### B.     Potter Voice Cannot Meet the "Same Transaction or Occurrence" Requirement.

Potter Voice's attempt to join Google and the other defendants also fails because

Potter Voice cannot satisfy the additional requirement that the claims arise from "the

same transaction, occurrence or series of transactions or occurrences." 35 U.S.C. §

299. Potter Voice does not dispute that Google, Microsoft, Apple and RIM offer "their

own voice-control applications for mobile devices." Dkt. 248, p. 6. Potter Voice does

not contend that Google, Microsoft, Apple, RIM and any other defendant have

conspired, colluded or otherwise acted in concert. Potter Voice only asserts that the

defendants act as part of the same transaction and occurrence by using Google Voice

Search. Dkt. 248, p. 10.

The "sameness of the accused products is not enough to establish that claims of infringement arise from the 'same transaction.'" *In re EMC Corp.*, 677 F. 3d 1351, 1359 (Fed. Cir. 2012). "To be part of the 'same transaction' requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts." *Id.* at 1359. Further, the use of Google Voice Search is not sufficient because Potter Voice would have to prove much more before Google, Microsoft, Apple, RIM and any other defendant could be found to have engaged in the same transaction:

> [P]ertinent factual considerations include whether the alleged acts of infringement occurred during the same time period, the existence of some relationship among the defendants, the use of identically sourced components, licensing or technology agreements between the defendants, overlap of the products' or processes' development and manufacture, and whether the case involves a claim for lost profits. The district court enjoys considerable discretion in weighing the relevant factors.

*Id.* at 1359-60.

In this case, Potter Voice contends that Google, Microsoft, Apple and RIM's separate "voice-control applications" infringe the '659 Patent. Dkt. 248, p. 6. Potter Voice does not contend and cannot establish, however, that Google, Microsoft, Apple and RIM collaboratively developed and manufactured their respective applications, sold these accused applications over the same time period, and have technology agreements between them. Potter Voice is seeking a reasonable royalty, and not lost profits in the action. Third Am. Compl. ¶ 33. Potter Voice has not met the "same transaction" requirement of § 299. As a result, Google is not properly joined in this action, and the claims against it should be severed.

## II.   POTTER VOICE'S REQUEST TO CIRCUMVENT THE JOINDER REQUIREMENTS SHOULD BE REJECTED.

Potter Voice's position that severing Google and the other defendants would lead to inefficiency is untenable.   First, none of the requirements of § 299 includes consideration of efficiency issues like "duplication of parties, factual and legal issues among several cases."  Dkt. 248 at 8.  Potter Voice made the tactical decision to file suit against fifteen separate entities and to accuse more than nineteen products of infringement.  Potter Voice's failure to satisfy the joinder requirements of § 299 cannot now become the justification to keep Google and the other defendants in the same case.   Second, as discussed in Google's Motion to Sever, severing Google actually promotes judicial economy and addresses the Federal Circuit's express concerns.  *In re EMC Corp.*, 677 F. 3d at 1355 (defendants "will not have a meaningful opportunity to present individualized defenses on issues such as infringement, willfulness, and damages because each defendant will have limited opportunities to present its own defense to the jury.")

Potter Voice finally argues that in the event the claims against Google are severed, Google's case should be consolidated under Rule 42(a) of the Federal Rules of Civil Procedure.  Consolidation under Rule 42, however, cannot be used to circumvent the joinder requirements under § 299.  157 Cong. Rec. S5429 (daily ed. Sept. 8, 2011) (statement of Sen. Kyl) ("Section 299 thus adopts a common standard for both joinder of defendants and consolidation of their cases for trial.").

Even assuming consolidation under Rule 42 could be proper, Potter Voice has not met its burden.  *Sprint Communications, L.P. v. Cox Communications, Inc.*, Case No. 11-2683-JAR-KMH, 2012 WL 1825222, at *1 (D. Kan. May 18, 2012).  The Fifth

Circuit acknowledged many years ago that a court must ensure "that the rights of the parties are not prejudiced by the order of consolidation under the facts and circumstances of the particular case." *Dupont v. S. Pac. Co.*, 366 F. 2d 193, 196 (5th Cir. 1966).  Potter Voice merely proffers common questions of law to support consolidation, and fails to address the prejudice factor.  Dkt. 248, p. 12.  As discussed in Google's Motion to Sever, Google is prejudiced because it has been "thrown into a mass pit with others to suit plaintiff's convenience." *EMC Corp.,* 677 F.3d at 1355. Consolidation eliminates Google's "meaningful opportunity to present individualized defenses." *Id.*  Accordingly, Potter Voice's consolidation request should be denied.

## CONCLUSION

For the reasons stated herein and in Google's Motion to Sever, Google respectfully requests that the Court sever the claims against Google consistent with the requirements of 35 U.S.C. § 299.

Respectfully submitted this the 22nd day of October, 2012.

KILPATRICK TOWNSEND & STOCKTON LLP

 /s/ Ian L. Saffer
Ian L. Saffer
1400 Wewatta Street, Suite 600
Denver, Colorado 80202
Telephone:  303.571.4000
Facsimile:   303.571.4321
Email: isaffer@kilpatricktownsend.com

E. Danielle T. Williams
North Carolina State Bar No. 23283
DTWilliams@KilpatrickTownsend.com
Kilpatrick Townsend & Stockton LLP
1001 West Fourth Street
Winston-Salem, North Carolina 27101
Telephone: (336) 607-7300
Facsimile:  (336) 607-7500

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2012, I electronically filed this pleading using the CM/ECF system which will send notification of such filing to all counsel of record.

\_\_/s/ Terri K. O'Brien_____
Terri K. O'Brien

US2008 3952817 1