# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Acton No. 1:12-CV-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

    Plaintiff,

v.

APPLE INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY LLC,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA INC.,

    Defendants.

---

## UNOPPOSED MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT

---

Plaintiff, Potter Voice Technologies LLC ("Potter") files this Motion for Leave to File its Fourth Amended Complaint.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1A, the undersigned counsel certifies that counsel for Plaintiff Potter contacted and conferred with counsel for Defendants regarding this Motion for Leave to File the Fourth Amended Complaint. On October 1, 2012, counsel for Potter (1) informed Defendants that Potter would seek leave to file this Motion and (2) sent Defendants a copy of the proposed Fourth Amended Complaint. On October 9, 2012, counsel for Potter conducted a conference call that included at least Defendants Google, Inc., Motorola Mobility LLC, Huawei Device USA Inc., Sony Mobile Communications (U.S.A.) Inc., LG Electronics Mobilecomm U.S.A. Inc., Kyocera International, Inc., Microsoft Corporation, Nokia Inc., and HTC America, Inc., as well as a separate conference call with Apple Inc. Following the calls, counsel for Potter sent Defendants a revised redlined copy of the proposed Fourth Amended Complaint.

As of the filing of this Motion, Potter has not received a response from any Defendant indicating that they oppose this Motion. Thus, based on its discussions with counsel for Google, Motorola, Huawei, Sony, LG, Kyocera, Microsoft, Nokia, HTC, and Apple, as well as the silence of the other Defendants on this issue, Potter understands that Defendants do not oppose the filing of this Motion, provided that the filing of the Fourth Amended Complaint does not impact any of the pending motions to dismiss, motions to sever, motions for joinder, and motions to transfer. Accordingly, Potter and Defendants have agreed that the filing of Potter's Fourth Amended Complaint will not affect the schedule for the pending motions to dismiss, motions to sever, motions for joinder, and motions to transfer, and will be filing a joint stipulation to this effect shortly.

## I. LEGAL STANDARD

"A party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *United States v. Braun*, 1986 WL 11269 at *2 (D.Colo. Oct. 8, 1986); Fed.R.Civ.P. 15(a). "The Tenth Circuit has interpreted this provision liberally in favor of amendment." *Id.* (citing *Polin v. Dun & Bradstreet, Inc.,* 511 F.2d 875, 877 (10th Cir. 1975)). "In general, leave to amend is only denied for reasons such as bad faith, undue delay, a dilatory motive on the part of the movant, or undue prejudice to the opposing party." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## II. FACTUAL BACKGROUND

On April 25, 2012, Potter filed its original complaint against Defendants. Dkt. No. 1. After conferring with Defendants, Potter filed its First Amended Complaint on May 29, 2012, to identify the proper parties based on information from the Defendants not readily-available to the public. (Dkt. No. 40). On June 19, 2012, the Court granted Potter leave to file its Second Amended Complaint to fix a clerical error in the First Amended Complaint. (Dkt No. 80). On July 27, 2012, the Court granted Potter leave to file its Third Amended Complaint to (1) amend its allegations of induced and willful infringement, (2) remove allegations of contributory infringement, (3) fix clerical errors, and (4) add allegations for the Google Nexus 7. (Dkt. No. 161). In its Third Amended Complaint, however, Potter inadvertently removed "Google Voice Actions" as an accused product from the Complaint. The parties discussed this issue with the Court

during the telephonic discovery hearing conducted on September 14, 2012. (*See* Dkt. No. 239).

Potter now seeks leave of the Court to file its Fourth Amended Complaint to add back into the Complaint "Google Voice Actions" as an accused product, as discussed during the September 14, 2012 hearing. A copy of Potter's proposed Fourth Amended Complaint is attached to this Motion.

### III. ARGUMENT

The Court should grant Potter leave to file its Fourth Amended Complaint to re-insert "Google Voice Actions" as an accused product because Potter has not acted in bad faith or unduly delayed making this change, and because the change will not unduly prejudice Defendants. *See United States v. Braun*, 1986 WL 11269 at *2 (D.Colo. Oct. 8, 1986) ("In general, leave to amend is only denied for reasons such as bad faith, undue delay, a dilatory motive on the part of the movant, or undue prejudice to the opposing party."). Indeed, Potter seeks leave to re-insert "Google Voice Actions" as an accused product to avoid confusion and to further clarify allegations in Potter's original complaint.

Potter's amendments do not unduly prejudice Defendants. Re-inserting "Google Voice Actions" as an accused product name in the proposed Fourth Amended Complaint does not unduly prejudice Defendants since Google Voice Actions was already identified in the original Complaint, the First Amended Complaint, and the Second Amended Complaint. *See Childers v. Indep. Sch. Dist. No. 1 of Bryan County, State of Okla.*, 676 F.2d 1338, 1343 (10th Cir. 1982) ("The court's refusal [to grant leave

4

to amend] is particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint"). And this proposed amendment merely clarifies allegations in Potter's original complaint and therefore does not unduly prejudice Defendants.

Furthermore, Google Voice Actions was also identified in Potter's infringement charts served on August 17, 2012, and so Defendants have been on notice that Potter considers Google Voice Actions as an accused product. Moreover, the Court has already ordered Defendants to produce documents relating to Google Voice Actions, and thus the scope of discovery in this case already includes Google Voice Actions. (*See* Dkt. No. 239).

Finally, amendment of the complaint to add back in "Google Voice Actions" as an accused product would be in the interests of judicial economy. As discussed during the September 14, 2012 hearing, the alternative would be for Potter to file a separate action that accuses Google Voice Actions of infringement, and then seek consolidation of that new case with the present action. The end result of that process would likely be no different than if Potter were permitted to make the changes to the complaint that it is proposing in this Motion, but with additional time and expense to all parties and the Court.

Because Potter did not unduly delay in amending its complaint, and because the proposed amendments will not unduly prejudice Defendants and will instead promote judicial economy, the Court should grant Potter leave to amend the complaint by re-inserting "Google Voice Actions" as an accused product.

## IV.     CONCLUSION

For the reasons discussed above, Potter respectfully requests that the Court grant its Motion for Leave to File its Fourth Amended Complaint.


Dated: October 24, 2012            Respectfully submitted,


*/s/ Richard C. Lin*
Richard C. Lin

THE LANIER LAW FIRM, P.C.
Christopher D. Banys      SBN: 230038 (California)
Richard C. Lin            SBN: 209233 (California)
Nicholas S. Mancuso       SBN: 271668 (California)
The Lanier Law Firm, P.C.
2200 Geng Road, Suite 200
Palo Alto, CA 94303
Tel: (650) 332-9100
Fax: (650) 322-9103
cdb@lanierlawfirm.com
rcl@lanierlawfirm.com
nsm@lanierlawfirm.com

Local Counsel:


RYLEY CARLOCK & APPLEWHITE
F. Brittin Clayton III
1700 Lincoln Street, Suite 3500
Denver, CO 80203
Tel: (303) 813-6713
clayton@rcalaw.com

**ATTORNEYS FOR PLAINTIFF
POTTER VOICE TECHNOLOGIES LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on this 24th day of October, 2012.

*/s/ Vicki Comer*
Vicki Comer