**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC.

      Plaintiff,

v.

APPLE INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC,
SONY MOBILE COMMUNICATIONS (U.S.A.) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY LLC,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA, INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA INC.

      Defendants.

_____

**HTC AMERICA, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF INVALIDITY UNDER 35 U.S.C. § 112**
_____

Pursuant to Fed. R. Civ. P. 56(c) and 35 U.S.C. § 112, HTC America, Inc. ("HTC America") moves for partial summary judgment declaring that claims 22-24 of U.S. Patent No. 5,729,659 are invalid. Because this motion presents issues intertwined with the pending claim construction proceeding, the Court may wish to consider this motion in tandem with that proceeding.

1

**INTRODUCTION**

The invalidity of claims 22-24, as presented by this motion, is due to four "means-plus-function" limitations in claim 22 that fail to comply with 35 U.S.C. § 112, ¶¶ 2 and 6. Though the parties dispute the construction of three of these four limitations, each of these four limitations nevertheless provides a separate basis for invalidating claims 22-24. The linchpin of this motion is that regardless of which side's construction is adopted by the Court, and also under the one agreed construction, these claims are invalid.

Plaintiff PVT contends that, for three of the claim limitations, the "corresponding structure" for each limitation is any "software running on a digital computer" that performs the function recited in the limitation. 35 U.S.C. § 112, ¶¶ 2 and 6, however, do not allow for this type of purely functional claiming. Instead, these statutory provisions require that not only (1) a patentee disclose a specific structure/algorithm in the patent that is linked to the claimed function, but also (2) any construction be limited to that specific structure/algorithm "and equivalents thereof." Defendants assert that the subject patent lacks sufficient corresponding structure for all three of these limitations—the lack of corresponding structure on any one limitation being sufficient basis for invalidity. Although PVT contends that the patent does disclose sufficient corresponding structure/algorithms for these limitations, PVT does not *limit* its construction to any such structure/algorithm. Accordingly, regardless of whether the Court adopts Defendants' position (insufficient corresponding structure/algorithm) or PVT's position (sufficient corresponding structure/algorithm, but no corresponding structure/algorithm in its construction), claims 22-24 are invalid as indefinite.

For a fourth limitation—"storage means…for storing data"—the parties agree that the only corresponding structure in the patent is "any memory device". Defining a "storage means" under § 112, ¶ 6 as "any memory device", however, is invalidating purely functional claiming that provides no meaningful structural limitation on the claims.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

The following facts are undisputed and material to HTC America's partial motion for summary judgment:

1. Each of the claim terms in Table 1, below, should be construed under § 112, ¶ 6. (*See* PVT's Opening Claim Construction Brief (Dkt. 269) at 3.)

2. The table below lists PVT's and Defendants' proposed constructions for each claim term relevant to the present motion. (*See id.*)

| Claim Term | PVT's Construction of Corresponding Structure | Defendants' Construction of Corresponding Structure |
|---|---|---|
| search means … for associatively searching said tabular data structure | software running on a digital computer that can access or identify data in a tabular data structure based at least in part on an analysis of the labels in the tabular data structure and equivalents thereof | "search device 118"<br><br>"search device 118" is merely an empty, functional box and is therefore insufficient structure<br><br>No algorithm provided |
| means for identifying labels within said tabular data structure ... | &lt;same as "search means…", above&gt; | No structure disclosed |
| content determination means…for determining content information relating to input information | software running on a digital computer for determining the meaning of input information based on the position of words or phrases, rules and conventions of written and spoken language, and/or information derived from the tabular data structure, and equivalents thereof | "content determination device 124"<br><br>"content determination device 124" is merely an empty, functional box and is therefore insufficient structure<br><br>No algorithm provided |

| | |
|---|---|
| storage means … for storing data in a tabular data structure | any memory device |

## STATEMENT OF LAW

Indefiniteness of claims with a means-plus-function limitation, like claim construction, is a question of law for the Court. *Default Proof Credit Card Sys. v. Home Depot U.S.A., Inc.,* 412 F.3d 1291, 1298 (Fed. Cir. 2005). Summary judgment is proper when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). One challenging the validity of a patent bears the burden of establishing invalidity by "clear and convincing evidence." *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. ___, 131 S. Ct. 2238, 2242 (2011).

35 U.S.C. § 112, ¶ 2 requires the claims of a patent to "particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention." Under § 112, ¶ 6, "an applicant can describe an element of his invention by the result accomplished or the function served, rather than describing the item or element to be used." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 27 (1997). Importantly, a claim element employing § 112, ¶ 6 cannot encompass all structures that can perform the recited function. *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1315 (Fed. Cir. 2011) (holding such "open-ended functional claims" invalid). The Federal Circuit has consistently held that the absence of corresponding disclosure renders means-plus-function claims invalid. *See, e.g., Aristocrat Techs. Austl. Pty Ltd. v Inter. Game Tech.,* 521 F.3d 1328, 1332-33 (Fed. Cir. 2008).

When the specification discloses and links a computer to a specific function, the corresponding structure is the computer **and** the program necessary to perform the recited function. *See, e.g.*, *Aristocrat Techs.*, 521 F.3d at 1333; *accord In re Katz*, 639 F.3d at 1315 (unless applicants disclose the software to perform a claimed function the claim lacked the structure required by § 112, ¶ 6). Importantly, the claim is limited to the algorithm disclosed in the specification "and equivalents thereof." *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1348 (Fed. Cir. 1999) ("[T]he court erred by failing to limit the claim to the algorithm disclosed in the specification."); *accord In re Katz*, 639 F.3d at 1314.

A claim that lacks the requisite software structure is invalid under § 112, ¶ 2 for failing to fulfill the "public notice function" of claims. *In re Katz*, 639 F.3d at 1315. An independent claim that lacks the requisite software structure invalidates the independent claim and all claims dependent thereon. *See, e.g., Ergo Licensing, LLC v. CareFusion 303, Inc.*, 673 F.3d 1361, 1365 (Fed. Cir. 2012); *Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371, 1383 (Fed. Cir. 2009) ("[A]ny computer-related device or program that performs the function of access control" is insufficient structure; claims held invalid); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.,* 296 F.3d 1106, 1108, 1119 (Fed. Cir. 2002) (Because the specification failed to disclose structure corresponding to a "third monitoring means," the district court's judgment invalidating the independent and dependent claims was affirmed.).

**ARGUMENT**

Each of the proposed constructions for the "means-plus-function" terms at issue – whether the parties' agreed upon construction for the fourth term, or either of the proposed constructions for the three other terms– provides a separate basis for finding invalidity under § 112, ¶ 2.

**A. Three Terms -- "Search means … for associatively searching said tabular data structure," "means for identifying labels within said tabular data structure ...," and "content determination means … for determining content information relating to input information" -- Render Claims 22-24 Invalid.**

The above three means-plus-function terms fail to comply with § 112, ¶ 6 and thus are invalid pursuant to § 112, ¶ 2 under both sides' proposed constructions.

First, PVT's proposed construction asserts that the corresponding structure for each of the above three limitations is "software running on a digital computer" that performs the respective function. (Undisputed Material Facts 1, 2.) PVT has not limited its construction to any specific algorithm, despite its claims that certain algorithms are disclosed in the patent as part of this alleged structure.[1] PVT thus asks the Court to ignore controlling Federal Circuit law and provide a claim construction that is purely functional. *WMS Gaming,* 184 F.3d at 1348; *Blackboard,* 574 F.3d at 1383. *See, e.g.*,

---

[1] PVT claims that three sets of passages in the patent represent algorithms for "content determination means." (Dkt. 269 at 17.) None is such. The patent expressly disavows the use of the process referenced at 9:23-38 with the claimed invention. (*See* '659 Patent (Dkt. 269-7) at 9:39-40.) Column 9:50-67 refers to searching, not "content determination", and the only reference to an implementation for "content determination" is that "a routine is called" (col. 10:4.). Columns 2, 3, 13 and 14 are devoid of any algorithm whatsoever, stating only that certain rules "may be implemented in a software routine". (*E.g., id.* at 13:20-27.) None of the text and figures PVT references in the patent provides an algorithm (a "step-by-step process"—*Aristocrat Techs.*, 521 F.3d at 1332) to implement a "means for identifying labels." (*See* Dkt. 269 at 15-16.)

*Aristocrat Techs.,* 521 F.3d at 1333; *In re Katz*, 639 F.3d at 1315; *Ergo Licensing,* 673 F.3d at 1365. In effect, PVT urges the Court to hold that the claims require *only* that the specialized claimed functions are performed by a computer having appropriate programming. The Federal Circuit rejected this very argument in *Aristocrat Technologies. See* 521 F.3d at 1334.

Second, by contrast, Defendants contend that the specification does not disclose sufficient hardware and software structure to comply with PVT's obligation under § 112, ¶ 6. In particular, for "means for identifying labels…", Defendants submit that the patent provides no disclosure whatsoever of corresponding structure for "identifying labels". This total lack of disclosure completely fails to comply with § 112, ¶ 6. *Ergo Licensing*, 673 F.3d at 1363 ("Failure to specify the corresponding structure in the specification amounts to impermissible pure functional claiming"). The only structure in the specification for "search means...," and "content determination means…," are two empty boxes that simply restate the recited function for each limitation. Neither PVT nor Defendants contends those empty boxes disclose sufficient corresponding structure to satisfy § 112, ¶ 6. As discussed in footnote 1, above, Defendants contend that the patent fails to disclose "any specific algorithm" or any "step-by-step process for performing the claimed functions" in these limitations and, thus, that each limitation renders claims 22-24 invalid. *Aristocrat Techs.,* 521 F.3d at 1331-32.

The end result of *either* approach is that independent claim 22 and dependent claims 23-24 are invalid under § 112, ¶ 2 for failing to comply with § 112, ¶ 6. *See, e.g.*, *Ergo Licensing*, 673 F.3d at 1363-64.

7

### B.  The Term -- "Storage means for storing data in a tabular data structure" -- Renders Claims 22-24 Invalid

With respect to the last term, all parties agree that (1) "storage means…" should be construed under § 112, ¶ 6, (2) the corresponding function is "storing data in a tabular data structure", and (3) the only corresponding structure in the specification is "any memory device".  The claims also are invalid because of this required generic construction.

"Any memory device" might include local hardware like RAM, ROM, EEPROM, hard drives, USB memory. Or it might include cloud-based storage. The patentee's generic disclosure of "any memory device", however, provides no more structure than the claimed "storage means" and renders claims 22-24 invalid as indefinite.  *Cf. Ergo Licensing*, 673 F.3d at 1363-64 ("recitation of 'control device' provides no more structure than the term 'control means' itself"; claim was therefore invalid for indefiniteness).

### CONCLUSION

For the foregoing reasons, the Court should enter partial summary judgment declaring claims 22-24 invalid under 35 U.S.C. § 112, ¶¶ 2 and 6.

DATED:  March 1, 2013

Respectfully submitted,

 */s/   Bruce A. Featherstone*

| | |
|---|---|
| Jerry R. Selinger | Bruce A. Featherstone |
| PATTERSON & SHERIDAN, LLP | Courtney A. Levkulich |
| 1700 Pacific Avenue, Suite 2650 | FEATHERSTONE PETRIE DESISTO LLP |
| Dallas, Texas 75201 | 600 17th Street, Suite 2400-S |
| Telephone:  214-272-0957 | Denver, Colorado  80202-5424 |
| jselinger@pattersonsheridan.com | Telephone:  303 626-7100 |
| | bfeatherstone@featherstonelaw.com |
| **ATTORNEYS FOR DEFENDANT HTC AMERICA, INC.** | clevkulich@featherstonelaw.com |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 1, 2013, the foregoing **HTC AMERICA, INC.S' MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY UNDER 35 U.S.C. § 112** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Eamonn Joseph Gardner | egardner@cooley.com |
| Matthew James Leary | mleary@cooley.com |
| Stephen C. Neal | nealsc@cooley.com |
| Timothy Scott Teter | teterts@cooley.com |
| Ian L. Saffer | isaffer@kilpatricktownsend.com |
| E. Danielle T. Williams | dtwilliams@kilpatricktownsend.com |
| Joseph Edwin Palys | joseph.palys@finnegan.com |
| Scott Mark Browning | sbrowning@rothgerber.com |
| Trevor G. Bartel | tbartel@rothgerber.com |
| Douglas B. Tumminello | dtumminello@rothgerber.com |
| Randall E. Kay | rekay@jonesday.com |
| Renzo Nicola Rocchegiani | rrocchegiani@mckennalong.com |
| Sandra B. Wick Mulvany | swickmulvany@mckennalong.com |
| Amanda J. Tessar | atessar@perkinscoie.com |
| Kourtney Mueller Merrill | kmerrill@perkinscoie.com |
| Grant Edward Kinsel | gkinsel@perkinscoie.com |
| Erin Anne Kelly | erin.kelly@bryancave.com |
| Scott Robert Bialecki | scott.bialecki@foxrothschild.com |
| Robert F. Perry | rperry@kslaw.com |
| Christopher C. Carnaval | ccarnaval@kslaw.com |
| Allison H. Altersohn | aaltersohn@kslaw.com |
| Alexas D. Skucas | askucas@kslaw.com |
| Steven T. Snyder | ssnyder@kslaw.com |
| Erik J. Dykema | edykema@kslaw.com |
| Amy Leigh Kramer | kramera@gtlaw.com |
| Gayle Lynn Strong | strongg@gtlaw.com |
| Richard Aframe Edlin | edlinr@gtlaw.com |
| Victor H. Polk , Jr. | polkv@gtlaw.com |
| Patrick S. Park | patrick.park@dlapiper.com |
| Andrew V. Devkar | andrew.devkar@dlapiper.com |
| Richard de Bodo | richard.debodo@dlapiper.com |
| Hugh Q. Gottschalk | gottschalk@wtotrial.com |
| Matthew E. Johnson | johnson@wtotrial.com |

| | |
|---|---|
| Scott R. Miller | smiller@sheppardmullin.com |
| Christopher David Banys | cdb@lanierlawfirm.com |
| Daniel Wayne Bedell | dwb@lanierlawfirm.com |
| Nicholas S. Mancuso | nsm@lanierlawfirm.com |
| Richard C. Lin | rcl@lanierlawfirm.com |
| Frank Brittin Clayton, III | bclayton@rcalaw.com |
| Lewis Popovski | lpopovski@keynon.com |
| J. Mark Smith | msmith@penberg.com |
| Michael E. Sander | msander@kenyon.com |
| Natalie Hanlon-Leh | natalie.hanlonleh@faegreBD.com |
| Alan A. Wright | awright@park-law.com |
| Craig E. Davis | craig.davis@wilmerhale.com |
| Dominic E. Massa | dominic.massa@wilmerhale.com |
| Clayton C. James | clay.james@hoganlovells.com |
| Srecko "Lucky" Vidmar | lucky.vidmar@hoganlovells.com |
| Martin M. Noonen | mnoonen@mofo.com |
| Vincent J. Belusko | vbelusko@mofo.com |
| Scott F. Llewellyn | sllewellyn@mofo.com |

/s/   *Rose Cusack*
Rose Cusack, Paralegal