**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

      Plaintiff,

vs.

APPLE, INC.,
GOOGLE, INC.,
HTC AMERICA, INC.,
SONY MOBILE COMMUNICATIONS AB,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY, LLC.,
ZTE (USA) INC.,
KYOCERA INTERNATIONAL, INC.,
SHARP CORPORATION,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA, INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA, INC.,

      Defendants.

---

## ORDER GRANTING MOTIONS TO SEVER

---

**Blackburn, J.**

    This matter is before me on the following: (1) **Defendant Apple Inc.'s Motion To Sever** [#179][1] filed August 8, 2012; (2) **Microsoft Corporation's Motion To Sever Under 35 U.S.C. § 299** [#209] filed August 23, 2012; (3) **Google's Motion To Sever** [#233] filed September 14, 2012; (4) **Defendant Lg Electronics Mobilecomm U.S.A.**

---

[1]   "[#179]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

**Inc.'s Motion to Join Google's Motion to Sever** [#240] filed September 18, 2012; (5)

**Defendant Kyocera's Motion to Join Google's Motion to Sever** [#243] filed

September 21, 2012; (6) **Sony Mobile Communications (U.S.A.) Inc.'s Motion to**

**Join Google's Motion to Sever** [#251] filed October 9, 2012; (7) **Huawei Device USA**

**Inc.'s Joinder in Google Inc.'s Motion to Sever** [#256] filed October 16, 2012; and (8)

**Sharp Electronics Corporation's Motion to Join Google's Motion to Sever** [#258]

filed October 18, 2012.  The plaintiff filed responses [#219, #248, #228, #248], and the

relevant defendants filed replies [#236, #261, #247].  Each of the motions and joinders

in those motions raises essentially the same issues.

        In addition, two defendants argue that they have been joined improperly with

other defendants.  These motions are (1) **HTC America, Inc.'s Rule 12(b)(6) Motion**

**To Dismiss Plaintiff Potter Voice Technologies LLC's Third Amended Complaint**

[#168] filed August 7, 2013; and (2) **ZTE (USA) Inc.'s Rule 12(b)(6) Motion To**

**Dismiss Plaintiff Potter Voice Technologies LLC's Third Amended Complaint**

[#184] filed August 10, 2012.  The plaintiff filed responses [#218 & #221], and the

defendants filed replies [#232 & #238].  The joinder arguments in these two motions to

dismiss raise essentially the same issues raised in the motions to sever above.

        In this order I address the issues concerning severance raised in these two

motions to dismiss.  In a separate order, I address the arguments of these two

defendants under FED. R. CIV. P. 12(b)(6).   Ultimately, I grant the motions to sever, but

deny the request that certain defendants be dismissed due to improper joinder.

## I.  JURISDICTION

        This is an action for patent infringement arising under the Patent Act, 35 U.S.C.

§§101 et seq. This court has jurisdiction over the plaintiff's claims under 28 U.S.C.

§§1331 and 1338(a).

## II.  STANDARD OF REVIEW

Title 35 U.S.C. § 299 controls joinder of parties in a civil action arising under any

Act of Congress relating to patents.  Section 299 provides:

> (a) Joinder of accused infringers.--With respect to any civil action arising
> under any Act of Congress relating to patents, other than an action or trial
> in which an act of infringement under section 271(e)(2) has been pled,
> parties that are accused infringers may be joined in one action as
> defendants or counterclaim defendants, or have their actions consolidated
> for trial, ~~or counterclaim defendants~~ [2] only if–
>
>> (1) any right to relief is asserted against the parties jointly,
>> severally, or in the alternative with respect to or arising out of the
>> same transaction, occurrence, or series of transactions or
>> occurrences relating to the making, using, importing into the United
>> States, offering for sale, or selling of the same accused product or
>> process; and
>>
>> (2) questions of fact common to all defendants or counterclaim
>> defendants will arise in the action.
>
> (b) Allegations insufficient for joinder.--For purposes of this subsection,
> accused infringers may not be joined in one action as defendants or
> counterclaim defendants, or have their actions consolidated for trial, based
> solely on allegations that they each have infringed the patent or patents in
> suit.
>
> (c) Waiver.--A party that is an accused infringer may waive the limitations
> set forth in this section with respect to that party.

## III.  ANALYSIS

Citing § 299, each of the moving defendants argues that they have been joined

improperly in this case.  The plaintiff, Potter Voice Technologies, Inc., argues that one of

its claims satisfies the requirements of § 299 and that, thus, joinder of all claims and all

defendants is proper.

---

[2]  The excised  words were removed from the section by PL 112-274, January 14, 2013, 126 Stat
2456.

The patent infringement claims alleged in Potter's complaint [#271][3] are based on five distinct software products: (1) Apple's Siri; (2) BlackBerry Voice Commands; (3) Google Voice Search; (4) Google Voice Actions; and (5) Windows Speech Commands. One of Potter's claims against Apple alleges that Siri, Apple's voice recognition software, infringes Potter's patent.  The Siri software is not made, sold, or offered for sale by any other party in this case.  Potter's second claim against Apple is based on the allegation that Apple indirectly infringes Potter's patent by "actively inducing Apple's customers to use Siri and/or Google Voice Search on the Apple iPhone 4S and all reasonably similar products."[4]  ¶ 25.[5]

Addressing the other defendants, Potter asserts an Induced Infringement Claim alleging that each of the other defendants indirectly infringes Potter's patent by actively inducing its customers to use Google Voice Search and/or Google Voice Actions on certain specified devices.  For example, Potter asserts an Induced Infringement Claim against LG, alleging that "LG indirectly infringes by actively induces its customers to use Google Voice Search and/or Google Voice on the LG Optimus S and all reasonably similar products."  ¶ 48.  Potter asserts a similar claim against Google, but names 18 separate devices.  ¶ 31.

Describing its claims in its response [#219] to Apple's motion to sever, Potter notes:

> Potter accuses Apple's devices together with Google Voice Search.  And
> Potter accuses the same software together with Google's, Nokia's, HTC's,

---

[3]  The parties stipulate, *see* [#266], that the motions to sever apply to the Fourth Amended Complaint [#271], even though that complaint was filed after the motions to sever were filed.

[4]  I refer to this claim, and similar claims against the other defendants, as an 'Induced Infringement Claim."

[5]  I refer to the complaint [#271] by paragraph number, e.g. ¶ 1.

> Samsung's, and other Defendants' devices. And Potter alleges that the
> same Nokia, Samsung, and HTC devices infringe using Microsoft's
> Windows Speech Commands software.

*Response* [#219], pp. 8 - 9.  According to Potter, its Induced Infringement Claims against each of the defendants satisfy the requirements of § 299.  I disagree.

First, the claims do not concern the same transaction, occurrence, or series of transactions or occurrences.  For example, use of Google Voice on an iPhone 4S is not the same transaction or occurrence as the use of Google Voice on a LG Optimus S. Notably, it takes both the software and the device to accomplish the infringement alleged in the complaint.  The devices and their manufacturers are different.  Second, Apple's alleged inducement to its customers to use Google Voice on an iPhone 4S is not the same transaction, occurrence, or series of transactions or occurrences as LG's alleged inducement to its customers to us Google Voice on an LG Optimus S.  The same distinction applies to all of the other alleged inducements by all of the other defendants.  Potter does not allege that the various defendants somehow have coordinated their alleged inducements.  Rather, the complaint alleges inducements by each defendant acting independently of all of the other defendants.

Applying the requirements of FED. R. CIV. P. 20, which includes a same transaction or occurrence requirement for joinder of defendants, the United States Court of Appeals for the Federal Circuit held that claims against independent defendants who allegedly infringe the plaintiff's patent in similar ways do not involve the same transaction or occurrence.

> Joinder of independent defendants is only appropriate where the accused
> products or processes are the same in respects relevant to the patent. But
> the sameness of the accused products or processes is not sufficient.
> Claims against independent defendants (i.e., situations in which the
> defendants are not acting in concert) cannot be joined under Rule 20's

transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts. To be part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. The sameness of the accused products is not enough to establish that claims of infringement arise from the "same transaction." Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical.

*In re EMC Corp.*, 677 F.3d 1351, 1359 (Fed. Cir. 2012).  The *EMC* analysis applies equally here.

Further, the plaintiff's Induced Infringement Claim against each defendant does not concern the making, using, or selling of the same accused product or process. While many of the Induced Infringement Claims involve the alleged use of Google Voice Search and/or Google Voice Actions, the device on which the alleged induced infringements occur differs among the several defendants.  Each Induced Infringement Claim against each defendant is based on particular software and use of that software on a particular device.  Such a combination of software and device is necessary to each Induced Infringement Claim against each defendant, but the devices accused as to each defendant vary widely.  Given the differences among accused devices, Potter's Induced Infringement Claims cannot be seen as concerning the same accused product or process.

This analysis applies with equal force to each defendant who seeks to have the claims asserted against it severed.  Notably, it is undisputed that Potter's other claims do not support joinder under § 299.

"Misjoinder of parties is not a ground for dismissing an action."  FED. R. CIV. P. 21.  Dismissal of the plaintiff's claims against any of the defendants based on improper

joinder is not yet appropriate.  Instead, severance of the claims asserted against the moving defendants is required.  In a separate order, I grant Apple's motion to transfer under § 1404.  Severance of the claims against Apple followed by an order for transfer of the claims against Apple is appropriate. ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1518-19 (10th Cir. 1991).  The severance and transfer of the claims against Apple will result in the creation of a separate case concerning those claims.  As for the claims asserted against the severed defendants other than Apple, I conclude that the claims against these severed defendants can be addressed separately in this action.

## IV.  CONCLUSION & ORDERS

Under 35 U.S.C. § 299, joinder of the plaintiff's claims against the moving defendants in one action is not proper.  Therefore, the motions to sever are granted.  At this stage, dismissal of the plaintiff's claims based on improper joinder is premature.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendant Apple Inc.'s Motion To Sever** [#179] filed August 8, 2012, is **GRANTED**;

2.  That **Microsoft Corporation's Motion To Sever Under 35 U.S.C. § 299** [#209] filed August 23, 2012, is **GRANTED**;

3.  That **Google's Motion To Sever** [#233] filed September 14, 2012, is **GRANTED**;

4.  That **Defendant LG Electronics Mobilecomm U.S.A. Inc.'s Motion to Join Google's Motion to Sever** [#240] filed September 18, 2012, is **GRANTED**;

5.  That **Defendant Kyocera's Motion to Join Google's Motion to Sever** [#243] filed September 21, 2012, is **GRANTED**;

6.   That **Sony Mobile Communications (U.S.A.) Inc.'s Motion to Join Google's Motion to Sever** [#251] filed October 9, 2012, is **GRANTED**;

7.   That **Huawei Device USA Inc.'s Joinder in Google Inc.'s Motion to Sever** [#256] filed October 16, 2012, is **GRANTED**;

8.   That **Sharp Electronics Corporation's Motion to Join Google's Motion to Sever** [#258] filed October 18, 2012, is **GRANTED**;

9.   That **HTC America, Inc.'s Rule 12(b)(6) Motion To Dismiss Plaintiff Potter Voice Technologies LLC's Third Amended Complaint** [#168] filed August 7, 2013, is **GRANTED**, but only insofar as it requests severance;

10.   That **ZTE (USA) Inc.'s Rule 12(b)(6) Motion To Dismiss Plaintiff Potter Voice Technologies LLC's Third Amended Complaint** [#184] filed August 10, 2012, is **GRANTED**, but only insofar as it requests severance;

11.   That under 35 U.S.C. § 299 and FED. R. CIV. P. 21, the claims of plaintiff, Potter Voice Technologies LLC, against defendants, Apple, Inc., Google, Inc, HTC America, Inc. Sony Mobile Communications (U.S.A.) Inc., LG Electronics Mobilecomm U.S.A., Inc., ZTE (USA) Inc., Kyocera International, Inc., Sharp Electronics Corporation, Huawei Device USA, Inc., and Microsoft Corporation, are **SEVERED**;

12.   That for each defendant listed in paragraph eleven (11), above, the plaintiff's claims against each such defendant **SHALL BE TRIED** separately;

13.   That **HTC America, Inc.'s Rule 12(b)(6) Motion To Dismiss Plaintiff Potter Voice Technologies LLC's Third Amended Complaint** [#168] filed August 7, 2013, is **DENIED** insofar as it seeks dismissal based on improper joinder; and

14.   That **ZTE (USA) Inc.'s Rule 12(b)(6) Motion To Dismiss Plaintiff Potter**

**Voice Technologies LLC's Third Amended Complaint** [#184] filed August 10, 2012,

is **DENIED** insofar as it seeks dismissal based on improper joinder.

Dated March 29, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge