**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

    Plaintiff,

vs.

GOOGLE, INC., et al.,

    Defendants.

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

**Blackburn, J.**

This matter is before me on **HTC America, Inc.'s Motion for Partial Summary Judgment of Invalidity Under 35 U.S.C. § 112** [#308][1] filed March 1, 2013. The plaintiff filed a response [#314], and HTC America, Inc. filed a reply [#325]. I deny the motion.[2]

**I. JURISDICTION**

This is an action for patent infringement arising under the Patent Act, 35 U.S.C. §§101, *et seq.* This court has jurisdiction over the plaintiff's claims under 28 U.S.C. §§1331 and 1338(a).

---

[1] "[#308]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(a)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.  **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works**, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  **Rice v. United States**, 166 F.3d 1088, 1092 (10th Cir.), **cert. denied**, 120 S.Ct. 334 (1999); **Nutting v. RAM Southwest, Inc.**, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

### III.  FACTS

In 1998, United States patent number 5,729,659 (the '659 patent) was issued to Jerry L. Potter.  Plaintiff Potter voice Technologies LLC now owns the '659 patent.  The '659 patent describes a method and apparatus for controlling a digital computer using oral input. The patent infringement claims alleged in Potter's complaint [#366] are based on four distinct software products: (1) BlackBerry Voice Commands; (2) Google Voice Search; (3) Google Voice Actions; and (4) Windows Speech Commands. Potter alleges that the defendants infringe the '659 patent when these software products are used on mobile phones.

In its motion for summary judgment, defendant HTC America, Inc. argues that the means-plus-function limitations in Claim 22 fail to comply with the requirements of the statute that controls means-plus-function claims, 35 U.S.C. § 112, ¶¶ 2 and 6.  The first three claim terms addressed by HTC in its motion are

- (A) "search means . . . for associatively searching said tabular data structure";
- (B) "means for identifying labels within said tabular data structure . . ."; and
- (C) "content determination means . . . for determining content information relating to input information."

If these claims do not satisfy the requirements for a means-plus-function claim, then Claim 22 is invalid.  If Claim 22 is invalid, then dependent claims 23 and 24 are invalid. Although the parties disagree about the proper construction of these claim terms, construction of the terms is not necessary to resolve the motion.  According to HTC, the"linchpin of this motion is that regardless of which side's construction is adopted by the Court . . . these claims are invalid." *Motion* [#308], p. 2.

A fourth claim term stated in Claim 22 is also challenged by HTC. This claim term is a "storage means, located within said digital computer, for storing data in a tabular data structure." The parties agree that this claim should be construed to mean "any memory device." According to HTC, the generic disclosure of "any memory device" provides no structure and renders this part of Claim 22 invalid because it is indefinite.

### IV. ANALYSIS

Title 35 U.S.C. § 112, ¶ 2 requires the claims of a patent to "particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention." Under § 112, ¶ 6, "an applicant can describe an element of his invention by the result accomplished or the function served, rather than describing the item or element to be used." **Warner-Jenkinson Co. v. Hilton Davis Chem. Co.**, 520 U.S. 17, 27 (1997). A claim element employing § 112, ¶ 6 cannot encompass all structures that can perform the recited function. **In re Katz Interactive Call Processing Patent Litig.**, 639 F.3d 1303, 1315 (Fed. Cir. 2011) (holding such "open-ended functional claims" invalid). In analyzing a means-plus-function claim, the court first must determine the claimed function. Second, the court must identify the corresponding structure described in the patent which performs the function. **Noah Sys., Inc. v. Intuit Inc.**, 675 F.3d 1302, 1311 (Fed. Cir. 2012).

> A structure disclosed in the specification qualifies as a corresponding structure if the specification or the prosecution history clearly links or associates that structure to the function recited in the claim. Even if the specification discloses a corresponding structure, the disclosure must be adequate; the patent's specification must provide an adequate disclosure showing what is meant by that [claim] language. If an applicant fails to set forth an adequate disclosure, the applicant has in effect failed to particularly point out and distinctly claim the invention as

4

>required by the second paragraph of section 112. Under 35 U.S.C. § 112
>¶ 2 and ¶ 6, therefore, a means-plus-function clause is indefinite if a
>person of ordinary skill in the art would be unable to recognize the
>structure in the specification and associate it with the corresponding
>function in the claim.

*Id*. at 1311-12 (internal quotations and citations omitted). Consistently, the federal circuit has held that the absence of an adequate disclosure of a corresponding structure renders means-plus-function claims invalid. **See, e.g., Aristocrat Techs. Austl. Pty Ltd. v Inter. Game Tech.**, 521 F.3d 1328, 1332-33 (Fed. Cir. 2008).

When a means-plus-function claim involves a structure that is a computer or microprocessor "programmed to carry out an algorithm, a corresponding structure must be a specific algorithm executed by a computer." *Id*. at 1331 - 1332. To satisfy the requirements of § 112 ¶ 6, a patentee is "not required to produce a listing of source code or a highly detailed description of the algorithm to be used" to achieve the claimed functions. ***Aristocrat Techs.***, 521 F.3d at 1338. Rather, "algorithms in the specification need only disclose adequate defining structure to render the bounds of the claim understandable to one of ordinary skill in the art." *Id*. at 1337. Stated differently, there is no need for a disclosure of the specific program code if software were linked to the function and one skilled in the art would know the kind of program to use." *Id*. The patentee may express this algorithm in any understandable manner, including as a flowchart, so long as sufficient structure is disclosed." **In re Aoyama**, 656 F.3d 1293, 1297 (Fed. Cir. 2011) (citations omitted).

In its response [#314], Potter specified the portions of the '659 patent which describe the algorithms associated with (A) "search means . . . for associatively searching said tabular data structure," (B) "means for identifying labels within said

5

tabular data structure . . .," and (C) "content determination means . . . for determining content information relating to input information."  The specified portions of the patent include flow charts and verbal descriptions of sequential processes executed by a computer.  In addition, Potter has presented the declaration [#269-1] of its expert, David Klausner, stating that one of ordinary skill in the art would understand these specifications to be the algorithms that constitute the corresponding structure associated with these claim terms.  The statement of Mr. Klausner creates, at minimum, a genuine issue of material fact about whether a skilled artisan would know that the algorithms stated in the patent are the algorithms constituting the structure corresponding with these claim terms.  ***See Rembrandt Data Technologies, LP v. AOL, LLC***, 641 F.3d 1331, 1342 (Fed. Cir. 2011).

      HTC argues also that the term "storage means, located within said digital computer, for storing data in a tabular data structure" is a means–plus-function claim without sufficient specification of the underlying structure.  In this term, the function is storing data in a tabular data structure and the corresponding structure is a storage means or any memory device.  As specified in Claim 22, the memory device is located within a digital computer.

      The storage of data in a computer can be achieved by a general purpose computer without special programming. ***See In re Katz Interactive Call Processing Patent Litig.***, 639 F.3d 1303, 1316 (Fed. Cir. 2011).  In this term, Potter does not claim a specialized or unique type of storage which can be accomplished only by a specialized computer or a computer running specific software.  Rather, Potters claims only a general purpose computer storage means or memory device.   In this

circumstance, it is not necessary to disclose more structure than a general purpose computer storage means because the structure "storage means" or "memory device" is coextensive with a general purpose computer storage means or memory device. *Id*.

## IV. CONCLUSION & ORDER

Viewing the undisputed facts in the record in the light most favorable to Potter, a reasonable fact finder could not conclude that the means-plus-function patent terms discussed in this order do not disclose associated structures with sufficient specificity. Rather, there remain genuine, disputed issues of material fact concerning these issues which preclude the entry of a partial summary judgment holding that the claim terms addressed in the motion of HTC are invalid because they do not disclose associated structures with sufficient specificity.

**THEREFORE, IT IS ORDERED** that **HTC America, Inc.'s Motion for Partial Summary Judgment of Invalidity Under 35 U.S.C. § 112** [#308] filed March 1, 2013, is **DENIED**.

Dated March 19, 2014, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge