**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

      Plaintiff,

vs.

GOOGLE, INC., et al.,

      Defendants.

**ORDER DENYING MOTION TO STRIKE DECLARATION OF DAVID KLAUSNER**

**Blackburn, J.**

This matter is before me on **Defendant Microsoft Corporation's Motion To Strike Declaration of David Klausner** [#309][1] filed March 1, 2013. The plaintiff filed a response [#315], and Microsoft filed a reply [#316]. I deny the motion.

## I. STANDARD OF REVIEW

Microsoft seeks to exclude the declaration of David Klausner, an expert on whom the plaintiff relies for the purpose of claim construction in this patent infringement case. Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert witness testimony, provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the

---

[1] "[#309]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

>evidence or to determine a fact in issue;
>
>(b) the testimony is based on sufficient facts or data;
>
>(c) the testimony is the product of reliable principles and methods; and
>
>(d) the expert has reliably applied the principles and methods to the facts of the case.

FED.R.EVID. 702.  As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable and relevant.  ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589-92 (1993); ***Truck Insurance Exchange v. MagneTek, Inc.,*** 360 F.3d 1206, 1210 (10th Cir. 2004).  The Supreme Court has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper."  ***See Kumho Tire Company, Ltd. v. Carmichael***, 526 U.S. 137, 147 (1999).  Generally, "rejection of expert testimony is the exception rather than the rule." ***United States v. Nacchio***, 519 F.3d 1140, 1154 (10th Cir. 2008), *vacated in part on rehearing en banc*, 555 F.3d 1234 (10th Cir. 2009); FED.R.EVID. 702, 2000 Advisory Comm.'s Notes.

## II.  BACKGROUND

In 1998, United States patent number 5,729,659 (the '659 patent) was issued to Jerry L. Potter.  Plaintiff, Potter voice Technologies LLC, now owns the '659 patent. The '659 patent describes a method and apparatus for controlling a digital computer using oral input. The patent infringement claims alleged in Potter's complaint [#366] are based on four distinct software products: (1) BlackBerry Voice Commands; (2) Google Voice Search; (3) Google Voice Actions; and (4) Windows Speech Commands. Potter alleges that the defendants infringe the '659 patent when these software products are used on mobile phones.

2

The '659 patent concerns, in part, a field of computer science called associative searching or associative computing. For example, claim 22 of the '659 patent describes a "search means . . . for associatively searching said tabular data structure, comprising means for identifying labels within said tabular data structure which relate to at least a first part of such input information." *659 patent* [#269-7], Claim 22. There is no dispute that the patent claims addressed by Mr. Klausner which involve associative searching, including Claim 22, are means-plus-function claims under 35 U.S.C. § 112, ¶ 6.

One of the challenges to the '659 patent asserted by the defendants is that the means-plus-function claims in the patent do not describe a sufficient structure to accomplish the stated function. "For means-plus-function limitations where the disclosed structure is a computer programmed to implement an algorithm, the patent must disclose enough of an algorithm to provide the necessary structure under 35 U.S.C. § 112 ¶ 6. The patentee may express this algorithm in any understandable manner, including as a flowchart, so long as sufficient structure is disclosed." *In re Aoyama*, 656 F.3d 1293, 1297 (Fed. Cir. 2011) (citations omitted). In this context, "(s)ufficient structure must simply permit one of ordinary skill in the art to know and understand what structure corresponds to the means limitation so that he may perceive the bounds of the invention." *Id*. at 1298 (citation and internal quotation omitted).

In support of its claim construction brief [#269], Potter submitted the declaration of David Klausner [#269-1]. In his declaration, Mr. Klausner opines that a person of ordinary skill in the art at the time of the patent would have understood algorithms specified in the patent to be the structures associated with the means-plus-function claims at issue. Microsoft contends that certain opinions of Mr. Klausner must be stricken because he is not qualified to give opinions in the area of associative

computing and because some of his opinions are conclusory.

### III. ANALYSIS

#### A. Qualifications

According to Microsoft, Mr. Klausner does not have sufficient specialized knowledge, skill, experience, training, or education in the area of associative computing to opine about the sufficiency of the structures disclosed in the '659 patent related to associative computing. Potter disagrees. In a patent case, an expert opining on issues of noninfringement or invalidity also must qualify as a person of at least ordinary skill in the art at issue. ***Sundance, Inc. v. DeMonte Fabricating Ltd.***, 550 F.3d 1356, 1363 (Fed. Cir. 2008). When "an issue calls for consideration of evidence from the perspective of one of ordinary skill in the art, it is contradictory to Rule 702 to allow a witness to testify on the issue who is not qualified as a technical expert in that art." ***Id***.

I have reviewed the qualifications of Mr. Klausner as summarized in his resume [#269-2] and in his deposition testimony, cited in the response [#315] of Potter to the motion to exclude. For the purpose of Rule 702, I find and conclude that Mr. Klausner has ample specialized knowledge, skill, experience, training, and education in the area of computer science generally and in the area of associative computing specifically. To the extent there are deficiencies or other flaws in the relevant qualifications of Mr. Klausner, those evidential issues affect weight, not admissibility.

#### B. Conclusory Opinions

Microsoft contends also that the declaration of Mr. Klausner is comprised of conclusory, unsupported assertions that will not assist the court in construing the disputed claim terms. For example, Microsoft asserts that the statements of Mr. Klausner concerning the means-plus-function claim terms are conclusory because Mr.

Klausner does not explain how algorithms allegedly specified in the patent are tied to the relevant recited functions. In the context of the challenged means-plus-function claims in the '659 patent, disclosure of sufficient structure must permit one of ordinary skill in the art to know and understand what structure corresponds to the means limitation so that person may perceive the bounds of the invention.

> For example, addressing Claim 22, Mr. Klausner states:
>
> Figures 11-15 (in the '659 patent) contain flowcharts showing specific algorithms for extracting and using column and row information from the tabular data structure related to the oral input in order to access/identify data in the tabular data structure. These algorithms teach forms of associatively searching by identifying "labels" under the parties' agreed construction of that term (i.e., text descriptions associated with the contents of the rows and columns). (See '659 patent, at Figs. 11-15; 4:48-58). These algorithms are described in columns 11 and 12 of the specification. (See id. at 11:8-27; 12:10-60). Labels are identified in these algorithms by routines/functions such as "GETTABROWCOLNAME," "GETNAME," and "GETROWCOLNAME."

In a means-plus-function claim in which the disclosed structure is a computer programmed to implement an algorithm, a patentee may express the "algorithm in any understandable manner, including as a flowchart, so long as sufficient structure is disclosed." *In re Aoyama*, 656 F.3d 1293, 1297 (Fed. Cir. 2011) (citations omitted). Mr. Klausner opines that the algorithms in the '659 patent permit a person of ordinary skill in the art to understand these algorithms and to see them as the structures associated with the functions described in the patent. Mr. Klausner does not just state such conclusions. Rather, as shown in the example above, he cites particular language in the patent and figures in the patent as specifying the algorithms. Such conclusions are sufficiently reasoned and specific for purposes of Rule 702 and are not merely conclusory. To the extent there are hiatuses or other flaws in the analysis and conclusions of Mr. Klausner, those gaps or flaws go to the weight and credibility to be

accorded the opinions and not to their admissibility.

## IV.  CONCLUSION & ORDER

The resume and deposition testimony of Mr. Klausner demonstrate that he has ample specialized knowledge, skill, experience, training, and education in the area of computer science generally and in the area of associative computing specifically. Under FED. R. EVID. 702, Mr. Klausner is qualified to give the opinions he expresses in his declaration [#269-1].  Further, the stated rationale and ratiocination for those opinions and conclusions are sufficiently reasoned and specific for purposes of Rule 702 to eschew criticism as conclusory.  To the extent there are gaps or other flaws in either the relevant qualifications of Mr. Klausner or the reasoning and conclusions of Mr. Klausner, those lacunae or other flaws implicate weight and credibility, not admissibility.[2] Thus, the anticipated presentation of Mr. Klauser as an expert is ostensibly both reliable and relevant. *Daubert*, 509 U.S. at 589.

**THEREFORE, IT IS ORDERED** that the **Defendant Microsoft Corporation's Motion To Strike Declaration of David Klausner** [#309] filed March 1, 2013, is **DENIED**.

Dated March 19, 2014, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[2] All else is for cross-examination or competing evidence.