# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Action No. 12-cv-01096-REB-CBS

POTTER VOICE TECHNOLOGIES LLC,

     Plaintiff,

vs.

GOOGLE, INC.,
HTC AMERICA, INC.,
SAMSUNG TELECOMMUNICATIONS AMERICA, LLC
SONY MOBILE COMMUNICATIONS (USA) INC.,
LG ELECTRONICS MOBILECOMM U.S.A., INC.,
MOTOROLA MOBILITY LLC.,
ZTE (USA) INC.,
KYOCERA COMMUNICATIONS, INC.,
SHARP ELECTRONICS CORPORATION,
HUAWEI DEVICE USA INC.,
PANTECH WIRELESS, INC.,
RESEARCH IN MOTION LIMITED,
RESEARCH IN MOTION CORPORATION,
MICROSOFT CORPORATION, and
NOKIA, INC.,

     Defendants.

---

## ORDER APPOINTING  MASTER

---

**Blackburn, J.**

     This matter is before me on the following: (1) the **Defendants' Response To the Court's Order Concerning Appointment of Master** [#482][1] filed June 15, 2015; and (2) the **Plaintiff's Response To Order Concerning Appointment of Master [Dkt. No. 469 [#483]** filed June 15, 2015.  I appoint Professor Bernard Chao as Master in this case.

---

[1] "[#482]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The patent in suit concerns technology that is highly specialized and technical. Given that circumstance, a Master with education and skill in the technical areas addressed in the patent in suit will be able to assist the court with various upcoming tasks necessary to move this case toward final resolution.  Under FED. R. CIV. P. 53(a)(1), these circumstances are sufficient to merit and permit the appointment of a Master. Previously, the court gave notice to the parties of the intent of the court to appoint a Master.  FED. R. CIV. P. 53(b)(1).  The parties consent to the appointment of a Master and have nominated a total of four candidates.

The plaintiffs nominated two candidates to serve as Master, and the defendants also nominated two candidates.  Considering the education, experience, and skill in the relevant technical areas of each of the candidates, I conclude that Professor Bernard Chao is best suited to serve as a Master in this case.  Professor Chao has filed a statement [#510] indicating that he is willing to serve as a Master in this case.  In addition, he has filed the affidavit required under Fed. R. Civ. P. 53(b)(3)(A) disclosing that there is no ground for disqualification under 28 U.S.C. § 455.

Under Fed. R. Civ. P. 53, the court appoints Professor Bernard Chao, associate professor with tenure at the Sturm College of Law at the University of Denver, as Master in this case.

## I.  DUTIES OF THE MASTER

The Master shall have all of the powers specified in Fed. R. Civ. P. 53(c) and all of the duties specified in Rule 53, including those specifically described in Rule 53(d) and (e). To assist the court in resolving this case, the court assigns the following specific duties to the Master:

1. <u>Additional Claim Construction</u> - On May 12, 2015, the court issued an **Order Construing Disputed Patent Claim Terms** [#466].  At a status conference held May 13, 2015, some of the parties indicated a potential need for additional or revised claim construction.  On the issue of additional claim construction, I assign to the Master the following duties:

> A.  To review the record in this case, including the claim construction briefs of the parties and the **Order Construing Disputed Patent Claim Terms** [#466], for the purpose of determining if the Master would recommend to the court a *sua sponte* revision of any extant claim construction; and

> B.  To review the record in this case, including the claim construction briefs of the parties and the **Order Construing Disputed Patent Claim Terms** [#466], for the purpose of determining whether a briefing schedule should be set to permit the parties to seek revisions of the claim construction of the court.

Initially, the Master shall review the record concerning construction of disputed claim terms and make a written recommendation to the court concerning (a) the desirability of a *sua sponte* revision of any extant claim construction; and (b) the desirability of setting a briefing schedule to permit the parties to seek revisions of the claim construction of the court.  This recommendation shall be filed by November 15, 2015.

2. <u>Dispositive Motions</u> - The Master shall act as a technical advisor to the court in resolving dispositive motions which involve technical issues concerning the patent in suit.  Two motions [#496 & #497] have been filed asserting that the patent in suit is invalid.  The court shall assign review of any such motions to the Master and the Master shall make recommendations to the court about how technical issues implicated in these motions should be resolved in the context of those motions.  Following the recommendation of the Master on claim construction, the court will assign to the Master review of dispositive motions involving technical issues.

3. <u>Motions To Sever, Number & Order of Trials</u> - The Master shall act as a technical advisor to the court in resolving motions to sever parties, motions for separate trials, and *sua sponte* severance of defendants for trial.  This shall include determination of the number and order of trials and the identification of particular defendants who will participate in each trial.

4. <u>Motions Under Fed. R. Evid. 702</u> - The Master shall act as a technical advisor to the court in resolving motions challenging affidavits or testimony of witnesses designated as experts under Fed. R. Civ. P. 702.  The court shall assign review of any such motions to the Master who shall make recommendations to the court about how technical issues implicated by these motions should be resolved.

5. <u>Other Technical Issues</u> - The Master shall act as a technical advisor to the court in resolving other motions designated by the court as involving technical issues.  The court shall assign review of any such motions to the Master who shall make recommendations to the court about how such technical issues should be resolved.

## II.  DOCUMENT REVIEW PROCESS

The clerk of the court shall arrange for Professor Chao to have access to the CM/ECF system of the court for the purpose of reviewing all filings in this case and for the purpose of filing orders, findings, and recommendations of the Master to the court and any other document relevant to his duties as Master.  In addition, the parties shall provide any assistance reasonably requested and required by the Master to facilitate his review of the record in this case.  To the extent the Master incurs reasonable printing, copying, or other costs as part of his review of documents in this case, those costs shall be reimbursed as directed in that part of this order concerning compensation of the Master.

### III.  EX PARTE COMMUNICATIONS

The Master may not communicate *ex parte* with the parties or their counsel.  The

Master may communicate *ex parte* with the court concerning procedural logistics, his

activities as Master, management of this case, and other procedural matters.

### IV.  RECORD OF PROCEEDINGS BEFORE SPECIAL MASTER

The Master shall preserve all materials necessary for a *de* novo review by the court

of any order, finding, or recommendation of the Master.  If the parties present to the

Master any written material relevant to the discharge of the duties of the Master, which

written material is not included in the record of this case on the CM/ECF system of the

court, then such additional written material shall be preserved by the Master and shall be

filed with the court as an exhibit or exhibits to the order, findings, or report and

recommendation of the Master.

A record of any hearing held by or oral presentation to the Master by the parties

shall be kept by a court reporter qualified as a Certified Realtime Reporter (CRR).  A

transcript of any such hearing or oral presentation shall be filed with the court as an exhibit

to the order, findings, or report and recommendation of the Master.

### V.  REVIEW OF ORDERS, FINDINGS, & RECOMMENDATIONS

Fed. R. Civ. P. 53(f) provides the procedure for review by the court of orders,

findings, and recommendations of the Master.  Filing deadlines shall be triggered when the

Master files in the CM/ECF system of the court any order, finding, or recommendation.

### VI.  COMPENSATION OF SPECIAL MASTER

The Master shall be compensated at a reasonable hourly rate for time spent on this

matter.  If the parties and the Master are not able to agree on a reasonable hourly rate,

then the parties shall submit that issue to the court in writing. The Master shall be

compensated and reimbursed for expenses incurred by the Master in discharging his duties.

The parties shall share equally the cost of the services of the Master, the reasonable expenses incurred by the Master, and the cost of any court reporter and transcript associated with proceedings conducted by the Master.

The Master shall keep detailed records of his time and expenses and shall submit a monthly statement to the court and the parties showing the hours expended and costs incurred.  The parties shall submit payment to the Master within 30 days of their receipt of an invoice.  Any disputes about invoices or failure to pay invoices in a timely fashion shall be submitted to the court.

## VII.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That under Fed. R. Civ. P. 53, Professor Bernard Chao, associate professor with tenure at the Sturm College of Law at the University of Denver, shall serve the court as a Master;

2.  That the Master shall serve at the pleasure of the court and subject to the particular terms stated in this order;

3.  That the clerk of the court shall arrange for Professor Chao to have access to the CM/ECF system of the court;

4.  That initially, the Master shall review the record concerning construction of disputed claim terms and by November 15, 2015, file a written recommendation to the court concerning (a) the desirability of a *sua sponte* revision of any extant claim construction; and (b) the desirability of setting a briefing schedule to permit the parties to seek revisions of the claim construction of the court;

5.   That to permit the Master a reasonable period of time to become familiar with this case and to prepare his initial recommendation, under **D.C.COLO.LCivR 41.2**, this action is closed administratively;

6.   That under **D.C.COLO.LCivR 41.2**, the clerk is directed to close this civil action administratively, subject to reopening for good cause; and

7.   That when the Master files his initial recommendation on claim construction, the court shall issue *sua sponte* an order directing the clerk to re-open this case.

Dated September 28, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge